# Composite Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DAVID LEIBOWITZ, BENJAMIN
LEIBOWITZ, JASON LEIBOWITZ, AARON
LEIBOWITZ, and PINCHAS GOLDSHTEIN,

     Plaintiffs,

v.

IFINEX INC., BFXNA INC., BFXWW INC.,
TETHER HOLDINGS LIMITED, TETHER
OPERATIONS LIMITED, TETHER LIMITED,
TETHER INTERNATIONAL LIMITED,
DIGFINEX INC., PHILIP G. POTTER,
GIANCARLO DEVASINI, LUDOVICUS JAN
VAN DER VELDE, REGINALD FOWLER,
CRYPTO CAPITAL CORP., and GLOBAL
TRADE SOLUTIONS AG,

     Defendants.

CASE NO. 1:19-cv-09236-KPF

## NOTICE OF MOTION TO WITHDRAW AS COUNSEL

PLEASE TAKE NOTICE that Kyle W. Roche, Esq. of Roche Freedman, LLP ("RF")
respectfully moves the Court pursuant to Local Rule 1.4 to withdraw as one of the attorneys for
the Proposed Class. Mr. Roche is no longer involved in RF's class action practice. Accordingly,
pursuant to Local Rule 1.4, Mr. Roche respectfully requests to no longer receive docketing
notifications *via* the ECF system. Mr. Roche also asks that the Court approve this withdrawal.

DATED: August 31, 2022       Respectfully Submitted,

          **ROCHE FREEDMAN LLP**

          */s/ Kyle W. Roche*
          Kyle W. Roche
          99 Park Avenue, 19th Floor
          New York, NY 10016

kyle@rochefreedman.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

SO ORDERED this _____ day of _____, 2022.

_____
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify under penalty of perjury that on August 31, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Kyle W. Roche*
Kyle W. Roche

**Debevoise
& Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

August 31, 2022

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

We represent the B/T Defendants in the above-referenced matter and write in response to
Plaintiffs' Motion for Kyle W. Roche to Withdraw as Attorney.  (Dkt No. 229.)  Mr. Roche's
motion comes immediately following the public disclosure of a series of videos of Mr. Roche
suggesting that he and his law firm are misusing the litigation process.  Mr. Roche apparently
has an enormous stake in a crypto company called Ava Labs, Inc., files class action lawsuits
against companies in the crypto space for the purpose of harming competitors of Ava Labs, and
uses market intelligence gathered through the discovery process for the benefit of Ava Labs.
The videos also show Mr. Roche making several disparaging remarks about juries, class
members, and the class-action process in the United States.[1]

Mr. Roche's statements raise grave concerns for the B/T Defendants regarding the motivations
behind filing this lawsuit, the purpose for which certain discovery has been sought, and whether
the highly sensitive, confidential information the B/T Defendants have provided is being
misused.  That Mr. Roche, who initially claimed that his comments were taken out of context,
has now announced that he "is no longer involved" in his firm's class action practice further
heightens those concerns.

The B/T Defendants' concerns are not addressed by Mr. Roche's individual withdrawal as
counsel of record in this matter.  Accordingly, the B/T Defendants respectfully request that
Mr. Roche's firm, Roche Freedman LLP, be terminated as counsel in this case, and that
Mr. Roche and Roche Freedman LLP certify to this Court that they (*i*) have returned or
destroyed all documents and information produced by Defendants in this lawsuit and (*ii*) have
not shared any such documents or information with Ava Labs or any other third party.

---

[1]   *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law
Firm, Roche Freedman*, CRYPTO LEAKS (Aug. 26, 2022), available at
https://cryptoleaks.info/case-no-3 [https://perma.cc/N433-63SC].

www.debevoise.com

The Honorable Katherine Polk Failla          2          August 31, 2022

### I.      The Kyle Roche Video.

Mr. Roche's withdrawal motion comes on the heels of a high profile investigative exposé published by the Crypto Leaks website on August 26, 2022 that includes a series of video clips in which Mr. Roche, a founding partner of the Roche Freedman firm, makes a number of highly disturbing comments about his significant financial interest in Ava Labs and his misuse of class action litigation.  Among other things, Mr. Roche states that:

- He personally owns approximately 1% of the Avalanche tokens ("AVAX") issued by Ava Labs, as well as 1% of the equity in Ava Labs.   (That interest is worth tens of millions, if not hundreds of millions of dollars:  the market capitalization of AVAX tokens is currently $5.7 billion and has been as high as $30 billion in the past year.)

- He uses litigation as "a strategic instrument to support Ava Labs," which he states is "a completely different way than being a lawyer."   Litigation, according to Mr. Roche, is "a fantastic tool to competition."

- Ava Labs does not file complaints against its competitors, but instead "they have me do that on behalf of the class."

- By filing lawsuits against competitors of Ava Labs, Mr. Roche "deal[s] with making sure that . . . the SEC and the CFTC have other magnets to go after," thereby protecting Ava Labs from regulatory scrutiny.

Mr. Roche's statements also give rise to a serious concern that he may be abusing the discovery process and misusing information that he learns through litigation.  He states that he is Ava Lab's "crypto expert" because he "*sue[s] half the companies in the space*" and "know[s] where this market is going" because he has "*seen the insides of every single crypto company*."   These concerns resonate strongly in this case, where Plaintiffs have served a number of document requests seeking information that has no apparent link to the claims and defenses in this lawsuit.  For example, Plaintiffs have sought documents related to numerous entities and individuals with whom the B/T Defendants have business relations, as well as all documents related to the B/T Defendants' investments in other crypto companies, their efforts to raise equity and to obtain loans, and a wide array of financial information unrelated to the issues raised by Plaintiffs' complaint.

More broadly, Mr. Roche disparages the putative class members whom he seeks to represent – and to whom he and his firm owe a fiduciary duty – as "100,000 idiots out there" and dismissively refers to juries as "10 idiots" who "control the flow of all the money that happens in American class actions."

The Honorable Katherine Polk Failla            3            August 31, 2022

Mr. Roche has publicly confirmed that the recordings are genuine.  He claims that he was "exploit[ed]" using "leading questions," and that his statements were taken out of context.[2]

## II.     Mr. Roche's Motion to Withdraw Does Not Adequately Address the Concerns Raised by the Kyle Roche Video.

In his Motion to Withdraw, Mr. Roche states that he "is no longer involved in [Roche Freedman's] class action practice."  (Dkt. No. 229 at 1.)  That is an extraordinary statement given that Mr. Roche is a founder of Roche Freedman LLP and the "class action practice" represents the vast majority of his firm's work.  Such a drastic step is inconsistent with Mr. Roche's suggestion that his videotaped statements were taken out of context, and it validates the serious concerns caused by those statements.  Indeed, it heightens those concerns.

The individual withdrawal of Mr. Roche, however, does little if anything to address the serious issues regarding the potential misuse of discovery and class action lawsuits generally.  Even if he is no longer counsel of record, he would still have access to discovery materials, would retain the ability to direct the conduct of other lawyers at his firm, and would profit from any potential recovery in this lawsuit.  Moreover, any conflict of interest impacting Mr. Roche is imputed to his entire firm.  And, in fact, it appears that other lawyers at Roche Freedman who have entered appearances in this litigation – including Devin "Vevel" Freedman, Amos Friedland, and Edward Normand – may also own substantial amounts of AVAX tokens and have similar involvement with Ava Labs.[3]

Accordingly, the B/T Defendants respectfully request that, in response to Mr. Roche's motion to withdraw, the Court order that the entire firm of Roche Freedman LLP be terminated as counsel in this case.  Such a removal would not prejudice Plaintiffs, as they would remain represented by two other large and experienced firms:  Selendy Gay Elsberg PLLC and Schneider Wallace Cottrell Konecky LLP.

In order to protect the highly sensitive information that Defendants have produced in discovery, the B/T Defendants also respectfully request that the Court issue an order requiring Mr. Roche and Roche Freedman LLP to certify that they (*i*) have returned or destroyed all documents and information produced by Defendants in this lawsuit and (*ii*) have not shared any such documents or information with Ava Labs or any other third party.  The documents produced by the B/T Defendants and other parties in this litigation are highly sensitive, as they include not only confidential, competitively sensitive information about Defendants' businesses but also information that, if disclosed, would threatens the privacy and security of Defendants and their

---

[2]   *See* Kyle Roche, *My Response*, MEDIUM (Aug. 29, 2022), available at https://medium.com/@kyleroche/my-response-b691563c255b [https://perma.cc/WH2G-ZD8B].

[3]   Crypto Leaks (@CryptoLeaksInfo), TWITTER (Aug. 29, 2022, 5:44 A.M.), https://twitter.com/CryptoLeaksInfo/status/1564187241949298688.

The Honorable Katherine Polk Failla            4                    August 31, 2022

customers.  The Court has already recognized the importance of protecting information about cryptocurrencies and related accounts and wallets.  (Dkt. No. 195.)

*     *     *

We thank the Court for its consideration.

Respectfully submitted,

/s/ Elliot Greenfield

LAW OFFICES OF

## McNaul Ebel Nawrot & Helgren
### A Professional Limited Liability Company

600 UNIVERSITY STREET, SUITE 2700
SEATTLE, WASHINGTON 98101-3143
Telephone: (206) 467-1816
Facsimile: (206) 624-5128

GREGORY J. HOLLON                                    E-MAIL: GHollon@McNaul.com
                                                           Direct (206) 389-9348

TIMOTHY B. FITZGERALD                                E-MAIL: TFitzgerald@McNaul.com
                                                           Direct (206) 389-9338


September 1, 2022


**VIA ECF**


The Honorable Katherine Polk Failla
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:   **In re Tether and Bitfinex Crypto Asset Litigation**
>       **No. 19 Civ. 9236 (S.D.N.Y.)**

Dear Judge Failla:

Together with O'Melveny & Myers, we represent Defendant Bittrex, Inc. in the referenced matter. Defendant Poloniex LLC, represented by Nelson Mullins, also joins in this letter (Bittrex and Poloniex are collectively "the Exchange Defendants"). We write to join in the requests made by the B/T Defendants in responding to Plaintiffs' Motion for Kyle W. Roche to Withdraw as Attorney (Dkt. No. 229) – namely, (1) that Roche Freedman LLP be terminated as counsel in this case, and (2) that both Mr. Roche and Roche Freedman LLP certify, in connection with their termination, that they have returned or destroyed all documents and information produced by the Exchange Defendants and that they have not shared any of those documents or information with any third party.

In the video recordings released by Crypto Leaks, Mr. Roche states that "litigation is an underused tool," and confirms that he has used class action litigation as a "strategic instrument" to support non-party Ava Labs, a cryptocurrency company in which he and other Roche Freedman attorneys maintain a substantial interest. He states that he has used litigation against other participants in the cryptocurrency space to further the interests of Ava Labs. He goes on to state that he is Ava Labs' "crypto expert . . . because I sue half the companies in the space" and brags that he has "seen in the insides of every single crypto company." Mr. Roche describes himself in one of the videos as a "crazy mother****er" who will "take you to the end" to get a

The Honorable Katherine Polk Failla
September 1, 2022
Page 2

piece of paper saying "I own your company now," and describes that "power" as "a tool that has not been unlocked by many."

Mr. Roche's statements raise troubling questions about his firm's use of the discovery process in this matter. As the Court is aware, Plaintiffs amended their complaint in June 2020 to add the Exchange Defendants. *See* Dkt. No. 114. The Amended Complaint relies heavily on allegations that the B/T Defendants owned or controlled certain accounts on the Exchange Defendants' platforms, including specifically the "1AA6" account on Bittrex and the "1J1d" account on Poloniex, incorrectly describing those accounts as the "Bitfinex deposit address(es)." *Id.* at ¶ 207. In response to those allegations, the Exchange Defendants provided Mr. Roche and his colleagues conclusive evidence, including a sworn declaration from the actual holder of the supposed "Bitfinex deposit address(es)," that the accounts in question are not and never have been owned or controlled by the B/T Defendants; instead, they have always been exclusively owned and controlled by a foreign arbitrage trader who has no relation to the B/T Defendants. The Exchange Defendants have identified that trader, provided sworn testimony from him about his arbitrage activities, and produced documents proving that the relevant accounts are—contrary to the allegations in the Amended Complaint—not owned or controlled by the B/T Defendants.

Notwithstanding the arbitrage trader's sworn testimony about his trading, Plaintiffs say that they cannot yet re-evaluate their claims against the Exchange Defendants because "[f]ull discovery, from all Defendants, is needed to test the assertions in the Anonymous Declaration." Plaintiffs say that such discovery must include "documents and deposition testimony not only from the declarant, but also from the Exchange Defendants, Bitfinex, and their affiliates." Dkt. No. 181 at 2.

The Exchange Defendants have worked diligently in preparing a substantial production of documents to Plaintiffs.[1] Mr. Roche's recent statements raise serious concerns about the intent behind such discovery and how it will be used. While the Exchange Defendants appreciate that a protective order has been entered in this matter and that attorneys can be expected to comply with such orders, Mr. Roche's statements make clear that he has already used confidential materials produced in litigation for improper purposes. Moreover, the Court previously recognized that the protective order is not sufficient protection for certain information Defendants have produced. *See* Dkt. No. 195. Under the circumstances, simply accommodating Mr. Roche's withdrawal is not sufficient. He remains a member of Roche Freedman, and it must be assumed that, just as the actions he described in the recently released videos benefited Mr. Roche, his firm, and Ava Labs, any further access by Roche Freedman to the highly confidential materials produced in this matter may be subject to similar misuse.

For the above reasons, the Exchange Defendants respectfully join in the B/T Defendants' requests that (1) Roche Freedman LLP be terminated as counsel in the matter, and (2) Roche

---

[1] Plaintiffs originally proposed nearly 300 search terms to each of the Exchange Defendants, many of which related to broad aspects of the cryptocurrency industry but did not appear related to any of the claims or defenses in this matter.

The Honorable Katherine Polk Failla
September 1, 2022
Page 3


Freedman LLP be required to certify that is has destroyed all documents produced by the Defendants in this matter, and that no such materials remain in the possession, custody, or control of any principals, agents, or employees of the firm.

      Given these revelations, the Exchanges Defendants reserve the right to pursue additional relief as they obtain more information.


      Respectfully,

      Gregory J. Hollon
      Timothy B. Fitzgerald

GJH/TBF:ln

# RF ROCHE FREEDMAN

September 2, 2022

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *In re Tether and Bitfinex Crypto Asset Litigation*, 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

We write in response to Defendants' August 31, 2020 letters asking the Court to disqualify Roche Freedman LLP ("Firm") as co-lead counsel for Plaintiffs based on statements made by Kyle Roche. We respectfully submit the Court should deny Defendants' request.

## A. **RELEVANT BACKGROUND**

On January 27, 2022, Mr. Roche attended a meeting in London to facilitate a potential venture capitalist investment. Mr. Roche believed he was attending that meeting to pursue the interests of a technology start-up initiative. But it now appears the meeting was actually a set up orchestrated by a defendant in a different class action the Firm is pursing. Roche Decl. ¶ 2.

Unfortunately, at that meeting, Mr. Roche made untrue statements apparently intended to impress the participants at the meeting. He also made inappropriate remarks disparaging jurors and class members.

As demonstrated below, the statements with which Defendants take issue are not just false, they are *demonstrably* false. Nonetheless, to protect against even the appearance of impropriety, and to avoid unnecessary distraction from the merits of this case, Mr. Roche has withdrawn from this case and the Firm has removed him from its entire class action practice. Mr. Roche has also been screened from the Firm's class actions (this case included). Finally, to ensure there is no optical concern whatsoever, Mr. Roche has also forfeited any financial interest in this litigation.

It's no surprise, however, that Defendants are using it as a litigation tactic to disqualify the entire Firm. The Firm has one of the leading litigation practice groups in this space, understands the technology exceptionally well, originated the case theory, was retained by every single client in this action, and drafted and filed the original complaint.

The Honorable Katherine Polk Failla
September 2, 2022
Page 2 of 5

**B. THE STATEMENTS**

1. **The Firm did not use this litigation as a strategic instrument to support Ava Labs, did not file this action at Ava Labs' request, and any interest in Ava Labs or AVAX tokens doesn't present a conflict.**

The notion that Roche Freedman decided to pursue this case in order to further the interests of Ava Labs is plainly false. First and foremost, the Firm's retention in this case by the three original named plaintiffs - Jason Liebowitz, Benjamin Liebowitz and Aaron Liebowitz - pre-dates Ava Lab's retention of the Firm. Indeed, when the Firm filed the 95-page complaint in this matter, Ava Labs had only been a Firm client for a matter of days. Moreover, at that time, Ava Labs was a relatively unknown start up and the AVAX crypto-asset was not existent. The idea, therefore, that the Firm filed this case for Ava Labs, is both impossible, nonsensical, and untrue.

In fact, shortly after this incident unfolded, Ava Labs' CEO issued a statement confirming that "[n]either I, nor anyone else at Ava Labs ever directed Roche in his selection of cases."[1]

Further, Defendants' suggestion that a disqualifying conflict of interest exists owing to the fact that some Roche Freedman lawyers own AVAX tokens, or have a personal equity interest in Ava Labs, is meritless. The result of this lawsuit would not have any particularized effect on Ava Labs or the AVAX crypto-asset. Ava Labs and AVAX do not compete with the Exchange Defendants, Tether, Bitfinex, or USDT. In fact, Tether and Bitfinex leverage the AVAX ecosystem and support its efforts.[2] And the Exchange Defendants facilitate the sale of AVAX on their platforms.

But even if Defendants are competitors of Ava Labs or AVAX (they are not), it does not create a disqualifying conflict here. Lawyers that sue Microsoft on behalf of a class do not need to disclose that they hold shares in Apple. That's because "the mere existence of financial or business interests does not warrant disqualification." *Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC*, No. 17CV4831, 2017 WL 5312193, at *4 (S.D.N.Y. Nov. 13, 2017). "Rather, there must be a 'significant risk' that these interests will 'adversely affect[ ]' the lawyer's exercise of professional judgment on behalf of the client." *Id*. (citing N.Y. Rule of Prof'l Conduct 1.7(a)(2) (finding that even though a lawyer's financial arrangement simply seemed "unseemly," the movant failed to explain how the lawyer's "financial and business interests . . . would impair his professional judgment or how it was adverse to Defendants' interests"). Defendants have done nothing to show such a "significant risk" exists in this case.

None of the co-lead counsel in this case is pursuing this litigation for any collateral purpose, and there is no basis for that assertion beyond Mr. Roche's improper and false statements (which themselves don't even specifically reference this case).

---

[1] https://el33th4x0r.medium.com/my-statement-about-the-crypto-leaks-lies-ef2005da752.
[2] https://medium.com/avalancheavax/tether-token-usdt-launches-on-avalanche-baf5a313f1a7.

The Honorable Katherine Polk Failla
September 2, 2022
Page 3 of 5

2.  **There could not have been, and has not been, any sharing of confidential discovery material.**

Defendants' letter also voices a "concern" that Mr. Roche may be "misusing information that he learns through litigation" including information produced in this case. First and foremost, Mr. Roche and the Firm can confirm that no confidential discovery material has ever been shared with Ava Labs (or any third party). Roche Decl. ¶ 5. Nor would we ever do that.

Importantly, Mr. Roche's comments do not actually include a statement that he shared confidential discovery materials and he's explained that is not what he meant. The actual statement was:

> because I sue half the companies in the space, I know where the market is going, I believe, better than one of the top ten people in the world. I've seen the insides of every crypto company [video cuts mid-sentence].

Mr. Roche's declaration explains that what he intended to convey was that due to the numerous suits he has filed in this space, dozens of whistleblowers and other insiders have sent him information that has proved useful in pursuing class action claims. Roche Decl. ¶ 6.

3.  **Mr. Roche's comments do not reflect the Firm's beliefs about jurors, class members, or class actions.**

The inappropriate comments Mr. Roche made regarding (i) jurors and class members, and (ii) his approach to class actions and intention on how and why to resolve them, do not reflect the view of the Firm or any of the other 24 other lawyers practicing at the Firm. Indeed, Mr. Roche only made these comments under the influence of alcohol.

Nonetheless, these statements are one of the reasons he has promptly withdrawn from this case, from the Firm's other class actions, and has been screened from them.

In sum, none of the alleged factual impropriety that Defendants frame as the foundation for their request to disqualify the Firm has actually occurred, and any optical issue should be cured based on Mr. Roche's withdrawal, screening, and forfeiture.

C.  **DEFENDANTS' PURPORTED CONCERNS ABOUT THE DISCOVERY PROCESS DO NOT SUPPORT THE FIRM'S DISQUALIFICATION**

In support of their request to terminate the Firm as co-lead counsel, Defendants argue that Mr. Roche's statements "raise grave concerns . . . regarding the motivations behind filing this lawsuit for which discovery has been sought, and whether the highly sensitive, confidential information the B/T Defendants have provided is being misused." This claim cannot be squared with Defendants' later recognition in their letter that Plaintiffs in this action are also represented by two other law firms. In other words, even crediting Defendants' argument that Mr. Roche's statements raise concerns about the motives for initiating this lawsuit, the complaint was also

The Honorable Katherine Polk Failla
September 2, 2022
Page 4 of 5

signed by two other law firms who have conducted a good faith inquiry into the merits of this case
and the claims have already withstood a motion to dismiss.

The same is true of Plaintiffs' discovery requests, which Defendants characterize as having
"no apparent link to the claims and defenses in this lawsuit." Obviously Plaintiffs' disagree, but
more importantly, those discovery requests were reviewed and approved by the two other law
firms that Defendants' have already told the Court should remain in the case. We appreciate that
Mr. Roche's statements and the ensuing publicity have created a regrettable distraction, but they
do not provide a basis for *the Firm's* disqualification.

Moreover, to the extent Defendants intend to create a distraction or spend further time on
this issue, the Firm's removal from this action will not prevent them from pursuing these efforts.

## D.     THE FIRM'S STATUS AS CO-COUNSEL BENEFITS THE CLASS

### 1. RF's continued participation in this case is in the best interests of the class.

Roche Freedman's participation as co-lead counsel will continue to benefit the proposed
class. The Firm's lawyers who would remain working on the case include the principal lawyers
who helped formulate the original complaint, *i.e.*, Vel Freedman and Joseph Delich. In addition to
those two attorneys, many of the lawyers from the Firm that would remain on this case have the
most institutional knowledge of the facts and law underlying the case. Their contribution of many
thousands of hours on the case to date have been invaluable and their removal from the case would
be detrimental to the class's interest.

Finally, these same attorneys are those working on the Firm's many other crypto-related
cases and class actions. All of these facts thus stand to continue to benefit the named Plaintiffs and
the proposed class. The Court carefully appointed three firms to represent the named Plaintiffs,
considering their respective resources and areas of expertise, and those rationales continue to
counsel in favor of the three-firm team that has been working effectively to date.

### 2. The named plaintiffs request the Firm remain as co-lead counsel.

The named Plaintiffs request that the Firm remain as co-lead counsel. This is reflected in
their attached affidavits. Jason Leibowitz Decl.; Benjamin Leibowitz Decl.; Aaron Leibowitz
Decl.; Matt Script Decl.; Pinchas Goldshtein Decl.

Having conceived of and filed the lawsuit, the Firm has the original and closest
relationships with the named Plaintiffs. These Plaintiffs understand the relevant facts, have
reviewed the videos, read both letters from Defendants, and are adamant the Firm remain on the
case. They all state that they do not believe or see how they, or the class, would benefit from
removing the Firm's crypto-related expertise from the current team of lawyers that have been
diligently prosecuting the case.

The Honorable Katherine Polk Failla
September 2, 2022
Page 5 of 5

Moreover, they have all signed declarations stating that they "have never heard or seen anything that would in anyway support the concerns raised by the Defendants." and that "RF has only ever been concerned about the best interests of the class."

These individuals have already dedicated a substantial amount of their time and energy to the case, and they intend to remain as lead Plaintiffs. Accordingly, we respectfully submit that their views are entitled to significant weight and their opinions should be considered by the Court.

* * * * *

We note that what is in the best interests of the proposed class in this case overlaps with what the Firm believes is fair and equitable under the circumstances. In speaking as he did, Mr. Roche engaged in a serious lapse of judgment. However, the extreme remedy of disqualifying the entire Firm, which would have the effect of punishing all of the Firm's lawyers for Mr. Roche's lapse in judgment (which amounts to statements that were either untrue or misunderstood), seems disproportionate and unwarranted.

Finally, to the extent the Court is considering a formal request to disqualify Roche Freedman from this matter, we respectfully request that the Court first schedule a conference to address these issues and allow the Firm to submit additional evidence to address any specific concerns that the Court may have.

Respectfully submitted,

*/s/ Velvel (Devin) Freedman*

Devin "Vel" Freedman
Edward Normand
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
vel@rochefreedman.com
tnormand@rochefreedman.com
jdelich@ rochefreedman.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Tether and Bitfinex Crypto Asset
Litigation

Case No. 19 Civ. 9236 (KPF)

I, Kyle Roche, declare as follows:

1.      I am a partner at Roche Freedman LLP ("Firm").

2.      I have reviewed the videos referenced by the Defendants in this action. Those videos were illegally taken without my knowledge or consent during meetings that occurred in in London on January 27, 2022.  I was invited to London under the false pretense of pitching a venture capital investment, but I now understand that the real reason I was brought there was through a scheme that was executed by a defendant in a different lawsuit the Firm recently filed. The purpose of this scheme was to surreptitiously obtain comprising recordings of me.

3.      I deeply regret making many of the statements I made during these meetings as they are not only inconsistent with the manner in which I have practiced law, but also because some of the statements were false.

4.      The Firm has never filed a class action at the direction of or for the benefit of another Firm client. This case is no exception. The sole reason we filed this action was for the benefit of the named plaintiffs in this action and the other members of the class.  We filed the action at the direction of the named plaintiffs. We have not shared any confidential information from this lawsuit with any third party, including other clients of the firm.

5.      I have never disclosed or used, for any collateral purpose, any confidential information from any lawsuit—including this lawsuit. Indeed, at the time the recordings took place (January 27, 2022), there had been no confidential documents produced by any party.

6.      The statement I made in one of the video recordings was: "because I sue half the companies in the space, I know where the market is going, I believe, better than one of the top ten people in the world. I've seen the insides of every crypto company [video cuts]." What I intended to convey was that due to the numerous suits I've filed in this space, many whistleblowers and other insiders send information that has proved valuable in pursuing class action claims.

7.      None of the co-lead counsel in this matter have served any discovery requests for any purpose collateral to the prosecution of the claims in this case. All of the initial discovery requests were derived from information contained in the Amended Complaint or sourced from publicly available material, including foreign documents and were solely intended to obtain information material to the claims and defenses in this matter.

8.      The comments I made regarding the nature of jury trials, jurors, and absent class members have nothing to do with the Firm's views and are not even representative of my own personal views. My comments in the video were highly inappropriate, made while I was intoxicated, and I deeply regret my statements.

9.      While the published videos are carefully edited and spliced to remove context and paint me in the worst possible light, the fact remains that my actions and words were inexcusable. I have spent years helping build the Firm's crypto-asset practice, and I'm ashamed that my conduct called into question the excellent work the attorneys at the Firm have done pursuing the interests of class members across numerous and innovative class actions in the space.

10.     I have withdrawn from this case, been screened from the matter, and will not receive any financial interest in this action.

11.     I respectfully request that this Court accept my motion to withdraw but that it not terminate the Firm as Co-Lead Counsel. The expertise of the other attorneys working on this matter from the Firm will continue to add significant value to the Proposed Class.

12.     I declare under penalty of perjury that the foregoing is true and correct.

Dated September 2, 2022

Kyle W. Roche

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

<u>**Declaration of Aaron Leibowitz**</u>

I, Aaron Leibowitz, based on my personal knowledge, declare as follows:

1.      I am a named plaintiff in this case.

2.      I retained Roche Freedman LLP ("RF") to pursue this action as a result of harm I suffered from the purchase of artificially inflated crypto-commodities because I believe RF is uniquely qualified to serve both the named plaintiffs and the proposed class in this action.

3.      Throughout the litigation, I have participated in monthly calls where Co-Lead Counsel provides us updates on the case.

4.      I reviewed the video clips of Kyle Roche published by the Crypto Leaks website on August 26, 2022.

5.      I understand RF has removed Kyle Roche from the case, its entire class action practice group, has screened him from receiving and/or participating in the Firm's class actions, and directed him to obtain ethics training. I also understand Mr. Roche has forfeited any financial interest in this litigation.

6.      I have also reviewed the Bitfinex, Tether, Bittrex, and Poloniex Defendants' letters seeking to have the entire RF firm be terminated as counsel from this case.

7.      In all my interactions and discussions with RF attorneys, I have never heard or seen anything that would in anyway support the concerns raised by the Defendants. RF has only ever been concerned about the best interests of the class.

8.      I retained Roche Freedman LLP on September 3, 2019. I worked with attorneys Kyle Roche, Velvel Freedman, and Joseph Delich on the drafting of the initial complain (ECF No. 1). All allegations in that complaint were sourced from materials that were obtained through online resources – including documents Roche Freedman had to translate from foreign materials.

9.      I strongly oppose Defendants' request and believe that such relief is not in the best interests of the class. I know that the claims at issue in this case will require co-lead counsel to oversee and direct blockchain forensic experts to show the manipulation of crypto-commodities.

Given RF's unique and market leading experience in this space, their creativity, and the work done to date by RF, I believe the class will be prejudiced if RF is terminated.

10.     I also understand that if RF is terminated, Selendy Gay Elsberg PLLC and Schneider Wallace Cottrell Konecky LLP would remain on co-lead counsel in this case. That would not address my significant concerns that terminating RF would leave the class without the benefit of its crypto-asset litigation experience and thereby result in prejudice.

11.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2022

Aaron Leibowitz (Sep 1, 2022 21:40 EDT)

Aaron Leibowitz

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

**<u>Declaration of Benjamin Leibowitz</u>**

I, Benjamin Leibowitz, based on my personal knowledge, declare as follows:

1.      I am a named plaintiff in this case.

2.      I retained Roche Freedman LLP ("RF") to pursue this action as a result of harm I suffered from the purchase of artificially inflated crypto-commodities because I believe RF is uniquely qualified to serve both the named plaintiffs and the proposed class in this action.

3.      Throughout the litigation, I have participated in monthly calls where Co-Lead Counsel provides us updates on the case.

4.      I reviewed the video clips of Kyle Roche published by the Crypto Leaks website on August 26, 2022.

5.      I understand RF has removed Kyle Roche from the case, its entire class action practice group, has screened him from receiving and/or participating in the Firm's class actions, and directed him to obtain ethics training. I also understand Mr. Roche has forfeited any financial interest in this litigation.

6.      I have also reviewed the Bitfinex, Tether, Bittrex, and Poloniex Defendants' letters seeking to have the entire RF firm be terminated as counsel from this case.

7.      In all my interactions and discussions with RF attorneys, I have never heard or seen anything that would in anyway support the concerns raised by the Defendants. RF has only ever been concerned about the best interests of the class.

8.      I retained Roche Freedman LLP on September 3, 2019. I worked with attorneys Kyle Roche, Velvel Freedman, and Joseph Delich on the drafting of the initial complain (ECF No. 1). All allegations in that complaint were sourced from materials that were obtained through online resources – including documents Roche Freedman had to translate from foreign materials.

9.      I strongly oppose Defendants' request and believe that such relief is not in the best interests of the class. I know that the claims at issue in this case will require co-lead counsel to oversee and direct blockchain forensic experts to show the manipulation of crypto-commodities.

Given RF's unique and market leading experience in this space, their creativity, and the work done to date by RF, I believe the class will be prejudiced if RF is terminated.

10.     I also understand that if RF is terminated, Selendy Gay Elsberg PLLC and Schneider Wallace Cottrell Konecky LLP would remain on co-lead counsel in this case. That would not address my significant concerns that terminating RF would leave the class without the benefit of its crypto-asset litigation experience and thereby result in prejudice.

11.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2022

*Benjamin Leibowitz*
Benjamin Leibowitz (Sep 1, 2022 21:17 EDT)
Benjamin Leibowitz

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Tether and Bitfinex Crypto Asset Litigation

Case No. 19 Civ. 9236 (KPF)

### Declaration of Jason Leibowitz

I, Jason Leibowitz, based on my personal knowledge, declare as follows:

1.      I am a named plaintiff in this case.

2.      I retained Roche Freedman LLP ("RF") to pursue this action as a result of harm I suffered from the purchase of artificially inflated crypto-commodities because I believe RF is uniquely qualified to serve both the named plaintiffs and the proposed class in this action.

3.      Throughout the litigation, I have participated in monthly calls where Co-Lead Counsel provides us updates on the case.

4.      I reviewed the video clips of Kyle Roche published by the Crypto Leaks website on August 26, 2022.

5.      I understand RF has removed Kyle Roche from the case, its entire class action practice group, has screened him from receiving and/or participating in the Firm's class actions, and directed him to obtain ethics training. I also understand Mr. Roche has forfeited any financial interest in this litigation.

6.      I have also reviewed the Bitfinex, Tether, Bittrex, and Poloniex Defendants' letters seeking to have the entire RF firm be terminated as counsel from this case.

7.      In all my interactions and discussions with RF attorneys, I have never heard or seen anything that would in anyway support the concerns raised by the Defendants. RF has only ever been concerned about the best interests of the class.

8.      I retained Roche Freedman LLP on September 3, 2019. I worked with attorneys Kyle Roche, Velvel Freedman, and Joseph Delich on the drafting of the initial complaint (ECF No. 1). All allegations in that complaint were sourced from materials that were obtained through online resources – including documents Roche Freedman had to translate from foreign materials.

9.      I strongly oppose Defendants' request and believe that such relief is not in the best interests of the class. I know that the claims at issue in this case will require co-lead counsel to oversee and direct blockchain forensic experts to show the manipulation of crypto-commodities.

Given RF's unique and market leading experience in this space, their creativity, and the work done to date by RF, I believe the class will be prejudiced if RF is terminated.

10.    I also understand that if RF is terminated, Selendy Gay Elsberg PLLC and Schneider Wallace Cottrell Konecky LLP would remain on co-lead counsel in this case. That would not address my significant concerns that terminating RF would leave the class without the benefit of its crypto-asset litigation experience and thereby result in prejudice.

11.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2022

Jason Leibowitz (Sep 1, 2022 20:51 EDT)

Jason Leibowitz

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

## Declaration of Matthew Script

I, Matthew Script, based on my personal knowledge, declare as follows:

1.      I am a named plaintiff in this case.

2.      I retained Roche Freedman LLP ("RF") to pursue this action as a result of harm I suffered from the purchase of artificially inflated crypto-commodities because I believe RF is uniquely qualified to serve both the named plaintiffs and the proposed class in this action.

3.      Throughout the litigation, I have participated in monthly calls where Co-Lead Counsel provides us updates on the case.

4.      I reviewed the video clips of Kyle Roche published by the Crypto Leaks website on August 26, 2022.

5.      I understand RF has removed Kyle Roche from the case, its entire class action practice group, has screened him from receiving and/or participating in the Firm's class actions, and directed him to obtain ethics training. I also understand Mr. Roche has forfeited any financial interest in this litigation.

6.      I have also reviewed the Bitfinex, Tether, Bittrex, and Poloniex Defendants' letters seeking to have the entire RF firm be terminated as counsel from this case.

7.      In all my interactions and discussions with RF attorneys, I have never heard or seen anything that would in anyway support the concerns raised by the Defendants. RF has only ever been concerned about the best interests of the class.

8.      I strongly oppose Defendants' request and believe that such relief is not in the best interests of the class. I know that the claims at issue in this case will require co-lead counsel to oversee and direct blockchain forensic experts to show the manipulation of crypto-commodities. Given RF's unique and market leading experience in this space, their creativity, and the work done to date by RF, I believe the class will be prejudiced if RF is terminated.

9.      I also understand that if RF is terminated, Selendy Gay Elsberg PLLC and Schneider Wallace Cottrell Konecky LLP would remain on co-lead counsel in this case. That

would not address my significant concerns that terminating RF would leave the class without the benefit of its crypto-asset litigation experience and thereby result in prejudice.

      10.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2022

Matthew Script (Sep 1, 2022 20:31 EDT)

Matthew Script

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

**Declaration of Pinchas Goldshtein**

I, Pinchas Goldshtein, based on my personal knowledge, declare as follows:

1.      I am a named plaintiff in this case.

2.      I retained Roche Freedman LLP ("RF") to pursue this action as a result of harm I suffered from the purchase of artificially inflated crypto-commodities because I believe RF is uniquely qualified to serve both the named plaintiffs and the proposed class in this action.

3.      Throughout the litigation, I have participated in calls with Mr. Freedman who provides me with updates on the case.

4.      I reviewed the video clips of Kyle Roche published by the Crypto Leaks website on August 26, 2022.

5.      I understand RF has removed Kyle Roche from the case, its entire class action practice group, has screened him from receiving and/or participating in the Firm's class actions, and directed him to obtain ethics training. I also understand Mr. Roche has forfeited any financial interest in this litigation.

6.      I have also reviewed the Bitfinex, Tether, Bittrex, and Poloniex Defendants' letters seeking to have the entire RF firm be terminated as counsel from this case.

7.      In all my interactions and discussions with RF attorneys, I have never heard or seen anything that would in anyway support the concerns raised by the Defendants. RF has only ever been concerned about the best interests of the class.

8.      I strongly oppose Defendants' request and believe that such relief is not in the best interests of the class. I know that the claims at issue in this case will require co-lead counsel to oversee and direct blockchain forensic experts to show the manipulation of crypto-commodities. Given RF's unique and market leading experience in this space, their creativity, and the work done to date by RF, I believe the class will be prejudiced if RF is terminated.

9.      I also understand that if RF is terminated, Selendy Gay Elsberg PLLC and Schneider Wallace Cottrell Konecky LLP would remain on co-lead counsel in this case. That

would not address my significant concerns that terminating RF would leave the class without the benefit of its crypto-asset litigation experience and thereby result in prejudice.

10.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2022


Pinchas goldshtein (Sep 1, 2022 19:53 EDT)

Pinchas Goldshtein

**Debevoise
& Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

September 2, 2022

<u>BY ECF AND EMAIL</u>

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re:  In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

We represent the B/T Defendants in the above-referenced matter and write in response to Roche Freedman's September 2, 2022 filing regarding Plaintiffs' Motion for Kyle W. Roche to Withdraw as Attorney.  (Dkt No. 232.)

While we appreciate that Mr. Roche and his firm have sought to address the issues raised in the B/T Defendants' August 31 letter to the Court (Dkt. No. 230), the evolving explanations they have offered regarding his videotaped statements – which implicate both Mr. Roche and the Roche Freedman law firm – offer little comfort with respect to the grave concerns raised by those statements.

Mr. Roche first claimed that his statements were taken "out of context" and/or were somehow elicited from him "using leading questions."[1]  Notwithstanding that initial response, Mr. Roche then took the extraordinary step of withdrawing entirely from his firm's class action practice.

In its September 2 letter, Roche Freedman states that Mr. Roche's statements are "demonstrably false" but offers no such demonstration.  That the initial complaint in this case was filed prior to when Roche Freedman reports it commenced a formal attorney-client relationship with Ava Labs says nothing about how it has conducted the lawsuit since that time, including potential misuse of the discovery process.[2]  Beyond that, Roche Freedman relies on its own denials.

---

[1]  Kyle Roche, *My Response*, MEDIUM (Aug. 29, 2022), available at https://medium.com/ @kyleroche/my-response-b691563c255b [https://perma.cc/WH2G-ZD8B].

[2]  Notably, Mr. Roche stated on video that his firm and Ava Labs launched their businesses together at the same time in the same co-working space, he already knew the CEO of Ava Labs, and he received a percentage of the AVAX token supply in September 2019, prior to the commencement of this action.

The Honorable Katherine Polk Failla                2                        September 2, 2022

In his affidavit, Mr. Roche himself states only that "some of the statements were false."  The videos published on the Crypto Leaks website, however, do not show merely a discrete set of questionable statements but a comprehensive description of how Mr. Roche and his law firm abuse the class action process and discovery.

Importantly, the B/T Defendants expressed a serious and valid concern that the discovery process is being misused based on Mr. Roche's statement that he serves as Ava Lab's "crypto expert" and "know[s] where this market is going" because he "sue[s] half the companies in the space" and has "seen the insides of every single crypto company."[3]  In his affidavit, relied on by Roche Freedman, Mr. Roche offers only the implausible explanation that he was not referring to information gained in discovery but to other information purportedly provided to him outside of litigation by "whistleblowers and other insiders."

Roche Freedman's assertion that Defendants have raised Mr. Roche's statements with the Court as a "litigation tactic" suggests that it fails to fully understand the egregious nature of those statements or the seriousness of the concerns they raise.

Respectfully submitted,

/s/ Elliot Greenfield

---

[3]  *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm*, Roche Freedman, CRYPTO LEAKS (Aug. 26, 2022), available at https://cryptoleaks.info/case-no-3 [https://perma.cc/N433-63SC].





September 2, 2022

<u>**Via ECF and E-mail**</u>

The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:    <u>*In re Tether and Bitfinex Crypto Asset Litigation*, 19-cv-09236 (KPF)</u>

Dear Judge Failla:

     Selendy Gay Elsberg PLLC ("<u>Selendy Gay Elsberg</u>") and Schneider Wallace Cottrell Konecky LLP ("<u>Schneider Wallace</u>") write in their capacity as interim class counsel, and specifically not on behalf of the named plaintiffs, in response to the letter dated September 2, 2022, by Roche Freedman LLP ("<u>Roche Freedman</u>"), ECF No. 232. The named plaintiffs have all reviewed this letter and stated that they disagree with its content and recommendation; in short, the named plaintiffs express a strong preference that Roche Freedman remain in the case.[1] Undersigned counsel nevertheless believe they have a duty to the Court and the putative class to inform the Court of their views. *See* Fed. R. Civ. P. 23(g)(3) (stating interim class counsel is appointed to "act on behalf of a putative class.").

     As explained below, Selendy Gay Elsberg and Schneider Wallace believe that Roche Freedman's continued involvement in the litigation is not in the best interests of the class. Accordingly, we respectfully request that the Court terminate Roche Freedman's status as interim co-lead counsel. Selendy Gay Elsberg and Schneider Wallace are ready and willing to continue representing the class as interim co-lead counsel.

     Selendy Gay Elsberg and Schneider Wallace became aware of video recordings of Kyle Roche, a founding partner of Roche Freedman, when they were published online on August 26, 2022.[2] In the recordings, Mr. Roche makes statements regarding the blockchain industry and his approach to class action litigation. On August 31, 2022, Mr. Roche (though not Roche Freedman) filed a motion to withdraw as counsel. ECF No. 229. Later that day, the B/T Defendants submitted

---

[1] Selendy Gay Elsberg and Schneider Wallace were not aware of the affidavits of the class representatives until they were filed as exhibits to Roche Freedman's letter. *See* ECF Nos. 232-2–232-6. Although Selendy Gay Elsberg and Schneider Wallace respect the opinions expressed in those affidavits, they believe their duty as interim class counsel is to "the interests of the class" as a whole. *See* Fed. R. Civ. P. 23(g)(4).

[2] *See Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman*, CRYPTO LEAKS (Aug. 26, 2022), *available at* https://cryptoleaks.info/case-no-3.

a letter asking the Court to terminate Roche Freedman as counsel for the class. ECF No. 230. The Exchange Defendants filed a letter on September 1, joining this request. ECF No. 231.[3]

 Given the content of the recordings—and the fact that Mr. Roche, in an August 29, 2022 public response, did not deny the recordings' authenticity[4]—Selendy Gay Elsberg and Schneider Wallace asked Roche Freedman to withdraw as counsel to protect the interests of the class. Roche Freedman declined to withdraw.

 Selendy Gay Elsberg and Schneider Wallace are not able to evaluate the credibility of Roche Freedman's statements concerning Ava Labs, AVAX tokens, or Mr. Roche's position at his firm or his financial interest in this litigation. However, Roche Freedman's continued involvement as counsel in the case is contrary to the best interests of the class. Roche Freedman's continued representation of the class would likely spawn significant discovery and motion practice as to the veracity and/or import of the allegations. These issues are likely to unnecessarily distract from the merits of this dispute, and can be avoided by the removal of Roche Freedman as class counsel.

 Selendy Gay Elsberg and Schneider Wallace are both experienced and capable class counsel, with expertise in litigation concerning digital assets, and will continue to prosecute this action on behalf of the class as interim co-lead counsel. For example, Selendy Gay Elsberg has been appointed as co-lead counsel in numerous class actions in this district where the plaintiffs' allegations involve the technical details of dozens of different crypto-assets.

 To protect the interests of the putative class, we respectfully request that the Court terminate Roche Freedman's appointment as interim co-lead counsel.

---

[3] Selendy Gay Elsberg and Schneider Wallace disagree with Defendants' claims that Plaintiffs have sought "information that has no apparent link to the claims and defenses in this lawsuit," ECF No. 230 at 2, or which "related to broad aspects of the cryptocurrency industry but did not appear related to any of the claims or defenses in this matter," ECF No. 231 at 2 n.1. Rather than air that dispute here, Plaintiffs will continue to meet and confer with Defendants in an effort to resolve any remaining discovery issues without Court intervention. *See* ECF No. 228 at 2.

[4] https://medium.com/@kyleroche/my-response-b691563c255b

Respectfully submitted,

/s/ Caitlin Halligan
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*