# 22-11150

# United States Court of Appeals

*for the*

# Eleventh Circuit

IRA KLEIMAN, as the Personal Representative of the Estate of David Kleiman,

*Plaintiff/Appellant,*

– v. –

CRAIG WRIGHT,

*Defendant/Appellee.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:18-cv-80176-BB
(Hon. Beth Bloom)

## APPELLANT'S APPENDIX – VOLUME ONE

ANDREW BRENNER
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Avenue, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

DEVIN (VELVEL) FREEDMAN
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
(305) 753-3675
vel@rochefreedman.com

KYLE W. ROCHE *(Pro Hac Vice)*
ROCHE FREEDMAN LLP
99 Park Avenue, Suite 1910
New York, New York 10016
kyle@rochefreedman.com

*Counsel for Plaintiff/Appellant*

# TABLE OF CONTENTS

**VOLUME I:**

**TAB DS –** District Court Docket Sheet.................................................. 1

**TAB 1 –** Complaint
Filed February 14, 2018................................................... 53

Exhibit to Motion to Dismiss the Complaint
Filed April 16, 2018:

    **TAB 12-2 –** Exhibit B, Declaration of Craig Wright................................... 91

**TAB 24 –** Amended Complaint and Jury Demand
Filed May 14, 2018................................................... 97

Exhibit to Motion to Dismiss Amended Complaint
Filed June 15, 2018:

    **TAB 33-3 –** Exhibit C, Declaration of Craig Wright................................ 150

**TAB 80 –** Answer to Amended Complaint
Filed January 10, 2019.............................................. 157

**TAB 83 –** Second Amended Complaint and Jury Demand
Filed January 14, 2019.............................................. 191

**VOLUME II:**

    **TAB 83-1 –** Exhibit 1 ............................................................. 240

    **TAB 83-2 –** Exhibit 2 ............................................................. 336

    **TAB 83-3 –** Exhibit 3 ............................................................. 341

    **TAB 83-4 –** Exhibit 4 ............................................................. 344

    **TAB 83-5 –** Exhibit 5 ............................................................. 449

## VOLUME III:

**TAB 83-6 –** Exhibit 6 ................................................................ 460

**TAB 83-7 –** Exhibit 7 ................................................................ 463

**TAB 83-8 –** Exhibit 8 ................................................................ 468

**TAB 83-9 –** Exhibit 9 ................................................................ 482

**TAB 83-10 –** Exhibit 10 ............................................................ 494

**TAB 83-11 –** Exhibit 11 ............................................................ 509

**TAB 83-12 –** Exhibit 12 ............................................................ 524

**TAB 83-13 –** Exhibit 13 ............................................................ 566

**TAB 83-14 –** Exhibit 14 ............................................................ 568

**TAB 83-15 –** Exhibit 15 ............................................................ 573

**TAB 83-16 –** Exhibit 16 ............................................................ 583

**TAB 83-17 –** Exhibit 17 ............................................................ 585

**TAB 83-18 –** Exhibit 18 ............................................................ 587

**TAB 83-19 –** Exhibit 19 ............................................................ 595

**TAB 83-20 –** Exhibit 20 ............................................................ 600

**TAB 83-21 –** Exhibit 21 ............................................................ 622

**TAB 83-22 –** Exhibit 22 ............................................................ 632

**TAB 83-23 –** Exhibit 23 ............................................................ 640

**TAB 83-24 –** Exhibit 24 ............................................................ 643

**TAB 83-25 –** Exhibit 25 ................................................................. 665

**TAB 83-26 –** Exhibit 26 ................................................................. 667

**TAB 83-27 –** Exhibit 27 ................................................................. 675

**VOLUME IV:**

**TAB 83-28 –** Exhibit 28 ................................................................. 684

**TAB 83-29 –** Exhibit 29 ................................................................. 693

**TAB 83-30 –** Exhibit 30 ................................................................. 700

**TAB 83-31 –** Exhibit 31 ................................................................. 705

**TAB 83-32 –** Exhibit 32 ................................................................. 707

**TAB 83-33 –** Exhibit 33 ................................................................. 709

**TAB 87 –** Amended Answer to Second Amended Complaint
Filed January 28, 2019 ................................................................. 711

**TAB 127 –** Joint Discovery Memorandum
Filed March 24, 2019 ................................................................. 747

Exhibits to Motion for Judgment on the Pleadings for Lack of Subject Matter
Jurisdiction
Filed April 15, 2019

**TAB 144-1 –** Exhibit A ................................................................. 757

**TAB 144-6 –** Exhibit F ................................................................. 758

**TAB 154 –** Notice of Withdrawing Exhibit
Filed April 18, 2019 ................................................................. 759

**TAB 159 –** Plaintiff's Memorandum in Opposition to Defendant's Motion for
Judgment on the Pleadings for Lack of Subject Matter Jurisdiction
Filed April 28, 2019 ................................................................. 761

**TAB 217 –** Order on Plaintiff's Motion to Compel
Filed June 14, 2019 ..................................................................... 780

**TAB 222 –** Redacted Declaration of Craig Wright
Filed June 20, 2019 ..................................................................... 785

**TAB 236 –** Excerpt of Transcript of Evidentiary Hearing, 6/28/19
Filed July 2, 2019 ....................................................................... 789

Exhibit to Motion for Leave to File Exhibits to Supplemental Record
Filed July 9, 2019

  **TAB 242-2 –** Exhibit 2 .............................................................. 794

**TAB 265 –** Order Denying Motion for Judgment on the Pleadings
Filed August 15, 2019 ................................................................. 804

**TAB 277 –** Order on Plaintiff's Motion to Compel
Filed August 27, 2019 ................................................................. 816

  **TAB 277-1** – Exhibit 1 .............................................................. 845

**TAB 311 –** Dr. Craig Wright's Objection to Magistrate Order "Deeming" Certain
Facts Established and "Striking" Certain Affirmative Defenses
Filed November 25, 2019 ............................................................ 849

**TAB 312-1 –** Excerpt of Redacted Deposition Transcript of Craig Steven Wright,
4/4/19
Filed November 26, 2019 ............................................................ 878

**VOLUME V:**

**TAB 332 –** Plaintiff's Response to Defendant's Objection to Magistrate Order
"Deeming" Certain Facts Established and "Striking" Certain Affirmative Defenses
Filed December 16, 2019 ............................................................ 883

**TAB 373 –** Order Affirming in Part and Reversing in Part Order Re: Plaintiff's
Motion to Compel
Filed January 10, 2020 ................................................................ 918

**TAB 376 –** Craig Wright's Notice of Compliance with Court's January 10, 2020 Order
> Filed January 14, 2020................................................................... 941

**TAB 488-17 –** Excerpt of Deposition Transcript of Lynn Carroll Wright, 1/13/20
> Filed May 8, 2020 ....................................................................... 943

**TAB 510 –** Plaintiff's Omnibus Motion in Limine
> Filed May 18, 2020...................................................................... 949

**TAB 523** – Dr. Craig Wright's Opposition to Plaintiff's Omnibus Motion in Limine
> Filed May 22, 2020...................................................................... 973

**TAB 541 –** Notice of Supplemental Evidence Supporting Plaintiff's Omnibus Motion for Sanctions
> Filed May 27, 2020...................................................................... 991

> **TAB 541-1** – Exhibit 1 ............................................................... 994

**VOLUME VI:**

**TAB 558** – Plaintiff's Reply in Support of His Omnibus Motion in Limine
> Filed June 2, 2020....................................................................... 1001

**TAB 595 –** Order Denying Plaintiff's Omnibus Sanctions Motion
> Filed June 24, 2020...................................................................... 1014

Notice by Craig Wright, Joint Notice of Filing Deposition Designations
> Filed August 3, 2020

> **TAB 611-14 –** Excerpt of Deposition Transcript of Jamie R. Wilson, November 8, 2019 .................................................................... 1053

> **TAB 611-20 –** Excerpt of Deposition Transcript of Andrew O'Hagan, March 17, 2020 ........................................................................ 1061

**TAB 615 –** Omnibus Order Denying Motion for Summary Judgment
> Filed September 21, 2020........................................................... 1073

**TAB 623 –** Omnibus Order Granting in Part and Denying in Part Defendant's Motion in Limine
     Filed November 18, 2020 ........................................................................ 1166

**TAB 794 –** Request for Adverse Inference Jury Instruction or, Alternatively, Judicial Admission Jury Instruction
     Filed November 20, 2021 ........................................................................ 1196

     **TAB 794-1**– Exhibit A ........................................................................ 1206

     **TAB 794-2**– Exhibit B ........................................................................ 1209

**VOLUME VII:**

     **TAB 794-3**– Exhibit C ........................................................................ 1212

**TAB 800-1 –** Court's Instructions to the Jury
     Filed November 22, 2021 ........................................................................ 1242

Exhibits to Notice by Ira Kleiman, W&K Info Defense Research, LLC re Exhibit List
     Filed December 16, 2021

     **TAB 828-3 –** Exh. D008 – Redacted Letter from Karp Law Firm to Mr. Tosi ........................................................................ 1264

     **TAB 828-111 –** Exh. JE22 – Will Prepared for David Alan Kleiman .... 1267

     **TAB 829-30 –** Exh. P122 – email chain ................................................ 1272

     **TAB 829-41 –** Exh. P149 – email chain ................................................ 1276

     **TAB 829-48 –** Exh. P161 – email chain ................................................ 1278

     **TAB 829-55 –** Exh. P189 – email chain ................................................ 1304

**TAB 837 –** Excerpt of Transcript of Trial (Day 1), 11/1/21
     Filed December 20, 2021........................................................................ 1305

vi

**TAB 838 –** Excerpt of Transcript of Trial (Day 2), 11/2/21
     Filed December 20, 2021 ............................................................... 1309

**TAB 839 –** Excerpt of Transcript of Trial (Day 3), 11/3/21
     Filed December 20, 2021 ............................................................... 1313

**TAB 840 –** Excerpt of Transcript of Trial (Day 4), 11/4/21
     Filed December 20, 2021 ............................................................... 1318

**TAB 841 –** Excerpt of Transcript of Trial (Day 5), 11/5/21
     Filed December 20, 2021 ............................................................... 1328

**TAB 843 –** Excerpt of Transcript of Trial (Day 7), 11/9/21
     Filed December 20, 2021 ............................................................... 1331

**TAB 851 –** Excerpt of Transcript of Trial (Day 15), 11/23/21
     Filed December 20, 2021 ............................................................... 1336

**TAB 861 –** The Estate of David Kleiman's Motion for a New Trial Based on
Violations of Order Excluding Sibling Relationship Evidence
     Filed January 4, 2022 ................................................................... 1342

     **TAB 861-1** – Exhibit A ........................................................... 1357

     **TAB 861-2** – Exhibit B ........................................................... 1391

     **TAB 861-3** – Exhibit C ........................................................... 1398

     **TAB 861-4** – Exhibit D ........................................................... 1403

     **TAB 861-5** – Exhibit E ........................................................... 1409

     **TAB 861-6** – Exhibit F ........................................................... 1417

     **TAB 861-7** – Exhibit G ........................................................... 1423

**VOLUME VIII:**

**TAB 869 –** Dr. Craig S. Wright's Opposition to the Estate of David Kleiman's Motion for a New Trial
      Filed January 18, 2022................................................................. 1426

Exhibits to Notice by Craig Wright re Exhibit List, Second Supplemental Joint Notice of filing Admitted Exhibits
      Filed January 31, 2022

      **TAB 878-3 –** Exh. P172 – Transcript of Interview with Craig Wright, August 11, 2014........................................................................ 1446

      Exh. P173 – Transcript of Interview with Craig Wright, August 18, 2014........................................................................ 1492

Exhibits to Notice by Craig Wright re Exhibit List, Second Supplemental Joint Notice of filing Admitted Exhibits
      Filed February 17, 2022

      **TAB 885-9 –** Exh. P464 – Redacted email chain ................................... 1538

**TAB 887 –** Order on Motion for New Trial
      Filed February 28, 2022.......................................................... 1652

**TAB 889 –** Amended Final Judgment
      Filed March 9, 2022............................................................... 1662

**TAB CS –** Certificate of Service

**SEALED VOLUME**

**VOLUME IX:**

**TAB 404-1 –** Craig Wright's Confidential Response to Plaintiff's Interrogatory
      Filed February 24, 2020.......................................................... 1663

**TAB 507 –** Plaintiff's Omnibus Sanctions Motion

Filed May 15, 2020 ....................................................................... 1673

**TAB 507-1 –** Exhibit 1 ............................................................ 1701

**TAB 507-8 –** Exhibit 8 ............................................................ 1709

Exhibit to Notice by Ira Kleiman, W&K Info Defense Research, LLC re Exhibit List
Filed December 16, 2021

**TAB 828-3 –** Exh. D008 – Unredacted Letter from Karp Law Firm to Mr. Tosi, 6/18/15 ...................................................... 1714

Sealed Exhibits filed December 17, 2021

**TAB 834 –** Exh. D099 – Excerpt of Progress Notes ............................... 1717

Exh. D102 – Excerpt of Progress Notes ................................... 1719

**TAB CS –** Certificate of Service

# TAB DS

**U.S. District Court**
**Southern District of Florida (West Palm Beach)**
**CIVIL DOCKET FOR CASE #: 9:18-cv-80176-BB**

Kleiman v. Wright

Assigned to: Judge Beth Bloom

Referred to: Magistrate Judge Bruce E. Reinhart

 Case in other court:    22-11150-G

Cause: 28:1332 Diversity-Property Damage

Date Filed: 02/14/2018

Date Terminated: 12/07/2021

Jury Demand: Plaintiff

Nature of Suit: 380 Personal Property: Other

Jurisdiction: Diversity

**Plaintiff**

**Ira Kleiman**
*as the Personal Representative of the Estate of David Kleiman*

represented by

**Devin Freedman**
Roche Freedman, LLP
1 SE 3rd Ave.
Suite 1240
Miami, FL 33131
305-306-9211
Email: vel@rochefreedman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph M. Delich**
Roche Freedman LLP
185 Wythe Avenue F2
Brooklyn, NY 11249
929-457-0057
Email: jdelich@rochefreedman.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kyle Roche**
Roche Freedman LLP
185 Wythe Avenue F2
Brooklyn, NY 11249
Email: kyle@rochefreedman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maxwell V. Pritt**
Boies Schiller Flexner LLP
44 Montgomery Street
41st Floor
San Francisco, CA 94104
415-293-6800
Email: mpritt@bsfllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alexander J. Holtzman**
Boies Schiller Flexner LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
415-293-6800
Email: aHoltzman@bsfllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew Scott Brenner**
Boies Schiller & Flexner
100 SE 2nd Street
Suite 2800 Bank of America Tower
Miami, FL 33131-2144
305-357-8414
Fax: 305-539-1307
Email: abrenner@bsfllp.com
*ATTORNEY TO BE NOTICED*

1

**Constantine Philip Economides**
Roche Cyrulnik Freedman LLP
200 S. Biscayne Blvd.
Suite 5500
Miami, FL 33131
805-886-5256
Email: ceconomides@rochefreedman.com
*ATTORNEY TO BE NOTICED*

**Laselve Elijah Harrison**
Boies Schiller Flexner LLP
100 SE 2nd Street
Suite 2800
Miami, FL 33131
3055398400
Email: lharrison@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Samantha Marie Licata**
Boies Schiller Flexner LLP
888 Brickell Key Drive
Unit 1204
Miami, FL 33131
5613501573
Email: slicata@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Stephen Lagos**
Roche Cyrulnik Freedman LLP
99 Park Ave., Suite 1910
New York, NY 10016
(603) 494-9245
Email: slagos@rcfllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen N. Zack**
Boies Schiller & Flexner
100 SE 2nd Street
Suite 2800, Miami Tower
Miami, FL 33131-2144
305-539-8400
Fax: 305-539-1307
Email: szack@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Tibor L. Nagy**
Roche Freedman LLP
New York, NY 10075
Email: tibor@dnfllp.com
*TERMINATED: 10/28/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**W&K Info Defense Research, LLC**                     represented by     **Joseph M. Delich**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Maxwell V. Pritt**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alexander J. Holtzman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew Scott Brenner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Constantine Philip Economides**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laselve Elijah Harrison**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha Marie Licata**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Lagos**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen N. Zack**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Devin Freedman**
(See above for address)
*ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Craig Wright**                     represented by     **Andres Rivero**
Rivero Mestre LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Fernandez**
Rivero Mestre LLP
565 Fifth Avenue, 7th Floor
New York, NY 10017
212-880-9451
Email: mfernandez@riveromestre.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

3

**Alan H. Rolnick**
Rivero Mestre LLP
2525 Ponce de Leon Blvd.
Suite 1000
Coral Gables, FL 33134
305.445.2500
Fax: 305.445.2505
Email: arolnick@riveromestre.com
*ATTORNEY TO BE NOTICED*

**Amanda Lara Fernandez**
Damian , Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
305 371-3960
Email: afernandez@riveromestre.com
*ATTORNEY TO BE NOTICED*

**Amanda Marie McGovern**
Rivero Mestre LLP
2525 Ponce de Leon Blvd.
Suite 1000
Coral Gables, FL 33134
305.445.2500
Fax: 305.445.2505
Email: amcgovern@riveromestre.com
*ATTORNEY TO BE NOTICED*

**Bryan Lee Paschal**
Strader Paschal PLLC
150 S Pine Island Rd.
Ste 300
Plantation, FL 33324-2665
954-880-1260
Email: bryan@straderpaschal.com
*TERMINATED: 10/26/2021*

**Daniela Tenjido Sierra**
Rivero Mestre LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, FL 33134
(305) 445-2500
Email: dtenjido@riveromestre.com
*TERMINATED: 10/14/2021*
*PRO HAC VICE*

**Jorge Alejandro Mestre**
Rivero Mestre LLP
2525 Ponce de Leon Blvd.
Suite 1000
Miami, FL 33134
305-445-2500
Fax: 305-445-2505
Email: jmestre@riveromestre.com
*ATTORNEY TO BE NOTICED*

**Schneur Zalman Kass**
Rivero Mestre LLP
2525 Ponce De Leon Blvd Ste 1000
Coral Gables, FL 33134
3054452500
Fax: 3054452500
Email: zkass@riveromestre.com
*ATTORNEY TO BE NOTICED*

**Whitney Lohr**
Kurzban Kurzban Tetzeli & Pratt, P.A.
131 Madeira Avenue
Coral Gables, FL 33134
305-444-0060

Email: wlohr@kktplaw.com
*ATTORNEY TO BE NOTICED*

**Zaharah R. Markoe**
Rivero Mestre LLP
2500 Ponce de Leon Boulevard
Suite 1000
Miami
Miami, FL 33134
305-445-2500
Fax: 305-445-2505
Email: zmarkoe@royblack.com
*ATTORNEY TO BE NOTICED*

| # | Docket Text | Date Filed |
|---|---|---|
| 1 | COMPLAINT against Craig Steven Wright. Filing fees $ 400.00 receipt number 113C-10412834, filed by Ira Kleiman. (Attachments: # 1 Civil Cover Sheet, # 2 Summon(s), # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 7A, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20)(Freedman, Devin) (Entered: 02/14/2018) | 02/14/2018 |
| 2 | Clerks Notice of Judge Assignment to Judge Beth Bloom. Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge James M. Hopkins is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (lrz1) (Entered: 02/15/2018) | 02/14/2018 |
| 3 | Summons Issued as to Craig Wright. (lrz1) (Entered: 02/15/2018) | 02/15/2018 |
| 4 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Kyle Roche. Filing Fee $ 75.00 Receipt # 113C-10448214 by Ira Kleiman. Responses due by 3/14/2018 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 02/28/2018) | 02/28/2018 |
| 5 | PAPERLESS ORDER granting 4 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Kyle Roche. Signed by Judge Beth Bloom (BB) (Entered: 02/28/2018) | 02/28/2018 |
| 6 | NOTICE of Attorney Appearance by Andres Rivero on behalf of Craig Wright. Attorney Andres Rivero added to party Craig Wright(pty:dft). (Rivero, Andres) (Entered: 03/10/2018) | 03/10/2018 |
| 7 | Agreed MOTION for Extension of Time to serve a response to the Complaint by Craig Wright. Responses due by 3/26/2018 (Attachments: # 1 Text of Proposed Order)(Rivero, Andres) (Entered: 03/10/2018) | 03/10/2018 |
| 8 | PAPERLESS ORDER granting 7 Motion for Extension of Time to file Response/Answer to Complaint by April 16, 2018. Signed by Judge Beth Bloom (BB) (Entered: 03/10/2018) | 03/10/2018 |
|   | Reset Answer Due Deadline: Craig Wright response due 4/16/2018. (ls) (per DE #8) (Entered: 03/12/2018) | 03/10/2018 |
| 9 | SUMMONS (Affidavit) Returned Executed for Service Abroad by Ira Kleiman. Craig Wright served on 2/22/2018, answer due 4/16/2018. (Attachments: # 1 Affidavit)(Freedman, Devin) (Entered: 03/15/2018) | 03/15/2018 |
| 10 | MOTION for Leave to File Excess Pages by Craig Wright. (Attachments: # 1 Text of Proposed Order)(Rivero, Andres) (Entered: 04/12/2018) | 04/12/2018 |
| 11 | PAPERLESS ORDER granting 10 Motion for Leave to File Excess Pages. Signed by Judge Beth Bloom (BB) (Entered: 04/12/2018) | 04/12/2018 |
| 12 | MOTION TO DISMISS 1 Complaint,, FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss with Prejudice 1 Complaint,, , MOTION to Dismiss for Lack of Jurisdiction 1 Complaint,, by Craig Wright. Responses due by 4/30/2018 (Attachments: # 1 Exhibit Ex. A - Expert Aff., # 2 Exhibit Ex. B - Wright Aff.)(Rivero, Andres) (Entered: 04/16/2018) | 04/16/2018 |
| 13 | Order Requiring Scheduling Report and Certificates of Interested Parties -Joint Scheduling Report due by 5/8/2018. Signed by Judge Beth Bloom on 4/17/2018. (ls) (Entered: 04/17/2018) | 04/17/2018 |
| 14 | Unopposed Motion for Extension of Time to File Response/Reply/Answer as to 12 MOTION TO DISMISS 1 Complaint,, FOR FAILURE TO STATE A CLAIM MOTION to Dismiss with Prejudice 1 Complaint,, MOTION to Dismiss for Lack of Jurisdiction 1 Complaint,, by Ira Kleiman. Responses due by 5/4/2018 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) Modified Relief on 4/20/2018 (ls). Added MOTION for Extension of Time to Amend 1 Complaint on 4/20/2018 (ls). (Entered: 04/20/2018) | 04/20/2018 |

| # | Docket Text | Date Filed |
|---|---|---|
| 15 | Clerks Notice to Filer re 14 Unopposed MOTION for Extension of Time to Respond to Defendant's Motion to Dismiss and/or File Amended Complaint re 12 MOTION TO DISMISS 1 Complaint,, FOR FAILURE TO STATE A CLAIM MOTION to Dismiss with Prejudice 1 . Wrong Motion Relief(s) Selected; ERROR - The Filer selected the wrong motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs. (ls) (Entered: 04/20/2018) | 04/20/2018 |
| 16 | PAPERLESS ORDER granting in part and denying in part 14 Motion for Extension of Time to File Response by May 14, 2018 ; granting in part and denying in part 14 Motion for Extension of Time to Amend Complaint by May 14, 2018. Signed by Judge Beth Bloom (BB) (Entered: 04/20/2018) | 04/20/2018 |
| 17 | Unopposed MOTION for Extension of Time to File Joint Scheduling Report by Craig Wright. Responses due by 5/21/2018 (Attachments: # 1 Exhibit Exhibit A- Order)(Rivero, Andres) (Entered: 05/07/2018) | 05/07/2018 |
| 18 | PAPERLESS ORDER granting 17 Motion for Extension of Time to File Joint Scheduling Report by May 11, 2018. Signed by Judge Beth Bloom (BB) (Entered: 05/07/2018) | 05/07/2018 |
| 19 | Certificate of Interested Parties/Corporate Disclosure Statement by Ira Kleiman identifying Other Affiliate W&K Info Defense Research, LLC, Other Affiliate Boies Schiller Flexner LLP, Other Affiliate BTCN 1610-491, LLC for Ira Kleiman (Freedman, Devin) (Entered: 05/08/2018) | 05/08/2018 |
| 20 | Joint SCHEDULING REPORT - Rule 26(f) by Ira Kleiman (Freedman, Devin) (Entered: 05/11/2018) | 05/11/2018 |
| 21 | SCHEDULING ORDER: ( Jury Trial set for 6/10/2019 09:00 AM in Miami Division before Judge Beth Bloom., Calendar Call set for 6/4/2019 01:45 PM in Miami Division before Judge Beth Bloom., Amended Pleadings due by 7/10/2018., Discovery due by 2/8/2019., Expert Discovery due by 2/8/2019., Joinder of Parties due by 7/10/2018., In Limine Motions due by 5/27/2019., Dispositive Motions due by 3/4/2019., Motions due by 3/4/2019., Pretrial Stipulation due by 5/27/2019.), ORDER REFERRING CASE to Mediation. ( Mediation Deadline 2/22/2019.), ORDER REFERRING CASE to Magistrate Judge Bruce E. Reinhart for Discovery Matters. Signed by Judge Beth Bloom on 5/11/2018. (ls) Pattern Jury Instruction Builder - To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 05/14/2018) | 05/14/2018 |
| 22 | STANDING DISCOVERY ORDER for Magistrate Judge Bruce Reinhart. Signed by Magistrate Judge Bruce E. Reinhart on 5/14/2018. (ls) (Entered: 05/14/2018) | 05/14/2018 |
| 23 | ORDER Setting Discovery Status Conference, ( Status Conference Re: Discovery Matters set for 1/8/2019 02:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart.) Signed by Magistrate Judge Bruce E. Reinhart on 5/14/2018. (ls) (Entered: 05/14/2018) | 05/14/2018 |
| 24 | AMENDED COMPLAINT against All Defendants filed in response to Order Granting Motion for Leave, filed by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32)(Freedman, Devin) (Entered: 05/14/2018) | 05/14/2018 |
| 25 | PAPERLESS ORDER denying as moot 12 Motion to Dismiss for Failure to State a Claim; denying as moot 12 Motion to Dismiss; denying as moot 12 Motion to Dismiss for Lack of Jurisdiction. See Amended Complaint at ECF No. 24 . Signed by Judge Beth Bloom (BB) (Entered: 05/15/2018) | 05/15/2018 |
| 26 | CERTIFICATE OF SERVICE by Ira Kleiman re 24 Amended Complaint,,, (Freedman, Devin) (Entered: 05/15/2018) | 05/15/2018 |
| 27 | Unopposed MOTION for Extension of Time to Respond to the Amended Complaint by Craig Wright. Responses due by 5/31/2018 (Attachments: # 1 Exhibit Proposed Order)(Rivero, Andres) (Entered: 05/17/2018) | 05/17/2018 |
| 28 | PAPERLESS ORDER granting in part and denying in part 27 Motion for Extension of Time to File Response/Answer to the Amended Complaint. Response/Answer due by June 15, 2018. Signed by Judge Beth Bloom (BB) (Entered: 05/17/2018) | 05/17/2018 |
|  | Reset Answer Due Deadline: Craig Wright response due 6/15/2018. (ls) (per DE #28) (Entered: 05/18/2018) | 05/17/2018 |
| 29 | NOTICE of Mediator Selection and Hearing. Added Ira Kleiman, Harry Schaffer. Mediation Hearing set for 2/18/2019 at 10:00 a.m.. (Freedman, Devin) Modified Text on 6/4/2018 (ls). (Entered: 06/01/2018) | 06/01/2018 |
| 30 | ORDER Scheduling Mediation before Harry Schafer. Mediation Hearing set for 2/18/2019 10:00 AM. Signed by Judge Beth Bloom on 6/1/2018. (ls) (Entered: 06/04/2018) | 06/04/2018 |
| 31 | MOTION for Leave to Exceed Page Limit by Craig Wright. (Attachments: # 1 Exhibit Exhibit A- Order)(Rivero, Andres) Modified text/event on 6/12/2018 (pes). (Entered: 06/12/2018) | 06/12/2018 |
| 32 | PAPERLESS ORDER granting 31 Motion for Leave to File Motion to Dismiss not to exceed 50 Pages. Signed by Judge Beth Bloom (BB) (Entered: 06/12/2018) | 06/12/2018 |

| # | Docket Text | Date Filed |
|---|---|---|
| 33 | MOTION TO DISMISS 24 Amended Complaint,,, FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction 24 Amended Complaint,,, ( Responses due by 6/29/2018) by Craig Wright. (Attachments: # 1 Affidavit Ex. A - Expert Aff., # 2 Affidavit Ex. B - Expert Aff., # 3 Affidavit Ex. C - Wright Dec., # 4 Exhibit Ex. D - Pl. Initial Dis.)(Rivero, Andres) (Entered: 06/15/2018) | 06/15/2018 |
| 34 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 33 MOTION TO DISMISS 24 Amended Complaint,,, FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction 24 Amended Complaint,,, and for Leave to Exceed Page Limits by Ira Kleiman. (Attachments: # 1 Text of Proposed Order Exhibit 1 - Proposed Order)(Freedman, Devin) (Entered: 06/20/2018) | 06/20/2018 |
| 35 | PAPERLESS ORDER granting 34 Motion for Extension of Time to File Response to Motion. Plaintiff is permitted to file a Response by July 17, 2018, which shall not exceed 50 pages. Signed by Judge Beth Bloom (BB) (Entered: 06/20/2018) | 06/20/2018 |
|  | Reset Deadlines as to 33 MOTION TO DISMISS 24 Amended Complaint,,, FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction 24 Amended Complaint,,, . Responses due by 7/17/2018. (ls)(per DE #35) (Entered: 06/21/2018) | 06/20/2018 |
| 36 | MOTION to Stay Discovery Pending Resolution of Motion to Dismiss by Craig Wright. Responses due by 7/5/2018 (Attachments: # 1 Exhibit Exhibit-A)(Rivero, Andres) (Entered: 06/21/2018) | 06/21/2018 |
| 37 | PAPERLESS ORDER denying 36 Motion to Stay for failing to comply with Local Rule 7.1(a)(3). Signed by Judge Beth Bloom (BB) (Entered: 06/29/2018) | 06/29/2018 |
| 38 | Defendant's MOTION to Stay Discovery Pending Resolution of Motion to Dismiss by Craig Wright. Responses due by 7/13/2018 (Attachments: # 1 Exhibit A)(Rivero, Andres) (Entered: 06/29/2018) | 06/29/2018 |
| 39 | PAPERLESS Order requiring the Plaintiff's expedited response to Defendant's Motion to Stay Discovery, ECF No. 38 , by July 9, 2018. Signed by Judge Beth Bloom (BB) (Entered: 07/02/2018) | 07/02/2018 |
|  | Reset Deadlines as to 38 Defendant's MOTION to Stay Discovery Pending Resolution of Motion to Dismiss. Responses due by 7/9/2018 (ls)(per DE #39) (Entered: 07/03/2018) | 07/02/2018 |
| 40 | RESPONSE in Opposition re 38 Defendant's MOTION to Stay Discovery Pending Resolution of Motion to Dismiss filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 7/16/2018. (Attachments: # 1 Exhibit 1)(Freedman, Devin) (Entered: 07/09/2018) | 07/09/2018 |
| 41 | Unopposed MOTION for Extension of Time to Amend the Pleading or Join Parties re 21 Scheduling Order Responses due by 7/24/2018 (Attachments: # 1 Text of Proposed Order Exhibit 1 - Proposed Order)(Freedman, Devin) Modified link and text on 7/10/2018 (pes). (Entered: 07/10/2018) | 07/10/2018 |
| 42 | Filed erroneously. (pes) Modified on 7/10/2018 (pes). (Entered: 07/10/2018) | 07/10/2018 |
| 43 | Clerks Notice of Docket Correction re 42 Clerks Notice to Filer re: Electronic Case, Summons(es). Filed in Wrong Case; Docket text modified. Refiled in correct case #18-cv-14265. (pes) (Entered: 07/10/2018) | 07/10/2018 |
| 44 | PAPERLESS ORDER granting 41 Motion for Extension of Time to Amend the Pleading or Join Parties until August 24, 2018. Signed by Judge Beth Bloom (BB) (Entered: 07/10/2018) | 07/10/2018 |
| 45 | MOTION for Leave to File Excess Pages by Craig Wright. (Attachments: # 1 Exhibit A)(Rivero, Andres) (Entered: 07/16/2018) | 07/16/2018 |
| 46 | RESPONSE in Support re 38 Defendant's MOTION to Stay Discovery Pending Resolution of Motion to Dismiss filed by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rivero, Andres) (Entered: 07/16/2018) | 07/16/2018 |
| 48 | REPLY to Response to Motion re 38 Defendant's MOTION to Stay Discovery Pending Resolution of Motion to Dismiss filed by Craig Wright. (ls)(See Image at DE #46) (Entered: 07/17/2018) | 07/16/2018 |
| 47 | PAPERLESS ORDER granting 45 Motion for Leave to File Excess Pages. Signed by Judge Beth Bloom (BB) (Entered: 07/17/2018) | 07/17/2018 |
| 49 | Clerks Notice to Filer re 46 Response in Support of Motion. Wrong Event Selected; ERROR - The Filer selected the wrong event. The document was re-docketed by the Clerk, see [de#48]. It is not necessary to refile this document. (ls) (Entered: 07/17/2018) | 07/17/2018 |
| 50 | RESPONSE in Opposition re 33 MOTION TO DISMISS 24 Amended Complaint,,, FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction 24 Amended Complaint,,, filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 7/24/2018. (Attachments: # 1 Exhibit 1)(Freedman, Devin) (Entered: 07/17/2018) | 07/17/2018 |
| 51 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer by Craig Wright. (Attachments: # 1 Text of Proposed Order)(Rivero, Andres) (Entered: 07/19/2018) | 07/19/2018 |
| 52 | PAPERLESS ORDER granting 51 Motion for Extension of Time to File Reply by 8/7/2018. Signed by Judge Beth Bloom (BB) (Entered: 07/19/2018) | 07/19/2018 |
| 53 | MOTION for Extension of Time to Serve a Response to Plaintiffs' First Request for Production by Craig Wright. Responses due by 8/8/2018 (Attachments: # 1 Text of Proposed Order)(Rivero, Andres) (Entered: 07/25/2018) | 07/25/2018 |

| # | Docket Text | Date Filed |
|---|---|---|
| 54 | PAPERLESS ORDER granting in part and denying in part 53 Motion for Extension of Time to Serve Responses to Plaintiffs' First Request for Production. Responses due by August 6, 2018. Signed by Judge Beth Bloom (BB) (Entered: 07/25/2018) | 07/25/2018 |
| 55 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 33 MOTION TO DISMISS 24 Amended Complaint,,, FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction 24 Amended Complaint,,, by Craig Wright. (Attachments: # 1 Text of Proposed Order)(Rivero, Andres) (Entered: 07/26/2018) | 07/26/2018 |
| 56 | PAPERLESS ORDER granting 55 Motion for Extension of Time to File Reply by 8/21/2018. Signed by Judge Beth Bloom (BB) (Entered: 07/26/2018) | 07/26/2018 |
| 57 | ORDER granting 38 Motion to Stay Discovery Pending Resolution of Motion to Dismiss. Signed by Judge Beth Bloom on 8/2/2018. See attached document for full details. (ls) (Entered: 08/02/2018) | 08/02/2018 |
| 58 | NOTICE of Attorney Appearance by Stephen N. Zack on behalf of Ira Kleiman, W&K Info Defense Research, LLC. Attorney Stephen N. Zack added to party Ira Kleiman(pty:pla), Attorney Stephen N. Zack added to party W&K Info Defense Research, LLC(pty:pla). (Zack, Stephen) (Entered: 08/13/2018) | 08/13/2018 |
| 59 | MOTION for Leave to File Excess Pages by Craig Wright. (Attachments: # 1 Text of Proposed Order)(Rivero, Andres) (Entered: 08/17/2018) | 08/17/2018 |
| 60 | PAPERLESS ORDER granting 59 Motion for Defendant Craig Wright to file a reply in support of the motion to dismiss not to exceed 30 pages. Signed by Judge Beth Bloom (BB) (Entered: 08/20/2018) | 08/20/2018 |
| 61 | REPLY to Response to Motion re 33 MOTION TO DISMISS 24 Amended Complaint,,, FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction 24 Amended Complaint,,, filed by Craig Wright. (Rivero, Andres) (Entered: 08/21/2018) | 08/21/2018 |
| 62 | MOTION for Leave to File Sur-Reply by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order Proposed Order)(Freedman, Devin) (Entered: 08/23/2018) | 08/23/2018 |
| 63 | PAPERLESS ORDER denying 62 Motion for Leave to File to File Sur-Reply. A sur-reply is not necessary for the proper disposition of the pending motion. Signed by Judge Beth Bloom (BB) (Entered: 08/24/2018) | 08/24/2018 |
| 64 | MOTION for Extension of Time to Amend Complaint and Join Parties by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 9/7/2018 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 08/24/2018) | 08/24/2018 |
| 65 | PAPERLESS ORDER denying without prejudice 64 Motion for Extension of Time to Amend for failing to comply with Local Rule 7.1(a)(3). Signed by Judge Beth Bloom (BB) (Entered: 08/27/2018) | 08/27/2018 |
| 66 | Unopposed MOTION for Extension of Time to Amend the Pleadings or Join Parties by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 9/10/2018 (Attachments: # 1 Text of Proposed Order Exhibit 1 - Proposed Order)(Freedman, Devin) (Entered: 08/27/2018) | 08/27/2018 |
| 67 | PAPERLESS ORDER granting 66 Motion for Extension of Time to Amend. The August 24, 2018 deadline to amend the pleadings or join parties shall be extended until 15 days after this Court rules on Defendant's Motion to Dismiss, ECF No. 33 . Signed by Judge Beth Bloom (BB) (Entered: 08/27/2018) | 08/27/2018 |
| 68 | ORDER granting in part and denying in part 33 Motion to Dismiss for Failure to State a Claim. Counts III and IV are dismissed with prejudice. Defendant shall file his answer as to Counts I, II and V-IX, on or before January 10, 2019. (Answer Deadline 1/10/2019.) Signed by Judge Beth Bloom. See attached document for full details. (ak03) (Entered: 12/27/2018) | 12/27/2018 |
| 69 | NOTICE of Attorney Appearance by Andres Rivero on behalf of Craig Wright (Rivero, Andres) (Entered: 12/28/2018) | 12/28/2018 |
| 70 | Agreed MOTION to Continue the January 8, 2019 Discovery Status Conference by Craig Wright. Responses due by 1/11/2019 (Attachments: # 1 Text of Proposed Order)(Rivero, Andres) (Entered: 12/28/2018) | 12/28/2018 |
| 71 | MOTION to List Stay of Discovery re 57 Order on Motion to Stay by Ira Kleiman. (Attachments: # 1 Exhibit 1 - Proposed Order) (Freedman, Devin) (Entered: 12/31/2018) | 12/31/2018 |
| 72 | PAPERLESS ORDER granting 71 Motion to Lift Stay. Defendant shall respond to Plaintiffs First Request for Production by January 18, 2019; Defendant shall respond to Plaintiffs First and Second Set of Interrogatories by February 1, 2019. Signed by Judge Beth Bloom (BB) (Entered: 12/31/2018) | 12/31/2018 |
| 73 | NOTICE by Craig Wright Attorney Appearance. Attorney Alan H. Rolnick added to party Craig Wright(pty:dft). (Rolnick, Alan) (Entered: 01/02/2019) | 01/02/2019 |
| 74 | NOTICE by Craig Wright Attorney Appearance. Attorney Zaharah R. Markoe added to party Craig Wright(pty:dft). (Markoe, Zaharah) (Entered: 01/02/2019) | 01/02/2019 |
| 75 | PAPERLESS ORDER granting 70 Defendant's Unopposed Motion to Continue the Discovery Status Conference previously scheduled for 1/8/19 and RESETTING it for 3/11/2019 at 2:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. The parties' discovery status report is due on 3/4/19. Signed by Magistrate Judge Bruce E. Reinhart on 1/2/2019. (hk02) (Entered: 01/02/2019) | 01/02/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 76 | MOTION for Extension of Time to Answer Plaintiffs' Amended Complaint by Craig Wright. Responses due by 1/16/2019 (Attachments: # 1 Exhibit Order)(Markoe, Zaharah) (Entered: 01/02/2019) | 01/02/2019 |
| 77 | PAPERLESS ORDER denying 76 Motion for Extension of Time to Answer Plaintiffs' Amended Complaint. Signed by Judge Beth Bloom (BB) (Entered: 01/02/2019) | 01/02/2019 |
| 78 | AMENDED ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE: ( Discovery due by 6/10/2019., Fact Discovery due by 6/10/2019., Expert Discovery due by 6/10/2019., Mediation Deadline 6/24/2019., In Limine Motions due by 7/2/2019., Dispositive Motions due by 7/2/2019., Motions due by 7/2/2019., Pretrial Stipulation due by 9/22/2019., Jury Trial set for 9/30/2019 09:00 AM in Miami Division before Judge Beth Bloom., Calendar Call set for 9/24/2019 01:45 PM in Miami Division before Judge Beth Bloom.), ORDER REFERRING CASE to Magistrate Judge Bruce E. Reinhart for discovery matters. Signed by Judge Beth Bloom on 1/3/2019. See attached document for full details. (pcs) Pattern Jury Instruction Builder - To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 01/03/2019) | 01/03/2019 |
| 79 | PAPERLESS ORDER RESETTING the Discovery Status Conference. In light of the new discovery deadline issued by the District Court, the Discovery Status Conference (previously scheduled for 3/11/19) is hereby RESET for 5/7/2019 at 3:30 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. The parties' joint discovery status report is due on 4/30/19. Signed by Magistrate Judge Bruce E. Reinhart on 1/3/2019. (hk02) (Entered: 01/03/2019) | 01/03/2019 |
| 80 | ANSWER and Affirmative Defenses to Amended Complaint by Craig Wright. (Rivero, Andres) (Entered: 01/10/2019) | 01/10/2019 |
| 81 | Unopposed MOTION for Leave to File a Second Amended Complaint by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order Exhibit 1 (Proposed Order)(Freedman, Devin) (Entered: 01/11/2019) | 01/11/2019 |
| 82 | PAPERLESS ORDER granting 81 Motion for Leave to File a Second Amended Complaint. Plaintiff must separately re-file the amended pleading pursuant to Local Rule 15.1. Signed by Judge Beth Bloom (BB) (Entered: 01/12/2019) | 01/12/2019 |
| 83 | Second AMENDED COMPLAINT against Defendant filed in response to Order Granting Motion for Leave, filed by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33)(Freedman, Devin) Modified Text to read against Defendant not All Plaintiffs on 1/15/2019 (ls). (Entered: 01/14/2019) | 01/14/2019 |
| 84 | NOTICE of Mediator Selection and Hearing. Added Harry Schaffer. Mediation Hearing set for 6/18/2019 at 10:00 a.m.. (Rivero, Andres) (Entered: 01/24/2019) | 01/24/2019 |
| 85 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC re 84 Notice of Mediator Selection and/or Hearing of Filing Proposed Order (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 01/24/2019) | 01/24/2019 |
| 86 | ORDER Scheduling Mediation before Harry Schafer Mediation Deadline 6/21/2019. Mediation Hearing set for 6/18/2019 10:00 AM Signed by Judge Beth Bloom on 1/25/2019. See attached document for full details. (pcs) (Entered: 01/25/2019) | 01/25/2019 |
| 87 | Amended ANSWER and Affirmative Defenses to Second Amended Complaint by Craig Wright. (Rivero, Andres) Modified Text on 1/29/2019 (ls). (Entered: 01/28/2019) | 01/28/2019 |
| 88 | STIPULATION re 78 Scheduling Order,,,,, Order Referring Case to Mediation,,,,, Order Referring Case to Magistrate Judge,,,,, Stipulated Discovery Plan for Electronically Stored Information by Ira Kleiman, W&K Info Defense Research, LLC (Freedman, Devin) (Entered: 02/05/2019) | 02/05/2019 |
| 89 | NOTICE of Attorney Appearance by Amanda Marie McGovern on behalf of Craig Wright. Attorney Amanda Marie McGovern added to party Craig Wright(pty:dft). (McGovern, Amanda) (Entered: 02/08/2019) | 02/08/2019 |
| 90 | PAPERLESS ORDER setting Discovery Hearing on 2/20/2019 at 3:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Signed by Magistrate Judge Bruce E. Reinhart on 2/13/2019. (hk02) (Entered: 02/13/2019) | 02/13/2019 |
| 91 | MEMORANDUM of Law re 90 Order, Order Setting/Cancelling Hearing, Set/Reset Deadlines/Hearings by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Freedman, Devin) (Entered: 02/13/2019) | 02/13/2019 |
| 92 | NOTICE by Craig Wright re 90 Order, Order Setting/Cancelling Hearing, Set/Reset Deadlines/Hearings Dr. Craig Wrights Discovery Memorandum (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Rivero, Andres) Modified text on 2/14/2019 (pes). (Entered: 02/14/2019) | 02/14/2019 |
| 93 | Discovery MEMORANDUM of Law re 90 Order, Order Setting/Cancelling Hearing, Set/Reset Deadlines/Hearings by Craig Wright. (ls)(See Image at DE #92) (Entered: 02/14/2019) | 02/14/2019 |
| 94 | Clerks Notice to Filer re 92 Notice (Other),. Wrong Event Selected; ERROR - The Filer selected the wrong event. The document was re-docketed by the Clerk, see [de#93]. It is not necessary to refile this document. (ls) (Entered: 02/14/2019) | 02/14/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 95 | MOTION to Strike 87 Answer to Complaint by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 2/28/2019 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 02/14/2019) | 02/14/2019 |
| 96 | RESPONSE to 91 Memorandum, DR. CRAIG WRIGHTS RESPONSE TO PLAINTIFFS DISCOVERY MEMORANDUM by Craig Wright. (Rivero, Andres) (Entered: 02/14/2019) | 02/14/2019 |
| 97 | RESPONSE to 93 Memorandum by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Freedman, Devin) (Entered: 02/14/2019) | 02/14/2019 |
| 98 | MOTION for Leave to File Exhibit Referenced in his Discovery Memorandum [D.E. 91] by Craig Wright. (Attachments: # 1 Exhibit G)(Rivero, Andres) (Entered: 02/15/2019) | 02/15/2019 |
| 99 | PAPERLESS ORDER denying 98 Motion for Leave to File for failing to comply with Local Rule 7.1(a)(3). Signed by Judge Beth Bloom (BB) (Entered: 02/15/2019) | 02/15/2019 |
| 100 | Unopposed MOTION for Leave to File Exhibit Referenced in Dr. Wright's Discovery Memorandum by Craig Wright. (Attachments: # 1 Exhibit)(Rivero, Andres) (Entered: 02/19/2019) | 02/19/2019 |
| 101 | PAPERLESS ORDER granting 100 Motion for Leave to File Exhibit Referenced in Dr. Wright's Discovery Memorandum. Signed by Judge Beth Bloom (BB) (Entered: 02/19/2019) | 02/19/2019 |
| 102 | REVISED STANDING DISCOVERY ORDER. Signed by Magistrate Judge Bruce E. Reinhart on 2/20/2019. See attached document for full details. (hk02) (Entered: 02/20/2019) | 02/20/2019 |
| 103 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing held on 2/20/2019. The discovery disputes memorialized in DE 91, 92, 96 and 97 were resolved pursuant to the Court's rulings issued during the hearing. Total time in court: 3 hours : 5 minutes. (Digital 15:02:59) (hk02) Modified on 2/21/2019 (tmn). (Entered: 02/21/2019) | 02/20/2019 |
| 104 | PAPERLESS ORDER setting a Status Conference Re: Discovery Matters on 3/6/2019 at 2:30 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel may appear by telephone using the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Counsel shall file their joint discovery status report on 3/4/19. Signed by Magistrate Judge Bruce E. Reinhart on 2/21/2019. (hk02) (Entered: 02/21/2019) | 02/21/2019 |
| 105 | Joint MOTION Submitting Stipulated Confidentiality Order by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1)(Freedman, Devin) (Entered: 02/22/2019) | 02/22/2019 |
| 106 | PAPERLESS ORDER granting 105 the parties' Joint Motion for approval of their confidentiality stipulation. The proposed stipulation is hereby approved. Signed by Magistrate Judge Bruce E. Reinhart on 2/25/2019. (hk02) (Entered: 02/25/2019) | 02/25/2019 |
| 107 | TRANSCRIPT of Hearing held on 2/20/19 before Magistrate Judge Bruce E. Reinhart, 1-139 pages, Court Reporter: Joanne Mancari, 305-523-5635. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/18/2019. Redacted Transcript Deadline set for 3/28/2019. Release of Transcript Restriction set for 5/28/2019. (hh) (Entered: 02/25/2019) | 02/25/2019 |
| 108 | RESPONSE in Opposition re 95 MOTION to Strike 87 Answer to Complaint filed by Craig Wright. Replies due by 3/7/2019. (Rivero, Andres) (Entered: 02/28/2019) | 02/28/2019 |
| 109 | STATUS REPORT (Joint) by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Freedman, Devin) (Entered: 03/04/2019) | 03/04/2019 |
| 110 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Status Conference held on 3/6/2019. Another Telephone Status Conference Re: Discovery Matters is hereby set for 3/14/2019 at 4:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel shall use the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Total time in court: 1 hour(s) : 13 minutes. (Digital 14:55:52) (hk02) (Entered: 03/07/2019) | 03/07/2019 |
| 111 | Plaintiff's REPLY to 108 Response in Opposition to Motion, 95 MOTION to Strike 87 Answer to Complaint by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 03/07/2019) | 03/07/2019 |
| 112 | MOTION for Extension of Time to file Joint Discovery Memorandum re 102 Order by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 3/26/2019 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 03/12/2019) | 03/12/2019 |
| 113 | PAPERLESS ORDER granting 112 Motion for Extension of Time to file a Joint Discovery Memorandum; counsel shall file it by 4:00 p.m. on 3/13/19. The motion to extend the page limit is also granted. The memorandum may no longer than 10 pages. Signed by Magistrate Judge Bruce E. Reinhart on 3/12/2019. (hk02) (Entered: 03/12/2019) | 03/12/2019 |
| 114 | STATUS REPORT Joint Discovery Memorandum by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Freedman, Devin) (Entered: 03/13/2019) | 03/13/2019 |
| 115 | Joint Motion for Protective Order/Submitting Alternate Confidentiality Orders related to the Images of Dave Kleiman's Electronic Devices by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Freedman, Devin) Modified Relief on 3/14/2019 (ls). (Entered: 03/13/2019) | 03/13/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 116 | Clerks Notice to Filer re 115 Joint MOTION submitting alternate confidentiality orders related to the images of Dave Kleiman's electronic devices by Craig Wright and. Wrong Motion Relief(s) Selected; ERROR - The Filer selected the wrong motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs. (ls) (Entered: 03/14/2019) | 03/14/2019 |
| 117 | ORDER granting in part and denying in part 115 the Parties' Joint Motion for Protective Order. In accordance with ruling during the hearing on 3/14/19, the Court hereby adopts Defendant's proposed confidentiality stipulation over the stipulation proposed by Plaintiff. Signed by Magistrate Judge Bruce E. Reinhart on 3/14/2019. See attached document for full details. (hk02) (Entered: 03/14/2019) | 03/14/2019 |
| 118 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Status Conference held on 3/14/2019 regarding DE 114. Another Status Conference Re: Discovery Matters is hereby scheduled for 3/21/2019 at 3:45 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart so that the Court can rule on the deferred issues. Total time in court: 1 hour : 30 minutes. (Digital 16:06:36) (hk02) (Entered: 03/14/2019) | 03/14/2019 |
| 119 | PAPERLESS ORDER advising that counsel may appear telephonically at the 3/21/19 discovery status conference using the conference call instructions previously provided. Signed by Magistrate Judge Bruce E. Reinhart on 3/14/2019. (hk02) (Entered: 03/14/2019) | 03/14/2019 |
| 120 | Joint MOTION to Continue Discovery Hearing Set for March 21 to March 25 or 26 re 118 Status Conference,, Set/Reset Deadlines/Hearings,, Terminate Deadlines and Hearings, by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 3/29/2019 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 03/15/2019) | 03/15/2019 |
| 121 | PAPERLESS ORDER granting 120 the parties' Motion to Continue the Discovery Status Conference. The Status Conference Re: Discovery Matters previously scheduled for 3/21/19 is hereby RESET so that the 3/26/2019 at 2:30 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel may appear telephonically using the conference call instructions previously provided. Signed by Magistrate Judge Bruce E. Reinhart on 3/15/2019. (hk02) (Entered: 03/15/2019) | 03/15/2019 |
| 122 | TRANSCRIPT of Hearing held on 3/7/19 before Magistrate Judge Bruce E. Reinhart, 1-64 pages, Court Reporter: Joanne Mancari, 305-523-5635. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/8/2019. Redacted Transcript Deadline set for 4/18/2019. Release of Transcript Restriction set for 6/17/2019. (hh) (Entered: 03/19/2019) | 03/18/2019 |
| 123 | TRANSCRIPT of Hearing held on 2/20/19 before Magistrate Judge Bruce E. Reinhart, 1-139 pages, Court Reporter: Joanne Mancari, 305-523-5635. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/8/2019. Redacted Transcript Deadline set for 4/18/2019. Release of Transcript Restriction set for 6/17/2019. (hh) (Entered: 03/19/2019) | 03/18/2019 |
| 124 | TRANSCRIPT of Discovery Status Conference (Transcribed from the Digital Audio Recording) held on March 14, 2019, before Magistrate Judge Bruce E. Reinhart, 1-89 pages, Court Reporter: Lisa Edwards, 305-439-7168 / reporterlisaedwards@gmail.com. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/9/2019. Redacted Transcript Deadline set for 4/19/2019. Release of Transcript Restriction set for 6/17/2019. (le) (Entered: 03/19/2019) | 03/19/2019 |
| 125 | ORDER REFERRING MOTION TO MAGISTRATE 95 MOTION to Strike 87 Answer to Complaint filed by Ira Kleiman, W&K Info Defense Research, LLC. Motions referred to Judge Bruce E. Reinhart. Signed by Judge Beth Bloom on 3/21/2019. See attached document for full details. (pcs) (Entered: 03/22/2019) | 03/22/2019 |
| 126 | Joint MOTION for Leave to File Excess Pages by Craig Wright. (Rivero, Andres) (Entered: 03/22/2019) | 03/22/2019 |
| 127 | STATUS REPORT Joint Discovery Memorandum by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Freedman, Devin) (Entered: 03/24/2019) | 03/24/2019 |
| 128 | PAPERLESS ORDER granting 126 Motion for Leave to File Excess Pages. Signed by Magistrate Judge Bruce E. Reinhart on 3/24/2019. (hk02) (Entered: 03/24/2019) | 03/24/2019 |
| 129 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Status Conference held on 3/26/2019. The issues raised in the joint discovery memorandum (DE 127) are resolved in accordance with the Court's rulings during the hearing. Another Status Conference Re: Discovery Matters is set for 4/11/2019 at 3:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart, unless counsel advise that it is unnecessary. Counsel may appear by phone using the conference call instructions previously provided. Total time in court: 2 hours : 3 minutes. (Digital 14:41:44) (hk02) (Entered: 03/26/2019) | 03/26/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 130 | PAPERLESS REPORT AND RECOMMENDATION that the District Court DENY 95 Plaintiffs' MOTION to Strike 87 Affirmative Defenses. Motions to strike are generally disfavored as courts consider them a drastic remedy to be resorted to only when required for the purposes of justice that should us only be granted when allegations have no possible relation to the controversy. Augustus v. Bd. of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962). This Court's recommendation is without prejudice for Plaintiffs to renew in their motion for summary judgment. Objections to R&R due by 4/11/2019 Signed by Magistrate Judge Bruce E. Reinhart on 3/28/2019. (hk02) (Entered: 03/28/2019) | 03/28/2019 |
| 131 | MOTION Dr. Wright's Request for a Discovery Status Conference by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Rivero, Andres) (Entered: 03/29/2019) | 03/29/2019 |
| 132 | PAPERLESS ORDER denying 131 Defendant's Motion for an Urgent Discovery Status Conference without prejudice to renew. Defendant has not identified the specific relief sought that would necessitate an urgent status conference. Signed by Magistrate Judge Bruce E. Reinhart on 3/29/2019. (hk02) (Entered: 03/29/2019) | 03/29/2019 |
| 133 | MOTION Dr. Wright's Request for Specific Relief on Plaintiffs' Document Production and for a Discovery Status Conference Before Ira Kleiman's Deposition on April 8, 2019 by Craig Wright. (Rivero, Andres) (Entered: 03/29/2019) | 03/29/2019 |
| 134 | RESPONSE in Opposition re 133 MOTION Dr. Wright's Request for Specific Relief on Plaintiffs' Document Production and for a Discovery Status Conference Before Ira Kleiman's Deposition on April 8, 2019 filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 4/5/2019. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Freedman, Devin) (Entered: 03/29/2019) | 03/29/2019 |
| 135 | PAPERLESS ORDER denying 133 Defendant's Motion for document production and a discovery status conference. Plaintiff's response to the motion (DE 134) states that Plaintiff will produce the 2,136 documents belonging to Dave Kleiman on 4/2/19. With regard to Defendant's request that the Court resolve the parties' privilege disputes in advance of Ira Kleiman's deposition on 4/8/19, the Court declines to make advance rulings. Particularly in light of the Court's ruling that defense counsel may depose Ira Kleiman a second time, counsel can seek a ruling on any privilege objections asserted at the deposition afterward when the Court will have the benefit of a deposition transcript. Defendant's motion for a discovery status conference before 4/8/19 is denied. Signed by Magistrate Judge Bruce E. Reinhart on 4/1/2019. (hk02) (Entered: 04/01/2019) | 04/01/2019 |
| 136 | NOTICE of Attorney Appearance by Bryan Lee Paschal on behalf of Craig Wright. Attorney Bryan Lee Paschal added to party Craig Wright(pty:dft). (Paschal, Bryan) (Entered: 04/02/2019) | 04/02/2019 |
| 137 | ORDER Memorializing Rulings from Craig Wright deposition Signed by Magistrate Judge Bruce E. Reinhart See attached document for full details. (BER) (Entered: 04/05/2019) | 04/05/2019 |
| 138 | MOTION Dr. Craig Wright's Discovery Memorandum in Advance of the April 11 Discovery Conference by Craig Wright. (Rivero, Andres) (Entered: 04/09/2019) | 04/09/2019 |
| 139 | DISCOVERY MEMORANDUM of Law by Craig Wright. (ls)(See Image at DE #138) (Entered: 04/10/2019) | 04/09/2019 |
| 140 | Clerks Notice to Filer re 138 MOTION Dr. Craig Wright's Discovery Memorandum in Advance of the April 11 Discovery Conference . Wrong Event Selected; ERROR - The Filer selected the wrong event. The document was re-docketed by the Clerk, see [de#139]. It is not necessary to refile this document. (ls) (Entered: 04/10/2019) | 04/10/2019 |
| 141 | RESPONSE in Opposition re 138 MOTION Dr. Craig Wright's Discovery Memorandum in Advance of the April 11 Discovery Conference filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 4/17/2019. (Attachments: # 1 Exhibit 1) (Freedman, Devin) (Entered: 04/10/2019) | 04/10/2019 |
| 142 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Status Conference held on 4/11/2019. Legal briefs on the issues raised by the Court are due by 4/19/19 at 3:00 p.m. and responses are due by 4/29/19. Total time in court: 1 hour(s) : 21 minutes. (Digital 15:14:29) (hk02) (Entered: 04/11/2019) | 04/11/2019 |
| 143 | ORDER ADOPTING MAGISTRATE JUDGES REPORT AND RECOMMENDATION denying 95 Motion to Strike ; Adopting 130 Report and Recommendations. Certificate of Appealability: No Ruling. Signed by Judge Beth Bloom on 4/12/2019. See attached document for full details. (pcs) (Entered: 04/12/2019) | 04/12/2019 |
| 144 | MOTION for Judgment on the Pleadings for Lack of Subject-Matter Jurisdiction by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Rivero, Andres) (Entered: 04/15/2019) | 04/15/2019 |
| 145 | MOTION to Continue Trial Schedule by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 4/29/2019 (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit Ex. 1, # 3 Exhibit Ex. 2, # 4 Exhibit Ex. 3, # 5 Exhibit Ex. 4, # 6 Exhibit Ex. 5)(Freedman, Devin) (Entered: 04/15/2019) | 04/15/2019 |
| 146 | TRANSCRIPT of Discovery Hearing held on 4/11/19 before Magistrate Judge Bruce E. Reinhart, 1-68 pages, Court Reporter: Bonnie J. Lewis, 305-523-5635. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/6/2019. Redacted Transcript Deadline set for 5/16/2019. Release of Transcript Restriction set for 7/15/2019. (hh) (Main Document 146 replaced on 4/16/2019) (hh). (Entered: 04/16/2019) | 04/15/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 147 | NOTICE of Errata by Ira Kleiman, W&K Info Defense Research, LLC re 145 MOTION to Continue Trial Schedule (Attachments: # 1 Errata Proposed Order Amending Trial and Pretrial Schedule) (Freedman, Devin) Modified text on 4/16/2019 (pes). Modified Text on 4/17/2019 (ls). (Entered: 04/16/2019) | 04/16/2019 |
| 148 | ORDER granting in part and denying in part 145 Motion to Continue.: (Discovery due by 12/3/2019., Expert Discovery due by 12/3/2019., Mediation Deadline 12/17/2019., In Limine Motions due by 12/26/2019., Dispositive Motions due by 12/26/2019., Motions due by 12/26/2019., Pretrial Stipulation due by 3/16/2020., Jury Trial set for 3/30/2020 09:00 AM in Miami Division before Judge Beth Bloom., Calendar Call set for 3/24/2020 01:45 PM in Miami Division before Judge Beth Bloom.), ORDER REFERRING CASE to Magistrate Judge Alicia O. Valle for Discovery Matters. Magistrate Judge Bruce E. Reinhart no longer assigned as referral judge(s) in case. Signed by Judge Beth Bloom on 4/16/2019. See attached document for full details. (pcs) (Entered: 04/17/2019) | 04/16/2019 |
| 149 | AMENDED ORDER granting in part and denying in part 145 MOTION to Continue Trail Schedule filed by Ira Kleiman, W&K Info Defense Research, LLC, ORDER REFERRING CASE to Magistrate Judge Bruce E. Reinhart for Discovery Matters. Magistrate Judge Alicia O. Valle no longer assigned as referral judge(s) in case. Signed by Judge Beth Bloom on 4/17/2019. See attached document for full details. (pcs) (Entered: 04/17/2019) | 04/17/2019 |
| 150 | MOTION to Seal MOTION FOR A PROTECTIVE ORDER per Local Rule 5.4 by Craig Wright. (Attachments: # 1 A) (Rivero, Andres) (Entered: 04/17/2019) | 04/17/2019 |
| 151 | MOTION to Seal REGARDING PRODUCTION OF A LIST OF THE PUBLIC ADDRESSES OF BITCOIN AS OF DECEMBER 31, 2013 per Local Rule 5.4 by Craig Wright. (Attachments: # 1 A) (Rivero, Andres) (Entered: 04/17/2019) | 04/17/2019 |
| 152 | PAPERLESS ORDER granting 150 Motion to File Protective Order under Seal. Defendant's Motion for Protective Order will remain under seal until further Order of this Court. Signed by Judge Beth Bloom (BB) (Entered: 04/17/2019) | 04/17/2019 |
| 153 | PAPERLESS ORDER granting 151 Defendant's Motion to Seal. The motion shall remained sealed until further order of this Court. Signed by Magistrate Judge Bruce E. Reinhart on 4/18/2019. (hk02) (Entered: 04/18/2019) | 04/18/2019 |
| 154 | NOTICE by Craig Wright re 144 MOTION for Judgment on the Pleadings for Lack of Subject-Matter Jurisdiction Notice of Withdrawing Exhibit (Rivero, Andres) (Entered: 04/18/2019) | 04/18/2019 |
| | SYSTEM ENTRY - Docket Entry 155 [motion] restricted/sealed until further notice. (514773) (Entered: 04/18/2019) | 04/18/2019 |
| | SYSTEM ENTRY - Docket Entry 156 [motion] restricted/sealed until further notice. (514773) (Entered: 04/18/2019) | 04/18/2019 |
| 157 | MEMORANDUM in Support of their Request to Re-Depose Craig Wright on the Involvement of his Former and Current Wife in the Subject Matter of the Pleadings by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Freedman, Devin) (Entered: 04/19/2019) | 04/19/2019 |
| 158 | PAPERLESS ORDER CANCELLING the Discovery Status Conference previously scheduled for 5/7/19. Signed by Magistrate Judge Bruce E. Reinhart on 4/23/2019. (hk02) (Entered: 04/23/2019) | 04/23/2019 |
| 159 | RESPONSE in Opposition re 144 MOTION for Judgment on the Pleadings for Lack of Subject-Matter Jurisdiction filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 5/6/2019. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Freedman, Devin) (Entered: 04/28/2019) | 04/28/2019 |
| 160 | MEMORANDUM in Opposition re 157 Memorandum, Dr. Wright's Response to Plaintiffs' Motion to Re-Open His Initial Limited Deposition by Craig Wright. (Rivero, Andres) (Entered: 04/29/2019) | 04/29/2019 |
| | SYSTEM ENTRY - Docket Entry 161 [motion] restricted/sealed until further notice. (1428742) (Entered: 04/29/2019) | 04/29/2019 |
| | SYSTEM ENTRY - Docket Entry 162 [motion] restricted/sealed until further notice. (1428742) (Entered: 04/29/2019) | 04/29/2019 |
| 163 | Unopposed MOTION for Leave to File Excess Pages by Craig Wright. (Attachments: # 1 Text of Proposed Order)(Rivero, Andres) (Entered: 05/02/2019) | 05/02/2019 |
| 164 | PAPERLESS ORDER granting 163 Motion for Leave to file a reply in support of the motion to dismiss that that does not exceed 15 pages. Signed by Judge Beth Bloom (BB) (Entered: 05/03/2019) | 05/03/2019 |
| 165 | PAPERLESS ORDER re 157 Memorandum. The Court has received and reviewed Plaintiffs brief regarding testimony about his former and current wives. DE 157. The brief incorporates by reference as Exhibit 1 the transcript of Defendants deposition, but no deposition transcript has been filed in the docket. The brief states that Defendants counsel designated the deposition transcript as Confidential under the agreed confidentiality order [DE 105-1]. DE 157 at 1, n.2. This designation is not binding on the Court. The Defendant has not moved to strike Exhibit 1. Neither party has asked to file the transcript under seal. The Confidentiality Order permits a party to designate materials as Confidential if it contains or reflects (a) trade secrets (b) non-public commercial financial information; (c) private corporate information; (d) materials subject to a confidentiality or non-disclosure agreement with a non-party; (e) personal financial information; (f) communications that contain romantically or sexually intimate statements; or (g) information that, pursuant to state, federal, or foreign law, is entitled to confidential treatment. DE 105-1 at 3-4. On or before 5:00 p.m. on May 7, each party shall file a notice explaining its position on the status of Exhibit 1, including whether an unsealed copy of any or all of the deposition transcript should be filed in the docket. Signed by Magistrate Judge Bruce E. Reinhart (BER) (Entered: 05/03/2019) | 05/03/2019 |

13

| # | Docket Text | Date Filed |
|---|---|---|
| 166 | ORDER DENYING 155 MOTION REGARDING PRODUCTION OF A LIST OF PUBLIC ADDRESSES OF BITCOIN AS OF DECEMBER 31, 2013, AND ORDERING PRODUCTION BY DEFENDANT. Signed by Magistrate Judge Bruce E. Reinhart See attached document for full details. (BER) (Entered: 05/03/2019) | 05/03/2019 |
| 167 | Defendant's MOTION for Extension of Time to Comply with Judge Reinhart's Order D.E. 166 re 166 Order, by Craig Wright. Responses due by 5/20/2019 (Rivero, Andres) (Entered: 05/06/2019) | 05/06/2019 |
| 168 | PAPERLESS ORDER granting in part and denying in part 167 Defendant's Motion for Extension of Time on the Court-ordered deadlines in DE 166. The Court hereby extends the three deadlines by 48 hours. Signed by Magistrate Judge Bruce E. Reinhart on 5/6/2019. (hk02) (Entered: 05/06/2019) | 05/06/2019 |
| 169 | PAPERLESS ORDER Setting Telephonic Status Conference for 5/6/2019 at 5:00 PM before Magistrate Judge Bruce E. Reinhart. Counsel shall use the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Signed by Magistrate Judge Bruce E. Reinhart on 5/6/2019. (hk02) (Entered: 05/06/2019) | 05/06/2019 |
| 170 | NOTICE by Craig Wright re 165 Order,,,,, Dr. Wright's Position Statement on the Status of Exhibit 1 to D.E. 157 (Rivero, Andres) (Entered: 05/06/2019) | 05/06/2019 |
| 171 | REPLY to Response to Motion re 144 MOTION for Judgment on the Pleadings for Lack of Subject-Matter Jurisdiction filed by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Rivero, Andres) (Entered: 05/06/2019) | 05/06/2019 |
| 172 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Telephonic Status Conference held on 5/6/2019. Defendant's sworn declaration providing details of the blind trust accounts as ordered in DE 166 Paragraph (a) is due by 5:00 p.m. on 5/8/19. The document production set forth in Paragraph (b) of the Order is due by 5:00 p.m. on 5/13/19. Defendant shall comply with Paragraph (c) of the Order by 5/25/19. Total time in court: 24 minutes. (Digital 17:01:06) (hk02) (Entered: 05/06/2019) | 05/06/2019 |
| 173 | ORDER REGARDING PLAINTIFFS REQUEST TO RE-DEPOSE DEFENDANT [DE 157] Signed by Magistrate Judge Bruce E. Reinhart on 5/7/2019. See attached document for full details. (pcs) (Entered: 05/07/2019) | 05/07/2019 |
|  | SYSTEM ENTRY - Docket Entry 174 [order] restricted/sealed until further notice. (djj) (Entered: 05/07/2019) | 05/07/2019 |
| 175 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC as to its Position Statement on Exhibit 1 (Freedman, Devin) (Entered: 05/07/2019) | 05/07/2019 |
| 176 | PAPERLESS ORDER re 175 Notice (Other) filed by Ira Kleiman, W&K Info Defense Research, LLC. The Court adopts the parties' proposed redaction to Defendant's deposition transcript. Plaintiffs are directed to file the transcript without page 370. Signed by Magistrate Judge Bruce E. Reinhart on 5/7/2019. (hk02) (Entered: 05/07/2019) | 05/07/2019 |
| 177 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC re 157 Memorandum, of Filing Exhibit 1 to ECF No. 157 (Attachments: # 1 Exhibit 1) (Freedman, Devin) (Entered: 05/07/2019) | 05/07/2019 |
| 178 | MOTION Redacted Motion Regarding Production of a List of the Public Addresses of Dr. Wright's Bitcoin as of December 31, 2013 by Craig Wright. (Rivero, Andres) (Entered: 05/07/2019) | 05/07/2019 |
| 179 | MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 05/07/2019) | 05/07/2019 |
| 179 | MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 05/07/2019) | 05/07/2019 |
|  | SYSTEM ENTRY - Docket Entry 180 [motion] restricted/sealed until further notice. (1428742) (Entered: 05/07/2019) | 05/07/2019 |
|  | SYSTEM ENTRY - Docket Entry 178 [motion] restricted/sealed until further notice. (jmd) (Entered: 05/08/2019) | 05/07/2019 |
| 181 | PAPERLESS ORDER for the Clerk of Court to immediately seal re 178 MOTION Redacted Motion Regarding Production of a List of the Public Addresses of Dr. Wright's Bitcoin as of December 31, 2013 filed by Craig Wright. Signed by Magistrate Judge Bruce E. Reinhart on 5/8/2019. (hk02) (Entered: 05/08/2019) | 05/08/2019 |
| 182 | CLERK'S NOTICE of Compliance re 181 Order. (jmd) (Entered: 05/08/2019) | 05/08/2019 |
| 183 | REDACTION of ECF No. 162 by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Freedman, Devin) (Entered: 05/08/2019) | 05/08/2019 |
| 184 | MOTION Regarding Production of a List of the Public Addresses of his Bitcoin as of December 31, 2013 filed under Seal by Craig Wright. (Rivero, Andres) (Entered: 05/08/2019) | 05/08/2019 |
| 185 | RESPONSE to Plaintiffs' Motion for Leave to File Sur-Reply by Craig Wright. (Attachments: # 1 Exhibit A)(Rivero, Andres) (Entered: 05/08/2019) | 05/08/2019 |
| 186 | PAPERLESS ORDER granting 179 Motion to Seal Plaintiff's Motion for Leave to File Sur-reply. Signed by Judge Beth Bloom (BB) (Entered: 05/09/2019) | 05/09/2019 |
| 187 | MOTION for Protective Order by Craig Wright. (Rivero, Andres) (Entered: 05/09/2019) | 05/09/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 188 | ORDER granting 180 Sealed Motion. Signed by Judge Beth Bloom on 5/9/2019. See attached document for full details. (cbr) (Entered: 05/09/2019) | 05/09/2019 |
| 189 | REDACTION of ECF No. 161 by Ira Kleiman, W&K Info Defense Research, LLC (Freedman, Devin) (Entered: 05/09/2019) | 05/09/2019 |
| 190 | Plaintiff's MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 05/13/2019) | 05/13/2019 |
| 191 | Plaintiff's MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Freedman, Devin) (Entered: 05/13/2019) | 05/13/2019 |
| | SYSTEM ENTRY - Docket Entry 192 [motion] restricted/sealed until further notice. (1428742) (Entered: 05/13/2019) | 05/13/2019 |
| 193 | PAPERLESS ORDER granting 190 Motion to Seal until further Court order. Signed by Judge Beth Bloom (BB) (Entered: 05/14/2019) | 05/14/2019 |
| 194 | PAPERLESS ORDER denying as moot 191 Motion to Seal. This is a duplicate filing and see the Court's Order at ECF No. 193 . Signed by Judge Beth Bloom (BB) (Entered: 05/14/2019) | 05/14/2019 |
| 195 | TRANSCRIPT of telephonic motion hearing held on 5-6-2019 before Magistrate Judge Bruce E. Reinhart, 1-16 pages, Court Reporter: Dawn Savino (Whitmarsh), 305-523-5598 / Dawn_Savino@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/10/2019. Redacted Transcript Deadline set for 6/20/2019. Release of Transcript Restriction set for 8/19/2019. (dwh) (Entered: 05/20/2019) | 05/20/2019 |
| 196 | MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 06/03/2019) | 06/03/2019 |
| | SYSTEM ENTRY - Docket Entry 197 [motion] restricted/sealed until further notice. (1428742) (Entered: 06/03/2019) | 06/03/2019 |
| 198 | PAPERLESS ORDER taking under advisement Plaintiff's Sealed Motion to Compel (DE 197) and setting a Discovery Hearing for 6/11/2019 at 2:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Defendant shall file his response to the motion by 6/7/2019 at noon. Signed by Magistrate Judge Bruce E. Reinhart on 6/3/2019. (hk02) (Entered: 06/03/2019) | 06/03/2019 |
| 199 | PAPERLESS ORDER taking under advisement 196 Motion to Seal. Re: 197 SEALED MOTION filed by Ira Kleiman, W&K Info Defense Research, LLC. On or before June 7, 2019, at 12:00 noon, Defendant shall show cause why the underlying pleading should not be filed in the public record. If Defendant believes that a redacted version of the pleading can be filed in the public record, Defendant shall confer with opposing counsel and then propose appropriate redactions. Signed by Magistrate Judge Bruce E. Reinhart (BER) (Entered: 06/04/2019) | 06/04/2019 |
| 200 | MOTION to Continue Mediation or Permit Attendance by Video-conference by Craig Wright. Responses due by 6/19/2019 (Rivero, Andres) (Entered: 06/05/2019) | 06/05/2019 |
| 201 | PAPERLESS ORDER requiring Plaintiff's expedited response by June 10, 2019, to Defendant's Motion to Continue Mediation or Permit Attendance by Video Conference by Craig Wright, ECF No. 200 . Signed by Judge Beth Bloom (BB) (Entered: 06/05/2019) | 06/05/2019 |
| | Reset Deadlines Per DE#201. Responses due by 6/10/2019 (cqs) (Entered: 06/05/2019) | 06/05/2019 |
| 202 | MOTION To File Under Seal by Craig Wright. (Rivero, Andres) Modified Event on 6/7/2019 (nc). (Entered: 06/07/2019) | 06/07/2019 |
| 203 | Clerks Notice to Filer re 202 Motion to Seal. Wrong Event Selected; ERROR - The Filer selected the wrong event. The Event was corrected by the Clerk. It is not necessary to refile this document. (nc) (Entered: 06/07/2019) | 06/07/2019 |
| | SYSTEM ENTRY - Docket Entry 204 [motion] restricted/sealed until further notice. (514773) (Entered: 06/07/2019) | 06/07/2019 |
| 205 | Notice of Filing Email sent to the Court from Zalman Kass (ego) (Entered: 06/07/2019) | 06/07/2019 |
| 206 | PAPERLESS ORDER Setting Hearing on Motion 144 MOTION for Judgment on the Pleadings for Lack of Subject-Matter Jurisdiction: Motion Hearing set for 7/10/2019 09:00 AM in Miami Division, 400 N. Miami Ave, Courtroom 10-2, Miami, Florida 33128, before Judge Beth Bloom. Signed by Judge Beth Bloom on 6/7/2019. (laa) (Entered: 06/07/2019) | 06/07/2019 |
| 207 | RESPONSE in Opposition re 200 MOTION to Continue Mediation or Permit Attendance by Video-conference filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 6/17/2019. (Attachments: # 1 Exhibit 1)(Freedman, Devin) (Entered: 06/10/2019) | 06/10/2019 |
| 208 | ORDER denying 200 Motion to Continue. Signed by Judge Beth Bloom. See attached document for full details. (ak03) (Entered: 06/10/2019) | 06/10/2019 |
| 209 | ORDER denying 196 Motion to Seal ; denying as moot 197 Sealed Motion ; denying 202 Motion to Seal. Signed by Judge Beth Bloom on 6/10/2019. See attached document for full details. (cbr) (Entered: 06/11/2019) | 06/11/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 210 | MOTION to Compel Defendant to Comply with this Court's Orders Directing him to Produce a List of the Bitcoins he held as of December 31, 2013 by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 6/25/2019 (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Freedman, Devin) (Entered: 06/11/2019) | 06/11/2019 |
| 211 | RESPONSE in Opposition re 210 MOTION to Compel Defendant to Comply with this Court's Orders Directing him to Produce a List of the Bitcoins he held as of December 31, 2013 filed by Craig Wright. Replies due by 6/18/2019. (Rivero, Andres) Modified Text on 6/12/2019 (ls). (Entered: 06/11/2019) | 06/11/2019 |
| 212 | PAPERLESS ORDER granting 210 Plaintiff's Motion to Compel to the extent it seeks an order directing Defendant to produce a list of the public addresses of the all bitcoin Defendant mined before 12/31/13, in accordance with the Court's prior orders. In the event Defendant fails to produce this list by June 17, 2019, the Court will conduct a Show Cause evidentiary hearing (on one of the four dates offered by the Court) where Defendant will be ordered to testify and explain his non-compliance. Signed by Magistrate Judge Bruce E. Reinhart on 6/11/2019. (hk02) (Entered: 06/11/2019) | 06/11/2019 |
| 213 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing on Plaintiff's Motion to Compel (DE 210) held on 6/11/2019. Total time in court: 46 minutes. (Digital 14:05:53) (hk02) (Entered: 06/11/2019) | 06/11/2019 |
| 214 | NOTICE of Filing under Seal per Ore Tenus Order by Ira Kleiman, W&K Info Defense Research, LLC (Freedman, Devin) Modified Text on 6/13/2019 (ls). (Entered: 06/12/2019) | 06/12/2019 |
| | SYSTEM ENTRY - Docket Entry 215 [misc] restricted/sealed until further notice. (1428742) (Entered: 06/12/2019) | 06/12/2019 |
| 216 | Clerks Notice to Filer re 214 Notice (Other). Docket Text Does Not Match Document; ERROR - The Filer failed to enter a title in the docket text that matches the title of the document. The correction was made by the Clerk. It is not necessary to refile the document. (ls) (Entered: 06/13/2019) | 06/13/2019 |
| 217 | ORDER GRANTING 210 Plaintiffs' MOTION to Compel Defendant to Comply with this Court's Orders Directing him to Produce a List of the Bitcoins he held as of December 31, 2013 and setting a Show Cause Hearing for 6/28/2019 at 9:00 AM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Signed by Magistrate Judge Bruce E. Reinhart on 6/14/2019. See attached document for full details. (hk02) (Entered: 06/14/2019) | 06/14/2019 |
| 218 | PAPERLESS ORDER. The Court previously deferred ruling on Plaintiffs' request to reopen Dr. Wright's deposition 173 . Pursuant to the rulings rendered from the bench during the 6/11/19 hearing, the Court will preside over a second deposition of Dr. Wright on June 28, 2019 at 9:00 a.m. in the federal courthouse in West Palm Beach. Signed by Magistrate Judge Bruce E. Reinhart on 6/14/2019. (hk02) (Entered: 06/14/2019) | 06/14/2019 |
| | SYSTEM ENTRY - Docket Entry 219 [misc] restricted/sealed until further notice. (514773) (Entered: 06/17/2019) | 06/17/2019 |
| 220 | FINAL MEDIATION REPORT by Harry R. Schafer. Disposition: Case did not settle.(Schafer, Harry) (Entered: 06/18/2019) | 06/18/2019 |
| 221 | TRANSCRIPT of Hearing held on 6/11/2019 before Magistrate Judge Bruce E. Reinhart, 1-39 pages, Court Reporter: Joanne Mancari, 305-523-5635. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/10/2019. Redacted Transcript Deadline set for 7/22/2019. Release of Transcript Restriction set for 9/17/2019. (apz) (Entered: 06/20/2019) | 06/19/2019 |
| 222 | PAPERLESS ORDER The parties have complied with the Court's Order to submit proposed redactions to Dr. Wight's Declaration dated May 8, 2019. See DE 217, n. 6. The parties agreed on some redactions proposed by the Defendant, but not others. The Court has conducted an independent review of the Declaration. The Court adopts some of the Defendant's additional proposed redactions, but not all of them. A redacted version of the Declaration is attached to this Order. The unredacted Declaration shall be filed under seal by the Clerk of the Court. Signed by Magistrate Judge Bruce E. Reinhart (BER) (Entered: 06/20/2019) | 06/20/2019 |
| | SYSTEM ENTRY - Docket Entry 223 [misc] restricted/sealed until further notice. (dj) (Entered: 06/20/2019) | 06/20/2019 |
| 224 | Unopposed MOTION to Bring Electronic Equipment into the courtroom and for Prior Access to the Courtroom to Set Up Such Equipment by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 7/8/2019 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 06/24/2019) | 06/24/2019 |
| 225 | ORDER granting 224 Plaintiff's Unopposed Motion to Bring Electronic Equipment into the courtroom. Signed by Magistrate Judge Bruce E. Reinhart on 6/24/2019. See attached document for full details. (hk02) (Entered: 06/24/2019) | 06/24/2019 |
| 226 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Plaintiff's Intention to Call Dr. Matthew J. Edman at June 28, 2019 Hearing (Attachments: # 1 Exhibit 1 (Dr. Edman's CV)) (Freedman, Devin) (Entered: 06/25/2019) | 06/25/2019 |
| 227 | NOTICE of Attorney Appearance by Schneur Zalman Kass on behalf of Craig Wright. Attorney Schneur Zalman Kass added to party Craig Wright(pty:dft). (Kass, Schneur) (Entered: 06/25/2019) | 06/25/2019 |
| 228 | NOTICE by Craig Wright of Intention to Call Witnesses at the June 28, 2019 Hearing (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Rivero, Andres) Modified Text on 6/27/2019 (ls). (Entered: 06/26/2019) | 06/26/2019 |
| 229 | Unopposed MOTION to Close the Courtroom During the June 28 Deposition by Craig Wright. (Rivero, Andres) (Entered: 06/27/2019) | 06/27/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 230 | PAPERLESS ORDER granting 229 Defendant's Unopposed Motion to close the courtroom during Dr. Wright's deposition on 6/28/19. The courtroom will be re-opened to the public for the evidentiary hearing, which will commence shortly thereafter. Signed by Magistrate Judge Bruce E. Reinhart on 6/27/2019. (hk02) (Entered: 06/27/2019) | 06/27/2019 |
| 231 | PAPERLESS ORDER. After sua sponte reconsidering its ruling from the bench on 6/28/19, the Court finds that Plaintiffs are entitled to the immediate production of all the documents containing positive hits from the search terms agreed upon by the parties, without waiting for defense counsel to conduct a relevance review. Signed by Magistrate Judge Bruce E. Reinhart on 7/1/2019. (hk02) (Entered: 07/01/2019) | 07/01/2019 |
| 232 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Evidentiary Hearing on Plaintiffs' Motion for Sanctions/Contempt (DE 210) held on 6/28/2019. Witness Dr. Craig Wright testified. Total time in court: 4 hours : 50 minutes. Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. (hk02) (Entered: 07/01/2019) | 07/01/2019 |
| 233 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart who presided over the deposition of Defendant Craig Wright held on 6/28/2019 (deposition held off the record/not recorded on DAR; parties brought private stenographer).Total time in court: 2 hour(s) : 15 minutes. Court Reporter: Other, 305-523-5635. (hk02) (Entered: 07/01/2019) | 07/01/2019 |
| 234 | PAPERLESS Order setting the Continuation of the Evidentiary Hearing on Plaintiffs' Motion for Sanctions/Contempt (DE 210) for 8/7/2019 at 9:30 AM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Signed by Magistrate Judge Bruce E. Reinhart on 7/1/2019. (hk02) (Entered: 07/01/2019) | 07/01/2019 |
| 235 | PAPERLESS ORDER Cancelling the Evidentiary Hearing on 8/7/19 and RESETTING it for 8/5/2019 at 9:30 AM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Signed by Magistrate Judge Bruce E. Reinhart on 7/2/2019. (hk02) (Entered: 07/02/2019) | 07/02/2019 |
| 236 | TRANSCRIPT of Evidentiary Hearing held on 06/28/2019 before Magistrate Judge Bruce E. Reinhart, 1-238 pages, Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/23/2019. Redacted Transcript Deadline set for 8/2/2019. Release of Transcript Restriction set for 9/30/2019. (sf) (Entered: 07/02/2019) | 07/02/2019 |
| 237 | NOTICE of Filing Exhibits used at June 28, 2019 Show Cause Hearing by Ira Kleiman, W&K Info Defense Research, LLC re 236 Transcript,, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23) (Freedman, Devin) Modified Text on 7/8/2019 (ls). (Entered: 07/03/2019) | 07/03/2019 |
| 238 | NOTICE by Craig Wright of Filing Exhibit introduced by Dr. Wright at the June 28, 2019 Hearing (Attachments: # 1 Exhibit 1) (Rivero, Andres) Modified Text on 7/8/2019 (ls). (Entered: 07/03/2019) | 07/03/2019 |
| 239 | MOTION Motion for Leave to Supplement the Record by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rivero, Andres) (Entered: 07/09/2019) | 07/09/2019 |
| 240 | RESPONSE in Opposition re 239 MOTION Motion for Leave to Supplement the Record filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 7/16/2019. (Attachments: # 1 Exhibit 1)(Freedman, Devin) (Entered: 07/09/2019) | 07/09/2019 |
| 241 | PAPERLESS ORDER granting 239 Motion for Leave to Supplement the Record. As the Defendant is mounting a factual attack on the Court's diversity jurisdiction, the Court will consider the testimony and document, ECF No. 239 , as part of that challenge. Signed by Judge Beth Bloom (BB) (Entered: 07/09/2019) | 07/09/2019 |
| 242 | MOTION for Leave to File Exhibits to Supplement Record by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Freedman, Devin) (Entered: 07/09/2019) | 07/09/2019 |
| 243 | PAPERLESS ORDER granting 242 Motion for Leave to File Exhibits to Supplement Record. Signed by Judge Beth Bloom (BB) (Entered: 07/10/2019) | 07/10/2019 |
| 244 | Transcript Redaction Request re 221 Transcript,, by attorney Andres Rivero (Rivero, Andres) (Entered: 07/10/2019) | 07/10/2019 |
| 245 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Motion Hearing held on 7/10/2019 re 144 MOTION for Judgment on the Pleadings for Lack of Subject-Matter Jurisdiction filed by Craig Wright. Total time in court: 3 hour(s). Attorney Appearance(s): Kyle Roche, Devin Freedman, Andres Rivero, Amanda Marie McGovern, Bryan Lee Paschal. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (laa) (Entered: 07/10/2019) | 07/10/2019 |
| 246 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing (Attachments: # 1 Exhibit 1) (Freedman, Devin) (Entered: 07/10/2019) | 07/10/2019 |
| 247 | PAPERLESS ORDER 244 Granting Defendant's request to redact certain portions of the transcript from the court proceedings on June 11, 2019 (DE 221). Signed by Magistrate Judge Bruce E. Reinhart on 7/16/2019. (hk02) (Entered: 07/16/2019) | 07/16/2019 |
| 248 | Redacted Transcript of Hearing held on 6/11/19 before Magistrate Judge Bruce E. Reinhart, 1-39 pages, re: 221 Transcript, Court Reporter: Joanne Mancari, 305-523-5635. (hh) (Entered: 07/19/2019) | 07/18/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 249 | MOTION to Seal Motion for Letters Rogatory by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 07/19/2019) | 07/19/2019 |
| | SYSTEM ENTRY - Docket Entry 250 [motion] restricted/sealed until further notice. (1428742) (Entered: 07/19/2019) | 07/19/2019 |
| 251 | PAPERLESS ORDER granting 249 Plaintiff's Motion to temporarily seal its Motion for Letters Rogatory (DE 250). By July 25, 2019, Defendant shall provide the Court with proposed redactions for the motion and exhibits along with a justification for each redaction. Signed by Magistrate Judge Bruce E. Reinhart on 7/19/2019. (hk02) (Entered: 07/19/2019) | 07/19/2019 |
| 252 | NOTICE to the Court Re: Bitcoin by Deso Jungen Etienne Guido (ar2) (Entered: 07/22/2019) | 07/22/2019 |
| 253 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE. Signed by Magistrate Judge Bruce E. Reinhart on 7/22/2019. See attached document for full details. (ar2) (Entered: 07/24/2019) | 07/24/2019 |
| 254 | ORDER granting Plaintiff's Motion for Issuance of Letter Rogatory to Subpoena Foreign Third Parties 250 . Signed by Magistrate Judge Bruce E. Reinhart on 7/22/2019. See attached document for full details. (tmn) (Entered: 07/24/2019) | 07/24/2019 |
| 255 | CLERK'S NOTICE of Compliance re 254 Order on Sealed Motion (dj) (Entered: 07/25/2019) | 07/25/2019 |
| 256 | TRANSCRIPT of Motion Hearing held on 07/10/2019 before Judge Beth Bloom, 1 - 109 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/26/2019. Redacted Transcript Deadline set for 9/4/2019. Release of Transcript Restriction set for 11/4/2019. (yhz) (Entered: 08/04/2019) | 08/04/2019 |
| 257 | PAPERLESS ORDER continuing counsel's closing arguments on the Evidentiary Hearing for Plaintiff's Motion for Contempt (DE 210) until 8/26/2019 at 1:30 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Signed by Magistrate Judge Bruce E. Reinhart on 8/5/2019. (hk02) (Entered: 08/05/2019) | 08/05/2019 |
| 258 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Evidentiary Hearing on Plaintiff's Motion for Contempt (DE 210) held on 8/5/2019. Total time in court: 6 hours. Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. (hk02) (Entered: 08/05/2019) | 08/05/2019 |
| 259 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC Notice of Change of Firm (Freedman, Devin) (Entered: 08/06/2019) | 08/06/2019 |
| 260 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC Notice of Change of Firm for Kyle Roche (Freedman, Devin) (Entered: 08/06/2019) | 08/06/2019 |
| 261 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC, of Filing the Deposition of Jonathan Warren (Attachments: # 1 Deposition Deposition of Jonathan Warren, # 2 Exhibit Jonathan Warren Deposition Exhibits) (Freedman, Devin) Modified Text on 8/14/2019 (ls). (Entered: 08/13/2019) | 08/13/2019 |
| 262 | Plaintiff's MOTION to Seal Deposition and Exhibits per Order authorizing the submission of this document under seal by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 08/13/2019) | 08/13/2019 |
| | SYSTEM ENTRY - Docket Entry 263 [misc] restricted/sealed until further notice. (1428742) (Entered: 08/13/2019) | 08/13/2019 |
| 264 | TRANSCRIPT of Continuation of Evidentiary Hearing held on 08/05/2019 before Magistrate Judge Bruce E. Reinhart, 1-285 pages, Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/4/2019. Redacted Transcript Deadline set for 9/16/2019. Release of Transcript Restriction set for 11/12/2019. (sf) (Entered: 08/14/2019) | 08/14/2019 |
| 265 | ORDER denying 144 Motion for Judgment on the Pleadings. Signed by Judge Beth Bloom on 8/15/2019. See attached document for full details. (pcs) (Entered: 08/15/2019) | 08/15/2019 |
| 266 | NOTICE by Craig Wright of Filing Exhibit Introduced by Dr. Wright at the August 5, 2019 Hearing (Attachments: # 1 Exhibit D-2) (Rivero, Andres) Modified Text on 8/16/2019 (ls). (Entered: 08/15/2019) | 08/15/2019 |
| 267 | CERTIFICATE of Compliance Re Admitted Evidence by Andres Rivero on behalf of Craig Wright (Rivero, Andres) (Entered: 08/15/2019) | 08/15/2019 |
| 268 | NOTICE of Filing Exhibits used at June 28, 2019 Show Cause Hearing by Ira Kleiman, W&K Info Defense Research, LLC re 264 Transcript,, (Attachments: # 1 Exhibit 24, # 2 Exhibit 25, # 3 Exhibit 26, # 4 Exhibit 27, # 5 Exhibit 28, # 6 Exhibit 29, # 7 Exhibit 30, # 8 Exhibit 31, # 9 Exhibit 32, # 10 Exhibit 33, # 11 Exhibit 34, # 12 Exhibit 35, # 13 Exhibit 36, # 14 Exhibit 37, # 15 Exhibit 38, # 16 Exhibit 39, # 17 Exhibit 40, # 18 Exhibit 41, # 19 Exhibit 42, # 20 Exhibit 43, # 21 Exhibit 44, # 22 Exhibit 45, # 23 Exhibit 46, # 24 Demonstrative 1, # 25 Demonstrative 2) (Freedman, Devin) Modified Text on 8/19/2019 (ls). (Entered: 08/16/2019) | 08/16/2019 |
| 269 | PAPERLESS ORDER directing counsel to comply with the Court's Order at 176 that Defendant's deposition transcript be publicly filed on the docket without page 370. Signed by Magistrate Judge Bruce E. Reinhart on 8/20/2019. (hk02) (Entered: 08/20/2019) | 08/20/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 270 | NOTICE of Filing the Designated Portions of Craig Wright's Deposition Transcript, its Corresponding Exhibits, and Exhibits 8, 9, 10, and 11 of the Jonathan Warren Deposition by Ira Kleiman, W&K Info Defense Research, LLC re 258 Evidentiary Hearing,, Terminate Hearings, (Attachments: # 1 Transcripts Designated portions of Craig Wright deposition (4/4/19), # 2 Transcripts Designated portions of Craig Wright deposition (6/28/19), # 3 Exhibit to Craig Wright depositions, # 4 Exhibit 8, 9, 10, and 11 to Jonathan Warren deposition) (Freedman, Devin) Modified Text on 8/22/2019 (ls). (Entered: 08/21/2019) | 08/21/2019 |
| 271 | Clerks Notice to Filer re 270 Notice (Other),. Docket Text Does Not Match Document; ERROR - The Filer failed to enter a title in the docket text that matches the title of the document. The correction was made by the Clerk. It is not necessary to refile the document. (ls) (Entered: 08/22/2019) | 08/22/2019 |
| 272 | PAPERLESS ORDER denying as moot 262 Motion to Seal in light of 270 Notice (Other). Signed by Magistrate Judge Bruce E. Reinhart (BER) (Entered: 08/22/2019) | 08/22/2019 |
| 273 | NOTICE of Compliance by Ira Kleiman, W&K Info Defense Research, LLC (Freedman, Devin) (Entered: 08/23/2019) | 08/23/2019 |
| 274 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Evidentiary Hearing on Plaintiffs' Motion for Sanctions/Contempt on Order Compelling Discovery (DE 210, 217) held on 8/26/2019. Total time in court: 2 hours : 30 minutes. Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. (hk02) (Entered: 08/26/2019) | 08/26/2019 |
| 275 | NOTICE of Attorney Appearance by Andrew Scott Brenner on behalf of Ira Kleiman, W&K Info Defense Research, LLC. Attorney Andrew Scott Brenner added to party Ira Kleiman(pty:pla), Attorney Andrew Scott Brenner added to party W&K Info Defense Research, LLC(pty:pla). (Brenner, Andrew) (Entered: 08/27/2019) | 08/27/2019 |
| 276 | TRANSCRIPT of Evidentiary Hearing held on 08/26/2019 before Magistrate Judge Bruce E. Reinhart, 1-105 pages, Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2019. Redacted Transcript Deadline set for 9/27/2019. Release of Transcript Restriction set for 11/25/2019. (sf) (Entered: 08/27/2019) | 08/27/2019 |
| 277 | ORDER re 210 Plaintiffs' MOTION to Compel Defendant to Comply with this Court's Orders Directing him to Produce a List of the Bitcoins he held as of December 31, 2013 and GRANTING Rule 37 Sanctions. Signed by Magistrate Judge Bruce E. Reinhart on 8/27/2019. See attached document for full details. (Attachments: # 1 Appendix) (hk02) Modified on 8/28/2019: main document restricted per Chambers (wc). (Entered: 08/27/2019) | 08/27/2019 |
| 278 | Unopposed MOTION for Extension of Time TO CHALLENGE MAGISTRATE REINHARTS ORDER DEEMING CERTAIN FACTS AS ESTABLISHED AND STRIKING CERTAIN AFFIRMATIVE DEFENSES re 277 Order, by Craig Wright. Responses due by 9/13/2019 (Rivero, Andres) (Entered: 08/30/2019) | 08/30/2019 |
| 279 | PAPERLESS ORDER granting 278 Motion for Extension of Time to File Challenge to Magistrate Judge's Order, ECF No. 277 , by September 24, 2019. Signed by Judge Beth Bloom (BB) (Entered: 08/30/2019) | 08/30/2019 |
| 280 | Plaintiff's MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Velvel (Devin) Freedman. Filing Fee $ 75.00 Receipt # 113C-11960152 by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 9/19/2019 (Freedman, Devin) (Entered: 09/05/2019) | 09/05/2019 |
| 281 | PAPERLESS ORDER granting 280 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Joseph M. Delich. Signed by Judge Beth Bloom (BB) (Entered: 09/06/2019) | 09/06/2019 |
| 282 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Maxwell Pritt. Filing Fee $ 75.00 Receipt # 113C-11960730 by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 9/20/2019 (Brenner, Andrew) (Entered: 09/06/2019) | 09/06/2019 |
| 283 | PAPERLESS ORDER granting 282 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Maxwell Pritt. Signed by Judge Beth Bloom (BB) (Entered: 09/06/2019) | 09/06/2019 |
| 284 | Joint Motion for Extension of Time of Discovery Cutoff Deadline by Craig Wright. Responses due by 10/1/2019 (Rivero, Andres) Modified Relief on 9/18/2019 (ls). Added MOTION to Continue Trial Setting on 9/18/2019 (ls). (Entered: 09/17/2019) | 09/17/2019 |
| 285 | Clerks Notice to Filer re 284 Joint MOTION for Extension of Time of ALL DISCOVERY AND CASE DEADLINES, AND TRIAL SETTING . Wrong Motion Relief(s) Selected; ERROR - The Filer selected the wrong motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs. (ls) (Entered: 09/18/2019) | 09/18/2019 |
| 286 | ORDER granting 284 Joint Motion for Extension of Time of All Discovery and Case Deadlines ( Discovery due by 1/3/2020.); denying 284 Motion for Extension of Extend Trial Setting. Signed by Judge Beth Bloom on 9/17/2019. See attached document for full details. (ls) (Entered: 09/18/2019) | 09/18/2019 |
| 287 | Joint Motion for Extension of Time of Discovery Cutoff Deadline and Case Deadlines by Craig Wright. Responses due by 10/22/2019 (Rivero, Andres) Modified Relief on 10/8/2019 (ls). Added MOTION to Continue Trial Setting on 10/8/2019 (ls). (Entered: 10/08/2019) | 10/08/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 288 | Clerks Notice to Filer re 287 Joint MOTION for Extension of Time FOR AN ADDITIONAL 30-DAY EXTENSION OF ALL DISCOVERY AND CASE DEADLINES, AND TRIAL SETTING re 286 Order on Motion for Extension of Time of Discovery Cutoff Deadline,, Order on Motion to Continue,. Motion with Multiple Reliefs Filed as One Relief; ERROR - The Filer selected only one relief event and failed to select the additional corresponding events for each relief requested in the motion. The docket entry was corrected by the Clerk. It is not necessary to refile this document but future filings must comply with the instructions in the CM/ECF Attorney User's Manual. AND Wrong Motion Relief(s) Selected; ERROR - The Filer selected the wrong motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs. (ls) (Entered: 10/08/2019) | 10/08/2019 |
| 289 | ORDER granting in part and denying in part 287 Motion for Extension of Time of Discovery Cutoff Deadline ; granting in part and denying in part 287 Motion to Continue Trial. Signed by Judge Beth Bloom on 10/8/2019. See attached document for full details. (ls) (Entered: 10/09/2019) | 10/09/2019 |
| 290 | EXPEDITED MOTION for out of state deposition in sooner than 14 days by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 11/01/2019) | 11/01/2019 |
| 291 | PAPERLESS ORDER requiring the Defendant's expedited response to Plaintiffs' EXPEDITED MOTION, ECF No. 290 . Defendant shall respond to the Motion, ECF No. 290 , no later than November 4, 2019. If Plaintiffs intend to file a reply, it shall be field no later than November 5, 2019. Signed by Judge Beth Bloom (laa) (Entered: 11/01/2019) | 11/01/2019 |
|  | Set Deadlines as to 290 EXPEDITED MOTION for out of state deposition in sooner than 14 days . Responses by 11/4/2019 Replies due by 11/5/2019. (ls)(per DE #291) (Entered: 11/04/2019) | 11/01/2019 |
| 292 | RESPONSE to Motion re 290 EXPEDITED MOTION for out of state deposition in sooner than 14 days filed by Craig Wright. Replies due by 11/12/2019. (Rivero, Andres) (Entered: 11/04/2019) | 11/04/2019 |
| 293 | REPLY to Response to Motion re 290 EXPEDITED MOTION for out of state deposition in sooner than 14 days filed by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 11/04/2019) | 11/04/2019 |
| 294 | NOTICE of Change of Address by Devin Freedman (Freedman, Devin) (Entered: 11/05/2019) | 11/05/2019 |
| 295 | PAPERLESS ORDER granting 290 Expedited Motion for out of state deposition. Plaintiffs are permitted to take the deposition of Mr. Wilson on November 8, 2019 in Washington D.C.. The Plaintiffs shall provide Defendant's counsel with the ability to attend the deposition via videolink. Signed by Judge Beth Bloom (BB) (Entered: 11/05/2019) | 11/05/2019 |
| 296 | CLERK's NOTICE - Attorney Admissions has updated address and/or email information for PHV attorney Kyle Roche re 294 Notice of Change of Address. (pt) (Entered: 11/05/2019) | 11/05/2019 |
| 297 | PAPERLESS Order setting a Discovery Hearing for 11/20/2019 at 3:30 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel may appear by telephone using the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Signed by Magistrate Judge Bruce E. Reinhart on 11/18/2019. (hk02) (Entered: 11/18/2019) | 11/18/2019 |
| 298 | MOTION for Discovery DR. CRAIG WRIGHT'S DISCOVERY MEMORANDUM by Craig Wright. Responses due by 12/2/2019 (Attachments: # 1 Exhibit A)(Rivero, Andres) (Entered: 11/18/2019) | 11/18/2019 |
| 299 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC re 298 MOTION for Discovery DR. CRAIG WRIGHT'S DISCOVERY MEMORANDUM of Filing Exhibits to Plaintiffs' Discovery Memorandum (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Freedman, Devin) (Entered: 11/20/2019) | 11/20/2019 |
| 300 | NOTICE by Craig Wright re 298 MOTION for Discovery DR. CRAIG WRIGHT'S DISCOVERY MEMORANDUM of Filing Exhibits (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Rivero, Andres) (Entered: 11/20/2019) | 11/20/2019 |
| 301 | PAPERLESS ORDER granting in part and denying in part 298 Defendant's Motion for Discovery. As discussed at the hearing, Plaintiff's counsel has requested Dave Kleiman's tax documents and bank records and is awaiting production of those documents from the IRS and banks, so no expedited responses will be ordered. The Court denied without prejudice Plaintiff's motion for Defendant to search the NAS device, but Defendant will produce a list of filenames as discussed at the hearing. The Court will address the remaining discovery issues at a Discovery Hearing set for 12/4/2019 at 3:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel may appear telephonically using the conference call instructions previously provided. Signed by Magistrate Judge Bruce E. Reinhart on 11/20/2019. (hk02) (Entered: 11/20/2019) | 11/20/2019 |
| 302 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing held on 11/20/2019. Total time in court: 55 minutes. (Digital 15:29:54) (hk02) (Entered: 11/20/2019) | 11/20/2019 |
| 303 | MOTION for Attorney Fees by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 12/4/2019 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Freedman, Devin) (Entered: 11/20/2019) | 11/20/2019 |
| 304 | Unopposed MOTION for Leave to File Excess Pages DR. WRIGHT'S MOTION FOR ADDITIONAL PAGES TO OBJECT TO MAGISTRATE REINHART'S ORDER by Craig Wright. (Rivero, Andres) (Entered: 11/21/2019) | 11/21/2019 |
| 305 | PAPERLESS ORDER granting 304 Motion for Leave to File Excess Pages. Signed by Judge Beth Bloom (BB) (Entered: 11/21/2019) | 11/21/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 306 | ORDER REFERRING 303 MOTION for Attorney Fees filed by Ira Kleiman, W&K Info Defense Research, LLC. Motions referred to Judge Bruce E. Reinhart. Signed by Judge Beth Bloom on 11/21/2019. See attached document for full details. (ls) (Entered: 11/21/2019) | 11/21/2019 |
| 307 | Motion for Extension of Time for Defendant's Deposition by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) Modified Relief on 11/22/2019 (ls). Added MOTION to Appoint Counsel/Special Master on 11/22/2019 (ls). (Entered: 11/21/2019) | 11/21/2019 |
| 308 | PAPERLESS ORDER requiring Defendant's expedited response by November 26, 2019, to Plaintiff's Motion for Leave to Extend the Time Limits for Defendant's Deposition and to Appoint a Special Master, ECF No. 307 . Signed by Judge Beth Bloom (BB) (Entered: 11/22/2019) | 11/22/2019 |
| 309 | Clerks Notice to Filer re 307 Motion for Leave to Extend the Time Limit for Defendant's Deposition and to Appoint a Special Master Motion with Multiple Reliefs Filed as One Relief; ERROR - The Filer selected only one relief event and failed to select the additional corresponding events for each relief requested in the motion. The docket entry was corrected by the Clerk. It is not necessary to refile this document but future filings must comply with the instructions in the CM/ECF Attorney User's Manual. AND Wrong Motion Relief(s) Selected; ERROR - The Filer selected the wrong motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs. (ls) (Entered: 11/22/2019) | 11/22/2019 |
| 310 | PAPERLESS ORDER: Presently pending before this Court is the Plaintiff's Motion for Leave to Extend the Time Limit for Defendant's Deposition and to Appoint a Special Master, ECF No. 307 . This Order does not address the merits of the Motion at this time. However, the Court notes that the discovery cutoff in this action is set for January 3, 2020, ECF No. 286 . Accordingly, it is ORDERED AND ADJUDGED that the parties shall file a Joint Notice indicating the agreed upon dates set for the Defendant's Deposition to be taken no later than November 26, 2019. Signed by Judge Beth Bloom (laa) (Entered: 11/25/2019) | 11/25/2019 |
| 311 | OBJECTION of Magistrate Judge 277 Order, to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER DEEMING CERTAIN FACTS ESTABLISHED AND STRIKING CERTAIN AFFIRMATIVE DEFENSES (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Rivero, Andres) (Entered: 11/25/2019) | 11/25/2019 |
| 312 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Redacted Deposition Transcript (Attachments: # 1 Transcripts Redacted April 4, 2019 Deposition of Craig Wright) (Freedman, Devin) (Entered: 11/26/2019) | 11/26/2019 |
| 313 | NOTICE by Craig Wright of Filing Errata (Attachments: # 1 Errata) (Rivero, Andres) Modified Text on 11/27/2019 (ls). (Entered: 11/26/2019) | 11/26/2019 |
| 314 | RESPONSE to Motion re 307 Motion for Extension of Time for Defendant's Deposition MOTION to Appoint Counsel/Special Master by Craig Wright. Replies due by 12/3/2019. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rivero, Andres) (Entered: 11/26/2019) | 11/26/2019 |
| 315 | REPLY to Response to Motion re 307 Motion for Extension of Time for Defendant's Deposition MOTION to Appoint Counsel/Special Master filed by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1)(Freedman, Devin) (Entered: 11/26/2019) | 11/26/2019 |
| 316 | Joint MOTION for Extension of Time for certain pretrial deadlines (and notice of attempted compliance) re 310 Order,, by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 12/10/2019 (Freedman, Devin) (Entered: 11/26/2019) | 11/26/2019 |
| 317 | PAPERLESS ORDER denying 316 Motion for Extension of Time for certain pretrial deadlines. The parties are to confer this morning and select 2 consecutive dates to take the deposition during the weeks of December 2 or December 9. The parties are to advise the Court of those dates by 1:00 pm today. Signed by Judge Beth Bloom (BB) (Entered: 11/27/2019) | 11/27/2019 |
| 318 | NOTICE of Compliance (attempted) by Ira Kleiman, W&K Info Defense Research, LLC re 317 Order on Motion for Extension of Time, (Freedman, Devin) (Entered: 11/27/2019) | 11/27/2019 |
| 319 | NOTICE of Compliance by Craig Wright (Rivero, Andres) (Entered: 11/27/2019) | 11/27/2019 |
| 320 | OMNIBUS ORDER granting in part and denying in part 307 Motion for Extension of Time; granting in part and denying in part 307 Motion to Appoint Special Master, The Honorable Bruce E. Reinhart is APPOINTED as Special Master in this Case. ( Discovery due by 1/17/2020., Expert Discovery due by 1/17/2020., Fact Discovery due by 1/17/2020., Dispositive Motions due by 1/21/2020., In Limine Motions due by 1/21/2020., Motions due by 1/21/2020.). Vacating 317 Order. Amending 286 Scheduling Order. Signed by Judge Beth Bloom on 11/27/2019. See attached document for full details. (ra) (Entered: 11/27/2019) | 11/27/2019 |
| 321 | Joint MOTION for Extension of Time to File Response/Reply/Answer as to 303 MOTION for Attorney Fees , 311 OBJECTION of Magistrate Judge 277 Order, to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER DEEMING CERTAIN FACTS ESTABLISHED AND STRIKING CERTAIN AFFIRMATIVE DEFENSES by Craig Wright. (Rivero, Andres) (Entered: 12/02/2019) | 12/02/2019 |
| 322 | PAPERLESS ORDER granting in part and denying in part 321 Motion for Extension of Time to File Responses. The Defendant's response to the Fee Motion is due on December 9, 2019; The Plaintiffs' response to the Objection is due on December 16, 2019. Signed by Judge Beth Bloom (BB) (Entered: 12/02/2019) | 12/02/2019 |
|  | Reset Deadlines as to 303 MOTION for Attorney Fees , Responses due by 12/9/2019; as to 311 OBJECTION of Magistrate Judge 277 Order, to District Court , Responses due by 12/16/2019. (ls) (Entered: 12/03/2019) | 12/02/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 323 | PAPERLESS ORDER CANCELLING the Discovery Status Conference scheduled for today at 3:00 p.m. and RESETTING it for 12/16/2019 at 2:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel may appear telephonically by using the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Signed by Magistrate Judge Bruce E. Reinhart on 12/4/2019. (hk02) (Entered: 12/04/2019) | 12/04/2019 |
| 324 | RESPONSE in Opposition re 303 MOTION for Attorney Fees filed by Craig Wright. Replies due by 12/16/2019. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Rivero, Andres) Modified to add missing event 327 request for evidentiary hearing on 12/10/2019 (ls). (Entered: 12/09/2019) | 12/09/2019 |
| 327 | MOTION for Evidentiary Hearing by Craig Wright. (ls)(See Image at DE #324) (Entered: 12/10/2019) | 12/09/2019 |
| 325 | MOTION for Extension of Time to File Response/Reply/Answer as to 303 MOTION for Attorney Fees by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 12/10/2019) | 12/10/2019 |
| 326 | PAPERLESS ORDER granting 325 Motion for Extension of Time to File Reply by December 20, 2019. Signed by Judge Beth Bloom (BB) (Entered: 12/10/2019) | 12/10/2019 |
| 328 | Clerks Notice to Filer re 324 Response in Opposition to Motion,. Two or More Document Events Filed as One; ERROR - Only one event was selected by the Filer but more than one event was applicable to the document filed. The docket entry was corrected by the Clerk. It is not necessary to refile this document but in the future, the Filer must select all applicable events. (ls) (Entered: 12/10/2019) | 12/10/2019 |
| | Reset Deadlines as to 303 MOTION for Attorney Fees . Replies due by 12/20/2019. (ls)(per DE #326) (Entered: 12/11/2019) | 12/10/2019 |
| 329 | Unopposed MOTION for Leave to File Excess Pages by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 12/13/2019) | 12/13/2019 |
| 330 | PAPERLESS ORDER granting 329 Motion for Leave to File a Response not to exceed 30 pages. Signed by Judge Beth Bloom (BB) (Entered: 12/13/2019) | 12/13/2019 |
| 331 | PAPERLESS Order cancelling the Discovery Hearing/Status Conference previously set for 12/16/19 and RESETTING it for 12/18/2019 at 3:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel shall file an updated joint status report outlining the issues to be discussed at the hearing by 12/17/19. Counsel may appear by telephone using the conference call instructions previously provided. Signed by Magistrate Judge Bruce E. Reinhart on 12/13/2019. (hk02) (Entered: 12/13/2019) | 12/13/2019 |
| 332 | REPLY to Response to Motion re 311 OBJECTION of Magistrate Judge 277 Order, to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER DEEMING CERTAIN FACTS ESTABLISHED AND STRIKING CERTAIN AFFIRMATIVE DEFENSES filed by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Freedman, Devin) (Entered: 12/16/2019) | 12/16/2019 |
| 333 | RESPONSE to 311 OBJECTION of Magistrate Judge 277 Order, to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER DEEMING CERTAIN FACTS ESTABLISHED AND STRIKING CERTAIN AFFIRMATIVE DEFENSES by Ira Kleiman, W&K Info Defense Research, LLC. (ls)(See Image at DE #332) (Entered: 12/17/2019) | 12/16/2019 |
| 334 | Clerks Notice to Filer re 332 Reply to Response to Motion,. Wrong Event Selected; ERROR - The Filer selected the wrong event. The document was re-docketed by the Clerk, see [de#333]. It is not necessary to refile this document. (ls) (Entered: 12/17/2019) | 12/17/2019 |
| 335 | MOTION for Leave to File Excess Pages by Craig Wright. (Rivero, Andres) (Entered: 12/17/2019) | 12/17/2019 |
| 336 | MOTION for Extension of Time to File Response/Reply/Answer as to 311 OBJECTION of Magistrate Judge 277 Order, to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER DEEMING CERTAIN FACTS ESTABLISHED AND STRIKING CERTAIN AFFIRMATIVE DEFENSES by Craig Wright. (Rivero, Andres) (Entered: 12/17/2019) | 12/17/2019 |
| 337 | RESPONSE to Motion re 335 MOTION for Leave to File Excess Pages filed by Ira Kleiman. Replies due by 12/24/2019. (Brenner, Andrew) (Entered: 12/17/2019) | 12/17/2019 |
| 338 | RESPONSE to Motion re 336 MOTION for Extension of Time to File Response/Reply/Answer as to 311 OBJECTION of Magistrate Judge 277 Order, to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER DEEMING CERTAIN FACTS ESTABLISHED AND STRIKING CERTA filed by Ira Kleiman. Replies due by 12/24/2019. (Brenner, Andrew) (Entered: 12/17/2019) | 12/17/2019 |
| 339 | MEMORANDUM of Law re 331 Order Setting/Cancelling Hearing,, Terminate Deadlines and Hearings,, Set/Reset Deadlines/Hearings, by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Freedman, Devin) (Entered: 12/17/2019) | 12/17/2019 |
| 340 | PAPERLESS ORDER granting 335 Motion for Leave to File Excess Pages. Signed by Judge Beth Bloom (BB) (Entered: 12/18/2019) | 12/18/2019 |
| 341 | PAPERLESS ORDER denying 336 Motion for Extension of Time to File Reply. Signed by Judge Beth Bloom (BB) (Entered: 12/18/2019) | 12/18/2019 |
| 342 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing on disputes raised in DE 339 held on 12/18/2019. Total time in court: 1 hour : 3 minutes. (Digital 15:15:03) (hk02) (Entered: 12/18/2019) | 12/18/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 343 | TRANSCRIPT of Discovery Hearing held on 11/20/2019 before Magistrate Judge Bruce E. Reinhart, 1-70 pages, Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/9/2020. Redacted Transcript Deadline set for 1/21/2020. Release of Transcript Restriction set for 3/18/2020. (sf) (Entered: 12/19/2019) | 12/19/2019 |
| 344 | Plaintiff's MOTION to Require Defendant to Make His Wife Ramona Watts Available for Deposition or, in the Alternative, Preclude Her From Testifying at Trial by Ira Kleiman, W&K Info Defense Research, LLC. (Brenner, Andrew) (Entered: 12/20/2019) | 12/20/2019 |
| 345 | PAPERLESS ORDER requiring Defendant's expedited response to Plaintiff's MOTION, ECF No. 344 , no later than December 23, 2019. Signed by Judge Beth Bloom (laa) (Entered: 12/20/2019) | 12/20/2019 |
| 346 | Corrected MOTION for Attorney Fees by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 1/3/2020 (Attachments: # 1 Exhibit 1 - Spreadsheet, # 2 Exhibit 2 - Invoices, # 3 Exhibit 3 - Invoice)(Brenner, Andrew) (Entered: 12/20/2019) | 12/20/2019 |
| 347 | REPLY to Response to Motion re 303 MOTION for Attorney Fees , 327 MOTION for Hearing filed by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1 - Corrected Verified Motion for Attorneys' Fees, # 2 Exhibit 2 - Invoice Portions)(Brenner, Andrew) (Entered: 12/20/2019) | 12/20/2019 |
| 348 | TRANSCRIPT of Discovery Hearing held on 12/18/2019 before Magistrate Judge Bruce E. Reinhart, 1-68 pages, Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/13/2020. Redacted Transcript Deadline set for 1/21/2020. Release of Transcript Restriction set for 3/20/2020. (sf) (Entered: 12/21/2019) | 12/21/2019 |
| 349 | Unopposed MOTION for Leave to File Excess Pages by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 12/23/2019) | 12/23/2019 |
| 350 | PAPERLESS ORDER granting Motion for Leave to File Excess Pages, ECF No. 349 . Signed by Judge Beth Bloom (laa) (Entered: 12/23/2019) | 12/23/2019 |
|  | Reset Deadlines Per DE#345. Responses due by 12/23/2019 (cqs) (Entered: 12/23/2019) | 12/23/2019 |
| 351 | REPLY to Response to Motion re 311 OBJECTION of Magistrate Judge 277 Order, to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER DEEMING CERTAIN FACTS ESTABLISHED AND STRIKING CERTAIN AFFIRMATIVE DEFENSES filed by Craig Wright. (Rivero, Andres) (Entered: 12/23/2019) | 12/23/2019 |
| 352 | RESPONSE re Motion re 344 Plaintiff's MOTION to Require Defendant to Make His Wife Ramona Watts Available for Deposition or, in the Alternative, Preclude Her From Testifying at Trial filed by Craig Wright. Replies due by 12/30/2019. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rivero, Andres) (Entered: 12/23/2019) | 12/23/2019 |
| 353 | MOTION for Extension of Time TO CONSENT TO MAGISTRATE JURISDICTION by Craig Wright. Responses due by 1/9/2020 (Rivero, Andres) (Entered: 12/26/2019) | 12/26/2019 |
| 354 | Amended MOTION for Extension of Time TO CONSENT TO MAGISTRATE JURISDICTION by Craig Wright. Responses due by 1/9/2020. (Rivero, Andres) (Entered: 12/26/2019) | 12/26/2019 |
| 355 | MOTION for Extension of Time TO CONSENT TO MAGISTRATE JURISDICTION UPDATED AMENDED MOTION FOR EXTENSION OF TIME TO CONSENT TO MAGISTRATE JURISDICTION by Craig Wright. Responses due by 1/9/2020 (Rivero, Andres) (Entered: 12/26/2019) | 12/26/2019 |
| 356 | PAPERLESS ORDER denying as moot Motion for Extension of Time, ECF No. 353 . See Updated Amended Motion filed at ECF No. 355 . Signed by Judge Beth Bloom (laa) (Entered: 12/26/2019) | 12/26/2019 |
| 357 | PAPERLESS ORDER denying as moot Motion for Extension of Time, ECF No. 354 . See Updated Amended Motion filed at ECF No. 355 . Signed by Judge Beth Bloom (laa) (Entered: 12/26/2019) | 12/26/2019 |
| 358 | PAPERLESS ORDER granting Motion for Extension of Time, ECF No. 355 . The deadline to consent to a trial and final disposition by the Magistrate Judge is extended through and including January 3, 2020. Signed by Judge Beth Bloom (laa) (Entered: 12/27/2019) | 12/27/2019 |
| 359 | REPLY to Response to Motion re 344 Plaintiff's MOTION to Require Defendant to Make His Wife Ramona Watts Available for Deposition or, in the Alternative, Preclude Her From Testifying at Trial filed by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Freedman, Devin) (Entered: 12/27/2019) | 12/27/2019 |
| 360 | PAPERLESS Order setting a Discovery Hearing for 1/2/2020 at 3:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel may appear telephonically using the conference call instructions previously provided. Signed by Magistrate Judge Bruce E. Reinhart on 12/30/2019. (hk02) (Entered: 12/30/2019) | 12/30/2019 |
| 361 | ORDER denying without prejudice 344 Motion to Require Defendant to Make His Wife Ramona Watts Available for Deposition or, in the Alternative, Preclude Her From Testifying at Trial. Signed by Judge Beth Bloom on 12/30/2019. See attached document for full details. (jas) (Entered: 12/31/2019) | 12/30/2019 |

| # | Docket Text | Date Filed |
|---|---|---|
| 362 | Joint MOTION for Discovery Joint Discovery Memorandum by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 1/14/2020 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Freedman, Devin) (Entered: 12/31/2019) | 12/31/2019 |
| 363 | PAPERLESS ORDER denying 327 Defendant's Motion for an Evidentiary Hearing on Plaintiffs' motion for attorneys' fees. Signed by Magistrate Judge Bruce E. Reinhart on 1/2/2020. (hk02) (Entered: 01/02/2020) | 01/02/2020 |
| 364 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing on DE 362 held on 1/2/2020. With the exception of one issue, the Court ruled from the bench on the parties' disputes. A written order at that issue will be filed separately. Total time in court: 55 minutes. (Digital 15:02:33) (hk02) (Entered: 01/02/2020) | 01/02/2020 |
| 365 | ORDER Denying Plaintiffs' Motion for Expedited Responses to their Second Request for Admissions as raised in 362 the parties' Joint Discovery Memorandum. Signed by Magistrate Judge Bruce E. Reinhart on 1/2/2020. See attached document for full details. (hk02) (Entered: 01/02/2020) | 01/02/2020 |
| 366 | PAPERLESS Order setting a Telephonic Discovery Hearing for 1/9/2020 at 2:30 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel shall use the conference call information previously provided. Counsel are ordered to meet and confer by speaking with each other prior to the hearing, and not via email. Signed by Magistrate Judge Bruce E. Reinhart on 1/8/2020. (hk02) (Entered: 01/08/2020) | 01/08/2020 |
| 367 | Plaintiff's MOTION to Seal a Third Tulip Trust document per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 01/09/2020) | 01/09/2020 |
| 368 | PAPERLESS ORDER granting Motion to Seal, ECF No. 367 , until further Court order. Signed by Judge Beth Bloom (laa) (Entered: 01/09/2020) | 01/09/2020 |
| 369 | Sealed Document Notice of Filing of Tulip Trust III by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Tulip Trust III) (Freedman, Devin) Modified to unseal main document per DE 414 on 3/5/2020 (cbr). (Entered: 01/09/2020) | 01/09/2020 |
|  | SYSTEM ENTRY - Docket Entry 369 [misc] restricted/sealed until further notice. (1428742) (Entered: 01/09/2020) | 01/09/2020 |
| 370 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing held on 1/9/2020. Total time in court: 1 hour : 18 minutes. (Digital 14:32:31) (hk02) (Entered: 01/09/2020) | 01/09/2020 |
| 371 | PAPERLESS ORDER denying as moot 303 Motion for Attorney Fees based upon the filing of Plaintiffs' Corrected Verified Motion for Attorneys' Fees, ECF No. 346 . Signed by Judge Beth Bloom (BB) (Entered: 01/09/2020) | 01/09/2020 |
| 372 | ORDER Regarding Defendant's Non-Disclosure Agreements. Signed by Magistrate Judge Bruce E. Reinhart on 1/9/2020. See attached document for full details. (ls) (Entered: 01/09/2020) | 01/09/2020 |
| 373 | ORDER affirming in part and reversing in part ECF No. 277 , and sustaining in part and overruling in part ECF No. 311 Appeal/Objection of Magistrate Judge Order to District Court. Signed by Judge Beth Bloom See attached document for full details. (ak03) (Entered: 01/10/2020) | 01/10/2020 |
| 374 | Plaintiff's EXPEDITED MOTION to Continue London Depositions by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 01/10/2020) | 01/10/2020 |
| 375 | PAPERLESS ORDER granting 374 Plaintiff's Expedited Motion to Extend Discovery and to Postpone the Depositions of Craig Wright, Ramona Watts and Andrew O'Hagan. The depositions of Craig Wright, Ramona Watts and Andrew O'Hagan are postponed. Plaintiffs shall have until Tuesday, January 14, 2020 to file a motion seeking any additional relief requested as a result of this Court's January 10, 2020 Order, ECF No. 373 . Signed by Judge Beth Bloom (ak03) (Entered: 01/10/2020) | 01/10/2020 |
| 376 | NOTICE of Compliance WITH COURTS JANUARY 10, 2020 ORDER by Craig Wright (Rivero, Andres) (Entered: 01/14/2020) | 01/14/2020 |
| 377 | Plaintiff's MOTION to Continue pretrial deadlines and trial date ( Responses due by 1/28/2020), Plaintiff's MOTION for Extension of Time of Discovery Cutoff Deadline for Plaintiffs by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 01/14/2020) | 01/14/2020 |
| 378 | NOTICE by Craig Wright re 377 Plaintiff's MOTION to Continue pretrial deadlines and trial datePlaintiff's MOTION for Extension of Time of Discovery Cutoff Deadline for Plaintiffs of Intent to Respond (Rivero, Andres) (Entered: 01/15/2020) | 01/15/2020 |
| 379 | RESPONSE in Opposition re 377 Plaintiff's MOTION to Continue pretrial deadlines and trial datePlaintiff's MOTION for Extension of Time of Discovery Cutoff Deadline for Plaintiffs filed by Craig Wright. Replies due by 1/22/2020. (Attachments: # 1 Exhibit A) (Rivero, Andres) (Entered: 01/15/2020) | 01/15/2020 |
| 380 | TRANSCRIPT of Discovery Hearing held on 1/2/20 before Magistrate Judge Bruce E. Reinhart, 1-44 pages, Court Reporter: Bonnie J. Lewis, 305-523-5635. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/5/2020. Redacted Transcript Deadline set for 2/18/2020. Release of Transcript Restriction set for 4/14/2020. (hh) (Entered: 01/15/2020) | 01/15/2020 |
| 381 | REPLY to Response to Motion re 377 Plaintiff's MOTION to Continue pretrial deadlines and trial datePlaintiff's MOTION for Extension of Time of Discovery Cutoff Deadline for Plaintiffs filed by Ira Kleiman, W&K Info Defense Research, LLC. (Brenner, Andrew) (Entered: 01/15/2020) | 01/15/2020 |

24

| # | Docket Text | Date Filed |
|---|---|---|
| 382 | ORDER granting in part and denying in part 377 Motion to Continue Trial Date; granting in part and denying in part 377 Motion for Extension of Time of Pretrial Deadlines; (Discovery due by 4/17/2020., Expert Discovery due by 4/17/2020., Dispositive Motions due by 5/4/2020., In Limine Motions due by 5/4/2020., Motions due by 5/4/2020., Pretrial Stipulation due by 6/15/2020., Calendar Call set for 6/30/2020 01:45 PM in Miami Division before Judge Beth Bloom., Jury Trial set for 7/6/2020 09:00 AM in Miami Division before Judge Beth Bloom.). Signed by Judge Beth Bloom on 1/15/2020. See attached document for full details. (ls) (Entered: 01/16/2020) | 01/16/2020 |
| 383 | TRANSCRIPT of Telephonic Discovery Conference held on 01/09/2020 before Magistrate Judge Bruce E. Reinhart, 1-74 pages, Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/6/2020. Redacted Transcript Deadline set for 2/18/2020. Release of Transcript Restriction set for 4/15/2020. (sf) (Entered: 01/16/2020) | 01/16/2020 |
| 384 | PAPERLESS Order setting a Discovery Hearing regarding Defendant's proposed redactions to the sealed exhibit for 1/29/2020 at 2:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel shall file a joint notice 48 hours in advance of the hearing setting forth the agreed-upon redactions and those still in dispute. Signed by Magistrate Judge Bruce E. Reinhart on 1/22/2020. (hk02) (Entered: 01/22/2020) | 01/22/2020 |
| 385 | PAPERLESS ORDER allowing counsel to appear at the 1/29/20 discovery hearing by telephone using the conference call instructions previously provided. Signed by Magistrate Judge Bruce E. Reinhart on 1/22/2020. (hk02) (Entered: 01/22/2020) | 01/22/2020 |
| 386 | PAPERLESS ORDER directing Plaintiffs to submit for in camera review the portions of Defendant's privilege log where Plaintiffs claim that Defendant improperly asserts a privilege on behalf of a third party. Signed by Magistrate Judge Bruce E. Reinhart on 1/22/2020. (hk02) (Entered: 01/22/2020) | 01/22/2020 |
| 387 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing regarding the filing at DE 369 which will remain under seal, any objections to the parties' confidentiality designations, and privilege log issues held on 1/29/2020. Counsel will contact the Court to set a date for a future hearing on privilege issues. Total time in court: 30 minutes. (Digital 14:06:38) (hk02) (Entered: 01/29/2020) | 01/29/2020 |
| 388 | NOTICE of Attorney Appearance by Laselve Elijah Harrison on behalf of Ira Kleiman. Attorney Laselve Elijah Harrison added to party Ira Kleiman(pty:pla). (Harrison, Laselve) (Entered: 01/31/2020) | 01/31/2020 |
| 389 | MEMORANDUM of Law challenging Craig Wright's privilege designations by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 02/02/2020) | 02/02/2020 |
| 390 | PAPERLESS ORDER directing Defendant to file a response to 389 Plaintiffs' Memorandum re: privilege designations by 2/11/20. Signed by Magistrate Judge Bruce E. Reinhart on 2/4/2020. (hk02) (Entered: 02/04/2020) | 02/04/2020 |
| 391 | MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 02/04/2020) | 02/04/2020 |
|  | SYSTEM ENTRY - Docket Entry 392 [motion] restricted/sealed until further notice. (1428742) (Entered: 02/04/2020) | 02/04/2020 |
| 393 | PAPERLESS ORDER granting 391 Motion to Seal until further court order. Signed by Judge Beth Bloom (BB) (Entered: 02/05/2020) | 02/05/2020 |
| 394 | RESPONSE to 389 Memorandum DR. CRAIG WRIGHT'S OPPOSITION TO PLAINTIFFS' CHALLENGE TO HIS PRIVILEGE DESIGNATIONS by Craig Wright. (Attachments: # 1 Exhibit 1)(Rivero, Andres) (Entered: 02/11/2020) | 02/11/2020 |
| 395 | RESPONSE DR. CRAIG WRIGHT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF CERTAIN DISCOVERY REQUESTS by Craig Wright. (Attachments: # 1 Exhibit A)(Rivero, Andres) (Entered: 02/18/2020) | 02/18/2020 |
| 396 | Plaintiff's REPLY to 394 Response/Reply (Other) in re Defendant's privilege designations by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 02/19/2020) | 02/19/2020 |
| 397 | PAPERLESS Order setting a Telephonic Discovery Hearing for 2/25/2020 at 5:30 PM before Magistrate Judge Bruce E. Reinhart. Counsel shall use the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Signed by Magistrate Judge Bruce E. Reinhart on 2/19/2020. (hk02) (Entered: 02/19/2020) | 02/19/2020 |
| 398 | PAPERLESS Order setting a Miscellaneous Hearing re: privilege issues for 3/5/2020 at 2:30 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. Counsel may appear telephonically using the conference call instructions previously provided. Signed by Magistrate Judge Bruce E. Reinhart on 2/19/2020. (hk02) (Entered: 02/19/2020) | 02/19/2020 |
| 399 | NOTICE of Attorney Appearance by Constantine Philip Economides on behalf of Ira Kleiman, W&K Info Defense Research, LLC. Attorney Constantine Philip Economides added to party Ira Kleiman(pty:pla), Attorney Constantine Philip Economides added to party W&K Info Defense Research, LLC(pty:pla). (Economides, Constantine) (Entered: 02/19/2020) | 02/19/2020 |
| 400 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Stephen Lagos. Filing Fee $ 75.00 Receipt # AFLSDC-12480272 by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 3/4/2020 (Attachments: # 1 Certification of Stephen Lagos, # 2 Text of Proposed Order)(Freedman, Devin) (Entered: 02/19/2020) | 02/19/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 401 | PAPERLESS ORDER granting 400 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Stephen Lagos. Signed by Judge Beth Bloom (BB) (Entered: 02/20/2020) | 02/20/2020 |
| 402 | PAPERLESS ORDER RESETTING the Discovery Hearing on 2/25/2020 to 2:00 PM in West Palm Beach Division before Magistrate Judge Bruce E. Reinhart. **TIME CHANGE ONLY** Counsel shall file a status report regarding the dispute on 2/24/20. Signed by Magistrate Judge Bruce E. Reinhart on 2/21/2020. (hk02) (Entered: 02/21/2020) | 02/21/2020 |
| 403 | Plaintiff's MOTION to Seal Joint Status Report per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit Proposed Order) (Brenner, Andrew) (Entered: 02/24/2020) | 02/24/2020 |
| | SYSTEM ENTRY - Docket Entry 404 [misc] restricted/sealed until further notice. (761827) (Entered: 02/24/2020) | 02/24/2020 |
| 405 | PAPERLESS ORDER granting ECF No. 403 Motion to Seal until further court order. Signed by Judge Beth Bloom (cb00) (Entered: 02/25/2020) | 02/25/2020 |
| 406 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing on DE 404 held on 2/25/2020. The Court will resume the hearing to consider whether Defendant has satisfied his burden to establish privilege at the hearing already scheduled for 3/5/20 at 2:30 p.m. Total time in court: 11 minutes. (Digital 14:04:31) (hk02) (Entered: 02/25/2020) | 02/25/2020 |
| 407 | REPLY to 395 Response/Reply (Other) In Support Of PLAINTIFFS' MOTION FOR RECONSIDERATION OF CERTAIN DISCOVERY REQUESTS by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 02/25/2020) | 02/25/2020 |
| 408 | ORDER Granting in Part and Denying in Part 392 Plaintiffs' SEALED MOTION for reconsideration of certain discovery rulings. Signed by Magistrate Judge Bruce E. Reinhart on 3/2/2020. See attached document for full details. (hk02) (Entered: 03/02/2020) | 03/02/2020 |
| 409 | MOTION to Seal by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 03/02/2020) | 03/02/2020 |
| | SYSTEM ENTRY - Docket Entry 410 [motion] restricted/sealed until further notice. (1428742) (Entered: 03/02/2020) | 03/02/2020 |
| 411 | STATUS REPORT JOINT DISCOVERY STATUS REPORT by Craig Wright (Rivero, Andres) (Entered: 03/02/2020) | 03/02/2020 |
| | SYSTEM ENTRY - Docket Entry 412 [motion] restricted/sealed until further notice. (1428742) (Entered: 03/03/2020) | 03/03/2020 |
| | SYSTEM ENTRY - Docket Entry 413 [order] restricted/sealed until further notice. (BB) (Entered: 03/04/2020) | 03/04/2020 |
| 414 | ORDER TO SHOW CAUSE to Defendant and directing Clerk of Court to unseal the notice at DE 369. Signed by Magistrate Judge Bruce E. Reinhart on 3/4/2020. See attached document for full details. (hk02) (Entered: 03/04/2020) | 03/04/2020 |
| 415 | Clerk's Notice of Compliance re 414 Order (cbr) (Entered: 03/05/2020) | 03/04/2020 |
| 418 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing re: DE 389, 394, 396, 404 held on 3/5/2020. Written order to follow. Total time in court: 2 hours : 16 minutes. (Digital 14:31:05) (hk02) (Entered: 03/06/2020) | 03/05/2020 |
| 416 | RESPONSE DR. CRAIG WRIGHT'S OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR ISSUANCE OF LETTER ROGATORY by Craig Wright. (Rivero, Andres) (Entered: 03/06/2020) | 03/06/2020 |
| 417 | PAPERLESS ORDER Granting 412 Plaintiffs' Sealed Motion for the issuance of letters rogatory. This ruling is without prejudice for Defendant to renew his relevance objections at a later date. The granting of this motion does not extend any other deadlines. Plaintiffs shall email a proposed order in Word format for Judge Reinhart's signature. Signed by Magistrate Judge Bruce E. Reinhart on 3/6/2020. (hk02) (Entered: 03/06/2020) | 03/06/2020 |
| 419 | PAPERLESS ORDER re 414 Order to Show Cause. At the discovery hearing on March 5, 2020, defense counsel made an ore tenus motion for the Court to reconsider its prior order directing that the trust document at DE 369-1 be filed in redacted form. Defendant's motion is granted. DE 369-1 shall remain under seal until further order of the Court. Signed by Magistrate Judge Bruce E. Reinhart on 3/6/2020. (hk02) (Entered: 03/06/2020) | 03/06/2020 |
| 420 | ORDER re Plaintiffs' objections to Defendant's claims of privilege 394 , 389 . Signed by Magistrate Judge Bruce E. Reinhart on 3/9/2020. See attached document for full details. (hk02) (Entered: 03/09/2020) | 03/09/2020 |
| 421 | REQUEST/ORDER FOR INTERNATIONAL JUDICIAL ASSISTANCE re 417 Signed by Magistrate Judge Bruce E. Reinhart on 3/9/2020. See attached document for full details. (tmn) (Entered: 03/09/2020) | 03/09/2020 |
| 422 | Expedited MOTION to Postpone Dr. Wright's Deposition by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) Modified Text on 3/11/2020 (ls). (Entered: 03/10/2020) | 03/10/2020 |
| 423 | PAPERLESS ORDER requiring the Defendant's expedited response by March 13, 2020, to ECF No. 422 , Plaintiffs' Expedited Motion To Postpone Dr. Wright's Deposition. Signed by Judge Beth Bloom (cb00) (Entered: 03/10/2020) | 03/10/2020 |
| 424 | PAPERLESS ORDER granting ECF No. 409 Motion to Seal until further Court order. Re: ECF No. 417 Order on Sealed Motion. Signed by Judge Beth Bloom (cb00) (Entered: 03/10/2020) | 03/10/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| | Set Deadlines as to 422 Plaintiff's MOTION to Postpone Dr. Wright's Deposition . Responses due by 3/13/2020 (ls)(per DE #423) (Entered: 03/11/2020) | 03/10/2020 |
| 425 | RESPONSE to Motion re 422 Expedited MOTION to Postpone Dr. Wright's Deposition filed by Craig Wright. Replies due by 3/18/2020. (Rivero, Andres) (Entered: 03/11/2020) | 03/11/2020 |
| 426 | NOTICE by Craig Wright of Filing Exhibits Introduced by Dr. Wright at the March 5, 2020 Hearing (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Rivero, Andres) Modified Text on 3/12/2020 (ls). (Entered: 03/11/2020) | 03/11/2020 |
| 427 | PAPERLESS ORDER denying ECF No. 422 Motion. The Court is mindful of the concerns related to deposing Defendant in person in London because of the COVID-19 virus. In light of the potential health risks associated with international travel, the Court permits Plaintiff's the option to make arrangements to take Defendant's deposition by videoconferencing and providing all documents through a share file or physically sent to London via Federal Express or by another international overnight delivery servicer in preparation for the deposition. Signed by Judge Beth Bloom (cb00) (Entered: 03/11/2020) | 03/11/2020 |
| 428 | TRANSCRIPT of Hearing held on 3/5/20 before Magistrate Judge Bruce E. Reinhart, 1-116 pages, Court Reporter: Joanne Mancari, 305-523-5635. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/6/2020. Redacted Transcript Deadline set for 4/15/2020. Release of Transcript Restriction set for 6/15/2020. (hh) (Entered: 03/16/2020) | 03/15/2020 |
| 429 | ORDER granting in part and denying in part 346 Corrected Motion for Attorney Fees and Costs. Signed by Magistrate Judge Bruce E. Reinhart on 3/16/2020. See attached document for full details. (ls) (Entered: 03/17/2020) | 03/16/2020 |
| 430 | RESPONSE TO ORDER TO SHOW CAUSE by Craig Wright. (Rivero, Andres) (Entered: 03/20/2020) | 03/20/2020 |
| 431 | MOTION to Seal per Local Rule 5.4 by Craig Wright. (Rivero, Andres) (Entered: 03/23/2020) | 03/23/2020 |
| 432 | PAPERLESS ORDER granting ECF No. 431 Motion to Seal until further Court order. Signed by Judge Beth Bloom (cb00) (Entered: 03/23/2020) | 03/23/2020 |
| | SYSTEM ENTRY - Docket Entry 433 [misc] restricted/sealed until further notice. (514773) (Entered: 03/23/2020) | 03/23/2020 |
| 434 | OBJECTION of Magistrate Judge 420 Order to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER ON DISCOVERY (Attachments: # 1 Exhibit F, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J)(Rivero, Andres) (Entered: 03/23/2020) | 03/23/2020 |
| 435 | TRANSCRIPT of Telephonic Discovery Hearing held on 2/25/20 before Magistrate Judge Bruce E. Reinhart, 1-12 pages, Court Reporter: Bonnie J. Lewis, 305-523-5635. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/14/2020. Redacted Transcript Deadline set for 4/24/2020. Release of Transcript Restriction set for 6/22/2020. (hh) (Entered: 03/24/2020) | 03/24/2020 |
| 436 | EXPEDITED MOTION for Enlargement of Time of Expert Related Deadlines and for Extension of Time to Complete Three Fact Witness Depositions by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 03/24/2020) | 03/24/2020 |
| 437 | PAPERLESS ORDER requiring the Defendant's expedited response by March 25, 2020 to ECF No. 436 Expedited Motion. Signed by Judge Beth Bloom (cb00) (Entered: 03/24/2020) | 03/24/2020 |
| 438 | PAPERLESS ORDER requiring the Plaintiffs' expedited response by April 1, 2020 to ECF No. 434 Appeal/Objection of Magistrate Judge Order to District Court. Signed by Judge Beth Bloom (cb00) (Entered: 03/25/2020) | 03/25/2020 |
| 439 | RESPONSE in Opposition re 436 EXPEDITED MOTION for Enlargement of Time of Expert Related Deadlines and for Extension of Time to Complete Three Fact Witness Depositions filed by Craig Wright. Replies due by 4/1/2020. (Rivero, Andres) (Entered: 03/25/2020) | 03/25/2020 |
| 440 | REPLY to 436 EXPEDITED MOTION for Enlargement of Time of Expert Related Deadlines and for Extension of Time to Complete Three Fact Witness Depositions by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 03/25/2020) | 03/25/2020 |
| 441 | ORDER Amending Scheduling Order granting in part and denying in part 436 Expedited Motion for Enlargement of Time of Expert Related Deadlines and for Extension of Time to Complete Three Fact Witness Depositions. Discovery due by 5/1/2020. Expert Discovery due by 5/1/2020. Fact Discovery due by 5/1/2020. Dispositive Motions due by 5/8/2020. In Limine Motions due by 5/8/2020. Motions due by 5/8/2020. Signed by Judge Beth Bloom on 3/25/2020. See attached document for full details. (ls) (Entered: 03/26/2020) | 03/25/2020 |
| 442 | PAPERLESS ORDER Setting Telephone Discovery Hearing for 4/1/2020 at 2:00 PM before Magistrate Judge Bruce E. Reinhart. Counsel shall appear using the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Signed by Magistrate Judge Bruce E. Reinhart on 3/30/2020. (hk02) (Entered: 03/30/2020) | 03/30/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 443 | Joint MOTION for Discovery Joint Discovery Memorandum by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 4/13/2020 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Brenner, Andrew) (Entered: 03/30/2020) | 03/30/2020 |
| 444 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Telephonic Discovery Hearing held on 4/1/2020. A continued Telephonic Discovery Hearing is hereby set for 4/2/2020 at 2:00 PM before Magistrate Judge Bruce E. Reinhart using the same conference call instructions. Total time in court: 53 minutes. (Digital BER_2_4.1.2020) (hk02) (Entered: 04/01/2020) | 04/01/2020 |
| 445 | RESPONSE in Opposition re 434 OBJECTION of Magistrate Judge 420 Order to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER ON DISCOVERY filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 4/8/2020. (Freedman, Devin) (Entered: 04/01/2020) | 04/01/2020 |
| 446 | PAPERLESS ORDER Cancelling the telephone hearing scheduled for today based on counsel's representation that they have resolved the dispute. Signed by Magistrate Judge Bruce E. Reinhart on 4/2/2020. (hk02) (Entered: 04/02/2020) | 04/02/2020 |
| 447 | ORDER granting 443 Defendant's Motion for Protective Order limiting Plaintiffs' interrogatories. Signed by Magistrate Judge Bruce E. Reinhart on 4/3/2020. See attached document for full details. (hk02) (Entered: 04/03/2020) | 04/03/2020 |
| 448 | PAPERLESS Order setting Telephonic Discovery Hearing for 4/9/2020 at 3:00 PM before Magistrate Judge Bruce E. Reinhart. Counsel shall use the conference call instructions previously provided. Signed by Magistrate Judge Bruce E. Reinhart on 4/6/2020. (hk02) (Entered: 04/06/2020) | 04/06/2020 |
| | Set Hearings per DE 448 Order. Discovery Hearing set for 4/9/2020 03:00 PM before Magistrate Judge Bruce E. Reinhart. (kpe) (Entered: 04/06/2020) | 04/06/2020 |
| 449 | MOTION for Discovery JOINT DISCOVERY MEMORANDUM by Craig Wright. Responses due by 4/21/2020 (Attachments: # 1 Exhibit A)(Rivero, Andres) (Entered: 04/07/2020) | 04/07/2020 |
| 450 | REPLY to 445 Response in Opposition to Motion, 434 OBJECTION of Magistrate Judge 420 Order to District Court DR. CRAIG WRIGHT'S OBJECTION TO MAGISTRATE ORDER ON DISCOVERY by Craig Wright. (Rivero, Andres) (Entered: 04/08/2020) | 04/08/2020 |
| 451 | PAPERLESS ORDER granting in part and denying in part 449 the parties' Joint Motion for Discovery. Defendant's Requests for Admission regarding Mr. Kleiman's educational background are relevant and Plaintiffs' objections are overruled. Regarding Defendant's assertion of work product privilege over Mr. Lynam's statement, Defense counsel shall submit the statement for in camera review along with any supportive documentation by 4/17/20 at 5:00 p.m. Plaintiffs' request for Defendant's assistance in effecting service of process on Mr. Nguyen is denied. Signed by Magistrate Judge Bruce E. Reinhart on 4/9/2020. (hk02) (Entered: 04/09/2020) | 04/09/2020 |
| 452 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing on DE 449 held on 4/9/2020. Total time in court: 35 minutes. (Digital BER_1_4.9.2020) (hk02) (Entered: 04/09/2020) | 04/09/2020 |
| 453 | PAPERLESS Order setting Discovery Hearing for 4/17/2020 at 3:00 PM before Magistrate Judge Bruce E. Reinhart. Counsel, parties, or members of the public can attend by dialing: 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Counsel shall dial in from a landline whenever possible; cellphone attendees, after noting appearance, and members of the public must remain on mute. Signed by Magistrate Judge Bruce E. Reinhart on 4/13/2020. (hk02) (Entered: 04/13/2020) | 04/13/2020 |
| 454 | ORDER - It is ORDERED AND ADJUDGED that the Discovery Order, ECF No. 420 , is AFFIRMED and Defendants Objection to the Discovery Order, ECF No. 434 , is OVERRULED. Defendants shall produce the materials ordered to be produced by the Discovery Order, ECF No. 420 , by April 17, 2020. Signed by Judge Beth Bloom on 4/13/2020. See attached document for full details. (scn) Document type modified on 4/13/2020. (scn) (Entered: 04/13/2020) | 04/13/2020 |
| 455 | TRANSCRIPT of Telephonic Discovery Hearing held on 4/1/2020 before Magistrate Judge Bruce E. Reinhart, 1-37 pages, Court Reporter: Bonnie Joy Lewis, 954-985-8875. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/7/2020. Redacted Transcript Deadline set for 5/18/2020. Release of Transcript Restriction set for 7/15/2020. (apz) (Entered: 04/17/2020) | 04/16/2020 |
| 456 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing regarding Mr. Lynam's written statement and Defendant's expert disclosures held on 4/17/2020. Total time in court: 1 hour : 4 minutes. (Digital BER_1_4.17.2020) (hk02) (Entered: 04/17/2020) | 04/17/2020 |
| 457 | ORDER memorializing rulings during discovery hearing. Signed by Magistrate Judge Bruce E. Reinhart on 4/17/2020. See attached document for full details. (hk02) (Entered: 04/17/2020) | 04/17/2020 |
| 458 | TRANSCRIPT of Telephonic Discovery Hearing held on 04/17/2020 before Magistrate Judge Bruce E. Reinhart, 1-55 pages, Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2020. Redacted Transcript Deadline set for 5/22/2020. Release of Transcript Restriction set for 7/20/2020. (Franklin, Stephen) (Entered: 04/21/2020) | 04/21/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 459 | PAPERLESS Order setting a Discovery Hearing for 4/24/2020 at 11:00 AM before Magistrate Judge Bruce E. Reinhart. Counsel, parties, or members of the public can attend by dialing: 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Counsel shall dial in from a landline whenever possible; cellphone attendees, after noting appearance, and members of the public must remain on mute. Signed by Magistrate Judge Bruce E. Reinhart on 4/23/2020. (hk02) (Entered: 04/23/2020) | 04/23/2020 |
| 460 | MOTION to Seal Joint Discovery Memorandum per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 04/23/2020) | 04/23/2020 |
| | SYSTEM ENTRY - Docket Entry 461 [misc] restricted/sealed until further notice. (1428742) (Entered: 04/23/2020) | 04/23/2020 |
| 462 | PAPERLESS ORDER granting 460 Motion to Seal Re: 461 Sealed Document filed by Ira Kleiman, W&K Info Defense Research, LLC. Signed by Magistrate Judge Bruce E. Reinhart on 4/24/2020. (hk02) (Entered: 04/24/2020) | 04/24/2020 |
| 463 | PAPERLESS ORDER re 461 Sealed Joint Discovery Memorandum. In accordance with the rulings made on the record during today's hearings, the Court is overruling Defendant's objection to the confidentiality designation in Plaintiffs' initial disclosures. The Court will revisit this ruling during the Evidentiary Hearing set for 4/28/2020 at 1:00 PM before Magistrate Judge Bruce E. Reinhart. Any briefing on this issue is due by 8:00 p.m. on 4/27/2020. Signed by Magistrate Judge Bruce E. Reinhart on 4/24/2020. (hk02) (Entered: 04/24/2020) | 04/24/2020 |
| 464 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing held on 4/24/2020. The hearing was open to the public until the 29 minute-mark; the remainder of the hearing was closed to the public and is SEALED. Total time in court: 37 minutes. (Digital BER_2_4.24.2020) (hk02) (Entered: 04/27/2020) | 04/27/2020 |
| 465 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Telephone Conference with counsel held on 4/24/2020. This conference was closed to the public and is SEALED. Total time in court: 30 minutes. (Digital BER_3_4.24.2020) (hk02) (Entered: 04/27/2020) | 04/27/2020 |
| 466 | Joint MOTION to Seal per Local Rule 5.4 by Craig Wright, Ira Kleiman, W&K Info Defense Research, LLC. (Rivero, Andres) Modified Filers on 4/28/2020 (ls). (Entered: 04/27/2020) | 04/27/2020 |
| | SYSTEM ENTRY - Docket Entry 467 [motion] restricted/sealed until further notice. (514773) (Entered: 04/27/2020) | 04/27/2020 |
| 468 | PAPERLESS Order Cancelling the Evidentiary Hearing scheduled for 1:00 p.m. today based on the parties' joint stipulation. Signed by Magistrate Judge Bruce E. Reinhart on 4/28/2020. (hk02) (Entered: 04/28/2020) | 04/28/2020 |
| 469 | TRANSCRIPT of Hearing held on 4/9/20 before Magistrate Judge Bruce E. Reinhart, 1-24 pages, Court Reporter: Joanne Mancari, 305-523-5635. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/19/2020. Redacted Transcript Deadline set for 5/29/2020. Release of Transcript Restriction set for 7/27/2020. (hh) (Entered: 04/28/2020) | 04/28/2020 |
| 470 | PAPERLESS ORDER Setting Telephonic Status Conference for 4/29/2020 at 11:00 AM before Magistrate Judge Bruce E. Reinhart. Counsel, parties, or members of the public can attend by dialing: 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Counsel shall dial in from a landline whenever possible; cellphone attendees, after noting appearance, and members of the public must remain on mute. Signed by Magistrate Judge Bruce E. Reinhart on 4/28/2020. (hk02) (Entered: 04/28/2020) | 04/28/2020 |
| 471 | TRANSCRIPT of Telephonic Discovery Hearing held on 04/24/2020 before Magistrate Judge Bruce E. Reinhart, 1-29 pages, Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/20/2020. Redacted Transcript Deadline set for 6/1/2020. Release of Transcript Restriction set for 7/28/2020. (Franklin, Stephen) (Entered: 04/29/2020) | 04/29/2020 |
| 472 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Telephone Status Conference re: DE 467 held on 4/29/2020. The conference was open to the public until the 28-minute mark. Thereafter the conference is SEALED. Total time in court: 34 minutes. (Digital BER_1_4.29.2020) (hk02) (Entered: 04/29/2020) | 04/29/2020 |
| 473 | PAPERLESS NOTICE of Hearing: re 467 Joint SEALED MOTION FOR APPROVAL OF JOINT STIPULATION, 466 Joint MOTION to Seal per Local Rule 5.4 Telephonic Status Conference set for 4/29/2020 03:30 PM 1- 877-336-1829 on said date and time. The access code is 4742152 and the security code is 5680. For clarity, please do not use a cell phone or a speaker phone before Judge Beth Bloom. (ego) (Entered: 04/29/2020) | 04/29/2020 |
| 474 | PROTECTIVE ORDER Motions terminated: 467 Joint SEALED MOTION FOR APPROVAL OF JOINT STIPULATION filed by Craig Wright. Signed by Magistrate Judge Bruce E. Reinhart on 4/29/2020. See attached document for full details. (BER) (Entered: 04/29/2020) | 04/29/2020 |
| 475 | PAPERLESS ORDER granting 466 Motion to Seal. Matter shall remain sealed until further Court Order. Signed by Judge Beth Bloom (BB) (Entered: 04/30/2020) | 04/30/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 476 | ORDER SCHEDULING TRIAL AND ORDER OF INSTRUCTIONS BEFORE CALENDAR CALL: Jury Trial set for 7/6/2020 09:00 AM in Miami Division before Judge Beth Bloom. Calendar Call set for 6/30/2020 01:45 PM in Miami Division before Judge Beth Bloom. Signed by Judge Beth Bloom on 5/1/2020. See attached document for full details. (mc) Pattern Jury Instruction Builder - To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 05/01/2020) | 05/01/2020 |
| 477 | PAPERLESS MinuteEntry for proceedings held before Judge Beth Bloom: Telephone Conference held on 4/29/2020. For the reasons stated on the record, ECF 466 was granted. Total time in court: 15 minutes. Attorney Appearance(s): Devin Freedman, Andres Rivero, Amanda Marie McGovern, Richard Buckner, Patricia Glaser, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) for proceedings held before Judge Beth Bloom: Telephone Conference held on 4/29/2020. Total time in court: 15 minutes. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 05/01/2020) | 05/01/2020 |
| 478 | TRANSCRIPT of Telephonic Discovery Hearing held on 04/29/2020 before Magistrate Judge Bruce E. Reinhart, 1-29 pages, Court Reporter: Stephen Franklin, 561-514-3768 / Stephen_Franklin@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/26/2020. Redacted Transcript Deadline set for 6/5/2020. Release of Transcript Restriction set for 8/3/2020. (Franklin, Stephen) (Entered: 05/05/2020) | 05/05/2020 |
| 479 | MOTION for Extension of Time to File a Motion for Sanctions by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 5/19/2020 (Freedman, Devin) (Entered: 05/05/2020) | 05/05/2020 |
| 480 | PAPERLESS ORDER requiring Defendant's expedited response by May 7, 2020, to ECF No. 479 , Plaintiffs' Motion for Extension of Time to File Sanctions Motion. Signed by Judge Beth Bloom (BB) (Entered: 05/06/2020) | 05/06/2020 |
|  | Reset Deadlines as to 479 MOTION for Extension of Time to File a Motion for Sanctions . Responses due by 5/7/2020 (ls)(per DE #480) (Entered: 05/06/2020) | 05/06/2020 |
| 481 | RESPONSE in Opposition re 479 MOTION for Extension of Time to File a Motion for Sanctions filed by Craig Wright. Replies due by 5/13/2020. (Rivero, Andres) (Entered: 05/06/2020) | 05/06/2020 |
| 482 | Unopposed MOTION for Leave to File Excess Pages by Craig Wright. (Rivero, Andres) (Entered: 05/06/2020) | 05/06/2020 |
| 483 | PAPERLESS ORDER granting in part and denying in part 482 Motion for Leave to File Excess Pages. Each party is permitted to file a motion for summary judgment with 10 excess pages. Signed by Judge Beth Bloom (BB) (Entered: 05/06/2020) | 05/06/2020 |
| 484 | PAPERLESS ORDER granting 479 Motion for Extension of Time by one week, or no later than May 15, 2020. Signed by Judge Beth Bloom (BB) (Entered: 05/06/2020) | 05/06/2020 |
| 485 | Plaintiff's MOTION for Leave to File Excess Pages by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Brenner, Andrew) (Entered: 05/07/2020) | 05/07/2020 |
| 486 | PAPERLESS ORDER granting 485 Motion for Leave to File Excess Pages. The parties are each permitted to file an omnibus motion in limine that exceeds the page limits by 15 pages, and an omnibus Daubert motion that exceeds the page limits by 20 pages. Signed by Judge Beth Bloom (BB) (Entered: 05/07/2020) | 05/07/2020 |
| 487 | MOTION for Summary Judgment by Craig Wright. Responses due by 5/22/2020 (Rivero, Andres) (Entered: 05/08/2020) | 05/08/2020 |
| 488 | Statement of: Of Material Facts in Support of Motion for Summary Judgment by Craig Wright (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Rivero, Andres) (Entered: 05/08/2020) | 05/08/2020 |
| 489 | NOTICE by Craig Wright re 488 Statement, Index of Exhibits (Rivero, Andres) (Entered: 05/08/2020) | 05/08/2020 |
| 490 | Defendant's MOTION in Limine by Craig Wright. (Rivero, Andres) (Entered: 05/08/2020) | 05/08/2020 |
| 491 | Opposed MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) Modified Text on 5/11/2020 (ls). (Entered: 05/08/2020) | 05/08/2020 |
|  | SYSTEM ENTRY - Docket Entry 492 [motion] restricted/sealed until further notice. (1428742) (Entered: 05/08/2020) | 05/08/2020 |
| 493 | Plaintiff's Opposed MOTION to Seal per Order authorizing the submission of this document under seal by Ira Kleiman, W&K Info Defense Research, LLC. (Brenner, Andrew) Modified Text on 5/11/2020 (ls). (Entered: 05/08/2020) | 05/08/2020 |
| 494 | Plaintiff's Opposed MOTION to Seal per Order authorizing the submission of this document under seal by Ira Kleiman, W&K Info Defense Research, LLC. (Harrison, Laselve) Modified Text on 5/11/2020 (ls). (Entered: 05/08/2020) | 05/08/2020 |
| 495 | Un-Sealed Document as per 539 Order Plaintiffs' Statement of Undisputed Material Facts In Support of Their Motion for Partial Summary Judgment on Defendant's Affirmative Defenses by Ira Kleiman, W&K Info Defense Research, LLC. (Harrison, Laselve) Modified to Un-Seal on 5/26/2020 as per 539 Order (ra). (Entered: 05/08/2020) | 05/08/2020 |
|  | SYSTEM ENTRY - Docket Entry 495 [misc] restricted/sealed until further notice. (1485028) (Entered: 05/08/2020) | 05/08/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 496 | Plaintiff's Opposed MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Harrison, Laselve) Modified Text on 5/11/2020 (ls). (Entered: 05/08/2020) | 05/08/2020 |
| | SYSTEM ENTRY - Docket Entry 497 [motion] restricted/sealed until further notice. (1485028) (Entered: 05/08/2020) | 05/08/2020 |
| | SYSTEM ENTRY - Docket Entry 498 [motion] restricted/sealed until further notice. (761827) (Entered: 05/08/2020) | 05/08/2020 |
| 499 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Intent to Raise an Issue of Australian Law (Harrison, Laselve) (Entered: 05/08/2020) | 05/08/2020 |
| 500 | MOTION to Exclude the Opinion Testimony of Plaintiffs' Expert Witnesses by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O)(Rivero, Andres) (Entered: 05/09/2020) | 05/08/2020 |
| 501 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Index of Exhibits (Harrison, Laselve) Modified Text on 5/11/2020 (ls). (Entered: 05/09/2020) | 05/09/2020 |
| 502 | ORDER re 491 Motion to Seal, 493 Motion to Seal, 494 Motion to Seal, and 496 Motion to Seal are DENIED. However, the Seale Motions ECF Nos. 492 , 495 , 497 ,and 498 , shall REMAIN UNDER SEAL until further Court order. Defendant shall respond to the sealed motions by May 22, 2020. To the extent Defendant believes that certain portions of the sealed motions are exempt from the public's right of access, the parties shall confer in good faith, By no later than May 18, 2020. Signed by Judge Beth Bloom on 5/11/2020. See attached document for full details. (nc) (Entered: 05/12/2020) | 05/12/2020 |
| 503 | Plaintiff's MOTION for Leave to File Excess Pages by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Brenner, Andrew) (Entered: 05/15/2020) | 05/15/2020 |
| 504 | RESPONSE in Opposition re 503 Plaintiff's MOTION for Leave to File Excess Pages filed by Craig Wright. Replies due by 5/22/2020. (Rivero, Andres) (Entered: 05/15/2020) | 05/15/2020 |
| 505 | PAPERLESS ORDER granting 503 Motion for Leave to File 5 Excess Pages. Signed by Judge Beth Bloom (BB) (Entered: 05/15/2020) | 05/15/2020 |
| 506 | MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 05/15/2020) | 05/15/2020 |
| | SYSTEM ENTRY - Docket Entry 507 [motion] restricted/sealed until further notice. (1428742) (Entered: 05/15/2020) | 05/15/2020 |
| 508 | ORDER denying 506 Motion to Seal. Signed by Judge Beth Bloom on 5/18/2020. See attached document for full details. (ra) (Entered: 05/18/2020) | 05/18/2020 |
| 509 | REDACTION TO PLAINTIFFS OMNIBUS DAUBERT MOTION TO STRIKE DEFENSE EXPERTS by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20)(Freedman, Devin) (Entered: 05/18/2020) | 05/18/2020 |
| 510 | REDACTION TO PLAINTIFFS OMNIBUS MOTION IN LIMINE by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22)(Freedman, Devin) (Entered: 05/18/2020) | 05/18/2020 |
| 511 | REDACTION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS AFFIRMATIVE DEFENSES by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 1-2, # 3 Exhibit 1-3, # 4 Exhibit 1-4, # 5 Exhibit 1-5, # 6 Exhibit 1-6, # 7 Exhibit 2, # 8 Exhibit 3, # 9 Exhibit 4, # 10 Exhibit 5, # 11 Exhibit 6, # 12 Exhibit 7, # 13 Exhibit 8, # 14 Exhibit 8-1, # 15 Exhibit 8-2, # 16 Exhibit 9, # 17 Exhibit 10, # 18 Exhibit 11, # 19 Exhibit 12, # 20 Exhibit 13, # 21 Exhibit 14) (Freedman, Devin) (Entered: 05/18/2020) | 05/18/2020 |
| 512 | REDACTION TO PLAINTIFFS' OMNIBUS SANCTIONS MOTION by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17) (Freedman, Devin) Modified by Sealing [512-7] per 514 Paperless Order on 5/22/2020 (nc). (Entered: 05/21/2020) | 05/21/2020 |
| 513 | MOTION to Seal Exhibit 7 re ECF No. 512 per Order authorizing the submission of this document under seal by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Freedman, Devin) (Entered: 05/21/2020) | 05/21/2020 |
| 514 | PAPERLESS ORDER granting 513 Motion to Seal.The Clerk of Court is directed to Seal ECF No. [512-7] and it will remain under seal until further Order of this Court. Signed by Judge Beth Bloom (BB) (Entered: 05/21/2020) | 05/21/2020 |
| 515 | Unopposed MOTION for Leave to File Excess Pages by Craig Wright. (Rivero, Andres) (Entered: 05/21/2020) | 05/21/2020 |
| 516 | PAPERLESS ORDER granting ECF No. 515 Motion for Leave to File Excess Pages. Defendant may file a response to Plaintiffs' omnibus motion, ECF No. 509 , by up to 20 excess pages. Signed by Judge Beth Bloom (cb00) (Entered: 05/21/2020) | 05/21/2020 |
| 517 | Plaintiff's MOTION for Leave to File Excess Pages by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Proposed Order)(Harrison, Laselve) (Entered: 05/21/2020) | 05/21/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 518 | CLERK'S NOTICE of Compliance by Sealing [512-7] pursuant to 514 Paperless Order (nc) (Entered: 05/22/2020) | 05/22/2020 |
| 519 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer by Craig Wright. (Rivero, Andres) (Entered: 05/22/2020) | 05/22/2020 |
| 520 | PAPERLESS ORDER granting ECF No. 519 Motion for Extension of Time to File. Defendant shall file a response to ECF No. 507 by June 1, 2020. Signed by Judge Beth Bloom (cb00) (Entered: 05/22/2020) | 05/22/2020 |
| 521 | PAPERLESS ORDER granting in part and denying in part ECF No. 517 Motion for Leave to File Excess Pages. Plaintiffs response to Defendant's Motion for Summary Judgment, ECF No. 487 , shall not exceed 40 pages. The response to Defendant's Statement of Material Facts, ECF No. 488], shall not exceed 25 pages. The response to Defendant's Motion in Limine, ECF No. 490 , shall not exceed 25 pages. The response to Defendant's Motion to Exclude the Opinion Testimony of Plaintiffs' Expert Witnesses, ECF No. 500 , shall not exceed 30 pages. Signed by Judge Beth Bloom (cb00) (Entered: 05/22/2020) | 05/22/2020 |
| 522 | Defendant's MOTION in Support of Redactions by Craig Wright. (Attachments: # 1 Exhibit 1)(Rivero, Andres) (Entered: 05/22/2020) | 05/22/2020 |
| 523 | Defendant's Opposition to Plaintiffs' Omnibus Motion in Limine by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Rivero, Andres) (Entered: 05/22/2020) | 05/22/2020 |
| 524 | Opposed MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Brenner, Andrew) (Entered: 05/22/2020) | 05/22/2020 |
| | SYSTEM ENTRY - Docket Entry 525 [misc] restricted/sealed until further notice. (761827) (Entered: 05/22/2020) | 05/22/2020 |
| 526 | RESPONSE in Opposition re 494 Plaintiff's Opposed MOTION to Seal per Order authorizing the submission of this document und Dr. Craig Wright's Opposition To Plaintiffs' Motion For Partial Summary Judgment filed by Craig Wright. Replies due by 5/29/2020. (Rivero, Andres) (Entered: 05/22/2020) | 05/22/2020 |
| 527 | Opposed MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Brenner, Andrew) (Entered: 05/22/2020) | 05/22/2020 |
| | SYSTEM ENTRY - Docket Entry 528 [misc] restricted/sealed until further notice. (761827) (Entered: 05/22/2020) | 05/22/2020 |
| 529 | Defendant's RESPONSE PLAINTIFFS OMNIBUS DAUBERT MOTION TO STRIKE DEFENSE EXPERTS by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Rivero, Andres) (Entered: 05/22/2020) | 05/22/2020 |
| 530 | Opposed MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 05/22/2020) | 05/22/2020 |
| 531 | NOTICE by Craig Wright Dr. Wright's Response To Plaintiffs' Statement Of Undisputed Material Facts (Rivero, Andres) (Entered: 05/22/2020) | 05/22/2020 |
| 532 | Opposed MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 05/22/2020) | 05/22/2020 |
| | SYSTEM ENTRY - Docket Entry 533 [motion] restricted/sealed until further notice. (1428742) (Entered: 05/22/2020) | 05/22/2020 |
| | SYSTEM ENTRY - Docket Entry 534 [motion] restricted/sealed until further notice. (1428742) (Entered: 05/23/2020) | 05/23/2020 |
| 535 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Index of Exhibits to Opposing Statement of Material Facts (Freedman, Devin) Modified Text on 5/26/2020 (ls). (Entered: 05/23/2020) | 05/23/2020 |
| 536 | Joint MOTION for Extension of Time to File Response/Reply/Answer by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 05/25/2020) | 05/25/2020 |
| 537 | PAPERLESS ORDER granting 536 Motion for Extension of Time to File Replies in support of the parties' summary judgment motions, Daubert motions, and motions in limine by June 2, 2020. Signed by Judge Beth Bloom (BB) (Entered: 05/25/2020) | 05/25/2020 |
| 538 | OMNIBUS ORDER denying 524 Motion to Seal ; denying 527 Motion to Seal ; denying 530 Motion to Seal ; denying 532 Motion to Seal. Signed by Judge Beth Bloom on 5/25/2020. See attached document for full details. (ra) (Entered: 05/26/2020) | 05/26/2020 |
| 539 | ORDER granting 522 Motion in Support of Redactions. Signed by Judge Beth Bloom on 5/25/2020. See attached document for full details. (ra) (Entered: 05/26/2020) | 05/26/2020 |
| 540 | NOTICE of Compliance re 539 Order on Motion in Support of Redactions. D.E 495 Un-Sealed. (ra) (Entered: 05/26/2020) | 05/26/2020 |
| 541 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Supplemental Evidence Supporting Plaintiffs' Omnibus Motion for Sanctions ECF No. 507 (Attachments: # 1 Exhibit 1) (Freedman, Devin) (Entered: 05/27/2020) | 05/27/2020 |
| 542 | Defendant's Motion in Support of Redactions by Craig Wright. (Attachments: # 1 Exhibit 1)(Rivero, Andres) Modified to convert document to a motion on 6/12/2020 (ls). (Entered: 05/29/2020) | 05/29/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 543 | Plaintiff's MOTION for Leave to File Excess Pages by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Brenner, Andrew) (Entered: 05/29/2020) | 05/29/2020 |
| 544 | PAPERLESS ORDER granting in part and denying in part ECF No. 543 Motion for Leave to File Excess Pages. Plaintiffs may file a reply in support of their Omnibus Daubert Motion to Strike with up to 10 excess pages and a reply in support of their Motion for Partial Summary Judgment with up to 5 excess pages. The request for a page count extension for the reply in support of Plaintiffs' Omnibus Motion in Limine is denied. Signed by Judge Beth Bloom (cb00) (Entered: 05/29/2020) | 05/29/2020 |
| 545 | Defendant's MOTION for Leave to File Excess Pages to Respond to Plaintiffs' Omnibus Sanction Motions by Craig Wright. (Attachments: # 1 Exhibit 1)(Rivero, Andres) (Entered: 05/29/2020) | 05/29/2020 |
| 546 | PAPERLESS ORDER granting ECF No. 545 Motion for Leave to File Excess Pages. Defendant may file a response to Plaintiffs' Omnibus Sanctions Motion, ECF No. 507 , with up to ten excess pages. Signed by Judge Beth Bloom (cb00) (Entered: 05/29/2020) | 05/29/2020 |
| 547 | RESPONSE in Opposition re 490 Defendant's MOTION in Limine filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 6/8/2020. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Freedman, Devin) (Entered: 06/01/2020) | 06/01/2020 |
| 548 | REDACTION to PLAINTIFFS OPPOSITION TO DR. WRIGHTS MOTION TO EXCLUDE THE OPINION TESTIMONY OF PLAINTIFFS EXPERT WITNESSES by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Freedman, Devin) (Entered: 06/01/2020) | 06/01/2020 |
| 549 | REDACTION to PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT by Ira Kleiman, W&K Info Defense Research, LLC (Freedman, Devin) (Entered: 06/01/2020) | 06/01/2020 |
| 550 | REDACTION to PLAINTIFFS' OPPOSING STATEMENT OF MATERIAL FACTS by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47)(Freedman, Devin) (Entered: 06/01/2020) | 06/01/2020 |
| 551 | Defendant's OPPOSITION TO PLAINTIFFS OMNIBUS MOTION FOR SANCTIONS by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Rivero, Andres) (Entered: 06/01/2020) | 06/01/2020 |
| 552 | Defendant's REPLY IN SUPPORT OF HIS MOTION IN LIMINE [D.E. 490] by Craig Wright. (Rivero, Andres) (Entered: 06/02/2020) | 06/02/2020 |
| 553 | Defendant's MOTION in support of Redactions by Craig Wright. (Attachments: # 1 Exhibit 1)(Rivero, Andres) (Entered: 06/02/2020) | 06/02/2020 |
| 554 | Defendant's REPLY IN SUPPORT OF HIS MOTION TO EXCLUDE THE OPINION TESTIMONY OF PLAINTIFFS EXPERT WITNESSES by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Rivero, Andres) (Entered: 06/02/2020) | 06/02/2020 |
| 555 | Opposed MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 06/02/2020) | 06/02/2020 |
| | SYSTEM ENTRY - Docket Entry 556 [motion] restricted/sealed until further notice. (1428742) (Entered: 06/02/2020) | 06/02/2020 |
| 557 | Opposed MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 06/02/2020) | 06/02/2020 |
| 558 | Sealed Document PLAINTIFFS' REPLY IN SUPPORT OF THEIR OMNIBUS MOTION IN LIMINE by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8) (Freedman, Devin) Modified to unseal per DE 579 on 6/15/2020 (cbr). (Entered: 06/02/2020) | 06/02/2020 |
| | SYSTEM ENTRY - Docket Entry 558 [misc] restricted/sealed until further notice. (1428742) (Entered: 06/02/2020) | 06/02/2020 |
| 559 | Opposed MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 06/02/2020) | 06/02/2020 |
| 560 | Sealed Document PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) Modified to unseal per DE 579 on 6/15/2020 (cbr). (Entered: 06/02/2020) | 06/02/2020 |
| | SYSTEM ENTRY - Docket Entry 560 [misc] restricted/sealed until further notice. (1428742) (Entered: 06/02/2020) | 06/02/2020 |
| 561 | REPLY to Response to Motion re 487 MOTION for Summary Judgment filed by Craig Wright. (Rivero, Andres) (Entered: 06/02/2020) | 06/02/2020 |
| 562 | NOTICE of Attorney Appearance by Whitney Lohr on behalf of Craig Wright. Attorney Whitney Lohr added to party Craig Wright(pty:dft). (Lohr, Whitney) (Entered: 06/03/2020) | 06/03/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 563 | OMNIBUS ORDER denying 555 Motion to Seal ; denying 557 Motion to Seal ; denying 559 Motion to Seal. Signed by Judge Beth Bloom on 6/3/2020. See attached document for full details. (cbr) Modified to correct document type on 6/4/2020 (cbr). (Entered: 06/03/2020) | 06/03/2020 |
| 564 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 06/03/2020) | 06/03/2020 |
| 565 | PAPERLESS ORDER denying 564 Motion for Extension of Time to File Reply. As the parties are mindful of the deadlines imposed, the Court is equally aware of its obligations to decide matters in a timely manner. The Reply shall be filed by June 8, 2020. Signed by Judge Beth Bloom (BB) (Entered: 06/03/2020) | 06/03/2020 |
| 566 | ORDER granting 553 Motion in Support of Redactions. The redacted items contained in ECF No. 550 shall remain redacted. Signed by Judge Beth Bloom on 6/4/2020. See attached document for full details. (scn) (Entered: 06/05/2020) | 06/04/2020 |
| 567 | Joint Motion for Extension of Time/Certain Pretrial Deadlines by Craig Wright. (Attachments: # 1 Text of Proposed Order)(Rivero, Andres) Modified Text on 6/5/2020 (ls). (Entered: 06/05/2020) | 06/05/2020 |
| 568 | Clerks Notice to Filer re 567 Joint Motion to EXTEND CERTAIN PRETRIAL DEADLINES . Wrong Motion Relief(s) Selected; ERROR - The Filer selected the wrong motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs. (ls) (Entered: 06/05/2020) | 06/05/2020 |
| 569 | MOTION for Leave to File Excess Pages by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 06/05/2020) | 06/05/2020 |
| 570 | PAPERLESS ORDER granting 569 Motion for Leave to File Five (5) Excess Pages. Signed by Judge Beth Bloom (BB) (Entered: 06/05/2020) | 06/05/2020 |
| 571 | ORDER granting 567 Joint Motion for Extension of Certain Pretrial Deadlines. Exhibit List due by 8/17/2020. Pretrial Stipulation due by 8/17/2020. Calendar Call set for 8/25/2020 01:45 PM in Miami Division before Judge Beth Bloom. Jury Trial set for 8/31/2020 09:00 AM in Miami Division before Judge Beth Bloom. Signed by Judge Beth Bloom on 6/5/2020. See attached document for full details. (ls) (Entered: 06/08/2020) | 06/05/2020 |
| 572 | REPLY to 551 Response/Reply (Other), in Support of Plaintiffs' Omnibus Motion for Sanctions by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit A)(Freedman, Devin) (Entered: 06/08/2020) | 06/08/2020 |
| 573 | REDACTION of PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' DAUBERT MOTION TO STRIKE DEFENSE EXPERTS by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21) (Freedman, Devin) (Entered: 06/10/2020) | 06/10/2020 |
| 574 | REDACTION of PLAINTIFFS' REPLY IN SUPPORT OF THEIR OMNIBUS MOTION IN LIMINE by Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Freedman, Devin) (Entered: 06/10/2020) | 06/10/2020 |
| 575 | Defendant's MOTION in Support of Redactions by Craig Wright. (Lohr, Whitney) (Entered: 06/10/2020) | 06/10/2020 |
| 576 | RESPONSE in Opposition re 575 Defendant's MOTION in Support of Redactions filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 6/17/2020. (Freedman, Devin) (Entered: 06/10/2020) | 06/10/2020 |
| 577 | REPLY to Response to Motion re 575 Defendant's MOTION in Support of Redactions filed by Craig Wright. (Rivero, Andres) (Entered: 06/11/2020) | 06/11/2020 |
| 578 | ORDER granting 542 Motion in Support of Redactions. Signed by Judge Beth Bloom on 6/12/2020. See attached document for full details. (ls) (Entered: 06/12/2020) | 06/12/2020 |
| 579 | ORDER granting in part and denying in part 575 Motion in Support of Redactions. Directing Clerk of Court to Unseal 558 Reply in Support of Omnibus Motion in Limine, 560 Reply in Support of Motion for Partial Summary Judgment. Signed by Judge Beth Bloom on 6/12/2020. See attached document for full details. (ls) (Entered: 06/15/2020) | 06/12/2020 |
| 580 | Clerk's Notice of Compliance re 579 Order on Motion for Miscellaneous Relief. (cbr) (Entered: 06/15/2020) | 06/15/2020 |
| 581 | MOTION to Seal per Local Rule 5.4 by Craig Wright. (Rivero, Andres) (Entered: 06/15/2020) | 06/15/2020 |
| 582 | NOTICE by Craig Wright of Filing Deposition Designations (Attachments: # 1 Exhibit 1, # 2 Exhibit 1, # 3 Exhibit 1) (Rivero, Andres) (Entered: 06/15/2020) | 06/15/2020 |
|  | SYSTEM ENTRY - Docket Entry 583 [misc] restricted/sealed until further notice. (514773) (Entered: 06/15/2020) | 06/15/2020 |
| 584 | NOTICE by Craig Wright of Filing Deposition Errata (Attachments: # 1 Exhibit 1) (Rivero, Andres) (Entered: 06/15/2020) | 06/15/2020 |
| 585 | MOTION to Seal per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 06/15/2020) | 06/15/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| | SYSTEM ENTRY - Docket Entry 586 [misc] restricted/sealed until further notice. (1428742) (Entered: 06/15/2020) | 06/15/2020 |
| 587 | PAPERLESS ORDER granting 585 Motion to Seal. Plaintiffs shallfile redacted copies of the depositions for the public view by June 19, 2020, after conferring with the Defendant and the third parties that have designated their transcripts confidential. Signed by Judge Beth Bloom (BB) (Entered: 06/16/2020) | 06/16/2020 |
| 588 | PAPERLESS ORDER granting 581 Motion to Seal. The Defendant shall file redacted copies of the depositions for the public view by June 19, 2020, after conferring with the Plaintiffs and the third parties that have designated their transcripts confidential. Signed by Judge Beth Bloom (BB) (Entered: 06/16/2020) | 06/16/2020 |
| 589 | NOTICE by Craig Wright of Filing Deposition Designations (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Rivero, Andres) (Entered: 06/19/2020) | 06/19/2020 |
| 590 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Redacted Deposition Designations (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17) (Freedman, Devin) Modified Text on 6/22/2020 (ls). (Entered: 06/19/2020) | 06/19/2020 |
| 591 | Witness List (Joint) by Craig Wright.. (Rivero, Andres) (Entered: 06/22/2020) | 06/22/2020 |
| 592 | NOTICE by Craig Wright Joint Neutral Statement of Case (Rivero, Andres) (Entered: 06/22/2020) | 06/22/2020 |
| 593 | Joint Neutral Statement of: Case by Ira Kleiman, W&K Info Defense Research, LLC, Craig Wright (ls)(See Image at DE #592) (Entered: 06/23/2020) | 06/22/2020 |
| 594 | Clerks Notice to Filer re 592 Notice (Other). Wrong Event Selected; ERROR - The Filer selected the wrong event. The document was re-docketed by the Clerk, see [de#593]. It is not necessary to refile this document. (ls) (Entered: 06/23/2020) | 06/23/2020 |
| 595 | ORDER denying 507 Plaintiffs' Omnibus Sanctions Motion. Signed by Judge Beth Bloom on 6/24/2020. See attached document for full details. (mc) (Entered: 06/24/2020) | 06/24/2020 |
| 596 | MOTION to Seal per Court's Order D.E. 475 by Craig Wright. (Rivero, Andres) (Entered: 06/26/2020) | 06/26/2020 |
| 597 | MOTION to Strike 596 MOTION to Seal Third-party deponent's deposition per Court's Order D.E. 475 by Craig Wright. Responses due by 7/10/2020 (Rivero, Andres) (Entered: 06/26/2020) | 06/26/2020 |
| 598 | MOTION to Seal Third-party deponent's deposition per Court's Order D.E. 475 by Craig Wright. (Rivero, Andres) (Entered: 06/26/2020) | 06/26/2020 |
| 599 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC Notice of Filing Counter-Designations & Objections (Attachments: # 1 Deposition L. Wright, # 2 Deposition D. Lynam, # 3 Deposition G. Andresen, # 4 Deposition I. Kleiman, # 5 Deposition W&K) (Brenner, Andrew) (Entered: 06/26/2020) | 06/26/2020 |
| 600 | NOTICE by Craig Wright of Filing Deposition Designations (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18) (Rivero, Andres) (Entered: 06/26/2020) | 06/26/2020 |
| 601 | PAPERLESS ORDER granting 597 Motion to Strike ECF No. 596 . Signed by Judge Beth Bloom (BB) (Entered: 06/27/2020) | 06/27/2020 |
| 602 | PAPERLESS ORDER denying as moot 596 Motion to Seal based upon ECF No. 597 . Signed by Judge Beth Bloom (BB) (Entered: 06/27/2020) | 06/27/2020 |
| 603 | PAPERLESS ORDER granting 598 Motion to Seal ]per Court's Order and the Parties' Stipulation at ECF No. 467 . Signed by Judge Beth Bloom (BB) (Entered: 06/29/2020) | 06/29/2020 |
| | SYSTEM ENTRY - Docket Entry 604 [misc] restricted/sealed until further notice. (514773) (Entered: 06/29/2020) | 06/29/2020 |
| 605 | ORDER: Jury Trial reset for 10/13/2020 9:00 AM in Miami Division before Judge Beth Bloom. Calendar Call reset for 10/6/2020 1:45 PM before Judge Beth Bloom. Signed by Judge Beth Bloom on 6/30/2020. See attached document for full details. (scn) Pattern Jury Instruction Builder - To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 06/30/2020) | 06/30/2020 |
| 606 | Joint MOTION for Extension of Time to Extend Certain Pretrial Deadlines by Craig Wright. Responses due by 7/30/2020 (Attachments: # 1 Text of Proposed Order)(McGovern, Amanda) (Entered: 07/16/2020) | 07/16/2020 |
| 607 | ORDER granting in part and denying in part 606 Joint Motion for Extension of Certain Pretrial Deadlines. Exhibit List due by 9/29/2020. Pretrial Stipulation due by 9/29/2020. Signed by Judge Beth Bloom on 7/16/2020. See attached document for full details. (ls) (Entered: 07/17/2020) | 07/17/2020 |
| 608 | Joint MOTION to Seal per Local Rule 5.4 by Craig Wright. (Rivero, Andres) (Entered: 08/03/2020) | 08/03/2020 |
| 609 | PAPERLESS ORDER granting 608 Motion to Seal. Signed by Judge Beth Bloom (BB) (Entered: 08/03/2020) | 08/03/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| | SYSTEM ENTRY - Docket Entry 610 [misc] restricted/sealed until further notice. (514773) (Entered: 08/03/2020) | 08/03/2020 |
| 611 | NOTICE by Craig Wright Joint Notice of Filing Deposition Designations (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20) (Rivero, Andres) (Entered: 08/03/2020) | 08/03/2020 |
| 612 | Plaintiff's MOTION for Leave to File Supplement Record on Defendant's Pending Motion for Summary Judgment by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit 1)(Brenner, Andrew) (Entered: 08/04/2020) | 08/04/2020 |
| 613 | Joint MOTION for Extension of Time Extend Certain Pre-Trial Deadlines and Reset the Trial by Craig Wright. Responses due by 9/17/2020 (Attachments: # 1 Text of Proposed Order Proposed Order)(Rivero, Andres) (Entered: 09/03/2020) | 09/03/2020 |
| 614 | ORDER granting in part 613 Joint Motion to Extend Certain Pre-Trial Deadlines and Reset the Trial. Calendar Call reset for 12/15/2020 1:45 PM in Miami Division before Judge Beth Bloom. Jury Trial reset for 1/4/2021 9:00 AM in Miami Division before Judge Beth Bloom. Signed by Judge Beth Bloom on 9/3/2020. See attached document for full details. (scn) (Entered: 09/03/2020) | 09/03/2020 |
| 615 | OMNIBUS ORDER denying 487 Motion for Summary Judgment; granting in part and denying in part 498 Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses; denying as moot 612 Motion for Leave to Supplement Record on Defendant's Pending Motion for Summary Judgment. Signed by Judge Beth Bloom on 9/18/2020. See attached document for full details. (scn) (Entered: 09/21/2020) | 09/18/2020 |
| 616 | PRETRIAL STIPULATION Joint Stipulated Facts by Ira Kleiman, W&K Info Defense Research, LLC (Brenner, Andrew) (Entered: 09/29/2020) | 09/29/2020 |
| 617 | PRETRIAL STIPULATION Joint Pretrial Stipulation by Ira Kleiman, W&K Info Defense Research, LLC (Brenner, Andrew) (Entered: 09/29/2020) | 09/29/2020 |
| 618 | Proposed Jury Instructions by Craig Wright. (McGovern, Amanda) (Entered: 09/29/2020) | 09/29/2020 |
| 619 | NOTICE by Craig Wright re 617 Pretrial Stipulation (McGovern, Amanda) (Entered: 09/30/2020) | 09/30/2020 |
| 620 | ORDER Setting Status Conference: Status Conference Re: Scheduling/Deadlines/Procedural Matters set for 11/19/2020 9:30 AM before Judge Beth Bloom via Zoom. Signed by Judge Beth Bloom on 10/22/2020. See attached document for full details. (scn) (Entered: 10/22/2020) | 10/22/2020 |
| 621 | Letter from Chadwick Austin (ego) (Entered: 11/04/2020) | 11/04/2020 |
| 622 | OMNIBUS ORDER granting in part and denying in part Plaintiffs' Motion, ECF No. 492 , and granting in part and denying in part Defendant's Motion, ECF No. 500 . Signed by Judge Beth Bloom on 11/16/2020. See attached document for full details. (scn) (Entered: 11/16/2020) | 11/16/2020 |
| 623 | OMNIBUS ORDER granting in part and denying in part 490 Motion in Limine; granting in part and denying in part 497 Sealed Motion. Signed by Judge Beth Bloom on 11/17/2020. See attached document for full details. (dj) (Entered: 11/18/2020) | 11/17/2020 |
| 624 | Joint MOTION for Extension of Time Certain Pre-Trial Deadlines re 614 Order on Motion for Extension of Time, by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 12/2/2020 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 11/18/2020) | 11/18/2020 |
| 625 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Status Conference held on 11/19/2020. Total time in court: 0 hour(s) : 18 minutes. Attorney Appearance(s): Kyle Roche, Devin Freedman, Andrew Scott Brenner, Maxwell V. Pritt, Andres Rivero, Zaharah R. Markoe, Amanda Marie McGovern, Schneur Zalman Kass, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. The Court will enter a separate Order addressing the matters discussed at the status conference. (cb00) (Entered: 11/19/2020) | 11/19/2020 |
| 626 | ORDER - Granting in part 624 Joint MOTION for Extension of Time Certain Pre-Trial Deadlines re 614 Order on Motion for Extension of Time. Calendar Call set for 5/11/2021 1:45 PM in Miami Division before Judge Beth Bloom., Jury Trial set for 6/1/2021 9:00 AM in Miami Division before Judge Beth Bloom., Status Conference set for 5/11/2021 1:45 PM in Miami Division before Judge Beth Bloom. Closing Case. Signed by Judge Beth Bloom on 11/19/2020. See attached document for full details. (scn) (Entered: 11/19/2020) | 11/19/2020 |
| 627 | NOTICE by Craig Wright JOINT NOTICE OF SCHEDULING MEDIATION (Attachments: # 1 Exhibit Proposed Order Scheduling Mediation) (Rivero, Andres) (Entered: 01/11/2021) | 01/11/2021 |
| 628 | ORDER Scheduling Mediation before Thomas E Scott. Mediation Hearing set for 2/3/2021 10:00 AM. Signed by Judge Beth Bloom on 1/11/2021. See attached document for full details. (scn) (Entered: 01/11/2021) | 01/11/2021 |
| 629 | Clerks Notice to Filer re 627 Notice (Other). Wrong Event Selected; ERROR - The Filer selected the wrong event. The correct event is Notice of Mediator Selection and/or Hearing. AND Parties/Mediator Not Added; ERROR - The Filer failed to add all parties from the complaint/petition/removal, etc. or the mediator. Filer is instructed to file a Notice of Entry of Parties Listed into CM/ECF and add the mediator. (ls) (Entered: 01/12/2021) | 01/12/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 630 | Notice of Entry of Parties Listed on 627 Notice (Other) into CM/ECF. NOTE: New Filer(s) will appear twice, since they are also a new party in the case. New Filer(s)/Party(s): Thomas E. Scott. (Rivero, Andres) (Entered: 01/12/2021) | 01/12/2021 |
| 631 | Defendant's Motion for Leave to File/Supplement the Court's Civil Juror Questionnaire by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rivero, Andres) Modified Relief on 1/13/2021 (ls). (Entered: 01/13/2021) | 01/13/2021 |
| 632 | Clerks Notice to Filer re 631 Defendant's MOTION TO SUPPLEMENT THE COURTS CIVIL JUROR QUESTIONNAIRE . Wrong Motion Relief(s) Selected; ERROR - The Filer selected the wrong motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs. (ls) (Entered: 01/13/2021) | 01/13/2021 |
| 633 | NOTICE of FILING Letter From Peter Silk. (Attachments: # 1 pic 1, # 2 pic 2) (ego) (Entered: 01/21/2021) | 01/21/2021 |
| 634 | RESPONSE in Opposition re 631 Defendant's Motion for Leave to File/Supplement the Court's Civil Juror Questionnaire filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 2/3/2021. (Brenner, Andrew) (Entered: 01/27/2021) | 01/27/2021 |
| 635 | RESPONSE in Support re 631 Defendant's Motion for Leave to File/Supplement the Court's Civil Juror Questionnaire Reply in Support filed by Craig Wright. (Attachments: # 1 Exhibit A)(Rivero, Andres) (Entered: 02/01/2021) | 02/01/2021 |
| 636 | REPLY to Response to Motion re 631 Defendant's Motion for Leave to File/Supplement the Court's Civil Juror Questionnaire filed by Craig Wright. (ls)(See Image at DE #635) (Entered: 02/02/2021) | 02/01/2021 |
| 637 | Clerks Notice to Filer re 635 Response in Support of Motion. Wrong Event Selected; ERROR - The Filer selected the wrong event. The document was re-docketed by the Clerk, see [de#636]. It is not necessary to refile this document. (ls) (Entered: 02/02/2021) | 02/02/2021 |
| 638 | PAPERLESS ORDER denying 631 Motion to Supplement the Court's Civil Juror Questionnaire. At the scheduled calendar call, the Court will discuss its oral voir dire process, including its procedure regarding the disclosure of jurors' private or sensitive information. Moreover, the Court will permit the parties to inquire into relevant areas, including the Defendant's claimed developmental disability, pretrial publicity, and jurors' knowledge of witnesses to be called to trial. Signed by Judge Beth Bloom (BB) (Entered: 02/02/2021) | 02/02/2021 |
| 639 | ORDER TO SHOW CAUSE: Show Cause Response due by 2/11/2021. Signed by Judge Beth Bloom on 2/9/2021. See attached document for full details. (scn) (Entered: 02/09/2021) | 02/09/2021 |
| 640 | FINAL MEDIATION REPORT by Thomas Scott. Disposition: Case did not settle.(Scott, Thomas) (Entered: 02/10/2021) | 02/10/2021 |
| 641 | NOTICE by Craig Wright of Filing Trial Exhibit List (Attachments: # 1 Exhibit Exhibit List, # 2 Exhibit Objections Key to Exhibit List) (Rivero, Andres) (Entered: 03/16/2021) | 03/16/2021 |
| 642 | NOTICE by Craig Wright of Filing Proposed Voir Dire (Attachments: # 1 Exhibit Proposed Voir Dire) (Rivero, Andres) (Entered: 03/16/2021) | 03/16/2021 |
| 643 | NOTICE by Craig Wright of Filing Proposed Verdict Form (Attachments: # 1 Exhibit Proposed Verdict Form) (Rivero, Andres) (Entered: 03/16/2021) | 03/16/2021 |
| 644 | MOTION for Extension of Time to extend the demonstrative/summary exhibit deadline by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 3/30/2021 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 03/16/2021) | 03/16/2021 |
| 645 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Proposed Verdict Form (Attachments: # 1 Proposed Verdict Form) (Brenner, Andrew) (Entered: 03/16/2021) | 03/16/2021 |
| 646 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Proposed Voir Dire (Attachments: # 1 Proposed Voir Dire) (Brenner, Andrew) (Entered: 03/16/2021) | 03/16/2021 |
| 647 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing of Trial Exhibit List (Attachments: # 1 Exhibit Plaintiffs' Exhibit List, # 2 Exhibit Objection Key) (Freedman, Devin) (Entered: 03/16/2021) | 03/16/2021 |
| 648 | PAPERLESS ORDER granting 644 Motion for Extension of Time to extend the demonstrative/summary exhibit deadline. The March 22, 2021 deadline is extended until April 30, 2021. Signed by Judge Beth Bloom (BB) (Entered: 03/17/2021) | 03/17/2021 |
| 649 | Joint MOTION for Extension of Time tore-set trial date, re-set calendar call, extend the due date for demonstrative and summary exhibits, and request status conference by Craig Wright. Responses due by 5/7/2021 (Rivero, Andres) (Entered: 04/23/2021) | 04/23/2021 |
| 650 | NOTICE by Craig Wright of Filing Proposed Order (Attachments: # 1 Text of Proposed Order Proposed Order) (Rivero, Andres) (Entered: 04/27/2021) | 04/27/2021 |
| 651 | ORDER ON JOINT MOTION TO RE-SET TRIAL DATE, RE-SET CALENDAR CALL, EXTEND THE DUE DATE FOR DEMONSTRATIVE AND SUMMARY EXHIBITS, AND REQUEST STATUS CONFERENCE: The Motion, ECF No. 649 , is GRANTED. Jury Trial reset for 11/1/2021 9:00 AM in Miami Division before Judge Beth Bloom. Calendar Call reset for 9/14/2021 1:45 PM in Miami Division before Judge Beth Bloom. Status Conference set for 5/11/2021 1:45 PM before Judge Beth Bloom. Signed by Judge Beth Bloom on 4/27/2021. See attached document for full details. (scn) (Entered: 04/27/2021) | 04/27/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 652 | Clerks Notice to Filer re 650 Notice (Other). Login/Signature Block Violation; CORRECTIVE ACTION REQUIRED - The name of attorney e-filing this document via their CM/ECF login does not match the name of attorney on the signature block of the document. The name used for login must match the typed name on signature block of the document. This filing is a violation of Section 3J(1) of CM/ECF Admin Procedures and Local Rule 5.1(b). Filer must File a Notice of Striking, then refile document pursuant to CM/ECF Admin Procedures and Local Rules. (ls) (Entered: 04/28/2021) | 04/28/2021 |
| 653 | NOTICE by Craig Wright Corrected Joint Notice of Filing Proposed Order (Attachments: # 1 Text of Proposed Order) (McGovern, Amanda) (Entered: 04/28/2021) | 04/28/2021 |
| 654 | PAPERLESS ORDER regarding Status Conference on Tuesday, May 11, 2021, at 1:45 p.m. via video conference. The link to join the Zoom video conference is: https://www.zoomgov.com/j/1618249771?pwd=dzZlLzd4WVY2WUI0eWRFRy9qK1RZUT09. Alternatively, the Meeting ID is: 161 824 9771, and the Passcode is: 326681. Signed by Judge Beth Bloom (ta00) (Entered: 05/09/2021) | 05/09/2021 |
| 655 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Status Conference held on 5/11/2021. As stated on the record, on or before August 31, 2021, the parties shall file their revised exhibit lists and a joint exhibit list. Any remaining objections shall be reflected on the exhibit list identifying the legal basis for the objection. Additionally, on or before August 31, 2021, the parties shall supplement their joint witness list with a narrative of each witness for the Court to read to the jurors. Total time in court: 0 hour(s): 30 minutes. Attorney Appearance(s): Kyle Roche, Devin Freedman, Maxwell V. Pritt, Andres Rivero, and Amanda Marie McGovern. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ta00) (Entered: 05/11/2021) | 05/11/2021 |
| 656 | TRANSCRIPT of Status Conference via the Zoom platform held on 05/11/2021 before Judge Beth Bloom, 1 - 22 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/7/2021. Redacted Transcript Deadline set for 6/17/2021. Release of Transcript Restriction set for 8/16/2021. (yhz) (Entered: 05/17/2021) | 05/17/2021 |
| 657 | Joint MOTION to Provide Objected to Proposed Trial Exhibits to The Court on Thumb Drive or External Hard Drive by Craig Wright. (Attachments: # 1 Text of Proposed Order)(McGovern, Amanda) (Entered: 07/01/2021) | 07/01/2021 |
| 658 | PAPERLESS ORDER granting 657 Motion. The parties shall submit the objected to proposed trial exhibits on a thumb drive or external drive, with copies delivered to chambers and opposing counsel by August 31, 2021. Signed by Judge Beth Bloom (BB) (Entered: 07/01/2021) | 07/01/2021 |
| 659 | NOTICE of Attorney Appearance by Darrell Winston Payne on behalf of John Doe. Attorney Darrell Winston Payne added to party John Doe(pty:ip). (Payne, Darrell) (Entered: 07/22/2021) | 07/22/2021 |
| 660 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Patricia L. Glaser. Filing Fee $ 200.00 Receipt # AFLSDC-14868091 by John Doe. Responses due by 8/5/2021 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Payne, Darrell) (Entered: 07/22/2021) | 07/22/2021 |
| 661 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Richard W. Buckner. Filing Fee $ 200.00 Receipt # AFLSDC-14868124 by John Doe. Responses due by 8/5/2021 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Payne, Darrell) (Entered: 07/22/2021) | 07/22/2021 |
| 662 | PAPERLESS ORDER granting 660 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Patricia L. Glaser. Signed by Judge Beth Bloom (ta00) (Entered: 07/23/2021) | 07/23/2021 |
| 663 | PAPERLESS ORDER granting 661 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Richard W. Buckner. Signed by Judge Beth Bloom (ta00) (Entered: 07/23/2021) | 07/23/2021 |
| 664 | PAPERLESS NOTICE of Hearing: Status Conference set for 8/27/2021 at 09:00 AM via video conference. The link to join the Zoom video conference is https://www.zoomgov.com/j/1617699909?pwd=K2N0UGtGNnJZVUIMSWh2Q3g3SIIOUT09. Alternatively, the Meeting ID is:161 769 9909 and the Passcode is:970343. (ego) (Entered: 08/19/2021) | 08/19/2021 |
| 665 | NOTICE of Hearing: **TIME CHANGE ONLY** Status Conference set for 8/27/2021 AT 11:00 AM via video conference. The link to join the Zoom video conference is https://www.zoomgov.com/j/1617699909?pwd=K2N0UGtGNnJZVUIMSWh2Q3g3SIIOUT09. Alternatively, the Meeting ID is:161 769 9909 and the Passcode is:970343 (ego) (Entered: 08/24/2021) | 08/24/2021 |
| 666 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Status Conference held on 8/27/2021. Total time in court: 1 hour(s) : 0 minutes. Attorney Appearance(s): Devin Freedman, Andrew Scott Brenner, Maxwell V. Pritt, Andres Rivero, Zaharah R. Markoe, and Amanda Marie McGovern. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. As stated on the record, the parties are to confer and file a joint report by September 9, 2021. The calendar call set for September 14, 2021 at 1:45 p.m. will be held in person, unless the parties otherwise advise. (ta00) (Entered: 08/27/2021) | 08/27/2021 |
| 667 | Witness List JOINT SUPPLEMENTAL TRIAL WITNESS LIST by Ira Kleiman.. (Freedman, Devin) (Entered: 08/31/2021) | 08/31/2021 |
| 668 | Exhibit List JOINT TRIAL EXHIBIT LIST by Craig Wright.. (Rivero, Andres) (Entered: 08/31/2021) | 08/31/2021 |
| 669 | NOTICE by Craig Wright OF FILING UPDATED TRIAL EXHIBIT LIST (Attachments: # 1 Exhibit DR. CRAIG WRIGHTS UPDATED TRIAL EXHIBIT LIST, # 2 Exhibit OBJECTIONS KEY) (Rivero, Andres) (Entered: 08/31/2021) | 08/31/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 670 | NOTICE by Craig Wright OF FILING (Attachments: # 1 Exhibit EXHIBIT. 1 PROPOSED QUESTION TO INCLUDE IN COURTS VOIR DIRE) (Rivero, Andres) (Entered: 08/31/2021) | 08/31/2021 |
| 671 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Updated Trial Exhibit List (Attachments: # 1 Plaintiffs' Updated Trial Exhibit List, # 2 Objections Key) (Freedman, Devin) (Entered: 08/31/2021) | 08/31/2021 |
| 672 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Corrected Updated Trial Exhibit List (Attachments: # 1 Plaintiffs' Updated Trial Exhibit List, # 2 Objections Key) (Freedman, Devin) (Entered: 08/31/2021) | 08/31/2021 |
| 673 | TRANSCRIPT of Telephonic Conference held on 04/29/2020 before Judge Beth Bloom, 1 - 16 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/22/2021. Redacted Transcript Deadline set for 10/4/2021. Release of Transcript Restriction set for 11/30/2021. (yhz) (Entered: 09/01/2021) | 09/01/2021 |
| 674 | TRANSCRIPT of Status Conference via the Zoom platform held on 08/27/2021 before Judge Beth Bloom, 1 - 41 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/23/2021. Redacted Transcript Deadline set for 10/4/2021. Release of Transcript Restriction set for 12/1/2021. (yhz) (Entered: 09/02/2021) | 09/02/2021 |
| 675 | Motion for Judge Bloom to Assist in Efforts to Obtain a Waiver of Travel Ban by Craig Wright Notice of Filing (Attachments: # 1 Exhibit Proposed letter to U.S. Embassy) (Rivero, Andres) Event type Modified on 9/2/2021 (scn). (Entered: 09/02/2021) | 09/02/2021 |
| 676 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Michael A. Fernndez. Filing Fee $ 200.00 Receipt # AFLSDC-14983550 by Craig Wright. Responses due by 9/17/2021 (Attachments: # 1 Certification Certification, # 2 Text of Proposed Order Order)(Rivero, Andres) (Entered: 09/03/2021) | 09/03/2021 |
| 677 | NOTICE OF CONVENTIONAL FILING of Thumb Drive with copies of Plaintiffs' Trial Exhibits re 658 Order. (scn) (Entered: 09/03/2021) | 09/03/2021 |
| 678 | PAPERLESS ORDER granting 676 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Michael A. Fernandez. Signed by Judge Beth Bloom (ta00) (Entered: 09/03/2021) | 09/03/2021 |
| 679 | ORDER denying 675 Wright's request for assistance. Signed by Judge Beth Bloom on 9/8/2021. See attached document for full details. (scn) (Entered: 09/08/2021) | 09/08/2021 |
| 680 | (STRICKEN PER DE#685) REPORT REGARDING JOINT SUBMISSION IN ADVANCE OF CALENDAR CALL by Craig Wright (Rivero, Andres) Text Modified on 9/10/2021 (scn). (Entered: 09/09/2021) | 09/09/2021 |
| 681 | MOTION to Bring Electronic Equipment into the courtroom FOR USE AT THE SEPTEMBER 14, 2021 HEARING by Craig Wright. Responses due by 9/23/2021 (Attachments: # 1 Text of Proposed Order [PROPOSED] ORDER)(Rivero, Andres) (Entered: 09/09/2021) | 09/09/2021 |
| 682 | PAPERLESS ORDER granting ECF No. 681 Motion to Bring Electronic Equipment into the courtroom. Signed by Judge Beth Bloom (ta00) (Entered: 09/09/2021) | 09/09/2021 |
| 683 | Clerks Notice to Filer re 680 Report Regarding. Login/Signature Block Violation; CORRECTIVE ACTION REQUIRED - The name of attorney e-filing this document via their CM/ECF login does not match the name of attorney on the signature block of the document. The name used for login must match the typed name on signature block of the document. This filing is a violation of Section 3J(1) of CM/ECF Admin Procedures and Local Rule 5.1(b). Filer must File a Notice of Striking, then refile document pursuant to CM/ECF Admin Procedures and Local Rules. (scn) (Entered: 09/10/2021) | 09/10/2021 |
| 684 | Joint MOTION to Strike 680 Report Regarding, 683 Clerks Notice of Docket Correction and Instruction to Filer - Attorney,, Amanda McGovern by Craig Wright. Responses due by 9/24/2021 (Attachments: # 1 Exhibit Exhibit A)(McGovern, Amanda) (Entered: 09/10/2021) | 09/10/2021 |
| 685 | PAPERLESS ORDER granting 684 Motion to Strike Joint Submission, ECF No. 680 . Signed by Judge Beth Bloom (BB) (Entered: 09/10/2021) | 09/10/2021 |
| 686 | REPORT REGARDING Corrected Joint Submission in Advance of Calendar Call by Craig Wright (McGovern, Amanda) (Entered: 09/10/2021) | 09/10/2021 |
| 687 | PAPERLESS ORDER regarding Calendar Call. The Calendar Call set for September 14, 2021 is RESET to 3:00 p.m. in Miami Division before Judge Beth Bloom. **TIME CHANGE ONLY** Consistent with the Court's Pre-trial Order, ECF No. 476 , the parties are instructed to have each demonstrative exhibit objected to with them at Calendar Call for review and ruling. Signed by Judge Beth Bloom (ta00) (Entered: 09/10/2021) | 09/10/2021 |
| 688 | NOTICE of Receipt by Chambers. (ego) (Entered: 09/13/2021) | 09/13/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 689 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Calendar Call held on 9/14/2021. Total time in court: 2 hour(s) : 30 minutes. Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Michael A. Fernandez, Andres Rivero, Zaharah R. Markoe, Amanda Marie McGovern, and Schneur Zalman Kass. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. The Court made certain evidentiary rulings as reflected on the record. With respect to the remaining evidentiary issues discussed at Calendar Call, the parties are to file their briefings as follows: Motion due by 9/30/2021; Response due by 10/6/2021; Reply due by 10/12/2021. A special set hearing on the evidentiary issues will be held on 10/14/2021 at 9:00 a.m. The parties shall file a joint report no later than 9/24/2021 regarding the vaccination status of the parties, witnesses, and remaining members of the litigation team. (ta00) (Entered: 09/14/2021) | 09/14/2021 |
| 690 | TRANSCRIPT of Calendar Call held on 09/14/2021 before Judge Beth Bloom, 1 - 95 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/14/2021. Redacted Transcript Deadline set for 10/25/2021. Release of Transcript Restriction set for 12/22/2021. (yhz) (Entered: 09/23/2021) | 09/23/2021 |
| 691 | MOTION to Seal Deponents Deposition Transcript per Local Rule 5.4 by John Doe. (Attachments: # 1 Text of Proposed Order) (Payne, Darrell) (Entered: 09/24/2021) | 09/24/2021 |
| 692 | PAPERLESS ORDER granting ECF No. 691 Motion to Seal. Signed by Judge Beth Bloom (ta00) (Entered: 09/24/2021) | 09/24/2021 |
| 693 | MOTION to Seal Limited Portions of Trial per Local Rule 5.4 by John Doe. (Attachments: # 1 Text of Proposed Order) (Payne, Darrell) (Entered: 09/24/2021) | 09/24/2021 |
| 694 | REPORT REGARDING (JOINT REPORT) REGARDING VACCINATION STATUS by Craig Wright (McGovern, Amanda) (Entered: 09/24/2021) | 09/24/2021 |
|  | SYSTEM ENTRY - Docket Entry 695 [misc] restricted/sealed until further notice. (dj) (Entered: 09/27/2021) | 09/27/2021 |
| 696 | NOTICE of Hearing on Motion 693 MOTION to Seal Limited Portions of Trial per Local Rule 5.4 : Motion Hearing set for 10/14/2021 09:00 AM in Miami Division before Judge Beth Bloom. (dj) (Entered: 09/29/2021) | 09/29/2021 |
| 697 | MOTION Dr. Craig Wright's Motion to Exclude the Australian Taxation Office's Tax Audit Documents by Craig Wright. (Rivero, Andres) (Entered: 09/30/2021) | 09/30/2021 |
| 698 | MOTION Dr. Craig Wright's Motion to Exclude Improper Character Evidence at Trial by Craig Wright. (McGovern, Amanda) (Entered: 09/30/2021) | 09/30/2021 |
| 699 | MOTION DR. CRAIG WRIGHTS MOTION TO INTRODUCE DAVE KLEIMANS ELECTRONIC DATA STORAGE DEVICES AT TRIAL by Craig Wright. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Rivero, Andres) (Entered: 09/30/2021) | 09/30/2021 |
| 700 | PLAINTIFFS' BRIEF IN SUPPORT OF THE ADMISSIBILITY OF THE DEMONSTRATIVE THEY INTEND TO USE IN OPENING by Ira Kleiman. (Attachments: # 1 Exhibit A)(Freedman, Devin) Text Modified on 10/1/2021 (scn). Modified to pending motion per chambers on 10/7/2021 (wc). (Entered: 09/30/2021) | 09/30/2021 |
| 701 | Clerks Notice to Filer re 700 MOTION PLAINTIFFS' BRIEF IN SUPPORT OF THE ADMISSIBILITY OF THE DEMONSTRATIVE THEY INTEND TO USE IN OPENING . Wrong Event Selected - Document is NOT a Motion; ERROR - The Filer selected the wrong event. The correction was made by the Clerk. It is not necessary to refile this document. (scn) (Entered: 10/01/2021) | 09/30/2021 |
| 702 | Corrected Transcript and Notice of Correction of Corrected Transcript held on 09/14/2021 before Judge Beth Bloom, 1 - 95 pages, re: 690 Transcript,, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (yhz) (Entered: 10/04/2021) | 10/04/2021 |
| 703 | RESPONSE in Opposition re 700 MOTION PLAINTIFFS' BRIEF IN SUPPORT OF THE ADMISSIBILITY OF THE DEMONSTRATIVE THEY INTEND TO USE IN OPENING filed by Craig Wright. Replies due by 10/13/2021. (McGovern, Amanda) (Entered: 10/06/2021) | 10/06/2021 |
| 704 | RESPONSE in Opposition re 698 MOTION Dr. Craig Wright's Motion to Exclude Improper Character Evidence at Trial filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 10/13/2021. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Brenner, Andrew) (Entered: 10/06/2021) | 10/06/2021 |
| 705 | RESPONSE to Motion re 699 MOTION DR. CRAIG WRIGHTS MOTION TO INTRODUCE DAVE KLEIMANS ELECTRONIC DATA STORAGE DEVICES AT TRIAL filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 10/13/2021. (Freedman, Devin) (Entered: 10/06/2021) | 10/06/2021 |
| 706 | Plaintiff's MOTION to Seal Exhibit A to Plaintiffs' Response in Opposition to Defendants Motion to Exclude the Australian Taxation Offices Tax Audit Documents per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Brenner, Andrew) (Entered: 10/06/2021) | 10/06/2021 |
|  | SYSTEM ENTRY - Docket Entry 707 [misc] restricted/sealed until further notice. (761827) (Entered: 10/06/2021) | 10/06/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 708 | RESPONSE in Opposition re 697 MOTION Dr. Craig Wright's Motion to Exclude the Australian Taxation Office's Tax Audit Documents filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 10/13/2021. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Brenner, Andrew) (Entered: 10/06/2021) | 10/06/2021 |
| 709 | PAPERLESS ORDER granting ECF No. 706 Motion to Seal. Signed by Judge Beth Bloom (ta00) (Entered: 10/07/2021) | 10/07/2021 |
| 710 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC re 700 MOTION PLAINTIFFS' BRIEF IN SUPPORT OF THE ADMISSIBILITY OF THE DEMONSTRATIVE THEY INTEND TO USE IN OPENING OF FILING (Attachments: # 1 Exhibit Revised Demonstrative Exhibit) (Freedman, Devin) (Entered: 10/07/2021) | 10/07/2021 |
| 711 | Clerks Notice to Filer re 707 Sealed Document. Document Not Captioned. It is not necessary to refile this document but future filings must have the proper caption pursuant to Local Rules. (mc) (Entered: 10/08/2021) | 10/08/2021 |
| 712 | MOTION to Allow Electronic Equipment in the Courtroom for Use at the October 14, 2021 Hearing by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order)(Brenner, Andrew) (Entered: 10/12/2021) | 10/12/2021 |
| 713 | PAPERLESS ORDER granting ECF No. 712 Motion to Bring Electronic Equipment into the courtroom. Signed by Judge Beth Bloom (ta00) (Entered: 10/12/2021) | 10/12/2021 |
| 714 | Defendant's REPLY to Response to Motion re 699 MOTION DR. CRAIG WRIGHTS MOTION TO INTRODUCE DAVE KLEIMANS ELECTRONIC DATA STORAGE DEVICES AT TRIAL DR. CRAIG WRIGHT'S REPLY IN SUPPORT OF HIS MOTION TO INTRODUCE DAVE KLEIMANS ELECTRONIC DATA STORAGE DEVICES AT TRIAL filed by Craig Wright. (Rivero, Andres) (Entered: 10/12/2021) | 10/12/2021 |
| 715 | RESPONSE in Support re 698 MOTION Dr. Craig Wright's Motion to Exclude Improper Character Evidence at Trial filed by Craig Wright. (Rivero, Andres) (Entered: 10/12/2021) | 10/12/2021 |
| 716 | Plaintiff's REPLY to Response to Motion re 700 MOTION PLAINTIFFS' BRIEF IN SUPPORT OF THE ADMISSIBILITY OF THE DEMONSTRATIVE THEY INTEND TO USE IN OPENING filed by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 10/12/2021) | 10/12/2021 |
| 717 | Defendant's REPLY to Response to Motion re 697 MOTION Dr. Craig Wright's Motion to Exclude the Australian Taxation Office's Tax Audit Documents DR. CRAIG WRIGHTS REPLY IN SUPOPRT OF MOTION TO EXCLUDE THE AUSTRALIAN TAXATION OFFICES TAX AUDIT DOCUMENTS filed by Craig Wright. (Rivero, Andres) (Entered: 10/12/2021) | 10/12/2021 |
| 718 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Daniela Tenjido Sierra. Filing Fee $ 200.00 Receipt # AFLSDC-15089573 by Craig Wright. Responses due by 10/27/2021 (Attachments: # 1 Certification, # 2 Text of Proposed Order)(Rivero, Andres) (Entered: 10/13/2021) | 10/13/2021 |
| 719 | "VACATED" PAPERLESS ORDER granting 718 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Daniela Tenjido Sierra. Signed by Judge Beth Bloom (BB) Modified on 10/14/2021 (ls). (per DE #722) (Entered: 10/13/2021) | 10/13/2021 |
| 720 | ORDER ON DEPOSITION OBJECTIONS. Signed by Judge Beth Bloom on 10/13/2021. See attached document for full details. (wc) (Entered: 10/14/2021) | 10/14/2021 |
| 721 | PAPERLESS Minute Order for proceedings held before Judge Beth Bloom: Motion Hearing held on 10/14/2021 re ECF Nos. 693 , 697 , 698 , 699 , & 700 . Attorney Appearance(s): Darrell Winston Payne, Patricia L. Glaser, Richard W. Buckner, Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Maxwell V. Pritt, Michael A. Fernandez, Daniela Tenjido Sierra, Amanda Marie McGovern, and Schneur Zalman Kass. Total time in court: 1 hour(s) : 30 minutes. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. For the reasons stated on the record, Motion to Seal Limited Portions of Trial per Local Rule 5.4, ECF No. 693 , is granted in part and denied in part. The Court will not seal the courtroom during the use of the witness' testimony but will accommodate the safety concerns of the witness. The witness' counsel shall confer with counsel for Plaintiffs and Defendant to determine which items may be sealed and/or modified. As further stated on the record, the Motion to Exclude the Australian Taxation Office's Tax Audit Documents, ECF No. 697 , is denied; the Court defers ruling on the Motion to Exclude Improper Character Evidence at Trial, ECF No. 698 ; the Motion to Introduce Dave Kleiman's Electronic Data Storage Devices at Trial, ECF No. 699 is denied; and the Brief in Support of the Admissibility of the Demonstrative They Intend to Use in Opening, ECF No. 700 , is granted in part and denied in part. During the hearing, Plaintiff made an ore tenus motion to amend their exhibit list to include additional exhibits, which the Court granted. The parties shall confer regarding Defendant's request to amend his exhibit list. Signed by Judge Beth Bloom (ta00) (Entered: 10/14/2021) | 10/14/2021 |
| 722 | PAPERLESS ORDER VACATING ECF No. 719 Order granting Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Daniela Tenjido Sierra, ECF No. 718 . Pursuant to Rule 4(a) of the Local Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, "[a]ttorneys residing within this district and practicing before this Court are expected to be members of the bar of this Court." Signed by Judge Beth Bloom (ta00) (Entered: 10/14/2021) | 10/14/2021 |
|  | Attorney Daniela Tenjido Sierra representing Wright, Craig (Defendant) terminated. Notice of Termination delivered by US Mail to Daniela Tenjido Sierra. (ls)(per DE #722) (Entered: 10/14/2021) | 10/14/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 723 | TRANSCRIPT of Motion hearings held on 10/14/2021 before Judge Beth Bloom, 1 - 58 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/8/2021. Redacted Transcript Deadline set for 11/18/2021. Release of Transcript Restriction set for 1/18/2022. (yhz) (Entered: 10/18/2021) | 10/18/2021 |
| 724 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Amended Exhibit List (Attachments: # 1 Exhibit Plaintiffs' Amended Trial Exhibit List) (Freedman, Devin) (Entered: 10/19/2021) | 10/19/2021 |
| 725 | NOTICE by Craig Wright Dr. Craig Wright's Notice of Filing Amended Trial Exhibit List (Attachments: # 1 Exhibit Dr. Craig Wright's Amended Trial Exhibit List) (Rivero, Andres) (Entered: 10/20/2021) | 10/20/2021 |
| 726 | Plaintiff's EXPEDITED MOTION for Partial Reconsideration of Order on Deposition Objections re 720 Order by Ira Kleiman, W&K Info Defense Research, LLC. (Brenner, Andrew) (Entered: 10/21/2021) | 10/21/2021 |
| 727 | PAPERLESS ORDER requiring Defendant's expedited response by October 26, 2021, to Plaintiffs' Expedited Motion for Partial Reconsideration of Order on Deposition Objections, ECF No. 726 . Signed by Judge Beth Bloom (ta00) (Entered: 10/22/2021) | 10/22/2021 |
| 728 | NOTICE OF CONVENTIONAL FILING of a thumb-drive with copies of Plaintiffs' Trial Exhibits by Ira Kleiman, W&K Info Defense Research, LLC. (scn) (Entered: 10/22/2021) | 10/22/2021 |
| 729 | MOTION to Bring Electronic Equipment into the courtroom by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 11/5/2021 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 10/22/2021) | 10/22/2021 |
| 730 | PAPERLESS ORDER granting ECF No. 729 Motion to Bring Electronic Equipment into the courtroom. Signed by Judge Beth Bloom (ta00) (Entered: 10/22/2021) | 10/22/2021 |
| 731 | NOTICE by Craig Wright Dr. Craig Wright's Notice of Filing Corrected Amended Trial Exhibit List (Attachments: # 1 Exhibit Dr. Craig Wright's Corrected Amended Trial Exhibit List) (Rivero, Andres) (Entered: 10/22/2021) | 10/22/2021 |
|  | Reset Deadlines as to 726 Plaintiff's EXPEDITED MOTION for Partial Reconsideration of Order on Deposition Objections re 720 Order. Responses due by 10/26/2021 (ls)(per DE #727) (Entered: 10/25/2021) | 10/22/2021 |
| 732 | Exhibit List Notice by Ira Kleiman, W&K Info Defense Research, LLC.. (Attachments: # 1 Plaintiffs' Amended Exhibit List) (Freedman, Devin) (Entered: 10/25/2021) | 10/25/2021 |
| 733 | MOTION to Bring Electronic Equipment into the courtroom by Craig Wright. Responses due by 11/8/2021 (Attachments: # 1 Text of Proposed Order(Rivero, Andres) (Entered: 10/25/2021) | 10/25/2021 |
| 734 | MOTION to Bring Electronic Equipment into the courtroom by Craig Wright. Responses due by 11/8/2021 (Attachments: # 1 Text of Proposed Order(Rivero, Andres) (Entered: 10/25/2021) | 10/25/2021 |
| 735 | PAPERLESS ORDER granting ECF Nos. 733 & 734 Motions to Bring Electronic Equipment into the courtroom. Signed by Judge Beth Bloom (ta00) (Entered: 10/25/2021) | 10/25/2021 |
| 736 | NOTICE by Craig Wright Notice of Withdrawal of Counsel (Paschal, Bryan) (Entered: 10/25/2021) | 10/25/2021 |
| 737 | NOTICE by Craig Wright Dr. Craig Wright's Notice of Filing Amended Trial Exhibit List (Attachments: # 1 Exhibit Dr. Craig Wright's Amended Trial Exhibit List) (Rivero, Andres) (Entered: 10/25/2021) | 10/25/2021 |
|  | Attorney Bryan Lee Paschal representing Wright, Craig (Defendant) terminated per DE 736 . (lbc) (Entered: 10/26/2021) | 10/26/2021 |
| 738 | ORDER on Motion to Withdraw granting 736 Notice of Withdrawal of Counsel. Signed by Judge Beth Bloom on 10/26/2021. See attached document for full details. (ls) (Entered: 10/26/2021) | 10/26/2021 |
| 739 | CLERK'S Notice of Maintaining Audio-Visual Exhibit(s) received from Plaintiff 1 USB-drive containing the defendant's exhibits that plaintiffs have objected to. (rrs) (Entered: 10/26/2021) | 10/26/2021 |
| 740 | RESPONSE in Opposition re 726 Plaintiff's EXPEDITED MOTION for Partial Reconsideration of Order on Deposition Objections re 720 Order filed by Craig Wright. Replies due by 11/2/2021. (McGovern, Amanda) (Entered: 10/26/2021) | 10/26/2021 |
| 741 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Alexander J. Holtzman. Filing Fee $ 200.00 Receipt # AFLSDC-15126244 by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 11/10/2021 (Attachments: # 1 Text of Proposed Order)(Brenner, Andrew) (Entered: 10/27/2021) | 10/27/2021 |
| 742 | PAPERLESS ORDER granting ECF No. 741 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Alexander J. Holtzman. Signed by Judge Beth Bloom (ta00) (Entered: 10/27/2021) | 10/27/2021 |
| 743 | MOTION to Seal Redlined, Redacted Transcript per Local Rule 5.4 by John Doe. (Attachments: # 1 Text of Proposed Order) (Payne, Darrell) (Entered: 10/27/2021) | 10/27/2021 |
| 744 | PAPERLESS ORDER granting ECF No. 743 Motion to Seal. Signed by Judge Beth Bloom (ta00) (Entered: 10/27/2021) | 10/27/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 745 | MOTION on Order of Witness Presentation by Craig Wright. (Rivero, Andres) (Entered: 10/27/2021) | 10/27/2021 |
| 746 | NOTICE of Striking 745 MOTION on Order of Witness Presentation by Craig Wright (Rivero, Andres) (Entered: 10/27/2021) | 10/27/2021 |
| 747 | MOTION on Order of Witness Presentation by Craig Wright. (Rivero, Andres) Modified Text on 10/28/2021 (ls). (Entered: 10/27/2021) | 10/27/2021 |
| 748 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Tibor L. Nagy, Jr.. Filing Fee $ 200.00 Receipt # AFLSDC-15128843 by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 11/10/2021 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 10/27/2021) | 10/27/2021 |
| 749 | PAPERLESS ORDER denying 748 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Tibor L. Nagy. Noncompliance with LR 4(b) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys as follows: (1) PHV Attorney did not include the language in their Certification that they have not filed three or more motions for pro hac vice admission in this District within the last 365 days. (sample motion can be found on the Courts website); (2) PHV attorney did not include contact information in their motion, pursuant to AO 2005-38; and (3) Local counsel/Movant must sign/file documents under the name listed on the SDFL Roll of Attorneys, Devin Freedman. Signed by Judge Beth Bloom (BB) (Entered: 10/28/2021) | 10/28/2021 |
| 750 | Plaintiff's REPLY to Response to Motion re 726 Plaintiff's EXPEDITED MOTION for Partial Reconsideration of Order on Deposition Objections re 720 Order filed by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit A)(Brenner, Andrew) (Entered: 10/28/2021) | 10/28/2021 |
| 751 | PAPERLESS ORDER denying as moot 747 Motion for Order of Witness Presentation. Plaintiffs have not requested that the Defendant testify exclusively during Plaintiffs' case-in-chief so no ruling is necessary. Signed by Judge Beth Bloom (BB) (Entered: 10/29/2021) | 10/29/2021 |
| 752 | ORDER granting 726 Expedited Motion for Partial Reconsideration of Order on Deposition Objections. Signed by Judge Beth Bloom on 10/29/2021. See attached document for full details. (scn) (Entered: 10/29/2021) | 10/29/2021 |
| 753 | Corrected Transcript and Notice of Correction of Corrected Transcript as to date on title page, held on 10/14/2021 before Judge Beth Bloom, 1 - 58 pages, re: 723 Transcript,, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (yhz) (Entered: 10/29/2021) | 10/29/2021 |
| 754 | NOTICE of Change of Address, Email or Law Firm Name by Devin Freedman (Freedman, Devin) (Entered: 10/29/2021) | 10/29/2021 |
| 755 | MOTION to Bring Electronic Equipment into the courtroom by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 11/12/2021 (Attachments: # 1 Text of Proposed Order)(Freedman, Devin) (Entered: 10/29/2021) | 10/29/2021 |
| 756 | NOTICE by Craig Wright Dr. Craig Wright's Notice of Filing Amended Trial Exhibit List (Attachments: # 1 Exhibit Dr. Craig Wright's Amended Trial Exhibit List) (Rivero, Andres) (Entered: 10/29/2021) | 10/29/2021 |
| 757 | PAPERLESS ORDER granting ECF No. 755 Motion to Bring Electronic Equipment into the courtroom. Signed by Judge Beth Bloom (ta00) (Entered: 10/29/2021) | 10/29/2021 |
| 758 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Amended Trial Exhibit List (Attachments: # 1 Plaintiffs' Amended Trial Exhibit List, # 2 Objection Key) (Freedman, Devin) (Entered: 10/31/2021) | 10/31/2021 |
|  | Case Reopened as per ECF No. 651 . (ego) (Entered: 11/01/2021) | 11/01/2021 |
| 759 | MOTION to Seal LIMITED PORTIONS OF TRIAL, INCLUDING PORTIONS OF DEPOSITION TRANSCRIPT per Local Rule 5.4 by John Doe. (Attachments: # 1 Text of Proposed Order) (Payne, Darrell) (Entered: 11/01/2021) | 11/01/2021 |
| 760 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial begun on 11/1/2021. 30 jurors sworn in voir dire. Jury panel of 10 sworn and selected. Preliminary Instructions given. Opening Statements heard. Plaintiffs present their case, witness Andreas Antonopoulos sworn and testified. This case is in recess until 11/2/21 at 10:00 am in the Miami Division, 400 North Miami Avenue, Courtroom 10-2. Total time in court: 8 hour(s). Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Michael A. Fernandez, Andres Rivero, Zaharah R. Markoe, Amanda Marie McGovern, Schneur Zalman Kass. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/01/2021) | 11/01/2021 |
|  | SYSTEM ENTRY - Docket Entry 761 [misc] restricted/sealed until further notice. (518561) (Entered: 11/02/2021) | 11/02/2021 |
| 762 | PAPERLESS ORDER setting hearing on ECF No. 759 Motion to Seal Limited Portions of Trial, Including Portions of Deposition Transcript. Motion hearing set for 11/3/2021 at 09:45 AM in Miami Division before Judge Beth Bloom. The link to join is: https://www.zoomgov.com/j/1610487900?pwd=VXpEblhyM3hRTXVPQVpnd0JDdHpqZz09. Alternatively, the Meeting ID is: 161 048 7900, and the Passcode is: 336865. Signed by Judge Beth Bloom (ta00) (Entered: 11/02/2021) | 11/02/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 763 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/2/2021. Day 2. Plaintiff continues presenting their case. Witness Andreas Antonopoulos continues testifying on the stand with Direct, Cross, and Redirect examination. Witness Patrick Paige is sworn and testifies. Exhibits presented, Evidence entered. Witnesses Robert Radonovsky and Gavin Andresen testify as witnesses via video deposition. This case is in recess until 11/3 at 10:00. Total time in court: 7 hour(s) : 15 minutes. Attorney Appearance(s): Kyle Roche, Devin Freedman, Andres Rivero, Amanda Marie McGovern, Jorge Mestre, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/02/2021) | 11/02/2021 |
| 764 | PAPERLESS ORDER granting in part and denying in part 759 Motion to Seal for reasons stated on the record at the hearing. Signed by Judge Beth Bloom (BB) (Entered: 11/03/2021) | 11/03/2021 |
| 765 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/3/2021. Day 3. MOTION to Seal Limited Portions Of Deposition Transcript was denied in part and granted in part for the reasons stated on the record. Plaintiff continues with the presentation of their case. Jaime Wilson and Jimmy Nguyen testify as witnesses via video deposition. Ira Klieman was sworn and testified. Exhibits presented, evidence entered. This case is in recess until 11/4/21 at 10:00 am.Total time in court: 7 hour(s) : 30 minutes. Attorney Appearance(s): Darrell Winston Payne, Patricia L. Glaser, Kyle Roche, Devin Freedman, Andrew Scott Brenner, Andres Rivero, Amanda Marie McGovern, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/03/2021) | 11/03/2021 |
| 766 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/4/2021. Day 4. Plaintiff continues with the presentation of their case. Witness Ira Klieman continues testifying on cross examination. Exhibits presented, evidence entered. This case is in recess until 11/4/21 at 10:00 am. Total time in court: 7 hour(s) : 30 minutes. Attorney Appearance(s): Kyle Roche, Devin Freedman, Andrew Scott Brenner, Andres Rivero, Amanda Marie McGovern, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/04/2021) | 11/04/2021 |
| 767 | MEMORANDUM of Law REQUESTING RECONSIDERATION OF TRIAL RULINGS CONCERNING THE WORK PRODUCT PRIVILEGE AND THE ADMISSIBILITY OF PLAINTIFFS PRIVILEGE LOG by Craig Wright. (Attachments: # 1 Exhibit A)(Rivero, Andres) (Entered: 11/05/2021) | 11/05/2021 |
| 768 | MOTION Non-Party Andrew OHagans Motion For Order Compelling Plaintiffs To Pay Fees And Costs Related To Document And Deposition Discovery In England And Incorporated Memorandum Of Law by Andrew O'Hagan. Attorney Guy Austin Rasco added to party Andrew O'Hagan(pty:ip). (Attachments: # 1 Exhibit A - Consent Order Nicklin J, # 2 Exhibit B - Judgment, # 3 Exhibit C - Notice of Recording of Foreign Judgment)(Rasco, Guy) Event type Modified on 11/5/2021 (scn). (Entered: 11/05/2021) | 11/05/2021 |
| 769 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/5/2021. Day 5. Plaintiff continues with the presentation of their case. Witness Ira Klieman continues testifying on Cross Examination and Redirect. Exhibits presented, evidence entered. Jonathan Warren and Debrah Kobza testify as witnesses via video deposition. This case is in recess until 11/8/21 at 9:30 am. Total time in court: 6 hour(s) : 30 minutes. Attorney Appearance(s): Kyle Roche, Devin Freedman, Andrew Scott Brenner, Andres Rivero, Amanda Marie McGovern, Schneur Zalman Kass, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/05/2021) | 11/05/2021 |
| 770 | ORDER REFERRING 768 Motion to Compel filed by Andrew O'Hagan. Motion referred to Judge Bruce E. Reinhart for a Report and Recommendation. Signed by Judge Beth Bloom on 11/8/2021. See attached document for full details. (scn) (Entered: 11/08/2021) | 11/08/2021 |
| 771 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/8/2021. Day 6. Plaintiff continues with the presentation of their case. Witness Ramona Watts' deposition is read to the jury. Andrew O'Hagan testifies as a witness via video. Dr. Craig Wright is sworn and testifies. Exhibits presented, evidence entered. This case is in recess until 11/8/21 at 10:00 am. Total time in court: 8 hour(s). Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Andres Rivero, Zaharah R. Markoe, Amanda Marie McGovern, Schneur Zalman Kass, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/08/2021) | 11/08/2021 |
| 772 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/9/2021. Day 7. Witness Dr. Craig Wright testifies. Exhibits presented, evidence entered. This case is in recess until 11/10/21 at 10:00 am. Total time in court: 7 hour(s) : 30 minutes. Attorney Appearance(s): Stephen Lagos, Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Andres Rivero, Amanda Marie McGovern, and Schneur Zalman Kass. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ta00) (Entered: 11/09/2021) | 11/09/2021 |
| 773 | NOTICE of Attorney Appearance by Samantha Marie Licata on behalf of Ira Kleiman, W&K Info Defense Research, LLC. Attorney Samantha Marie Licata added to party Ira Kleiman(pty:pla), Attorney Samantha Marie Licata added to party W&K Info Defense Research, LLC(pty:pla). (Licata, Samantha) (Entered: 11/10/2021) | 11/10/2021 |
| 774 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/10/2021. Day 8. Witness Dr. Craig Wright testified. Exhibits presented, evidence entered. This case is in recess until 11/15/21 at 10:00 am. Total time in court: 4 hour(s) : 0 minutes. Attorney Appearance(s): Stephen Lagos, Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Andres Rivero, Amanda Marie McGovern, and Schneur Zalman Kass. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ta00) (Entered: 11/10/2021) | 11/10/2021 |
| 775 | Plaintiff's MOTION for Extension of Time to respond to Non-Party Andrew O'Hagan's re 768 Motion to Compel by Ira Kleiman, W&K Info Defense Research, LLC. Responses due by 11/29/2021 (Attachments: # 1 Text of Proposed Order)(Brenner, Andrew) (Entered: 11/12/2021) | 11/12/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 776 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Plaintiffs' Request for Judicial Notice (Brenner, Andrew) (Entered: 11/14/2021) | 11/14/2021 |
| 777 | PAPERLESS ORDER granting 775 Plaintiff's Motion for an Extension of Time to respond to the non-party's motion for fees (DE 768). Plaintiff's response to the motion is due by 12/1/2021. Signed by Magistrate Judge Bruce E. Reinhart on 11/15/2021. (hk02) (Entered: 11/15/2021) | 11/15/2021 |
| 778 | NOTICE of Attorney Appearance by Jorge Alejandro Mestre on behalf of Craig Wright. Attorney Jorge Alejandro Mestre added to party Craig Wright(pty:dft). (Mestre, Jorge) (Entered: 11/15/2021) | 11/15/2021 |
| 779 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/15/2021. Day 9. Witness Caig Wright, Dr. Matthew J. Edman testified. Plaintiffs continue with the presentation of their case. Witness Dr. Craig Wright continues to testify. Exhibits presented, evidence entered. Dr. Matthew J. Edman testified. This case is in recess until 11/16/21 at 10:00 am. Total time in court: 7 hour(s). Attorney Appearance(s): Darrell Winston Payne, Stephen Lagos, Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Michael A. Fernandez, Jorge Alejandro Mestre, Andres Rivero, Amanda Marie McGovern, Schneur Zalman Kass, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/15/2021) | 11/15/2021 |
| | Reset Deadlines as to 768 Motion to Compel. Responses due by 12/1/2021 (ls)(per DE #777) (Entered: 11/16/2021) | 11/15/2021 |
| 780 | Defendant's MOTION for Judgment as a Matter of Law by Craig Wright. (Rivero, Andres) (Entered: 11/16/2021) | 11/16/2021 |
| 781 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/16/2021. Day 10. Defendant's Ore Tenus motion is denied for the reasons stated on the record. Plaintiffs' Request for Judicial Notice ECF No. 776 is granted for the reasons stated on the record. Plaintiffs continue with the presentation of their case. Dr. Matthew J. Edman continues to testify on direct examination, cross, and redirect. Plaintiffs rest. Defense begins presentation of their case. Kevin Madura is sworn and testifies. Exhibits presented, evidence entered. This case is in recess until 11/17/21 at 10:00 am. Total time in court: 7 hour(s). Attorney Appearance(s): Stephen Lagos, Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Michael A. Fernandez, Jorge Alejandro Mestre, Andres Rivero, Amanda Marie McGovern, Schneur Zalman Kass, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) Modified on 11/17/2021 to note end of Plf's case start of Def. (ego). (Entered: 11/16/2021) | 11/16/2021 |
| 782 | Notice of Supplemental Authority re 780 Defendant's MOTION for Judgment as a Matter of Law by Craig Wright (McGovern, Amanda) (Entered: 11/17/2021) | 11/17/2021 |
| 783 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/17/2021. Day 11. Defense continues with the presentation of their case. Kevin Madura continues to testify with Direct and Cross examination. Witnesses Nicolas Chambers and Dr. D. Stewart MacIntyre are sworn and testify. Exhibits presented, Evidence entered. Donald Lynam and Lynn Wright testify via video deposition. This case is in recess until 11/18/21 at 10:00 am. Total time in court: 7 hour(s). Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Michael A. Fernandez, Jorge Alejandro Mestre, Andres Rivero, Amanda Marie McGovern, Schneur Zalman Kass, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/17/2021) | 11/17/2021 |
| 784 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/18/2021. Day 12. Defense continues with the presentation of their case. Witnesses Dr. D. Stewart MacIntyre, Jr., Kimon Androeu, Carter Conrad, and David Kuharcik testified. Exhibits presented, evidence entered. This case is in recess until 11/19/21 at 9:30 am. Total time in court: 7 hour(s) : 30 minutes. Attorney Appearance(s): Stephen Lagos, Kyle Roche, Stephen N. Zack, Alexander J. Holtzman, Devin Freedman, Andrew Scott Brenner, Jorge Alejandro Mestre, Andres Rivero, Amanda Marie McGovern, Schneur Zalman Kass. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ta00) (Entered: 11/18/2021) | 11/18/2021 |
| 785 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Regarding David Kuharcik Privilege Assertions (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Brenner, Andrew) (Entered: 11/18/2021) | 11/18/2021 |
| 786 | RESPONSE in Opposition re 780 Defendant's MOTION for Judgment as a Matter of Law filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 11/29/2021. (Attachments: # 1 Appendix A)(Brenner, Andrew) (Entered: 11/19/2021) | 11/19/2021 |
| 787 | MOTION DR. WRIGHT'S MOTION IN SUPPORT OF PERMITTING MR. KUHARCIK TO FULLY TESTIFY AT TRIAL by Craig Wright. (Rivero, Andres) (Entered: 11/19/2021) | 11/19/2021 |
| 788 | PAPERLESS ORDER granting in part and denying in part 787 Motion PERMITTING MR. KUHARCIK TO FULLY TESTIFY AT TRIAL for reasons stated on the record. Signed by Judge Beth Bloom (BB) (Entered: 11/19/2021) | 11/19/2021 |
| 789 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC re 786 Response in Opposition to Motion Errata to Plaintiffs' Opposition to Defendant's Motion for Judgment as a Matter of Law (Attachments: # 1 Exhibit A - Corrected Response in Opposition to Defendant's Motion for Judgment as a Matter of Law) (Brenner, Andrew) (Entered: 11/19/2021) | 11/19/2021 |
| 790 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/19/2021. Day 13. Defense continues with the presentation of their case. Witness Mr. Kuharcik continues testifying. Dr. Ami Klin is sworn and testified. Exhibits presented, Evidence entered. This case is in recess until Monday, 11/22/21 at 9:30 am. Total time in court: 5 hour(s) : 30 minutes. Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Alexander J. Holtzman, Devin Freedman, Andrew Scott Brenner, Michael A. Fernandez, Jorge Alejandro Mestre, Andres Rivero, Amanda Marie McGovern, Schneur Zalman Kass, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/19/2021) | 11/19/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 791 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC Re: Judicial Notice (Attachments: # 1 Exhibit A) (Freedman, Devin) (Entered: 11/20/2021) | 11/20/2021 |
| 792 | Proposed Jury Instructions by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit A)(Freedman, Devin) (Entered: 11/20/2021) | 11/20/2021 |
| 793 | Proposed Jury Instructions by Craig Wright. (McGovern, Amanda) (Entered: 11/20/2021) | 11/20/2021 |
| 794 | Proposed Jury Instructions by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Freedman, Devin) (Entered: 11/20/2021) | 11/20/2021 |
| 795 | Proposed Jury Instructions by Craig Wright. (McGovern, Amanda) (Entered: 11/20/2021) | 11/20/2021 |
| 796 | ORDER denying 780 Motion for Judgment as a Matter of Law. Signed by Judge Beth Bloom on 11/22/2021. See attached document for full details. (scn) (Entered: 11/22/2021) | 11/22/2021 |
| 797 | NOTICE of Attorney Appearance by Andres Rivero on behalf of Craig Wright (Rivero, Andres) (Entered: 11/22/2021) | 11/22/2021 |
| 798 | Clerks Notice to Filer re 797 Notice of Attorney Appearance. Login/Signature Block Violation; CORRECTIVE ACTION REQUIRED - The name of attorney e-filing this document via their CM/ECF login does not match the name of attorney on the signature block of the document. The name used for login must match the typed name on signature block of the document. This filing is a violation of Section 3J(1) of CM/ECF Admin Procedures and Local Rule 5.1(b). Filer must File a Notice of Striking, then refile document pursuant to CM/ECF Admin Procedures and Local Rules. (scn) (Entered: 11/22/2021) | 11/22/2021 |
| 799 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/22/2021. Day 14. Defense continues with the presentation of their case. Witness Dr. Ami Klim continues to testify. Craig Wright is sworn and testified. Exhibits presented, Evidence entered. Defense rests. Charging conference was had. This case is in recess until 11/23/21 at 9:30 am. Total time in court: 7 hour(s) : 30 minutes. Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Maxwell V. Pritt, Michael A. Fernandez, Jorge Alejandro Mestre, Andres Rivero, Amanda Marie McGovern, Schneur Zalman Kass, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/22/2021) | 11/22/2021 |
| 800 | Court's Notice of Filing (Attachments: # 1 Jury Instructions, # 2 Verdict Form) (ego) (Entered: 11/22/2021) | 11/22/2021 |
| 801 | NOTICE of Attorney Appearance by Amanda Lara Fernandez on behalf of Craig Wright. Attorney Amanda Lara Fernandez added to party Craig Wright(pty:dft). (Fernandez, Amanda) (Entered: 11/23/2021) | 11/23/2021 |
| 802 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC of Filing Regarding Partnership Jury Instructions (Attachments: # 1 Exhibit A) (Brenner, Andrew) (Entered: 11/23/2021) | 11/23/2021 |
| 803 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/23/2021. Day 15. Jury instructions given by the Court. Closing statements made. Jury deliberates. This case is in recess until Monday 11/29/21 at 9:30 am. Total time in court: 7 hour(s) : 15 minutes. Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Maxwell V. Pritt, Michael A. Fernandez, Jorge Alejandro Mestre, Andres Rivero, Amanda Lara Fernandez, Amanda Marie McGovern, Schneur Zalman Kass, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/23/2021) | 11/23/2021 |
| 804 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/29/2021. Day 16. Deliberations continue. Jury asks questions in written form. Court addresses questions in open court. Jury sent back to deliberate. This case is in recess until 11/30/21 at 10:00 am. Total time in court: 7 hour(s) : 45 minutes. Attorney Appearance(s): Kyle Roche, Devin Freedman, Andrew Scott Brenner, Jorge Alejandro Mestre, Andres Rivero, Amanda Marie McGovern, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 11/30/2021) | 11/29/2021 |
| 805 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 11/30/2021. Day 17. Deliberations continue. This case is in recess until 12/1/21 at 10:00 am Total time in court: 7 hour(s). Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Joseph M. Delich, Andres Rivero, Amanda Lara Fernandez, Zaharah R. Markoe, Amanda Marie McGovern, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 12/01/2021) | 11/30/2021 |
| 806 | RESPONSE in Opposition re 768 Motion to Compel Plaintiffs to Pay Fees and Costs Related to Document and Deposition Discovery in England and Incorporated Memorandum of Law filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 12/8/2021. (Brenner, Andrew) (Entered: 12/01/2021) | 12/01/2021 |
| 807 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 12/1/2021. Day 18. Deliberations continue. Jury note passed to the Court: unable to reach a unanimous decision; Allen Charge given. Jury continues deliberations. This case is in recess until 12/2/21 at 10:00 am. Total time in court: 7 hour(s). Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Jorge Alejandro Mestre, Andres Rivero, Zaharah R. Markoe, Amanda Marie McGovern, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ego) (Entered: 12/01/2021) | 12/01/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 808 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 12/2/2021. Day 19. Deliberations continue. This case is in recess until 12/3/21 at 10:00 am. Total time in court: 7 hour(s). Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Alexander J. Holtzman, Devin Freedman, Andrew Scott Brenner, Jorge Alejandro Mestre, Andres Rivero, Zaharah R. Markoe, Amanda Marie McGovern, and Schneur Zalman Kass. Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. (ta00) (Entered: 12/02/2021) | 12/02/2021 |
| 809 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial held on 12/3/2021. Day 20. Deliberations continue. This case is in recess until 12/6/21 at 10:00 am. Total time in court: 5 hour(s) : 15 minutes. Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Alexander J. Holtzman, Devin Freedman, Andrew Scott Brenner, Jorge Alejandro Mestre, Andres Rivero, Amanda Marie McGovern, and Schneur Zalman Kass. Court Reporter: James Pence Aviles, 305-523-5633 / James_PenceAviles@flsd.uscourts.gov. (ta00) (Entered: 12/03/2021) | 12/03/2021 |
| 810 | PAPERLESS Minute Entry for proceedings held before Judge Beth Bloom: Jury Trial Completed on 12/6/2021. Day 21. Deliberations continue. Jury verdict reached. Jury verdict published. Jury polled. Verdict in favor of W&K Info Defense Research, LLC in the amount of $100,000,000.00 from intellectual property for compensatory damages regarding conversion. Total time in court: 2 hour(s). Attorney Appearance(s): Kyle Roche, Stephen N. Zack, Devin Freedman, Andrew Scott Brenner, Jorge Alejandro Mestre, Andres Rivero, Zaharah R. Markoe, Amanda Marie McGovern. NOTICE OF POLICY RE ELECTRONIC SUBMISSION OF EXHIBITS. All exhibits returned to counsel of record and counsel shall follow Local Rule 5.3 which provides that within ten (10) days of the conclusion of a hearing or trial, a party must file in CM/ECF an electronic version of most exhibits offered or introduced into evidence. Before electronically filing, the filer must redact any sensitive, confidential, or private information in accordance with Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, and CM/ECF Administrative Procedures, Section 6, or seek an order from the Court either to seal the exhibit or to exempt the exhibit from electronic filing under subsection (b)(3)(C) of the rule. Failure to electronically file exhibits and the The Certificate of Compliance Re Admitted Evidence within ten (10) days may result in the imposition of sanctions. The Local Rule, The Certificate of Compliance Re Admitted Evidence, and the Quick Reference Guide to Electronically Filing Trial Exhibits can be found on the Courts website: http://www.flsd.uscourts.gov (ego) (Entered: 12/06/2021) | 12/06/2021 |
| 811 | Exhibit List all exhibits entered at trial in re: Kleiman v. Wright. (ego) Modified on 12/6/2021 (ego). (Entered: 12/06/2021) | 12/06/2021 |
| 812 | JURY VERDICT as to Kleiman v. Wright. (ego) (Additional attachment(s) added on 12/6/2021: # 1 Restricted Unredacted Jury Note/Verdict jury verdict) (ego). (Entered: 12/06/2021) | 12/06/2021 |
| 812 | JURY VERDICT as to Kleiman v. Wright. (ego) (Additional attachment(s) added on 12/6/2021: # 1 Restricted Unredacted Jury Note/Verdict jury verdict) (ego). (Entered: 12/06/2021) | 12/06/2021 |
| 813 | Jury Notes as to Kleiman v. Wright. (ego) (Additional attachment(s) added on 12/6/2021: # 1 Restricted Unredacted Jury Note/Verdict jury notes) (ego). (Entered: 12/06/2021) | 12/06/2021 |
| 813 | Jury Notes as to Kleiman v. Wright. (ego) (Additional attachment(s) added on 12/6/2021: # 1 Restricted Unredacted Jury Note/Verdict jury notes) (ego). (Entered: 12/06/2021) | 12/06/2021 |
|  | SYSTEM ENTRY - Docket Entry 811 [trial] restricted/sealed until further notice. (jcy) (Entered: 12/07/2021) | 12/06/2021 |
| 814 | FINAL JUDGMENT in favor of W&K Info Defense Research, LLC against Craig Wright; Closing Case. Signed by Judge Beth Bloom on 12/7/2021. See attached document for full details. (ls) (Entered: 12/07/2021) | 12/07/2021 |
| 815 | Corrected Admitted Trial Exhibit List in re: Kleiman v. Wright. (ego) (Entered: 12/07/2021) | 12/07/2021 |
| 816 | REPLY to 806 Response in Opposition to Motion, 768 Motion to Compel by Andrew O'Hagan. (Attachments: # 1 Exhibit A - Freedman First Witness Statement (First Witness Statement of Freedman), # 2 Exhibit B - 19.11.14 Order (002), # 3 Exhibit C - O'Hagan First Witness Statement (O'Hangan's first witness statement), # 4 Exhibit D - Freedman Second Witness Statement 12.6.19, # 5 Exhibit E - Transfer Order 191211 Approved, # 6 Exhibit F - O'Hagan Second Witness Statement (Second Witness Statement of Andrew O'Hagan 2), # 7 Exhibit G - 12.18.19 Consent Order w-seal (Queen's Bench Associate's-Blank Order), # 8 Exhibit H - DE 771 - 11.8.21 Videotaped O'Hagan Trial Witness)(Rasco, Guy) (Entered: 12/08/2021) | 12/08/2021 |
| 817 | Agreed MOTION to Seal Transcript and Supporting Memorandum of Law per Local Rule 5.4 by John Doe. (Attachments: # 1 Exhibit A) (Payne, Darrell) (Entered: 12/08/2021) | 12/08/2021 |
| 818 | REPORT AND RECOMMENDATIONS re 768 Motion to Compel filed by Andrew O'Hagan. Recommending that the District Court Deny the Motion. Objections to R&R due by 12/23/2021. Signed by Magistrate Judge Bruce E. Reinhart on 12/9/2021. See attached document for full details. (ls) (Entered: 12/09/2021) | 12/09/2021 |
| 819 | ORDER granting 817 Motion to Seal Transcript. The deposition of John Doe filed confidentially under seal pursuant to ECF Nos. 603 , 608 , 691 , 744 , 761 , and 765 , shall remain filed under seal until further Order of this Court, and only after prior notice to the Deponent. Deponent's Expedited Motion, ECF No. 759 , and Court's Order, ECF No. 764 , are MOOT. Signed by Judge Beth Bloom on 12/8/2021. See attached document for full details. (pes) Modified text per Chambers on 12/9/2021 (mc). (Entered: 12/09/2021) | 12/09/2021 |
| 820 | TRANSCRIPT of Jury Trial, Day 12 (Afternoon Session) held on 11/18/2021 before Judge Beth Bloom, 1 - 140 pages, Court Reporter: James Pence-Aviles, 305-523-5633 / James_PenceAviles@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2022. Redacted Transcript Deadline set for 1/10/2022. Release of Transcript Restriction set for 3/10/2022. (jps) (Entered: 12/10/2021) | 12/10/2021 |

47

| # | Docket Text | Date Filed |
|---|---|---|
| 821 | TRANSCRIPT of Jury Trial, Day 13 (Afternoon Session) held on 11/19/2021 before Judge Beth Bloom, 1 - 88 pages, Court Reporter: James Pence-Aviles, 305-523-5633 / James_PenceAviles@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2022. Redacted Transcript Deadline set for 1/10/2022. Release of Transcript Restriction set for 3/10/2022. (jps) (Entered: 12/10/2021) | 12/10/2021 |
| 822 | TRANSCRIPT of Jury Trial, Day 14 (Afternoon Session) held on 11/22/2021 before Judge Beth Bloom, 1 - 119 pages, Court Reporter: James Pence-Aviles, 305-523-5633 / James_PenceAviles@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2022. Redacted Transcript Deadline set for 1/10/2022. Release of Transcript Restriction set for 3/10/2022. (jps) (Entered: 12/10/2021) | 12/10/2021 |
| 823 | MOTION to Seal Dr. Craig Wright's Motion to File Select Exhibits Under Seal per Local Rule 5.4 by Craig Wright. (Rivero, Andres) (Entered: 12/16/2021) | 12/16/2021 |
| 824 | Unopposed MOTION to Seal Trial Exhibits per Local Rule 5.4 by Ira Kleiman, W&K Info Defense Research, LLC. (Attachments: # 1 Text of Proposed Order) (Brenner, Andrew) (Entered: 12/16/2021) | 12/16/2021 |
| 825 | PAPERLESS ORDER granting ECF No. 824 Motion to Seal. Signed by Judge Beth Bloom (ta00) (Entered: 12/16/2021) | 12/16/2021 |
|  | SYSTEM ENTRY - Docket Entry 826 [misc] restricted/sealed until further notice. (514773) (Entered: 12/16/2021) | 12/16/2021 |
| 827 | NOTICE by Craig Wright NOTICE OF FILING PROPOSED ORDER (Attachments: # 1 Text of Proposed Order) (Rivero, Andres) (Entered: 12/16/2021) | 12/16/2021 |
| 828 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC re 815 Exhibit List (Attachments: # 1 Exhibit D003, # 2 D005, # 3 D008, # 4 D010, # 5 D011, # 6 D015, # 7 D018, # 8 D019, # 9 D020, # 10 D030, # 11 D040, # 12 D041, # 13 D042, # 14 D045, # 15 D046, # 16 D056, # 17 D057, # 18 D058, # 19 D059, # 20 D076, # 21 D072, # 22 D073, # 23 D075, # 24 D078, # 25 D080, # 26 D082, # 27 D083, # 28 D084, # 29 D085, # 30 D088, # 31 D158, # 32 D159, # 33 D161, # 34 D164, # 35 D171, # 36 D173, # 37 D174, # 38 D175, # 39 D176, # 40 D177, # 41 D179, # 42 D180, # 43 D181, # 44 D245, # 45 D246, # 46 D247, # 47 D248, # 48 D249, # 49 D250, # 50 D251, # 51 D252, # 52 D256, # 53 D257, # 54 D284, # 55 D285, # 56 D289, # 57 D301, # 58 D302, # 59 D303, # 60 D319, # 61 D326, # 62 D329, # 63 D330, # 64 D331, # 65 D335, # 66 D336, # 67 D337, # 68 D338, # 69 D339, # 70 D340, # 71 D341, # 72 D342, # 73 D343, # 74 D344, # 75 D345, # 76 D346, # 77 D348, # 78 D349, # 79 D350, # 80 D351, # 81 D352, # 82 D353, # 83 D354, # 84 D356, # 85 D357, # 86 D359, # 87 D360, # 88 D361, # 89 D362, # 90 D363, # 91 D380, # 92 D389, # 93 D396, # 94 D398, # 95 D408, # 96 D412, # 97 D425, # 98 D480, # 99 D481, # 100 D488, # 101 D389, # 102 J001, # 103 J003, # 104 J009, # 105 J010, # 106 J011, # 107 J012, # 108 J013, # 109 J014, # 110 J021, # 111 J022, # 112 J031, # 113 J032, # 114 J034, # 115 J035, # 116 J045, # 117 J048, # 118 J049, # 119 J052, # 120 J053, # 121 J054, # 122 J055, # 123 J057, # 124 J058, # 125 J060, # 126 J061, # 127 J062, # 128 J096, # 129 J097, # 130 J098, # 131 J099, # 132 J103, # 133 J114, # 134 J120, # 135 J124) (Brenner, Andrew) (Entered: 12/16/2021) | 12/16/2021 |
| 829 | NOTICE by Ira Kleiman, W&K Info Defense Research, LLC re 815 Exhibit List (Attachments: # 1 Exhibit P002, # 2 P033, # 3 P034, # 4 P035, # 5 P036, # 6 P037, # 7 P042, # 8 P043, # 9 P045, # 10 P048, # 11 P051, # 12 P052, # 13 P053, # 14 P055, # 15 P055.1, # 16 P055.3, # 17 P057, # 18 P059, # 19 P075, # 20 P076, # 21 P091, # 22 P092, # 23 P102, # 24 P105, # 25 P112, # 26 P113, # 27 P117, # 28 P119, # 29 P120, # 30 P122, # 31 P124, # 32 P129, # 33 P133, # 34 P134, # 35 P135.1, # 36 P138, # 37 P139, # 38 P142, # 39 P146, # 40 P147, # 41 P149, # 42 P156, # 43 P156.1, # 44 P157, # 45 P157.1, # 46 P160, # 47 P160.1, # 48 P161, # 49 P164, # 50 P166, # 51 P167, # 52 P181, # 53 P183, # 54 P187, # 55 P189, # 56 P200, # 57 P210, # 58 P211, # 59 P212, # 60 P213, # 61 P216, # 62 P217, # 63 P224, # 64 P226, # 65 P240, # 66 P241, # 67 P248, # 68 P256, # 69 P257, # 70 P261, # 71 P274, # 72 P290, # 73 P291, # 74 P299, # 75 P301, # 76 P305, # 77 P313, # 78 P326, # 79 P332, # 80 P333, # 81 P349, # 82 P356, # 83 P361, # 84 P381, # 85 P386, # 86 P398, # 87 P403, # 88 P405, # 89 P406, # 90 P407, # 91 P408, # 92 P410, # 93 P420, # 94 P424, # 95 P434, # 96 P439, # 97 P446, # 98 P452, # 99 P459, # 100 P509, # 101 P514, # 102 P514.1, # 103 P518, # 104 P518.1, # 105 P518.2, # 106 P518.3, # 107 P518.4, # 108 P518.7, # 109 P521.1, # 110 P521.7, # 111 P522, # 112 P523, # 113 P538, # 114 P538.1, # 115 P538.2, # 116 P540, # 117 P540.1, # 118 P540.2, # 119 P546, # 120 P546.1, # 121 P546.2, # 122 P564, # 123 P578, # 124 P591, # 125 P630, # 126 P636, # 127 P638, # 128 P664, # 129 P695, # 130 P696, # 131 P709, # 132 P710, # 133 P717, # 134 P720, # 135 P727, # 136 P727.1, # 137 P731, # 138 P733, # 139 P733.1, # 140 P744, # 141 P748, # 142 P758, # 143 P767, # 144 P799, # 145 P799.1, # 146 P807, # 147 P807.1, # 148 P807.2, # 149 P807.3, # 150 P808, # 151 P808.1, # 152 P808.2, # 153 P822, # 154 P823, # 155 P823.1, # 156 P823.2, # 157 P823.3, # 158 P824) (Brenner, Andrew) (Entered: 12/16/2021) | 12/16/2021 |
| 830 | CERTIFICATE of Compliance Re Admitted Evidence for exhibit(s): Exhibits admitted at trial by Andres Rivero on behalf of Craig Wright (Rivero, Andres) (Entered: 12/16/2021) | 12/16/2021 |
| 831 | Corrected CERTIFICATE of Compliance Re Admitted Evidence for exhibit(s): Exhibits admitted at trial by Andres Rivero on behalf of Craig Wright (Rivero, Andres) (Entered: 12/17/2021) | 12/17/2021 |
| 832 | CLERK'S Notice of Maintaining Audio-Visual Exhibit(s) received from Plaintiff Re D.E. 829 Notice (Other),,,,,,,,, Exhibit Numbers: P434,P511,P512,D173( 1 Flash Drive ) (rrs) (Entered: 12/17/2021) | 12/17/2021 |
| 833 | Plaintiff's CERTIFICATE of Compliance Re Admitted Evidence for exhibit(s): DE 828, 829 by Andrew Scott Brenner on behalf of Ira Kleiman, W&K Info Defense Research, LLC (Brenner, Andrew) (Entered: 12/17/2021) | 12/17/2021 |

| # | Docket Text | Date Filed |
|---|-------------|------------|
| 834 | CLERK'S Notice of Maintaining Audio-Visual Exhibit(s) received from Plaintiff Re D.E. 824 Unopposed MOTION to Seal Trial Exhibits per Local Rule 5.4. Exhibit Numbers: Sealed (D091-D102,D1020,D1021( 1 Flash Drive) (rrs) (Entered: 12/17/2021) | 12/17/2021 |
| 835 | Supplemental Joint Notice of Filing Exhibits re 815 Corrected Admitted Trial Exhibits by Andrew Scott Brenner on behalf of Ira Kleiman, W&K Info Defense Research, LLC (Attachments: # 1 Exhibit D489, # 2 J024, # 3 P853.1, # 4 P853.2, # 5 P853.3, # 6 P853.4, # 7 P856, # 8 P856.1, # 9 P856.2, # 10 P862, # 11 P863, # 12 P864, # 13 P865, # 14 P867, # 15 P869) (Brenner, Andrew) Text Modified on 12/17/2021 (amb). (Entered: 12/17/2021) | 12/17/2021 |
| 836 | Corrected CERTIFICATE of Compliance Re Admitted Evidence for exhibit(s): Exhibits admitted at trial Second Corrected Certificate of Compliance re Admitted Evidence by Andres Rivero on behalf of Craig Wright (Rivero, Andres) (Entered: 12/17/2021) | 12/17/2021 |
| 837 | TRANSCRIPT of Trial Day 1 held on 11/01/2021 before Judge Beth Bloom, Volume Number 1 of 19, 1 - 273, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 838 | TRANSCRIPT of Trial Day 2 held on 11/02/2021 before Judge Beth Bloom, Volume Number 2 of 19, 1 - 197, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 839 | TRANSCRIPT of Trial Day 3 held on 11/03/2021 before Judge Beth Bloom, Volume Number 3 of 19, 1 - 193, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 840 | TRANSCRIPT of Trial Day 4 held on 11/04/2021 before Judge Beth Bloom, Volume Number 4 of 19, 1 - 293, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 841 | TRANSCRIPT of Trial Day 5, plus index held on 11/05/2021 before Judge Beth Bloom, Volume Number 5 of 19, 1 - 182 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 842 | TRANSCRIPT of Trial Day 6 held on 11/08/2021 before Judge Beth Bloom, Volume Number 6 of 19, 1 - 255, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 843 | TRANSCRIPT of Trial Day 7 held on 11/09/2021 before Judge Beth Bloom, Volume Number 7 of 19, 1 - 247, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 844 | TRANSCRIPT of Trial Day 8 held on 11/10/2021 before Judge Beth Bloom, Volume Number 8 of 19, 1 - 122, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 845 | TRANSCRIPT of Trial Day 9 held on 11/15/2021 before Judge Beth Bloom, Volume Number 9 of 19, 1 - 224, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 846 | TRANSCRIPT of Trial Day 10 held on 11/16/2021 before Judge Beth Bloom, Volume Number 10 of 19, 1 - 244, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 847 | TRANSCRIPT of Trial Day 11 held on 11/17/2021 before Judge Beth Bloom, Volume Number 11 of 19, 1 - 148, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 848 | TRANSCRIPT of Trial Day 12, AM Session, held on 11/18/2021 before Judge Beth Bloom, Volume Number 12 of 19, 1 - 124, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 849 | TRANSCRIPT of Trial Day 13, AM Session held on 11/19/2021 before Judge Beth Bloom, Volume Number 13 of 19, 1 - 119, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 850 | TRANSCRIPT of Trial Day 14, AM Session held on 11/22/2021 before Judge Beth Bloom, Volume Number 14 of 19, 1 - 129, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 851 | TRANSCRIPT of Trial Day 15 held on 11/23/2021 before Judge Beth Bloom, Volume Number 15 of 19, 1 - 192, plus index pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 852 | TRANSCRIPT of Trial Day 16 held on 11/29/2021 before Judge Beth Bloom, Volume Number 16 of 19, 1 - 33 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 853 | TRANSCRIPT of Trial Day 17 held on 11/30/2021 before Judge Beth Bloom, Volume Number 17 of 19, 1 - 4 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 854 | TRANSCRIPT of Trial Day 18 held on 12/01/2021 before Judge Beth Bloom, Volume Number 18 of 19, 14 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 855 | TRANSCRIPT of Trial Day 19 held on 12/02/2021 before Judge Beth Bloom, Volume Number 19 of 19, 1 - 5 pages, Court Reporter: Yvette Hernandez, 305-523-5698 / Yvette_Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/20/2022. Release of Transcript Restriction set for 3/21/2022. (yhz) (Entered: 12/20/2021) | 12/20/2021 |
| 856 | OBJECTIONS to 818 Report and Recommendations Non-Party Andrew OHagan Objection to Magistrate Judge Report and Recommendation and Incorporated Memorandum of Law by Andrew O'Hagan. (Rasco, Guy) (Entered: 12/20/2021) | 12/20/2021 |
| 857 | RESPONSE in Opposition re 823 MOTION to Seal Dr. Craig Wright's Motion to File Select Exhibits Under Seal per Local Rule 5.4 filed by Ira Kleiman, W&K Info Defense Research, LLC. Replies due by 1/3/2022. (Brenner, Andrew) (Entered: 12/27/2021) | 12/27/2021 |
| 858 | REPLY to Response to Motion re 823 MOTION to Seal Dr. Craig Wright's Motion to File Select Exhibits Under Seal per Local Rule 5.4 Reply in Support of Dr Craig Wright's Motion to File Select Exhibits Under Seal filed by Craig Wright. (Rivero, Andres) (Entered: 01/03/2022) | 01/03/2022 |
| 859 | RESPONSE to 856 Objections to Report and Recommendations by Ira Kleiman, W&K Info Defense Research, LLC. (Brenner, Andrew) (Entered: 01/03/2022) | 01/03/2022 |
| 860 | MOTION to Alter Judgment to Add Prejudgment Interest by W&K Info Defense Research, LLC. Responses due by 1/18/2022 (Brenner, Andrew) (Entered: 01/04/2022) | 01/04/2022 |

| # | Docket Text | Date Filed |
|---|---|---|
| 861 | MOTION for New Trial on the Estate's claims based on violations of the Court's Motions in Limine orders by Ira Kleiman. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Freedman, Devin) (Entered: 01/04/2022) | 01/04/2022 |
| 862 | TRANSCRIPT of Jury Trial held on December 6, 2021, before Judge Beth Bloom, 1-19 pages, Court Reporter: Lisa Edwards, 305-439-7168 / reporterlisaedwards@gmail.com. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/26/2022. Redacted Transcript Deadline set for 2/7/2022. Release of Transcript Restriction set for 4/5/2022. (le) (Entered: 01/05/2022) | 01/05/2022 |
| 863 | MOTION for Extension of Time to file Bill of Costs Dr. Craig Wright's Motion for 14-day Enlargement of Time to File Bill of Costs by Craig Wright. Responses due by 1/19/2022 (Attachments: # 1 Text of Proposed Order [Proposed] Order Granting Dr Wright's Motion for 14-day Enlargement of Time to File Bill of Costs)(Rolnick, Alan) (Entered: 01/05/2022) | 01/05/2022 |
| 864 | RESPONSE in Support re 863 MOTION for Extension of Time to file Bill of Costs Dr. Craig Wright's Motion for 14-day Enlargement of Time to File Bill of Costs filed by Ira Kleiman, W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 01/05/2022) | 01/05/2022 |
| 865 | PAPERLESS ORDER granting ECF No. 863 Motion for Extension of Time. All parties shall file a Motion for Bill of Costs by January 20, 2022. Signed by Judge Beth Bloom (ta00) (Entered: 01/06/2022) | 01/05/2022 |
| 866 | ORDER On Motion to Seal. Order granting in part and denying in part 823 Motion to File Select Exhibits Under Seal. Signed by Judge Beth Bloom on 1/6/2022. See attached document for full details. (kpe) (Entered: 01/06/2022) | 01/06/2022 |
| 867 | REPLY to 859 Response/Reply (Other) Non-Party Andrew OHagan's Reply To Plaintiffs Opposition To OHagans Objection To Magistrate Judges Report And Recommendation by Andrew O'Hagan. (Rasco, Guy) (Entered: 01/10/2022) | 01/10/2022 |
| 868 | NOTICE of Withdrawal of Document: 867 Reply to Plaintiffs' Opposition to O'Hagans's Objection to Magistrate Judge's Report and Recommendation by Andrew O'Hagan. (Rasco, Guy) Modified text and terminated "motion" on 1/11/2022 (wc). (Entered: 01/11/2022) | 01/11/2022 |
| 869 | RESPONSE in Opposition re 861 MOTION for New Trial on the Estate's claims based on violations of the Court's Motions in Limine orders Dr. Craig S. Wright's Opposition to the Estate of David Kleiman's Motion for New Trial filed by Craig Wright. Replies due by 1/25/2022. (Attachments: # 1 Exhibit Exhibit A)(Rivero, Andres) (Entered: 01/18/2022) | 01/18/2022 |
| 870 | RESPONSE in Opposition re 860 MOTION to Alter Judgment to Add Prejudgment Interest Dr. CraigWright's Opposition to W&K Info Defense Research, LLC's Motion to Alter or Amend Judgment to Add Prejudgment Interest filed by Craig Wright. Replies due by 1/25/2022. (Rivero, Andres) (Entered: 01/18/2022) | 01/18/2022 |
| 871 | MOTION for Bill of Costs by Craig Wright. Responses due by 2/3/2022 (Attachments: # 1 Memorandum Memorandum of Law in Support of Dr. Craig Wright's Bill of Costs, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E)(McGovern, Amanda) (Entered: 01/20/2022) | 01/20/2022 |
| 872 | Plaintiff's MOTION for Bill of Costs and Motion for Entry of Taxable Costs of Litigation and Supporting Memorandum of Law by W&K Info Defense Research, LLC. Responses due by 2/3/2022 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit A-1, # 3 Exhibit Exhibit A-2, # 4 Exhibit Exhibit A-3, # 5 Exhibit Exhibit A-4, # 6 Errata Exhibit B, # 7 Exhibit Exhibit C, # 8 Exhibit Exhibit D)(Brenner, Andrew) (Entered: 01/20/2022) | 01/20/2022 |
| 873 | ORDER ADOPTING REPORT AND RECOMMENDATIONS re 818 Report and Recommendations; adopting Report and Recommendations re 818 Report and Recommendations; Overruling 856 Objections to Report and Recommendations filed by Andrew O'Hagan; denying 768 Motion to Compel, filed by Andrew O'Hagan. Signed by Judge Beth Bloom on 1/20/2022. See attached document for full details. (ls) (Entered: 01/21/2022) | 01/21/2022 |
| 874 | REPLY to Response to Motion re 860 MOTION to Alter Judgment to Add Prejudgment Interest filed by W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 01/25/2022) | 01/25/2022 |
| 875 | REPLY to Response to Motion re 861 MOTION for New Trial on the Estate's claims based on violations of the Court's Motions in Limine orders filed by Ira Kleiman. (Freedman, Devin) (Entered: 01/25/2022) | 01/25/2022 |
| 876 | ORDER REFERRING 872 Plaintiff's MOTION for Bill of Costs and Motion for Entry of Taxable Costs of Litigation and Supporting Memorandum of Law filed by W&K Info Defense Research, LLC, 871 MOTION for Bill of Costs filed by Craig Wright. Motions referred to Judge Bruce E. Reinhart. Signed by Judge Beth Bloom on 1/31/2022. See attached document for full details. (ls) (Entered: 01/31/2022) | 01/31/2022 |
| 877 | NOTICE by Craig Wright Joint Notice and Request for Judicial Ruling on Proposed Redactions to Admitted Trial Exhibits (McGovern, Amanda) (Entered: 01/31/2022) | 01/31/2022 |
| 878 | NOTICE by Craig Wright re 815 Exhibit List Second Supplemental Joint Notice of Filing Admitted Exhibits (Attachments: # 1 J101, # 2 P078, P094, P096, P127, P137 and P143, # 3 P172 and P173, # 4 P175, P191, P209, P215, P219, P219 excel, P223, P229 and P230, # 5 P296 (pages 1-110), # 6 P296 (pages 111-220), # 7 P308, P315, P337 and P457, # 8 P310 Redacted, # 9 P350 Redacted, # 10 P469 (pages 1-75), # 11 P469 (pages 76-137), # 12 P565, P598, P685, P742 and P871) (McGovern, Amanda) (Entered: 01/31/2022) | 01/31/2022 |

| # | Docket Text | Date Filed |
|---|---|---|
| 879 | Third CERTIFICATE of Compliance Re Admitted Evidence for exhibit(s): Exhibits admitted at trial by Amanda Marie McGovern on behalf of Craig Wright (McGovern, Amanda) (Entered: 01/31/2022) | 01/31/2022 |
| 880 | RESPONSE in Opposition re 871 MOTION for Bill of Costs filed by Ira Kleiman. Replies due by 2/10/2022. (Freedman, Devin) (Entered: 02/03/2022) | 02/03/2022 |
| 881 | RESPONSE in Opposition re 872 Plaintiff's MOTION for Bill of Costs and Motion for Entry of Taxable Costs of Litigation and Supporting Memorandum of Law DR. CRAIG WRIGHTS RESPONSE IN OPPOSITION TO W&K INFO DEFENSE LLCS MOTION FOR ENTRY OF TAXABLE COSTS OF LITIGATION AND SUPPORTING MEMORANDUM OF LAW filed by Craig Wright. Replies due by 2/10/2022. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Composite Exhibit B)(Fernandez, Amanda) (Entered: 02/03/2022) | 02/03/2022 |
| 882 | ORDER on 877 Joint Notice and Request for Judicial Ruling. Signed by Judge Beth Bloom on 2/8/2022. See attached document for full details. (ls) (Entered: 02/09/2022) | 02/09/2022 |
| 883 | REPLY to 871 MOTION for Bill of Costs DR. CRAIG WRIGHTS REPLY IN SUPPORT OF HIS BILL OF COSTS by Craig Wright. (Fernandez, Amanda) (Entered: 02/10/2022) | 02/10/2022 |
| 884 | REPLY to Response to Motion re 872 Plaintiff's MOTION for Bill of Costs and Motion for Entry of Taxable Costs of Litigation and Supporting Memorandum of Law filed by W&K Info Defense Research, LLC. (Freedman, Devin) (Entered: 02/10/2022) | 02/10/2022 |
| 885 | NOTICE by Craig Wright re 815 Exhibit List Dr. Craig Wright's Supplemental Notice of Filing Admitted Exhibits (Attachments: # 1 Exhibit P074 Redacted, # 2 Exhibit P097 Redacted, # 3 Exhibit P101 Redacted, # 4 Exhibit P135 Redacted, # 5 Exhibit P140 Redacted, # 6 Exhibit P169 Redacted, # 7 Exhibit P214 Redacted, # 8 Exhibit P320 Redacted, # 9 Exhibit P464 Redacted, # 10 Exhibit P554 Redacted, # 11 Exhibit P604 Redacted, # 12 Exhibit P607 Redacted, # 13 Exhibit P613 Redacted, # 14 Exhibit P633 Redacted, # 15 Exhibit P637 Redacted, # 16 Exhibit P795 Redacted) (Rivero, Andres) (Entered: 02/17/2022) | 02/17/2022 |
| 886 | Fourth CERTIFICATE of Compliance Re Admitted Evidence for exhibit(s): Exhibits admitted at trial by Andres Rivero on behalf of Craig Wright (Rivero, Andres) (Entered: 02/17/2022) | 02/17/2022 |
| 887 | ORDER ON MOTION FOR NEW TRIAL, Denying 861 MOTION for New Trial on the Estate's claims based on violations of the Court's Motions in Limine orders filed by Ira Kleiman. Signed by Judge Beth Bloom on 2/28/2022. See attached document for full details. (mno) (Entered: 02/28/2022) | 02/28/2022 |
| 888 | ORDER granting 860 Motion to Alter or Amend Judgment to Add Prejudgment Interest. Signed by Judge Beth Bloom on 3/8/2022. See attached document for full details. (ls) (Entered: 03/09/2022) | 03/08/2022 |
| 889 | AMENDED FINAL JUDGMENT in favor of W&K Info Defense Research, LLC against Craig Wright. Signed by Judge Beth Bloom on 3/9/2022. See attached document for full details. (ls) (Entered: 03/09/2022) | 03/09/2022 |
| 890 | REPORT AND RECOMMENDATIONS re 872 Plaintiff's MOTION for Bill of Costs and Motion for Entry of Taxable Costs of Litigation and Supporting Memorandum of Law filed by W&K Info Defense Research, LLC, 871 MOTION for Bill of Costs filed by Craig Wright. Recommending Motions be Granted in Part and Denied in Part. Objections to R&R due by 3/28/2022. Signed by Magistrate Judge Bruce E. Reinhart on 3/14/2022. See attached document for full details. (ls) (Entered: 03/14/2022) | 03/14/2022 |
| 891 | ORDER ADOPTING REPORT AND RECOMMENDATIONS adopting Report and Recommendations on 871 Motion for Bill of Costs, filed by Craig Wright, 872 Motion for Bill of Costs, filed by W&K Info Defense Research, LLC,; granting in part and denying in part 871 Motion for Bill of Costs; granting in part and denying in part 872 Motion for Bill of Costs. Signed by Judge Beth Bloom on 3/30/2022. See attached document for full details. (ls) (Entered: 03/30/2022) | 03/30/2022 |
| 892 | Notice of Appeal as to 887 Order,, Terminate Motions, 889 Judgment by Ira Kleiman, W&K Info Defense Research, LLC. Filing fee $ 505.00 receipt number AFLSDC-15543372. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under Transcript Information. (Freedman, Devin) (Entered: 04/08/2022) | 04/08/2022 |
|  | Transmission of Notice of Appeal, Order/Judgment under appeal and Docket Sheet to US Court of Appeals re 892 Notice of Appeal, Notice has been electronically mailed. (apz) (Entered: 04/08/2022) | 04/08/2022 |
| 893 | Acknowledgment of Receipt of NOA from USCA re 892 Notice of Appeal, filed by Ira Kleiman, W&K Info Defense Research, LLC. Date received by USCA: 4/8/22. USCA Case Number: 22-11150-G. (hh) (Entered: 04/14/2022) | 04/13/2022 |

# TAB 1

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of Dave Kleiman, | **CASE NO.:** |
|      Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| v. | |
| CRAIG WRIGHT | |
|      Defendant. | |

Plaintiff, Ira Kleiman, brings this action as the personal representative of David Kleiman's estate. The following allegations are based on personal knowledge as to his own acts and observations and are made on information and belief as to all other matters based upon the undersigned counsels' investigation:

## **INTRODUCTION**

1. This matter concerns the rightful ownership of hundreds of thousands of bitcoins[1] and the valuable intellectual property rights of various blockchain technologies. As of the date of filing, the value of these assets far exceed $5,118,266,427.50 USD (before punitive or treble damages).

2. At the heart of these claims is the relationship between Craig Wright ("Craig") and David Kleiman ("Dave"). This relationship, born out of a mutual obsession with cryptography and data security, remained mostly hidden from the outside world. Craig, a computer scientist in Australia, and Dave, a paralyzed IT security expert in Pam Beach, Florida, communicated almost exclusively through various private email accounts.

3. Bitcoin is the world's first decentralized cryptocurrency. The concept and technology behind Bitcoin was first published in October 2008 when its pseudonymous creator, Satoshi Nakamoto, sent the now famous protocol to a

---

[1] The term "Bitcoin" can refer to both a computer protocol and a unit of exchange. Accepted practice is to use the term "Bitcoin" to label the protocol, software, and community, and the term "bitcoins" to label the units of exchange.

mailing list of cryptography enthusiasts. That protocol has since spawned a system of value and exchange with a current market cap of ~$150 billion.

4.  It is unclear whether Craig, Dave, and/or both created Bitcoin. For reasons not yet completely clear, they chose to keep their involvement in Bitcoin hidden from most of their family and friends. It is undeniable, however, that Craig and Dave were involved in Bitcoin from its inception and that they both accumulated a vast wealth of bitcoins from 2009 through 2013.

5.  In April 2013, mere months prior to Bitcoin's entry into the mainstream, Dave died after a long battle with MRSA. At the time of his death, no one in his family was aware of the extent of his involvement in creating Bitcoin. Nor were they aware that he had accumulated, with Craig, an incredible sum of bitcoins.

6.  Recognizing that Dave's family and friends weren't aware of this, Craig perpetrated a scheme against Dave's estate to seize Dave's bitcoins and his rights to certain intellectual property associated with the Bitcoin technology.

7.  As part of this plan, Craig forged a series of contracts that purported to transfer Dave's assets to Craig and/or companies controlled by him. Craig backdated these contracts and forged Dave's signature on them.

8.  Shortly after Dave's death on April 26, 2013, Craig reached out to Ira, Dave's brother. Craig disclosed he had partnered with Dave to create Bitcoin, mine bitcoin, and create valuable IP. But, he claimed Dave signed all these property

3

rights away in exchange for non-controlling share of a non-operational Australian company worth "millions." Craig told Ira he'd be able to sell Dave's stake in the company in a few months.

9. This was a lie. The company went bankrupt after Craig apparently misled the Australian Tax Office ("ATO").

10. The ATO's investigation of Craig led them to raid Craig's home in late 2015. Craig fled Australia for London.

11. Since fleeing to London, Craig has lived a life of fame and fortune.  In May 2016, he publicly revealed himself as the alleged creator of Bitcoin.  He currently serves as Chief Scientist of nChain, a UK company purporting to be the global leader in research and development of blockchain technologies.  He also regularly posts pictures to his social media accounts of his lavish lifestyle.

12. To date, Craig has not returned any of the mined bitcoins or intellectual property rights belonging to Dave's estate.  This action is brought to rectify that injustice.

## PARTIES

13. Plaintiff Ira Kleiman is a resident of Palm Beach County, Florida.  He is Dave's brother and the personal representative of his Estate.

14. Defendant Craig Steven Wright is a resident of London, United Kingdom.  He is Dave's former business partner in W&K Info Defense Research LLC, a company operating in the state of Florida and formed pursuant to its laws.  This

4

Court has personal jurisdiction over Craig pursuant to Fla. Stat. § 48.193 as he operated, conducted, engaged in, and carried on a business venture in this state; committed tortious acts within the state; and caused injury to persons and property within this state at or about the time he was engaged in solicitation and service activities within the state.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

16. Venue lies within this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District. These events are included, but not limited to: the wrongful taking of property belonging to a Florida estate within this District; the operation of W&K Info Defense Research LLC by Dave and Craig within this District; the mining of a substantial amount of bitcoins through the use of computer equipment located within this District; and the development of certain blockchain related intellectual property within this District.

## FACTUAL ALLEGATIONS

### BITCOIN

17.  Bitcoin is a decentralized digital currency with a current market cap of ~$150 billion as of February 14, 2018.[2]  At its core, Bitcoin is simply a giant ledger that tracks the ownership and transfer of every bitcoin in existence.  This ledger is called the bitcoin blockchain.

18.  In order to transact with bitcoins, you must have a bitcoin wallet.  Like a bank account number, each bitcoin wallet has a "public key" that is the "address" provided if one would like to receive bitcoin from others.  Every wallet can be identified on the blockchain (by referring to its "public key") along with the number of bitcoins inside that particular wallet.

19.  Each wallet is also assigned a "private key."  Unlike public keys, private keys are only known by the individual who creates the bitcoin wallet.  The private key is like the "password" to the wallet.  To send bitcoin out of a wallet, an individual must have the private key associated with the bitcoin wallet.  This is similar to the manner in which one must have a PIN to withdraw cash from an ATM.

20.  There are two methods of acquiring bitcoin.  The first involves simply receiving bitcoin from someone who has.  In fact, there are many businesses that operate

---

[2] https://coinmarketcap.com/.

6

58

"bitcoin exchanges," such as coinbase.com, which is a bitcoin marketplace where individuals can purchase bitcoins with their native currency from other individuals looking to sell.

21.  The second way one can acquire bitcoin is by "mining" them.

22.  There is no centralized authority that curates the bitcoin blockchain. Consequently, the protocol has to incentivize individuals to curate the blockchain, i.e., to update the "ledger" with new transactions as they take place. This process is called "bitcoin mining."

23.  Anyone with internet access can "mine bitcoins" by employing computer power to solve a complex mathematical problem.  The first "miner" who solves the problem gets the right to add a block of recent transactions to the blockchain, i.e., the right to update the ledger.  In return for this work, the protocol pays the successful miner in newly minted bitcoin (the number of which is fixed by a pre-existing algorithm).  This process is repeated every 10 minutes or so, ensuring an accurate and up to date record of all bitcoin transactions.

24.  When the Bitcoin protocol was first launched in January 2009, the protocol paid the successful miner 50 bitcoins for each block of transactions processed.  This mining reward is cut in half approximately once every four years. Today, the mining reward 12.5 bitcoins. Obviously, it was easier to amass significant amounts of bitcoin in 2009, than now.

25. To date almost 17 million of the total 21 million bitcoins have been mined.

## HISTORY OF BITCOIN

26. On October 31 2008, a white paper authored under the pseudonymous name Satoshi Nakamoto ("Satoshi") titled *Bitcoin: A Peer-to-Peer Electronic Cash System* was posted to a mailing list of cryptography enthusiasts. This paper detailed novel methods of using a peer-to-peer network to generate what it described as "a system for electronic transactions without relying on trust."

27. Less than three months later, the system outlined became a reality. On January 3, 2009, Satoshi mined the first 50 bitcoins. To place a timestamp on the occasion, Satoshi left a text message digitally encoded on these first 50 bitcoins that read, "The Times 3 January 2009 Chancellor on brink of second bailout for banks," referring to that day's headline in the British newspaper, *The Times*.

28. Hal Finney, one of the first supporters and adopters of Bitcoin, downloaded the bitcoin software that same day, and received 10 bitcoins from Satoshi in the world's first bitcoin transaction.

29. Satoshi also created a website under the domain name bitcoin.org and continued to collaborate with other developers on the bitcoin protocol until mid-2010. Around this time, he handed control of the bitcoin source code repository to Gavin Andresen, another active member of the bitcoin development community, and disappeared. The last confirmed email from Satoshi was sent

8

60

on April 23, 2011.  It read, "I've moved on to other things. It's in good hands with Gavin and everyone."

30. For most of its early history, bitcoins were of relatively little value.  Famously, the first documented commercial bitcoin transaction occurred when developer Laszlo Hanyecz used 10,000 bitcoin to purchase two Domino's pizzas on May 22, 2010.  At today's prices, those two pizzas would be worth approximately 1% of Domino's total market cap.

31. During Bitcoin's early history, cryptocurrencies were a niche technology with a small development community.  Consequently, there was little competition for maintaining the ledger or "mining bitcoin."  Thus, individuals mining bitcoin through 2013 could expend relatively minor resources to accumulate large sums of bitcoin.

32. It has been widely reported that Satoshi Nakamoto mined approximately 1 million bitcoins during this time.[3]

## BACKGROUND ON PARTIES AND KEY INDIVIDUALS

33. Dave Kleiman was born in 1967.  Obsessed with computers and technology at an early age, he joined the U.S. Army in 1986 as a helicopter technician.

---

[3] *See  e.g.*  http://time.com/money/5002378/bitcoin-creator-nakamoto-billionaire/; http://www.businessinsider.com/satoshi-nakamoto-owns-one-million-bitcoin-700-price-2016-6; https://eklitzke.org/how-many-bitcoins-did-satoshi-nakamoto-mine.

34. A few years after being honorably discharged, Dave got into a serious motorcycle accident which left him physically handicapped and wheelchair-bound.  After this accident, Dave's interest in computers intensified, and he began to build a reputation in computer forensics and secure network infrastructures.

35. Dave began working in the information technology security sector in 1990.  He was a frequent speaker at national security conferences and was a regular contributor to many security related newsletters, websites, and online forums.

36. Dave was a member of several computer security organizations, including the International Association of Counter Terrorism and Security Professionals (IACSP), International Society of Forensic Computer Examiners (ISFCE), Information Systems Audit and Control Association (ISACA), High Technology Crime Investigation Association (HTCIA), Network and Systems Professionals Association (NaSPA), Association of Certified Fraud Examiners (ACFE), Anti-Terrorism Accreditation Board (ATAB), and ASIS International.

37. Dave was also a Secure Member and Sector Chief for Information Technology at The FBI's InfraGard and a Member and Director of Education at the International Information Systems Forensics Association (IISFA).  When he attended conferences, he was known as "Dave Mississippi," a nickname referring to the long string of three letter certificates that followed his name.

10

62

38. He co-authored and was the technical editor of numerous publications, including *Perfect Passwords: Selection, Protection and Authentication*,[4] and Security Log Management: Identifying Patterns in the Chaos.[5]

39. In 2010, Dave was hospitalized. He was in and out of medical facilities due to MRSA infected sores. On March 22, 201 3, Dave signed out of the hospital against medical advice. He was unstable and nearing death. A friend asked him if the Hospital had discharged him and he responded with "no . . . I told the doctors to go fuck themselves."[6] On April 26, 2013, Dave passed away.

40. Ira Kleiman is Dave's brother and the personal representative of his estate.

41. Craig is a 46-year-old Australian computer scientist and businessman. Craig began his career in information technology working for various entities in Australia, including the Australian Securities Exchange.

42. In May 2016, Craig claimed to be Satoshi Nakamoto—the pseudonymous name behind the creation of Bitcoin.

### DAVE AND CRAIG'S RELATIONSHIP

43. Dave and Craig met in an online cryptography forum in 2003. Both men had a longtime interest in cyber security, digital forensics, and the future of money.

---

[4]https://www.amazon.com/Perfect-Passwords-Selection-Protection-Authentication/dp/1597490415.

[5] https://www.amazon.com/Security-Log-Management-Identifying-Patterns/dp/1597490423.

[6] https://gizmodo.com/the-strange-life-and-death-of-dave-kleiman-a-computer-1747092460.

63

44. For years, they communicated on various topics related to the internet and file sharing.  For example, in 2007, they coauthored a paper on the mechanics of overwriting hard drive data.[7]

45. Around that time, they began to speak about ways to use peer-to-peer file sharing, infamously used by the Napster music sharing service, to solve some of the most difficult issues in cryptography.

46. In March 2008, just a few months before Satoshi's paper on the Bitcoin protocol was published, Craig wrote Dave an email stating: "I need your help editing a paper I am going to release later this year.  I have been working on a new form of electronic money.  Bit cash, Bitcoin . . . [y]ou are always there for me Dave. I want you to be part of it all."[8]

47. After leaving his job in late 2008, Craig wrote to Dave:  "I need your help.  You edited my paper and now I need to have you aid me build this idea." (Ex. 1 at 30).  For the next few months, Craig and Dave worked to get Bitcoin operational.

48. On January 12, 2009, Craig, Dave, and two others sent each other bitcoin transactions recorded on the blockchain.  (Ex. 1 at 31).

---

[7] https://www.vidarholen.net/~vidar/overwriting_hard_drive_data.pdf.

[8] https://gizmodo.com/the-strange-life-and-death-of-dave-kleiman-a-computer-1747092460.

49. On Thanksgiving Day 2009, Dave told Ira he was creating "digital money" with a wealthy foreign man, i.e., Craig.

50. In April 2013, Dave was found dead in his home.  The scene of Kleiman's death was gruesome.  His body was decomposing, there were wheelchair tracks of blood and fecal matter, open bottles of alcohol, and a loaded handgun next to him.  A bullet hole in his mattress was found.  The exact details surrounding his death remain unknown.

51. After Dave's death, Craig posted an emotional video on Craig's YouTube channel.   In the video, Craig narrates footage from Dave's various TV appearances, growing increasingly emotional.  At the end, Craig concludes "I'm proud to say I knew Dave Kleiman . . . I'll miss you, Dave.  You were my friend, and I'll miss you."[9]

52. On December 8, 2015, two popular tech publications, *Wired* and *Gizmodo*, outed Craig as Satoshi.[10]  Both articles also articulated Dave's integral role in the development of Bitcoin.  They described numerous details and leaked communications implicating David and Craig's roles in creating and

---

[9] https://gizmodo.com/this-australian-says-he-and-his-dead-friend-invented-bi-1746958692.

[10] https://www.wired.com/2015/12/bitcoins-creator-satoshi-nakamoto-is-probably-this-unknown-australian-genius/;  https://gizmodo.com/this-australian-says-he-and-his-dead-friend-invented-bi-1746958692.

developing bitcoin; they also discussed their accumulation of a vast hoard of bitcoin.

53. On May 2, 2016, nearly five months after the *Wired* and *Gizmodo* publications, Craig published a blog post in which he claimed to be Satoshi.[11]

54. Craig has readily admitted Dave was intimately involved in the creation of Bitcoin. In numerous interviews with Andrew O'Hagan, documented in *The Satoshi Affair*, Craig told O'Hagan that "[Craig] did the coding and that Kleiman helped him to write the white paper." (Ex. 1 at 30).

55. From their collaboration in 2008 until Dave's death in 2013, Craig and Dave would go on to mine over a million of the initial bitcoins.

### W&K INFO DEFENSE AND RESEARCH LLC

56. On February 14, 2011, over two years after the first bitcoins were mined, Dave formed W&K Info Defense Research LLC ("W&K") in Florida (company number: L11000019904). The Articles of Incorporation for W&K list Dave as the sole member of the LLC. (Ex. 2). Dave was also listed as the registered agent for W&K and his home address was listed as its place of business. (*Id.*)

---

[11]  https://qz.com/674129/an-australian-nobody-claims-to-be-the-inventor-of-bitcoin-but-no-one-knows-for-sure/ .

57. However, in an email to Ira on February 15, 2014, Craig represented that "Dave owned 50% of [W&K]." (Ex. 3). Craig did not identify in this email who owned the other half.

58. According to documents produced by Craig, W&K engaged in the business "known as Bitcoin mining and Software development / Research." (Ex. 4).

59. Craig identified certain R&D projects and the associated intellectual property owned by W&K. (Ex. 3).

60. On March 28, 2014, nearly a year after Dave died, W&K was reinstated by an individual named Uyen Nguyen ("Uyen"). (Ex. 5). Uyen removed Dave as the registered agent for W&K and listed herself. *Id.* Uyen added both herself and an entity named Dr. Coin-Exch Pty Ltd. as authorized persons for W&K.

61. On September 23, 2016, W&K was administratively dissolved by Uyen.[12]

### DAVE OWNED A SUBSTANTIAL AMOUNT OF BITCOIN

62. The exact number of bitcoins belonging to Dave's estate will be determined at trial. That said, various documents including private emails and transcripts from 2014 Australian Tax Office ("ATO") meetings with Craig, his counsel, and his accountant evidence Dave and Craig owned and controlled over 1,100,000 Bitcoins.

---

[12] https://www.flbusinessgo.com/gg?utm_term=L11000019904.

15

67

63. In a 2015 article, *Gizmodo* reported it had confirmed the authenticity of an email from Craig to Dave's other business partners stating that Dave *"had mined an enormous amount of bitcoins – an amount 'too large to email.'"* In the email, Craig asked Dave's business partners to secure Dave's hard drives and check for Bitcoin wallet files. He later stated he wasn't after the funds, and only wanted to ensure the bitcoins entered Dave's estate.[13]

64. Minutes from a February 26, 2014 meeting between the ATO and Craig's bookkeeper obtained by Gizmodo confirm that Dave owned a substantial amount of bitcoins. At the meeting, Craig's accountant, John Chescher, stated:

> Craig Wright had mined a lot of [b]itcoins . . . Craig had gotten approximately 1.1 million [b]itcoins. There was a point in time, when he had . . . around 10% of all the [b]itcoins out there.  Mr Kleiman would have had a similar amount.  However, Mr Kleiman passed away during that time.  (Ex. 6 at 3).

65. Further, meeting minutes from a February 18, 2014 meeting between the ATO and Craig's bookkeeper also obtained by Gizmodo further reveal that Craig has let others understand that he took ownership of Dave's bitcoin.  The ATO investigator states:

> We thought yes, you've picked up some bitcoin ownership from the deceased director so we were trying to, you know, get the picture and connect all the dots.  (Ex. 7 at 19).

---

[13] https://www.gizmodo.com.au/2015/12/this-australian-says-he-and-his-dead-friend-invented-bitcoin/.

16

68

66.  As reflected in the February 18, 2014 transcript, in the meeting, Craig's counsel

states that the bitcoins W&K mined was held by Seychelles, Singapore, and UK

trusts.  As Dave owned between 50% to 100% of W&K, *at least* half of the

bitcoins transferred to the trusts belonged to Dave.

> In 2009 the mining of bitcoin commences *** 2011, bitcoin was
> transferred overseas. R and D then conducted in the US under –
> by a joint venture company formed as . . . effectively info defence
> research LOC. Bitcoin mining continues throughout 2011. The
> bitcoins are derived by companies in Singapore and the Seychelles
> or entities in Singapore and the Seychelles, and they're actually
> trusts. Trustee companies and trusts established - or trustee
> companies in the United Kingdom and other trusts established in
> the Seychelles. Further work was planned. In early April 2013
> unfortunately Dave . . . dies in the US towards the end of April
> 2013.  (*Id.* at 6).

67.  Years later, Craig admitted to Andrew O'hagan that "his and Kleiman's mining

activity ha[d] led to a complicated trust."  (Ex. 1 at 35).

68.  In a 2012 email Craig forwarded to Ira, Craig wrote to Dave reaffirming the

joint nature of the bitcoin held in trust (emphasis added):

> From: Craig Wright [mailto:craig@rcjbr.org]
> Sent: Wednesday, 10 October 2012 4:55 PM
> To: Dave Kleiman [mailto:dave@davekleiman.com]
> Subject: FW: IFIP-WG11.9 CFP
>
> We need to discuss the trsut [sic] and work out what the fuck *we*
> are doing with it all. So, a good tax deductible way to have a visit
> and also write a paper. (Ex. 7(a))

69.  In fact, Craig consistently referred to the trust as both Craig and Dave's, for

example in another email Craig forwarded to Ira (emphasis added):

17

69

From: Craig S Wright
To: dave@davekleiman.com
Subject: This week
Date: Tue, 22 May 2012 09:45:31 +1000

Dave,
A recycled rant. I have done the same to Ramona . . . The meeting with the AAT should have occurred weeks ago, but the ATO have stalled and put it off. John has all the materials and the ATO are simply BS'ing again. It costs me money and in a way I guess they want to get a result through attrition rather than honesty. They will drain all I have if they can. **We do not touch the trusts**. Not yet. Not even for this. ONE DAY, they will change the world. Not millions, not billions. If I am right, they will be trillions and let them try shit **on us** then. FUCKING DICKS. Bloody lying ATO cock sucking bastards! They lost evidence and use my temper against me. I hate their lies. I did everything right and I am STILL punished. . .  (Ex. 8).

70.  Finally, in a 2014 email exchange with Ira, Craig admitted that at least 300,000

of the 1,000,000+ bitcoins held in trust belong to David:

From: Ira K <██████████████████████>
To: Craig S Wright <craig.wright@hotwirepe.com>
Subject: Bond villains
Date: Sat Mar 01 19:42:27 +0000 2014

Just to clarify on thoughts from previous email... In one of the email exchanges between Dave and you, he mentioned that you had 1 million Bitcoins in the trust and since you said he has 300,000 as his part. I was figuring the other 700,000 is yours.  Is that correct?
Ira
 ---
From: Craig S Wright <craig.wright@hotwirepe.com>
To: Ira K <██████████████████████>
Subject: Re: Bond villains

18

70

Date: Sat Mar 01 20:00:48 +0000 2014

Around that. Minus what was needed for the company's use
Sent from my HTC.  (Ex. 9).

71. As discussed below in more detail, Craig provided fraudulent contracts to the ATO in an attempt to substantiate his ownership of bitcoins and IP assets that belonged to Dave. Their authenticity aside, however, these "contracts" produced by Craig constitute his admission that Dave, Craig, and W&K collectively owned hundreds of thousands of bitcoins.

72. For example, a 2011 contract produced by Craig includes a provision stating W&K expected to mine new bitcoin at a rate of 12,000 bitcoins per month for a period of over two years (312,000 bitcoin).  (Ex.10).

73.  Further, a 2012 contract produced by Craig lists Bitcoin wallets containing over 650,000 bitcoins. Next to the list of wallets and total bitcoin held, there is a handwritten annotation stating: "*as agreed, all wallets to be held in UK in trust until all regulatory issues solved and Group Company formed with Dave K and CSW.*"  (Ex. 11 at 8).  This annotation is in Craig's handwriting.

74. A 2013 contract contains Craig's admission that W&K's "[o]wnership is 50% in [Dave's] name and 50% in trust held for [Craig]."  (Ex. 4 at 2).  And that W&K "is the owner and conducts the business known as Bitcoin mining and Software development / Research." (*Id.*)

71

### AFTER DAVE'S DEATH, CRAIG FRAUDULENTLY CONVERTED THE BITCOIN AND IP THAT BELONGED TO DAVE

75. After Dave's death, Craig concocted a scheme to claim sole ownership of all bitcoins owned by Dave, to steal Dave's share of IP assets that belonged to Dave and Craig jointly through W&K.

76. To accomplish this scheme, he drafted and backdated at least three contracts to create a paper trail purporting to document that many of Dave's bitcoins and IP rights were to be transferred, sold, and/or returned to himself. Specifically, he fraudulently created:

    a.    2011 contract titled "Intellectual Property License Funding Agreement" (the "2011 IP Agreement") (Ex. 10);

    b.    2012 contract titled "Deed of Loan" (the "2012 Deed of Loan") (Ex. 10); and

    c.    2013 contract titled "Contract for the Sale of Shares of a Company Owning Business" (the "2013 W&K Sale Agreement") (Ex. 4).

72

77.  On their face, these contracts strain credulity in a number of manners.

78.  *First*, the electronic signatures that appear on these documents are substantially

different than known examples of Dave's electronic and written signatures:



| Authentic Signatures 2/1/2013[14] & 7/30/2003[15] & 2/22/2012 | Signature on Fraudulent Contracts 4/22/2011 & 04/2/2013 |
|---|---|

79.  In reality, this signature appears to be a near identical copy of a computer-

generated font called Otto, available here:  https://www.wfonts.com/font/otto.

When computer generated, this Otto font produces the signature:

[14] See Ex. 19 (signature on Computer Forensics LLC Operating Agreement).
[15] See Ex. 20 (signature on Dave's last will and testament).

21

73

80.  When confronted with this information by Ira, Craig admitted the signature was computer generated, but claimed there were other ways to prove its veracity.

81.  Craig has never provided additional evidence of their legitimacy.

82.  *Second*, the fraudulent signatures aren't witnessed or notarized. Even the most un-sophisticated parties would understand that a contract purporting to release and transfer property valued at eight figures should be substantiated in some way with witnesses and/or notaries.

83.  *Third,* the terms of the 2011 IP Agreement are nonsensical.  While it purports to "finance" W&K through the transfer of around 215,000 bitcoin, and requires W&K to "fund the software development using bitcoin," there was essentially nothing that could be purchased with bitcoins at that time.  Thus, no one could "finance" or "fund" anything with bitcoins then.  This calls the 2013 Sales Contract's purported "release" of this nonsensical "financing arrangement" into question.

84.  *Fourth,* the 2011 IP Agreement, the 2012 Deed of Loan, and the 2013 W&K Sale Agreement conflict with each other.  The 2011 IP Agreement provides that Bitcoin wallet 1933***XYa8 would be held by Craig in escrow and revert to him if W&K defaulted, but the 2013 W&K Sale Agreement provides that it will be "released to" Craig despite satisfaction of the liability, and the 2012 Deed of

Loan shows the wallet being placed into a trust by Craig with a notation that it be held there until Dave and Craig can set up joint-companies later.

85. *Fifth*, the 2013 agreement references 250,000 bitcoin and then 250,500 bitcoin as the amount of bitcoin Dave was to transfer to Craig.

86. *Lastly*, many of the contractual terms are extremely convenient for Craig. For example, the 2011 IP Agreement provides for confidentiality even from family members, stipulates the value of 215,000 bitcoin at 40,000,000 (when it was really worth around ~$250,000), and includes a "typo" showing the date as 2013, and amending it by hand to 2011 (likely because it was written in 2013).

87. These internal red flags are rendered even more suspicious by the fact that the 2013 agreement was purportedly signed a mere 10 days after Dave left the VA hospital, and no more than three weeks before he died.

88. Craig has a documented history of backdating contracts and documents to suit his needs. In its 2015 audit of Coin-Exch, the ATO assessed tax liability and penalties against Craig for providing recklessly misleading tax information. Among other wrongs, the ATO found Craig had backdated numerous documents. (Ex. 12):

    a.    "Craig Wright, has admitted that he backdated these invoices";

    b.    "the court case was not finalised until 6 Nov 2013; after the deed date of 22 August 2013. That is, the licence agreement makes

23

75

specific reference to an event which had not yet occurred, raising questions as to its validity";

c. "[Craig's trust] purports to have acquired the software . . . from Craig Wright, pursuant to a contract . . . which predates its existence and establishment as a trust.";

d. "Craig Wright purports to have received a loan of 650,000 Bitcoin from the Seychelles Trust pursuant to a Deed of Loan entered into with the Trustee for the Seychelles Trust; a company called Design by Human Ltd (DBH).  However, records show Craig Wright was only informed of the existence of this company on a date after the purported Deed of Loan was entered into.";

e. "Furthermore, information obtained from Her Majesty's Revenue and Customs . . . suggests [Craig] backdated the Directorship of Uyen Nguyen and Dave Kleiman."

89. In addition, during the February 18, 2014 interview with Craig by the ATO, Craig admitted that he backdated certain tax invoices.  (Ex. 7).  Further, Wired has written that Craig likely backdated numerous blog posts to further his claim of being Satoshi.[16]

---

[16]https://www.wired.com/2015/12/new-clues-suggest-satoshi-suspect-craig-wright-may-be-a-hoaxer/.

### CRAIG SECURES DEFAULT JUDGMENTS AGAINST W&K WITH FRAUDULENT CONTRACTS

90. In July and August 2013, Craig filed two claims in New South Wales Supreme Court against W&K for ~$28 million each.  (Ex. 13).

91. In both claims, Craig alleged that W&K agreed to pay Craig for property and consulting services necessary to "complete research" and that this contract was "bonded against the intellectual property of [W&K]."  (*Id.* at 2, 8).  The pleadings alleged that "the contract stated that a breach would lead to liquidated damages [and if] the liquidated amount is not paid all IP systems returns to the sole ownership of [Craig]."  (*Id.* at 3, 9).  The complaints alleged that the IP at issue was the "software and code used in the creation of a Bitcoin system" and "used by the US Military, DHS and other associated parties."  (*Id.*)

92. These claims, submitted by Craig, are based on demonstrably false factual allegations.

93. The July 2013 claim alleges the existence of an October 27, 2008 contract between Craig and W&K, claiming that "[W&K] agreed to pay [Craig] for property and consulting services."  (*Id.* at 2).  However, W&K did not exist in 2008.

94. Also, the July 2013 claim alleges:

> "[Craig] conducted four projects associated with the DHS (Dept. of Homeland Security USA) with [W&K] under contract:

25

77

      a.  BAA 11-02-TTA 01-0127-WP  TTA 01 - Software Assurance: Software Assurance through Economic Measures

      b.  BAS 11-02-TTA 05-0155-WP TTA 05 - Secure Resilient Systems and Networks

      c.  BAA 11-02-TTA 09-0049-WP TTA 09 - Cyber Economics

      d.  BAA 11-02-TTA 14-0025-WP TTA 14 - Software Assurance MarketPlace (SWAMP)." (*Id.* at 8-9).

95. The July 2013 claim goes on to state that "these funds were rated as:

      a.  TTA 01     US$ 650,000

      b.  TTA 05     US$ 1,8000,000 (*sic*)

      c.  TTA 09     US$ 2,200,000

      d.  TTA 14     US$ 1,200,000." (*Id.* at 9).

96. However, these statements were false.  The 2017 results of a Freedom of Information Act request by Ira to the DHS reveals that TTA 01, TTA 05, and TTA 09 were all denied by the DHS.  (Ex. 14).

97. The August 2013 claim also contains a demonstrably false allegation, alleging the existence of a January 9, 2009 contract between Craig and W&K, claiming that "[W&K] agreed to pay [Craig] for property and consulting services." (Ex. 2).  But again, W&K did not exist until 2011.

26

98.  On August 28, 2013, a Consent Order was entered for the July 2013 claim by the Supreme Court of New South Wales. (Ex. 15).  The Order states it was "made by the court by consent."  (*Id.* at 1).  In support of that "consent" the order purports to be signed by an "authorised officer" of W&K, a "J Wilson." (*Id.*at 2).  But J Wilson, whoever he is, was not authorized.  No public record for W&K identifies him as an individual with any capacity to act for W&K.

99.  On November 6, 2013, a Judgment was entered for the August 2013 claim by the Supreme Court of New South Wales.  (Ex. 16).  In the decision, the Court "note[d] the agreement of the parties that [Craig] will accept the transfer of the intellectual property held by the plaintiff in full and final satisfaction of the judgment."  (*Id.*).  However, as with the August judgment, there was never authorized consent to the judgment.

100.  Further, W&K was never properly served with either the complaints or the judgments in these actions.

101.  Thus, the contents of the claims submitted to the court are demonstrably false and Craig obtained both of these judgments by perpetuating a fraud on the New South Wales court.

102.  To this day, Craig has used these fraudulently obtained judgments to assert ownership over the intellectual property assets developed by W&K.  For example, in the February 18, 2014 meeting with the ATO, Craig's attorney

27

79

represented to the ATO that "intellectual property that had been acquired by Dr

Wright from WK Info Defence is on-supplied to the Wright Family Trust and

then broken up and transferred to other group entities, Hotwire, Coin Exchange

..... and so on." (Ex. 7 at 6). And later again stating: "Remember there's the IP

coming out of WK Info Defence in the US came to Craig through Craig to the

Wright Family Trust and then from the Wright Family Trust into Hotwire . . ."

*(Id.* at 17).

103. Craig also used this judgment, supported by the fraudulent contracts between

him and Dave, to claim millions in tax rebates for his other Australian based

companies.

### CRAIG REACHES OUT TO IRA TO COVER UP THE FRAUD

104. Nearly ten months after Dave's death, on February 11, 2014, Craig reached out

to Dave and Ira's 94 year old father Louis, and wrote:

> Date: Feb. 11, 2014
> From: Craig Wright <Craig.Wright@hotwirepe.com>
> To: Louis < ▓▓▓▓▓▓▓▓▓▓▓▓ >
>
> Hello Louis,
>
> Your son Dave and I are two of the three key people behind
> Bitcoin . . .
>
> If you have any of Dave's computer systems, you need to save a
> file named "wallet.dat". I will explain what this is later. Please
> understand, I do not seek anything other than to give you
> information about your son.

28

80

Know also that Dave was a key part of an invention that will revolutionise the world . . .

I will talk to you again soon.

When I can, I will let you know much more of Dave. I will also help you recover what Dave owned.

I will let you know when I am in the USA.  (Ex. 17).

105. This was the first time anyone in Dave's family learned of either (1) his friendship with Craig or (2) the extent of his involvement in the creation of Bitcoin.

106. As Louis Kleiman was elderly, Ira took over the correspondence with Craig.

107. Craig told Ira that he was partners with Dave in W&K and that no one knew about the company.  He explained to Ira that the business was involved in Bitcoin mining and that it was quite successful.

108. Shortly after informing Ira about W&K, Craig told Ira that Craig and Dave were planning on starting a new company together called "Coin-Exch."  He explained to Ira that Dave's estate would receive shares in it.

109. On April 23, 2014, Craig wrote to Ira:

Date: April 23, 2014 8:56pm
From: Craig <craig@rcjbr.org>
To: Ira <█████████████████████>

29

81

The software Dave updated, and which I have transferred back in OUR company, and it is OURs as you are Dave's heir, was done at a zero tax level.  This is all good under the law.  Basically the GST (like a Vat) cancels as it is an international transfer

What company owns right now is:

- Software – incl source code and perpetual licenses valued at over $50 million.
- Intellectual Property, design, codes etc
- Research claims.  (Ex. 18).

110. On April 15, 2014, an auditor from the Australian Taxation Office, reached out to Ira to inquire about his knowledge concerning the legal action Craig took against W&K.  The auditor provided Ira copies of the 2011 IP Agreement and the 2013 W&K Sale Agreement.

111. On April 22, 2014, Ira wrote to Craig that after he had time to review the documents sent by the ATO, he "felt like there [were] questionable discrepancies in the contracts between you and W&K such as Dave's signatures, his resignation, transfer of all accountable value . . .".

112. On the same day, Ira wrote ". . . From [the] documents [I have] it appears clear to see a systematic transfer of assets out of W&K back to you . . .  But you never mentioned any of the actions you were taking against W&K prior to contacting us."

113. Craig responded 11 minutes later "Dave died.  I did the actions to make sure that the court signed off on what Dave and I planned."

114. To keep Ira from going public, Craig promised Ira that he could be paid out of what was owed to Dave's estate "based on what Dave and I had been arranging." He then told Ira "October [2014 would be] the first payment."

115. The payment never came. Craig blamed the delay on the ATO investigation and kept promising Ira he would see value when the investigation closed.

116. On October 9, 2015, Craig ceased responding to Ira's email correspondence. Shortly thereafter, *Gizmodo* and *Wired* published the articles outing Craig and Dave's involvement in the beginnings of Bitcoin.

117. Craig currently serves as Chief Scientist of a UK company called nChain in London, where he has filed hundreds of patents related to Bitcoin and blockchain technology through this entity.[17]

118. To date, Dave's estate has received none of the assets belonging to him as a result of Dave's early involvement in Bitcoin and bitcoin mining.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **Conversion (against Craig)**

Plaintiff incorporates paragraphs 1 to 118.

119. Dave lawfully mined and possessed hundreds of thousands of bitcoins both individually and as a member of W&K.

---

[17]  https://www.reuters.com/article/us-bitcoin-wright-fund-exclusive/exclusive-company-behind-bitcoin-creator-sold-to-private-investors-idUSKBN17F26V

83

120. Craig unlawfully and without permission converted this property from Dave's estate by exercising exclusive possession over the private keys necessary to own, move, or spend the bitcoins belonging to Dave.

121. While the exact number of bitcoins remains to be determined, by Craig's admission, Dave's estate is entitled to the possession of at least 300,000 bitcoins. Further, Craig's admission that Ira owned 50% of W&K entitles Dave to possession of at least 550,055.5 Bitcoin. Finally, pursuant to the formation documents of W&K, Dave is the sole member of W&K and would therefore be entitled to possession of all 1,100,111 Bitcoin mined by W&K.

122. To Plaintiff's best knowledge, information, and belief, these bitcoins are worth approximately $10,236,532,855.00.

123. Ira has demanded Craig return these bitcoins, but Craig has not done so.

124. Further, Craig has, and continues to, exercise authority over Dave's bitcoins by claiming them as his own and moving them into other wallets.  Craig has therefore wrongfully deprived Dave's estate from the Bitcoins belonging to Dave.

125. Dave's estate is entitled to actual damages, amounting in either return of all bitcoins converted from Dave's possession or the fair market value of the bitcoin.

84

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of at least $10,236,532,855.00 and/or return of the wrongfully converted Bitcoin, together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT II
## Misappropriation

Plaintiff incorporates paragraphs 1 to 118.

126. After David's death, Craig unlawfully, willfully, and maliciously misappropriated trade secrets belonging to Dave's estate relating to blockchain based technologies by using a series of fraudulent contracts, misrepresentations, and fraudulently obtained court judgments to transfer/acquire the property rights in these trade secrets to/for himself.

127. These trade secrets are generally described as programs, methods, techniques, and processes relating to blockchain based technologies. These trade secrets derived actual and potential independent economic value from not being generally known to the public or to other persons who could obtain economic value from its disclosure or use. As evidence of the substantial economic value relating to these trade secrets, Craig has used these trade secrets to develop new intellectual property and assets, some of which have resulted in the filing of new patents, through his work at nChain.

128. Dave made reasonable efforts to maintain the secrecy of these trade secrets. Outside of W&K's applications to the Department of Homeland Security, Dave made no other disclosures of the nature of these trade secrets to anyone but Craig.

129. As a proximate result of Craig's unlawful misappropriation, Dave's estate has suffered actual losses consisting of the loss in economic value associated with the trade secrets.

130. As a proximate result of Craig's unlawful misappropriation, Dave's estate is informed and believes that Craig has been unjustly enriched.

131. As a proximate result of Craig's unlawful and willful misappropriation, Dave's estate is entitled to a recovery of damages pursuant to Fla. Stat. § 688.004.

WHEREFORE, Plaintiff demands judgment against Defendant for all available damages caused by Craig's misappropriation, including exemplary damages, together with court costs, interest, attorney's fees pursuant to Fla. Stat. 688.005, and any other relief this Court deems just and proper.

## COUNT III
## Replevin (against Craig)

Plaintiff incorporates paragraphs 1 to 118.

132. Dave lawfully mined and possessed a massive amount of bitcoins both individually and as a partner in W&K. These bitcoins belonged to David as evidenced by Craig's various admissions.

34

86

133. While the exact number of bitcoins remains to be determined, by Craig's admission, Dave's estate is entitled to the possession of at least 300,000 bitcoins. Further, Craig's admission that Ira owned 50% of W&K entitles Dave to possession of at least 550,055.5 bitcoins. Finally, pursuant to the formation documents of WK, Dave is the sole member of W&K and would therefore be entitled to possession of all 1,100,111 Bitcoin mined by WK.[18]

134. To Plaintiff's best knowledge, information, and belief, these bitcoin are worth approximately $10,236,532,855.00.

135. To Plaintiff's best knowledge, information, and belief, these bitcoins, and the private keys associated with these bitcoins, are in Craig's exclusive possession.

136. These bitcoins are wrongfully detained by Craig. Craig has maintained possession of these bitcoins by using the private keys he had access to and has since refused to return these assets to Dave's estate after Dave's death. To Plaintiff's best knowledge, information, and belief, Craig detains the property because of its significant economic value.

137. These bitcoins have not been taken for any tax, assessment, or fine pursuant to law, nor under an execution or attachment against Plaintiff's property.

---

[18] Should discovery reveal additional bitcoin were mined, Plaintiff may amend this complaint to assert a claim over those as well.

WHEREFORE, Plaintiff demands judgment against Defendant for the return of the wrongfully withheld Bitcoin, together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT IV
### Breach of Fiduciary Duty (against Craig)

Plaintiff incorporates paragraphs 1 to 118.

138. As a Dave's partner in W&K, Craig owed fiduciary duties of care, loyalty and good faith to Dave by virtue of their joint venture.

139. Craig breached his fiduciary duty of loyalty and good faith, by, among other things, intentionally and wrongly transferring assets that belonged to Dave's estate out of W&K and to himself personally.

140. Dave's estate has been damaged by Craig's breach of his fiduciary duties.

WHEREFORE, Plaintiff demands judgment against Defendant for damages and/or return of the wrongfully taken bitcoins and IP, together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT V
### Breach of Partnership Agreement (against Craig)

Plaintiff incorporates paragraphs 1 to 118.

141. Pursuant to Fla. Stat. § 620.8202, Craig and Dave had a valid partnership through their bitcoin mining activities that were carried out with the intention of generating a profit.

36

142. Craig breached this partnership duties to Dave under Fla. Stat. § 620.8202 when he illegally transferred all bitcoin related assets to himself personally.

143. Pursuant to Fla. Stat. § 620.1704 Dave's estate is entitled to enforce the rights associate with his Partnership with Craig.

144. Pursuant to Fla. Stat. § 620.8405, Ira's estate is entitled to seek purchase of the partnership interest under Fla. Stat. § 620.8701.

   WHEREFORE, Plaintiff demands judgment against Defendant for purchase of his partnership interest together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT VI
### Unjust Enrichment (against Craig)

Plaintiff incorporates paragraphs 1 to 118.

145. Dave mined over one million bitcoin into an account that Craig obtained access to and Dave developed IP that Craig obtained copies of.

146. Dave therefore conferred a substantial benefit upon Craig through his unauthorized use of the bitcoins and intellectual property belonging to Dave's estate.

147. Craig had knowledge of, retained, and accepted that benefit by, without Plaintiff's prior knowledge or consent, using and distributing his bitcoin and intellectual property that belonged to Dave's estate for his own economic benefit and trade purposes.

148. It would be inequitable to allow Craig to retain this benefit without paying the

value of these bitcoin and IP.

WHEREFORE, Plaintiff demands judgment against Defendant for the value

of the wrongfully retained Bitcoin and IP, together with court costs, interest, and any

other relief this Court deems just and proper.

Plaintiff demands a trial by jury for all issues triable by right.

Dated:  February 14, 2018

Respectfully submitted,

                    **BOIES SCHILLER FLEXNER LLP**

            By: */s/Velvel Devin Freedman*
                Velvel (Devin) Freedman
                **BOIES SCHILLER FLEXNER LLP**
                100 SE Second Street
                Miami, FL 33131
                Tel.   (305)539-8400
                Fax.   (305)539-1307
                Email: vfreedman@bsfllp.com

                Kyle Roche
                **BOIES SCHILLER FLEXNER LLP**
                333 Main Street
                Armonk, NY 10504
                Tel.   (914)749-8200
                Fax.   (914)749-8300
                Email: kroche@bsfllp.com
                *pro hac vice pending*

                Attorneys for Plaintiff
                IRA KLEIMAN in his capacity as Personal
                Representative of the Estate of Dave
                Kleiman

                            38

# TAB 12-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-80176**

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,

      Plaintiff,

v.

CRAIG WRIGHT,

      Defendant.

_____/

## <u>DECLARATION OF CRAIG WRIGHT</u>

    I, Craig Wright, declare under penalty of perjury under the laws of the United States of

America that the following is true and correct:

I am over the age of 18, and I am competent to testify.

I give this declaration based on my personal knowledge.

I am a citizen of Australia and Antigua.

I reside in London, England.

I have never been a citizen of the United States or a resident of Florida.

    1.    I have been to Florida only once in my life. Specifically, in approximately March

2009, I attended a cyber-security conference in Orlando where I spoke about information

security. I was there for approximately seven days. My attendance at that conference was

unrelated to Bitcoin, W&K Info Defense Research LLC ("W&K"), or Dave Kleiman.

    2.    Dave Kleiman was my friend. We first became acquainted in an online forum on

cryptography.



91

3.   I only met Dave in person twice. The first time we met in person was at a cyber security conference in San Diego, California before 2009, which I attended as an invited speaker. My attendance at that conference was unrelated to Bitcoin, W&K, or Dave Kleiman. The second and last time I met Dave was when I was in Florida for the Orlando conference in 2009, where I was an invited speaker.

4.   I have never been to Dave's home or to any W&K office in Florida or elsewhere.

5.   I do not have any assets, property, funds, business interests, or bank accounts in the United States.

6.   I have never had an office in Florida.

7.   I have never had a license to do business in Florida.

8.   I have never advertised services in Florida or to Florida residents.

9.   I have never been a member of W&K or any Florida business.

10.   I have never shared in the profits, or had a duty to share in the losses, of W&K or any Florida business.

11.   I have never been an agent of W&K or any Florida business.

12.   I have never been a director, member, shareholder, officer, employee, or representative of W&K or of any Florida business.

13.   I have never exercised authority or control over W&K or any Florida business, and have not had any right to exercise authority or control over W&K or any Florida business.

14.   I have never used or accessed hardware located in Florida or anywhere else in the United States to mine or obtain Bitcoin.

2



15. I have never configured hardware or developed software in Florida or anywhere else in the United States or for any purpose relating to a Florida business, including W&K.

16. I have never transferred Bitcoin to a trust in Florida or anywhere else in the United States.

17. Documents and information about any Australian Tax Office ("ATO") investigation relating to me are supposed to be located in Australia. I have never authorized the ATO or anyone else to release, leak, or otherwise make public any of the confidential or privileged information, documents, transcripts, or records from any ATO investigation related to me.

18. I have no documents in my possession from any ATO investigation. To the extent that my attorneys have any documents from any ATO investigation related to me, those documents would be located in Australia.

19. The transcripts attached to the Complaint as exhibits 6 and 7 are not accurate.

20. As far as I know, all potential witnesses relevant to this lawsuit are located outside of Florida, including:

   a. **Hoa Doa,** who is listed in the Complaint as an ATO official present at an ATO interview held on February 26, 2014. To the best of my knowledge, she is located in Australia.

   b. **Marina Doleviski,** who is listed in the Complaint as an ATO official present at an ATO interview held on February 18, 2014. As far as I know, she is located in Australia.

   c. **John Chesher,** who was an advisor to me and to a group of companies ultimately owned by Demorgan Ltd., a group of Australian businesses in which I was a

3



founder and a shareholder. To the best of my knowledge, he is located in Sydney, New South Wales, Australia.

d. **Des McMaster,** who is listed in the Complaint as an ATO official present at an ATO interview held on February 26, 2014. To the best of my knowledge, he is located in Australia.

e. **Andrew Miller,** who is listed the Complaint as an ATO auditor present at an ATO interview held on February 25, 2014. To the best of my knowledge, he is located in Australia.

f. **Uyen Nguyen,** who is listed in the Complaint as a manager and secretary of W&K. To the best of my knowledge, she is located in California.

g. **Alan Pedersen,** who is a manager of Demorgan Ltd. living in Australia.

h. **Andrew Sommer,** who was my solicitor in Australia and is a partner at the law firm of Clayton Utz. By referring to him here, I do not mean to waive any privilege afforded me by law, including the attorney-client privilege.

i. **Janifer Trinh,** who is listed in the Complaint as a bookkeeper present at an ATO interview held on February 25, 2014. To the best of my knowledge, she is located in Australia.

j. **Ann Wrightson,** who is listed in the Complaint as a bookkeeper for Demorgan Ltd. To the best of my knowledge, she is located in Australia.

21.    As far as I know, all businesses (active and inactive) relevant to this lawsuit are located outside of the United States, including:

4



a. **C01n Pty. Ltd.,** Australian company number 152 222 421, an Australia company registered in New South Wales. To the best of my knowledge, its books and records are in Australia;

b. **Cloudcroft Pty. Ltd.,** Australian company number 149 732 365, an Australia company registered in New South Wales. To the best of my knowledge, its books and records are in Australia;

c. **Coin-Exch Pty. Ltd.,** Australian company number 163 338 467, an Australia company registered in New South Wales. It is under external administration. To the best of my knowledge, its books and records are in Australia;

d. **Demorgan Ltd.,** Australian company number 601 560 525, an Australia company registered in Queensland, Australia. To the best of my knowledge, its books and records are in Australia;

e. **Hotwire Preemptive Intelligence Pty. Ltd.,** Australian company number 164 068 348, an Australia company registered in New South Wales and deregistered in 2017. To the best of my knowledge, its books and records are in Australia;

f. **Panopticrypt Pty. Ltd.,** Australian company number 151 567 118, is an Australian company registered in New South Wales. To the best of my knowledge, its books and records are in Australian; and

g. **Pholus Pty. Ltd.,** Australian company number 165 472 079, is an Australia company registered in New South Wales. To the best of my knowledge, its books and records are in Australia.

22. I do not store any digital or paper records, files, or documents in the United States.

5



23.   As a citizen of New South Wales, Australia, I am amenable to service of process for litigation there.

I declare that the foregoing is true and correct under penalty of perjury and in accordance with the laws of the United States of America.

This sworn declaration was signed in ___/___ on April ___, 2018.

Craig Wright
Identification Number:

6

# TAB 24

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>        Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>        Defendant. | **CASE NO.:  9:18-cv-80176-BB**<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Velvel (Devin) Freedman
**BOIES SCHILLER FLEXNER LLP**
100 SE Second Street
Miami, FL 33131
Tel.   (305)539-8400
Fax.   (305)539-1307
Email: vfreedman@bsfllp.com

Kyle Roche (*admitted pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel.   (914)749-8200
Fax.   (914)749-8300
Email: kroche@bsfllp.com

**ATTORNEYS FOR PLAINTIFFS**

## AMENDED COMPLAINT

Plaintiff Ira Kleiman, as personal representative of David Kleiman's estate ("Ira"), and Plaintiff W&K Info Defense Research, LLC ("W&K") hereby sue Defendant Craig Steven Wright ("Craig") and state as follows:

### PARTIES

1.      Plaintiff Ira Kleiman, as personal representative, is a resident of Palm Beach County, Florida.  He is David Kleiman's ("Dave") brother and the personal representative of his estate ("the estate").

2.      Plaintiff W&K Info Defense Research, LLC is a Florida limited liability company incorporated in 2011.  During the times relevant to this Amended Complaint, W&K operated in Florida.  This entity is one vehicle through which Defendant and Dave mined hundreds of thousands of bitcoins and created valuable blockchain intellectual property.

3.      Defendant Craig Steven Wright is a resident of London, United Kingdom. He is Dave's former business partner in W&K and otherwise.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000; this Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c) because Plaintiffs' Defense of Trade Secrets Act claim arises under the laws of the United States.

2

98

5.      Venue lies within this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District.  These events include, but are not limited to: the wrongful taking of property belonging to a Florida estate and/or LLC within this District; the partnership of Dave and Craig within this District; the operation of W&K by Dave and Craig within this District; the mining of a substantial amount of bitcoins through the use of computer equipment located within this District and/or by equipment owned and/or operated by a Florida resident (Dave) or Florida LLC (W&K); the development of certain blockchain related intellectual property within this District; and the commission of a fraud against an estate in this District.

6.      This Court has personal jurisdiction over Craig pursuant to Fla. Stat. § 48.193 as he operated, conducted, engaged in, and carried on a business venture in this state; committed tortious acts within this state; and caused injury to persons and property within this state at or about the time he was engaged in solicitation and service activities within this state.

## **INTRODUCTION**

7.      This matter concerns the rightful ownership of hundreds of thousands of bitcoins[1] and the valuable intellectual property rights of various blockchain technologies.  As of the date of this filing, the value of these assets far exceed $11,427,755,048.02 USD (before punitive or treble damages); at their highest value they were worth over

---

[1] The term "bitcoin" can refer to both a computer protocol and a unit of exchange.  Accepted practice is to use the term "Bitcoin" to label the protocol, software, and community, and the term "bitcoin" to label the units of exchange.

$27,332,125,781.93. Plaintiffs allege Defendant has stolen these bitcoins and intellectual property assets from them.

8.      After Ira filed this claim, Craig committed a fraud on this Court in an attempt to circumvent its jurisdiction. As detailed in paragraphs 160 to 170 Craig filed a sworn declaration that is incontrovertibly false based on an affidavit (and supporting evidence) he previously submitted to an Australian court. The boldfaced misrepresentations Craig has told this Court demonstrate his desperation to avoid this suit.

9.      Bitcoin is the world's first decentralized cryptocurrency. The concept and technology behind Bitcoin was first published in October 2008 when its pseudonymous creator, Satoshi Nakamoto, sent the now famous protocol to a mailing list of cryptography enthusiasts. That protocol has since spawned a system of value and exchange with a current market cap of ~$150 billion.

10.     Based on information Ira Kleiman received directly from Dave, it is undeniable that Craig and Dave were involved in Bitcoin from its inception and, together, had accumulated a vast wealth of bitcoins from 2009 through 2013.

11.     On April 26, 2013, mere months prior to Bitcoin's entry into the mainstream, Dave died after a battle with MRSA.

12.     Recognizing Dave's family and friends weren't aware of the extent of Dave's Bitcoin and blockchain related activities, Craig perpetrated a scheme against Plaintiffs to seize their bitcoins and their rights to certain blockchain related intellectual property.

13.     As part of this plan, Craig took control of Plaintiffs' bitcoins and forged a series of contracts that purported to transfer Plaintiffs' bitcoins and intellectual property

assets to Craig and/or companies controlled by him.  Craig backdated these contracts and forged Dave's signature on them.

14.     About a year after Dave's death, and under pressure from an Australian Tax Office investigation, Craig reached out to Ira, Dave's brother.  Craig disclosed he had partnered with Dave to create Bitcoin, mine bitcoin, and create valuable intellectual property.  But, he claimed Dave signed all these property rights away in exchange for a non-controlling share of a non-operational Australian company worth "millions."

15.     Craig told Ira he'd be able to sell Dave's stake in the company in a few months. This w as a lie in several respects.  First, Dave had not in fact traded his bitcoin and intellectual property rights for an interest in the Australian company.  Second, the company went bankrupt shortly after Craig misled the Australian Tax Office ("ATO").

16.     The ATO raided Craig's home in late 2015 and Craig fled Australia for London. Since fleeing to London, Craig has lived a life of fame and fortune. In May 2016, he publicly revealed himself and Dave as the alleged creators of Bitcoin.

17.     Craig currently serves as Chief Scientist of nChain, a UK company purporting to be the global leader in research and development of blockchain technologies. He also regularly posts pictures to his social media accounts of his lavish lifestyle.

18.     To date, Craig has not returned any of the mined bitcoins or intellectual property rights belonging to Plaintiffs.  This action is brought to rectify that injustice.

19.     As described in detail below, Craig's pattern of lies, deception, and fraudulent conduct continues even against this Court.  His fraud on this Court is simply the latest step taken in Florida to defraud the estate and W&K.

## FACTUAL ALLEGATIONS

### Bitcoin

20.      Bitcoin is a decentralized digital currency with a current market cap of ~$150 billion as of March 14, 2018.[2]  At its core, Bitcoin is simply a giant ledger that tracks the ownership and transfer of every bitcoin in existence.  This ledger is called the bitcoin blockchain.

21.      In order to transact with bitcoins, you must have a bitcoin wallet.  Like a bank account number, each bitcoin wallet has a "public key" that is the "address" provided if one would like to receive bitcoin from others.  Every wallet can be identified on the blockchain (by referring to its "public key") along with the number of bitcoins inside that particular wallet.  Wallets are separate computer files dedicated to storing information about specific bitcoins.

22.      Each wallet is also assigned a "private key."  Unlike public keys, private keys are only known by the individual who creates the bitcoin wallet.  The private key is like the "password" to the wallet.  To send bitcoin out of a wallet, an individual must have the private key associated with the bitcoin wallet.  This is similar to the manner in which one must have a PIN to withdraw cash from an ATM.

23.      There are two methods of acquiring bitcoins.  The first involves simply receiving bitcoins from someone.  In fact, there are many businesses that operate "bitcoin

---

[2] https://coinmarketcap.com/.

exchanges," such as coinbase.com, which is a bitcoin marketplace where individuals can purchase bitcoins with their native currency from individuals looking to sell.

24.     The second way one can acquire bitcoins is by "mining" them.

25.     There is no centralized authority that curates the Bitcoin blockchain. Consequently, the protocol has to incentivize individuals to curate the blockchain, i.e., to update the "ledger" with new transactions as they take place. This process is called "bitcoin mining."

26.     Anyone with internet access can "mine bitcoins" by employing computer power to solve a complex mathematical problem. The first "miner" who solves the problem gets the right to add a block of recent transactions to the blockchain, i.e., the right to update the ledger. In return for this work, the protocol pays the successful miner in newly minted bitcoins (the number of which is fixed by a pre-existing algorithm). This process is repeated every 10 minutes or so, ensuring an accurate and up to date record of all bitcoin transactions.

27.     When the Bitcoin protocol was first launched in January 2009, the protocol paid the successful miner 50 bitcoins for each block of transactions added to the blockchain ledger. The protocol cuts this mining reward in half every four years so that the maximum amount of bitcoin in existence will never exceed 21 million. At the current mining rate and reward algorithm, this maximum circulation will be reached in circa 2140.

28.     Today, the mining reward is 12.5 bitcoins for each block added to the blockchain. That, together with rising competition in mining bitcoins means it was easier to amass significant amounts of bitcoins in 2009, than now.

29.     To date, just over 17 million of the total 21 million bitcoins have been mined.

**History of Bitcoin**

30.     On October 31, 2008, a white paper authored under the pseudonymous name Satoshi Nakamoto ("Satoshi") titled *Bitcoin: A Peer-to-Peer Electronic Cash System* was posted to a mailing list of cryptography enthusiasts.  This paper detailed novel methods of using a peer-to-peer network to generate what it described as "a system for electronic transactions without relying on trust."

31.     Less than three months later, the system outlined became a reality.  On January 3, 2009, Satoshi mined the first 50 bitcoins.  To place a timestamp on the occasion, Satoshi left a text message digitally encoded on these first 50 bitcoins that read, "The Times 3 January 2009 Chancellor on brink of second bailout for banks," referring to that day's headline in the British newspaper, *The Times*.

32.     Hal Finney, one of the first supporters and adopters of Bitcoin, downloaded the bitcoin software that same day, and received 10 bitcoins from Satoshi in the world's first bitcoin transaction.

33.     Satoshi also created a website under the domain name bitcoin.org and continued to collaborate with other developers on the Bitcoin protocol until mid-2010.  Around this time, he handed control of the Bitcoin source code repository to Gavin Andresen, another active member of the bitcoin development community, and disappeared.  The last confirmed email from Satoshi was sent on April 23, 2011.  It read, "I've moved on to other things. It's in good hands with Gavin and everyone."

8

34.     For most of its early history, bitcoins were of relatively little value. Famously, the first documented commercial bitcoin transaction occurred when developer Laszlo Hanyecz used 10,000 bitcoins to purchase two Domino's pizzas on May 22, 2010. At today's prices, those two pizzas would be worth approximately 1% of Domino's total market cap.

35.     During Bitcoin's early history, cryptocurrencies were a niche technology with a small development community. Consequently, there was little competition for maintaining the ledger or "mining bitcoins." Thus, individuals mining bitcoins through 2013 could expend relatively minor resources to accumulate large sums of bitcoins.

36.     It has been widely reported that Satoshi Nakamoto mined approximately 1 million bitcoins during this time.[3]

### Bitcoin "forks"

37.     Since its inception in 2009, Bitcoin has inspired the creation of over one thousand other digital currencies. Many of these new cryptocurrencies use characteristics of the initial Bitcoin program, but have made significant changes to the original model in an attempt to create an entirely new cryptocurrency with distinct functions or ones better suited to a specific market niche.

---

[3]     *See    e.g.*    http://time.com/money/5002378/bitcoin-creator-nakamoto-billionaire/; http://www.businessinsider.com/satoshi-nakamoto-owns-one-million-bitcoin-700-price-2016-6; https://eklitzke.org/how-many-bitcoins-did-satoshi-nakamoto-mine.

38.     In other cases, individuals have taken the actual Bitcoin protocol and modified it in a way they believed would improve Bitcoin itself, *e.g.*, by allowing more transactions into a single "block" of the blockchain.

39.     If the "improved" Bitcoin protocol garners significant support, but less than a majority of support, a new version of "Bitcoin" is created. In these situations, the supporters of the new Bitcoin, have created a "fork" through which the original Bitcoin blockchain/ledger is divided into two distinct, but identical, copies, (i) the original Bitcoin, and (ii) the new Bitcoin. The result is that any individual who owned the original Bitcoin, now owns an identical amount of the new Bitcoin. After the point of the "fork," the ledgers will diverge as owners "spend" the two assets differently.

40.     This has happened numerous times to Bitocin. To date, however, the original Bitcoin protocol remains the most valuable in terms of its correlation to the US dollar, with a market capitalization of ~$150 billion at the time of filing. However, other noteworthy Bitcoin forks include Bitcoin Cash (market cap. of ~$25 billion), Bitcoin Gold (market cap. of ~$1.0 billion), Bitcoin Private (market cap of ~$510 million), and Bitcoin Diamond (market cap. of ~$650 million).

41.     As explained below, the bitcoins at the heart of this dispute were all mined prior to the creation of any of the aforementioned Bitcoin forks. Consequentially, Plaintiffs' claims of ownership over these original bitcoins necessarily implicates ownership over their "forked" counterparts ("forked assets").[4]

---

[4] Consequently, where appropriate, the word "bitcoins" should be construed to include claims over the "forked assets" as well.

## Background on parties and key individuals

42.    Dave Kleiman was born in 1967.  Obsessed with computers and technology at an early age, he joined the U.S. Army in 1986 as a helicopter technician.

43.    A few years after being honorably discharged, Dave got into a serious motorcycle accident which left him physically handicapped and wheelchair-bound.  After this accident, Dave's interest in computers intensified, and he began to build a reputation in computer forensics and secure network infrastructures.

44.    Dave began working in the information technology security sector in 1990.  He was a frequent speaker at national security conferences and was a regular contributor for many security related newsletters, websites, and online forums.

45.    Dave was a member of several computer security organizations, including the International Association of Counter Terrorism and Security Professionals (IACSP), International Society of Forensic Computer Examiners (ISFCE), Information Systems Audit and Control Association (ISACA), High Technology Crime Investigation Association (HTCIA), Network and Systems Professionals Association (NaSPA), Association of Certified Fraud Examiners (ACFE), Anti-Terrorism Accreditation Board (ATAB), and ASIS International.

46.    Dave was also a Secure Member and Sector Chief for Information Technology at the FBI's InfraGard and a Member and Director of Education at the International Information Systems Forensics Association (IISFA).  When he attended conferences, he was known as "Dave Mississippi," a nickname referring to the long string

of three letter certificates that followed his name; which could literally be used to spell Mississippi.

47.    Dave co-authored and was the technical editor of numerous publications, including *Perfect Passwords: Selection, Protection and Authentication*,[5] and Security Log Management: Identifying Patterns in the Chaos.[6]

48.    In 2010, Dave was hospitalized.  He was in and out of medical facilities due to MRSA infected sores.  On March 22, 2013, Dave signed out of the hospital against medical advice.  He was unstable and nearing death.[7]  On April 26, 2013, Dave passed away.

49.    Ira is Dave's brother and the personal representative of his estate.

50.    Craig is a 46-year-old Australian computer scientist and businessman.  Craig began his career in information technology working for various entities in Australia, including the Australian Securities Exchange.  Craig claims to have many degrees, including doctorates, masters, and technical certifications; these claims are disputed.[8]

51.    In May 2016, Craig claimed that he and Dave were Satoshi Nakamoto—the venerated creator of Bitcoin.

---

[5]https://www.amazon.com/Perfect-Passwords-Selection-Protection-Authentication/dp/1597490415.

[6] https://www.amazon.com/Security-Log-Management-Identifying-Patterns/dp/1597490423.

[7] https://gizmodo.com/the-strange-life-and-death-of-dave-kleiman-a-computer-1747092460.

[8]  https://www.forbes.com/sites/thomasbrewster/2015/12/11/bitcoin-creator-satoshi-craig-wright-lies-hoax/#12e524116794.

### Dave and Craig's early relationship

52.    Dave and Craig met in or around 2003. Both men had a longtime interest in cyber security and digital forensics, and the future of money. (Ex. 1 at 26).[9]

53.    For years, they communicated on various topics related to the internet and file sharing. For example, in 2008 they co-authored a paper on the mechanics of overwriting hard drive data.[10]

54.    Around that time, they began to speak about ways to use peer-to-peer file sharing, infamously used by the Napster music sharing service, to solve some of the most difficult issues in cryptography. (Ex. 1 at 27).

55.    In March 2008, just a few months before Satoshi's paper on the Bitcoin protocol was published, Craig emailed Dave saying: "I need your help editing a paper I am going to release later this year. I have been working on a new form of electronic money. Bit cash, Bitcoin . . . [y]ou are always there for me Dave. I want you to be part of it all." (Ex. 32).[11]

56.    After leaving his job in late 2008, Craig wrote to Dave: "I need your help. You edited my paper and now I need to have you aid me build this idea." (Ex. 1 at 31). For the next few months, Craig and Dave worked to get Bitcoin operational.

57.    On January 12, 2009, Craig, Dave, and two others sent each other bitcoin transactions recorded on the blockchain. (Ex. 1 at 32).

---

[9] All Exhibit citations refer to the as filed ECF pagination.

[10] https://www.vidarholen.net/~vidar/overwriting_hard_drive_data.pdf.

[11] Craig sent a "copy" of this communication to Ira on March 6, 2014.

58.     On November 26, 2009 (Thanksgiving Day), Ira Kleiman and Dave met at their father's home for an early dinner.  He and Dave discussed Facebook's recent success and Ira asked Dave if he was working on anything interesting.  Dave responded by telling Ira he was working on "something bigger" than Facebook, that he was "creating his own money."

59.     Ira asked Dave to clarify and jokingly asked if Dave was making counterfeit money.

60.     Dave responded by saying he was making "digital money."  He then opened his wallet, took out a business card, flipped it over, drew a "B" with a line or two through it, and commented on how "we" were working on a logo.

61.     Dave told Ira he was working with a relatively wealthy foreign man who owned some properties. Ira asked Dave why he didn't partner with this wealthy individual. Dave was silent, which Ira understood to be Dave's concession they were already partners.

62.     On May 20, 2014, Ira shared this story with Craig via email.  (Ex. 2).

63.     Craig responded that same day stating "we did partner ;)".  (*Id.*). Craig then commented on the "properties" stating, *inter alia*, that he owned 550 acres.  (*Id.*).  He then said, "I will have to see what I can dig up.  The old Bitcoin logo we did is no longer used. I have a copy." (*Id.*).  Craig later provided Ira with a copy of this Bitcoin logo. (*Id.*).

64.     This independent verification that Dave was creating "digital money" with Craig in 2009, Craig's admissions that he and Dave were "partners" in this venture, part of the Satoshi team, and that they were mining bitcoin through W&K, all lead to the

inescapable conclusion that their collaboration in "creating" or "mining" bitcoin and intellectual property was continuous from 2009 until Dave's passing in 2013.

65.     From their collaboration in 2008 until Dave's death in 2013, Craig and Dave mined over a million of the initial bitcoins together (personally and through W&K). These bitcoins were, as all bitcoin are, stored in specifically identifiable bitcoin wallets that Craig has now asserted ownership over.

66.     Further, Dave, in partnership with Craig, created intellectual property both in his individual capacity and through W&K. As Craig email to Ira on March 7, 2014, "I had an idea, but it would never have executed without Dave." The estate and/or W&K owns all this intellectual property.[12]

### Dave and Craig created W&K to mine bitcoin and develop blockchain related intellectual property

67.     The exact structure of their joint mining activities, intellectual property development, and "partnership" from c. 2008 until February 2011 requires discovery to fully reveal.

68.     From February 2011, Craig and Dave conducted their bitcoin mining activities and intellectual property research and development through W&K.

---

[12] The exact division of intellectual property ownership between Dave's estate and/or W&K will be determined at trial. Accordingly, some counts contain a request for relief from both Plaintiffs, and it will be for the final finder of fact to determine what each Plaintiff is entitled to recover.

69.     On February 14, 2011, Dave formed W&K Info Defense Research LLC ("W&K") in Florida. The Articles of Incorporation for W&K list Dave as the managing member and registered agent. (Ex. 3).

70.     W&K has no operating agreement and its exact ownership structure is unclear due to Craig's contradictory statements.  In an affidavit Craig filed in Australian court proceedings, Craig stated he and Dave each owned 50% of W&K.  (Ex. 4 at 5).  But in a fake "contract" produced by Craig, he states Dave owned legal title to 100% of W&K, while holding 50% in trust for Craig.  (Ex. 5 at 3).  He doubled down on some form of this equal split in a 2014 email to Ira, where he represented that "Dave owned 50% of" W&K. (Ex. 6 at 2),[13] and when both he and his counsel referred to it as a "joint venture." (Ex. 4 at 50, 57, 64, 71, 77, 84; Ex. 9 at 6). In contrast, Craig has testified to this Court that he does not have, and never has had, any interest in W&K.[14]  (Ex. 29 ¶ 10).  But it makes sense Craig would have some form of indirect interest as the entity appeared to be named after them both: **W**right & **K**leiman.

71.     As best as can presently be discerned, Dave was the sole "member" of W&K, but Craig maintained some kind of beneficial ownership interest in W&K, which he subsequently disclaimed.

---

[13] This Amended Complaint attaches certain emails with timestamps from Australian time zones. For consistency, the Amended Complaint has converted various timestamps to Eastern Standard Time.

[14] When confronted with the claims in this lawsuit, Craig didn't hesitate to continue his fraud against W&K and Dave's estate by perjuring himself in a sworn declaration filed with this Court, wherein he now swears, in absolute conflict with his Australian affidavit, that he never had any interest in W&K. See *Infra*, 160-170.  It seems that whatever interest he once held in W&K, he has disclaimed it.

16

112

72.     Regardless of its exact ownership structure, the purpose of W&K was clear: Craig and Dave created it to mine bitcoin and develop intellectual property.

73.     *First*, on telephone conversations with Ira, Craig admitted this was W&K's purpose.

74.     *Second*, Craig has admitted this in writing multiple times.  For example, in a "chronology" Craig sent to Ira, he wrote that that W&K "was set up to further statistical and risk mitigating algorithms, to develop some ideas around CBT learning methodologies, and to mine Bitcoin."  (Ex. 7).  Craig also put this admission into legal documents he claims are valid stating that W&K "is the owner of and conducts the business known as Bitcoin mining and Software development / Research."  (Ex. 5 at 3).  Finally, Craig has admitted this to third parties where, e.g., on February 12, 2014, he emailed Dave's former business partners stating "Dave and I had a project in the US.  He ran it there . . .  The company he ran there mined Bitcoin."  (Ex. 8 at 5).

75.     *Third*, in leaked ATO transcripts, Craig's bookkeeper states that "W&K was an entity created for the purpose of mining Bitcoins." (Ex. 9 at 3).

76.     Dave and Craig collaborated within W&K to create intellectual property. Craig then used W&K and this intellectual property to personally solicit business from the United States Department of Homeland Security ("DHS").  (Ex. 4 at 40-43).

77.     Craig acted as W&K's "authorized representative," its "lead researcher," and its "technical contact."  (*Id.* at 45-46, 50, 56-57, 63-64, 70-71, 76-77, 83-84, 90).  Further, Craig repeatedly used W&K's Florida address as his own, *e.g.*, identifying it as his

"mailing address." (*Id.* at 50, 57, 64, 71, 77, 84). Craig has also held himself out as W&K's "legal agent and representative" and its "Director/Australian Agent." (Ex. 30).

78.     Craig also claimed to have (i) delivered servers and other computer hardware to Florida for W&K's use (Ex. 10 at 3 (Recital L)); (ii) provided "contract labour services" to W&K (Ex. 11 at 2); (iii) licensed software for W&K's use (Ex. 10 at 3 (Recital M)); and (iv) loaned money to W&K for use in its Florida mining operation (Ex. 10 at 3 (Recital L); Ex. 11 at 3).

### Dave and/or W&K owned a substantial amount of bitcoin

79.     The exact number of bitcoins belonging to Dave's estate and/or W&K will be determined at trial.[15]   That said, various documents including emails, "contracts," spoken admissions, and transcripts from 2014 ATO meetings with Craig, his counsel, and his accountant evidence Dave and Craig owned and controlled approximately 1,100,111 bitcoins (either together personally or through their shared interest in W&K).

80.     As discussed above, Craig admitted that he "did partner" with Dave in 2009 to create/mine "digital money," i.e., bitcoins.  And Craig has also admitted in multiple documents that W&K (beneficially owned, at the time, and in some form, by Dave and Craig) mined bitcoin.  Due to the historically larger mining reward and low competition existing during that time, Craig and Dave's continuous joint bitcoin mining activity since 2009 would have resulted in an unparalleled fortune of bitcoins.

---

[15] Accordingly, some counts contain a request for relief for both Plaintiffs, and it will be for the final finder of fact to determine how much each Plaintiff is entitled to recover.

81.     Furthermore, in February 2014, Craig emailed two of Dave's other business partners stating Dave had mined an enormous amount of bitcoins, an amount *"far too large to email."* (Ex. 8 at 5).

82.     In addition, a transcript of a February 18, 2014 meeting between the ATO and Craig demonstrates that Craig has led others to believe he took ownership of Dave's bitcoin. The ATO investigator states:

> We thought yes, ***you've picked up some bitcoin ownership from the deceased director*** so we were trying to, you know, get the picture and connect all the dots. (Ex. 12 at 20) (emphasis added).

83.     Minutes from a February 26, 2014 meeting between the ATO and Craig's bookkeeper (John Chester), document Craig's bookkeeper stating that Dave had an incredible amount of bitcoin, and implying that Craig assumed ownership of them when he died:

> Craig Wright had mined a lot of [b]itcoins . . . Craig had gotten approximately 1.1 million [b]itcoins. There was a point in time, when he had . . . around 10% of all the [b]itcoins out there. Mr Kleiman ***would have had*** a similar amount. ***However***, Mr Kleiman ***passed away*** during that time. (Ex. 9 at 3) (emphasis added).

84.     At the February 18, 2014 meeting, Craig's counsel states that W&K's bitcoins were transferred to Seychelles, Singapore, and UK trusts. As Dave owned between 50% to 100% of W&K, *at least* half of the bitcoins allegedly transferred to the trusts belong to Dave (and/or they all belong to W&K):

> In 2009 the mining of bitcoin commences *** 2011, bitcoin was transferred overseas. R and D then conducted in the US under – by a joint venture company formed as . . . effectively info defence research LOC. Bitcoin mining continues throughout 2011. The bitcoins are derived by companies in Singapore and the Seychelles or entities in Singapore and the Seychelles, and they're actually

19

115

trusts. Trustee companies and trusts established - or trustee companies in the United Kingdom and other trusts established in the Seychelles. Further work was planned. In early April 2013 unfortunately Dave . . . dies in the US towards the end of April 2013. (*Id.* at 6).

85.    Years later, Craig admitted to Andrew O'Hagan that "his and Kleiman's mining activity ha[d] led to a complicated trust." (Ex. 1 at 36).

86.    In a 2012 email Craig forwarded to Ira, Craig wrote to Dave reaffirming the joint nature of the bitcoin allegedly held in trust (emphasis added):

> From: Craig Wright [mailto:craig@rcjbr.org]
> Sent: Wednesday, 10 October 2012 4:55 PM
> To: Dave Kleiman [mailto:dave@davekleiman.com]
> Subject: FW: IFIP-WG11.9 CFP
>
> We need to discuss the trsut [sic] and work out what the [expletive] *we* are doing with it all. So, a good tax deductible way to have a visit and also write a paper. (Ex. 31)

87.    In fact, Craig consistently referred to the "trust" as both Craig and Dave's, for example in another email Craig forwarded to Ira (emphasis added):

> From: Craig S Wright
> To: dave@davekleiman.com
> Subject: This week
> Date: Tue, 22 May 2012 09:45:31 +1000
>
> Dave,
> A recycled rant . . . the ATO are simply BS'ing again. It costs me money and in a way I guess they want to get a result through attrition rather than honesty. They will drain all I have if they can. **We do not touch the trusts**. Not yet. Not even for this. ONE DAY, they will change the world. Not millions, not billions. If I am right, they will be trillions and let them try [expletive] **on us** then. . . (Ex. 13) (bold emphasis added; profanity redacted).

20

116

88.    In  a 2014 email exchange with Ira, Craig *admitted* that at least 300,000 of

the 1,000,000+ bitcoins allegedly held in trust belong to Dave:

> From: Ira K <REDACTED@REDACTED>
> To: Craig S Wright <craig.wright@hotwirepe.com>
> Subject: Bond villains
> Date: Sat, Mar 1, 2014 at 2:42 PM
>
> Just to clarify on thoughts from previous email... In one of the email
> exchanges between Dave and you, he mentioned that you had 1
> million Bitcoins in the trust and since you said he has 300,000 as his
> part. I was figuring the other 700,000 is yours.  Is that correct?
> Ira
>  ---
> From: Craig S Wright <craig.wright@hotwirepe.com>
> To: Ira K <REDACTED@REDACTED>
> Subject: Re: Bond villains
> Date: Sat, Mar 1, 2014 at 3:00 PM
>
> Around that. Minus what was needed for the company's use
> Sent from my HTC.  (Ex. 14).

89.    As discussed below in more detail, Craig provided fraudulent contracts to the

ATO in an attempt to substantiate his ownership of bitcoins and intellectual property assets

that belonged to Dave and/or W&K.  Their authenticity aside, however, these "contracts"

produced by Craig constitute his admission that Dave, Craig, and W&K collectively owned

hundreds of thousands of bitcoins.

90.    For example, a 2011 contract produced by Craig includes a provision stating

W&K expected to mine new bitcoin at a rate of 12,000 bitcoins per month for a period of

over two years (312,000 bitcoin).  (Ex.10).

21

117

91.      Further, a 2012 contract provided to Ira by the ATO lists Bitcoin wallets containing over 650,000 bitcoins (the "2012 Deed of Loan"). Next to the list of wallets and total bitcoin held, there is a handwritten annotation stating: "*as agreed, all wallets to be held in UK in trust until all regulatory issues solved and Group Company formed with Dave K and CSW.*" (Ex. 15 at 9). This annotation is in Craig's handwriting.

92.      As can be seen, Dave, in partnership with Craig, lawfully mined and possessed hundreds of thousands of bitcoins both in his individual capacity and through W&K.

93.      The mined bitcoins were stored in wallets in the possession of Dave, Craig, W&K, and/or certain trusts. These wallets were not used for any purpose but to store the bitcoins for sale at some future date.

94.      As "partners" from c. 2008-2011, and then in some form of "co-owners/members" of W&K from 2011-2013, Dave and Craig shared the private keys to the bitcoins they mined. As demonstrated from emails produced by Craig, his ability to control the bitcoins continued once they were, allegedly, placed in trust.

**After Dave's death, Craig fraudulently converted the bitcoin and intellectual property that belonged to, and was possessed by, Dave and/or W&K**

95.      After Dave's death, Craig took sole ownership/control of all bitcoins and intellectual property owned by Dave and/or W&K and those that were held in trust for Dave and/or W&K and refuses to return any bitcoins or intellectual property to the estate or W&K.

22

118

96.     It appears that Craig needed to use W&K and Dave's assets to try and justify certain tax positions he claimed in Australia.  To that end, he instituted an elaborate scheme to assert dominion over Dave's and W&K's bitcoin and intellectual property.

97.     To accomplish this scheme, Craig drafted and backdated at least three contracts, and forged Dave's signature on at least two, to create a fraudulent "paper trail" purporting to show that Dave transferred bitcoins and intellectual property rights that belonged to Dave and W&K, to Craig.  These fraudulent contracts include:

        a.     2011 contract titled "Intellectual Property License Funding Agreement" (the "2011 IP Agreement") (Ex. 10);

        b.     2012 contract titled "Deed of Loan" (the "2012 Deed of Loan") (Ex. 15); and

        c.     2013 contract titled "Contract for the Sale of Shares of a Company Owning Business" (the "2013 W&K Sale Agreement") (Ex. 5).

98.     On their face, these contracts are demonstrably fraudulent in a number of manners.

99.     *First*, the electronic signatures on these documents are not Dave's.  They are substantially different than known examples of Dave's electronic and written signatures:



| Authentic Signatures 2/1/2013[16] & 7/30/2003[17] & 2/22/2012 | Signature on Fraudulent Contracts 4/22/2011 & 04/2/2013 |
|---|---|

100.     In fact, this signature is a near identical copy of a computer-generated font called Otto, available here: https://www.wfonts.com/font/otto. When computer generated, this Otto font produces the signature:

Otto.ttf

*Dave Kleiman*

101.     When confronted with this information by Ira, Craig admitted the signatures were computer generated, but claimed there were other ways to prove their veracity.

102.     Craig has never provided additional evidence of their legitimacy.

---

[16] See Ex. 16 (signature on Computer Forensics LLC Operating Agreement).

[17] See Ex. 17 (signature on Dave's last will and testament).

103.     *Second*, the "Purchaser" listed in the 2013 W&K Sale Agreement is "Craig Wright R&D" and is further identified by its Australian Business Number (ABN) 97 481 146 384.  However, the entity associated with this ABN was not identified as "Craig Wright R&D" until September 2, 2013 – over three months after Dave died.[18]

104.     *Third,* the terms of the 2011 IP Agreement are nonsensical.  While it purports to "finance" W&K through the transfer of around 215,000 bitcoin, and requires W&K to "fund the software development using bitcoin," there was essentially nothing that could be purchased with bitcoins at that time.  Thus, no one could "finance" or "fund" anything with bitcoins then.  This calls the 2013 W&K Sale Agreement's purported "release" of this nonsensical "financing arrangement" into question.

105.     *Fourth,* the 2011 IP Agreement, the 2012 Deed of Loan, and the 2013 W&K Sale Agreement conflict with each other.  The 2011 IP Agreement provides that Bitcoin wallet 1933***XY8a would be held by Craig in escrow and revert to Craig only if W&K defaulted, but the 2013 W&K Sale Agreement provides that it will be "released to" Craig *despite* satisfaction of the liability, and the 2012 Deed of Loan shows that same wallet being placed into a trust by Craig with a notation that it be held there until Dave and Craig can set up a joint-company later.

106.     *Fifth*, the 2013 W&K Sale Agreement references 250,000 bitcoin and then 250,500 bitcoin as the amount of bitcoin Dave was to transfer to Craig.

---

[18] https://abr.business.gov.au/SearchByAbnHistory.aspx?abn=97481146384

107.    *Sixth*, the fraudulent signatures aren't witnessed or notarized.  Even the most un-sophisticated parties would understand that a contract purporting to release and transfer property valued at eight figures should be substantiated in some way with witnesses and/or notaries.

108.    *Lastly*, many of the contractual terms are extremely convenient for Craig. For example, the 2011 IP Agreement provides for confidentiality even from family members, stipulates the value of 215,000 bitcoin at 40,000,000 AUD (when it was really worth around ~$250,000), and includes a "typo" showing the date as 2013, and amending it by hand to 2011 (likely because it was written in 2013).

109.    These red flags are rendered even more suspicious by the fact that the 2013 W&K Sale Agreement was purportedly signed a mere 10 days after Dave left the VA hospital, and no more than three weeks before he died.

110.    Craig has a documented history and habit of backdating contracts and documents to suit his needs.  During the February 18, 2014 interview with Craig by the ATO, Craig admitted that he backdated certain tax invoices.  (Ex. 12).  Further, Wired has written that Craig likely backdated numerous blog posts to further his claim of being Satoshi.[19]  Finally, in its 2015 audit of Coin-Exch, the ATO assessed tax liability and penalties against Craig for providing recklessly misleading tax information by, *inter alia*, backdating numerous documents.  (Ex. 18).

---

[19]    https://www.wired.com/2015/12/new-clues-suggest-satoshi-suspect-craig-wright-may-be-a-hoaxer/.

122

111.    As described herein, after Dave died, Craig unlawfully and without permission took control of the bitcoins from Dave's estate and from W&K by exercising exclusive possession over the private keys necessary to own, move, or sell the bitcoins belonging to Dave and/or W&K; actually using those private keys to move these bitcoins out of their wallets; claiming to own bitcoins really owned by W&K and/or Dave by virtue of fraudulent contracts Craig created; refusing to return bitcoins that belonged to the estate and W&K; moving them to, or holding these bitcoins in, "trusts" known only to him and controlled by him and preventing these assets from being returned to the estate and/or W&K; and using those bitcoins (or the "rights" to them) to make large trades for his Australian businesses.

112.    While the exact number of bitcoins stolen remains to be determined, by Craig's admission, Dave's estate is entitled to the possession of *at least* 300,000 bitcoins that Craig controls in a trust (along with their forked assets).  But the estate may be entitled to even more bitcoins based on Dave and Craig's partnership from 2009 until 2011.

113.    Further, as Craig's admitted that the mining continued within W&K from 2011, W&K is entitled to the possession of all bitcoins mined through its operations since 2011 (along with their forked assets).

114.    To Plaintiffs' best knowledge, information, and belief, these bitcoins could number around ~1,100,111.[20]  Together, these bitcoins and their forked assets are worth

---

[20] Should discovery reveal additional bitcoin were mined, either by Dave individually, or by W&K after Dave died, Plaintiffs may amend their Complaint to assert a claim over those bitcoins and their forked assets as well.

approximately $11,427,755,048.02, though at their peak in December 2017 they were worth ~$27,332,125,781.68.

115.     Ira has requested Craig return these bitcoins, but Craig has not done so. In light of this refusal, demanding the return of the forked assets would be futile.

116.     Thus, Craig has wrongfully asserted dominion over Dave and W&K's bitcoins forked assets, and intellectual property in a way that is inconsistent with Dave and W&K's ownership of those bitcoins, forked assets, and intellectual property which has damaged them both.

### Craig attempts to launder the stolen title to W&K's intellectual property, by securing "consent judgments" against W&K, without serving W&K, falsely representing W&K's consent, and using fraudulent contracts

117.     In July and August 2013, Craig filed two claims in New South Wales Supreme Court against W&K for ~$28 million each.  (Ex. 11).

118.     In both claims, Craig alleged that W&K agreed to pay Craig for property and consulting services necessary to "complete research" and that this contract was "bonded against the intellectual property of [W&K]."  (Ex. 11 at 3, 9).  The pleadings alleged that "the contract stated that a breach would lead to liquidated damages [and if] the liquidated amount is not paid all IP systems returns to the sole ownership of [Craig]."  (*Id.* at 4, 10). The statements of claim allege that the intellectual property at issue was the "software and code used in the creation of a Bitcoin system" and "used by the US Military, DHS and other associated parties."  (*Id.*).

119.     W&K was never served, validly or otherwise, with these proceedings; Dave's estate was not even aware of them until long after the judgments had been entered.

28

124

120.    Craig prevented W&K from participating in these proceedings as, *inter alia*, he filed, in both lawsuits, a false "Acknowledgment of Liquidated Claim" on behalf of W&K where he represented that W&K accepted and agreed to his claims.  (Ex. 30).  In these filings, Craig falsely identified himself as the "legal agent and representative for the defendant" and its "Director/Australian Agent" and falsely stated that "I acknowledge the whole of the amount being claimed by the plaintiff."  (*Id.*).  Further, he falsely identified his Australian address and email as the "Address for service" for W&K.  (*Id.*).

121.    Craig further prevented W&K from participating in the proceedings, by filing, on August 28, 2013, Consent Orders in both cases.  (Ex. 19).  These filings represent to the Australian courts that W&K consented to judgment being entered against it through the signature of its "authorised officer," a "J Wilson."  (*Id.* at 2).  But J Wilson – Craig's employee – was not authorized.  Instead, Craig "elected" him a director at a "shareholder meeting" where only Craig was present and only Craig voted.  (Ex. 4 at 5-6).

122.    Craig did this even though (i) Craig did not have any direct or voting interest in this Florida LLC (only an indirect or beneficial interest), (ii) Dave's estate (which held at least 50% of the interest in the LLC) was not notified of the meeting, and (iii) even if Craig had a 50% voting interest in W&K, the election of Wilson was void because the "meeting" lacked a quorum.

123.    In April 2014, Ira first learned of these court proceedings, when the ATO sent him some of the court documents.  Ira confronted Craig for taking Dave and W&K's assets and concealing the court proceedings from Dave's estate.  Craig admitted his subterfuge, but defended himself by claiming the ends justified the means:

29

125

Ira: ". . . From [the] documents [I have] it appears clear to see a systematic transfer of assets out of W&K back to you . . . But you never mentioned any of the actions you were taking against W&K prior to contacting us."

Craig: "Dave died. I did the actions to make sure that the court signed off on what Dave and I planned." (Ex. 20 at 18).

124.    Importantly, these Australian claims, like the sworn testimony he submitted to this Court, are based on demonstrably false factual allegations. Specifically:

125.    The July 2013 claim alleges the existence of an October 27, 2008 contract between Craig and W&K, claiming that "[W&K] agreed to pay [Craig] for property and consulting services." (*Id.* at 2). However, W&K did not exist in 2008.

126.    Also, the July 2013 claim alleges:

"[Craig] conducted four projects associated with the DHS (Dept. of Homeland Security USA) with [W&K] under contract:

    a.  BAA 11-02-TTA 01-0127-WP   TTA 01 - Software Assurance: Software Assurance through Economic Measures

    b.  BAS 11-02-TTA 05-0155-WP TTA 05 - Secure Resilient Systems and Networks

    c.  BAA 11-02-TTA 09-0049-WP TTA 09 - Cyber Economics

    d.  BAA 11-02-TTA 14-0025-WP TTA 14 - Software Assurance MarketPlace (SWAMP)." (*Id.* at 9-10).

127.    The July 2013 claim goes on to state that "these funds were rated as:

    a.  TTA 01      US$ 650,000

    b.  TTA 05      US$ 1,8000,000 (*sic*)

     c.   TTA 09      US$ 2,200,000

     d.   TTA 14      US$ 1,200,000." (*Id.* at 10).

128.     However, these statements were false. The results of Freedom of Information Act requests by Ira to the DHS reveals that W&K's applications for TTA 01, TTA 05, TTA 09, and TTA 14 were all denied by the DHS. (Ex. 21).

129.     The August 2013 claim also contains a demonstrably false allegation, alleging the existence of a January 8, 2009 contract between Craig and W&K, claiming that "[W&K] agreed to pay [Craig] for property and consulting services." (Ex. 11 at 2). But again, W&K did not exist until 2011.

130.     On November 6, 2013, judgments appear to have been entered for both Australian claims. (Ex. 22). Craig's fraud to keep W&K and Dave's estate out of the litigation was successful as, in the judgment, the Court "**note[d] the agreement of the parties** that [Craig] will accept the transfer of the intellectual property held by the plaintiff in full and final satisfaction of the judgment." (*Id.*) (emphasis added).

131.     To this day, Craig has used these fraudulently obtained judgments to assert ownership over the intellectual property assets developed by W&K and Dave. For example, in the February 18, 2014 meeting with the ATO, Craig's attorney represented to the ATO that "intellectual property that had been acquired by Dr Wright from WK Info Defence is on-supplied to the Wright Family Trust and then broken up and transferred to other group entities, Hotwire, Coin Exchange . . . and so on." (Ex. 12 at 7). And later again stating: "Remember there's the IP coming out of WK Info Defence in the US came to Craig through Craig to the Wright Family Trust and then from the Wright Family Trust

into Hotwire . . ." (*Id*. at 18). Further, as discussed in para 142-143, the ATO has provided Ira with "deeds" drafted and executed by Craig which show that his companies have taken ownership over the intellectual property created by W&K and "transferred" by virtue of these fraudulently obtained "judgments."

### Craig reaches out to Ira to cover up his fraud, deceive Ira into believing him, and secure an ally in his fight against the ATO

132.    With the ATO closely auditing Craig's activities, Craig knew he had to reveal some of his and Dave's bitcoin mining and blockchain work to justify various tax positions he took in Australia. Realizing this would lead the ATO to contact the Kleimans, Craig reached out first.

133.    Nearly ten months after Dave's death, on February 11, 2014, Craig reached out to Dave and Ira's 94 year old father Louis, and wrote:

> Date: Feb. 11, 2014
> From: Craig Wright <Craig.Wright@hotwirepe.com>
> To: Louis <REDACTED@REDACTED>
>
> Hello Louis,
>
> Your son Dave and I are two of the three key people behind Bitcoin . . .
>
> If you have any of Dave's computer systems, you need to save a file named "wallet.dat". I will explain what this is later. Please understand, I do not seek anything other than to give you information about your son.
>
> Know also that Dave was a key part of an invention that will revolutionise the world . . .
>
> I will talk to you again soon.
>
> When I can, I will let you know much more of Dave. I will also help you recover what Dave owned.

I will let you know when I am in the USA.  (Ex. 23).

134.    As Louis Kleiman was elderly, Ira took over the correspondence with Craig.

135.    Craig told Ira he was partners with Dave and that no one knew about their collaboration or W&K. He explained to Ira that W&K was involved in Bitcoin mining and that it was quite successful.

136.    Shortly after informing Ira about W&K, Craig told Ira that Craig and Dave were planning on starting a new company together called "Coin-Exch."  He explained to Ira that Dave's estate would receive shares in it worth millions.

137.    On April 23, 2014, Craig wrote to Ira:

> Date: April 23, 2014 8:56pm
> From: Craig <craig@rcjbr.org>
> To: Ira <REDACTED@REDACTED.com>
>
> The software Dave updated, and which I have transferred back in OUR company, and it is OURs as you are Dave's heir, was done at a zero tax level.  This is all good under the law.  Basically the GST (like a Vat) cancels as it is an international transfer
>
> What company owns right now is:
>
> - Software – incl source code and perpetual licenses valued at over $50 million.
> - Intellectual Property, design, codes etc
> - Research claims.  (Ex. 24).

138.    At the same time Craig was defrauding the Kleimans, Craig also reached into Florida though an agent, Uyen Nguyen, to revive W&K after it had been administratively dissolved – to ensure he had control over it if necessary.

139.    Consequently, on March 28, 2014, nearly a year after Dave died, W&K was reinstated by Craig's agent, Uyen Nguyen ("Uyen").  (Ex. 25).  Uyen removed Dave as the

33

129

registered agent for W&K and listed herself.  (*Id.*).  She then added herself as manager and secretary and an entity named Coin-Exch Pty Ltd as director.  (*Id.*; ECF 12 at 11 n3).  But Coin-Exch Pty Ltd was merely Craig seizing control of W&K from the shadows, as it's well established "Craig Wright" was the "director and controlling mind" of Coin-Exch Pty Ltd.  (Ex. 18 at 5).[21]

140.    Of course, despite Ira and Craig being in regular email contact at the time, Craig concealed this action from Ira.

### The ATO reached out to Ira to verify Craig's allegations over W&K, and provided Ira with documents that demonstrate Craig assumed control over intellectual property that belonged to W&K and/or Dave

141.    As Craig expected, on April 15, 2014, an auditor from the ATO, reached out to Ira to inquire about his knowledge concerning the legal action Craig took against W&K. The auditor provided Ira copies of the 2011 IP Agreement and the 2013 W&K Sale Agreement.

142.    The ATO also provided Ira with three deeds, each titled "IP Deed of Assignment" and each executed on September 15, 2013 – nearly four months after Dave's death.  (Ex. 26; Ex. 27; & Ex. 28).  Each of these IP Deeds of Assignments assigned various intellectual property rights from DeMorgan Ltd to three entities: Coin-Exch Pty Ltd (Ex. 26), Hotwire Preemptive Intelligence Pty Ltd (Ex. 27), and Cloudcroft Pty Ltd (Ex. 28).

143.    The deeds also described the source and nature of this IP: "The IP held in total by DeMorgan consists of source code, algorithms and patentable materials that have

---

[21] https://www.arnnet.com.au/article/621503/australian-bitcoin-figure-supercomputing-company-enters-liquidation/.

been obtained by Craig Wright R&D (ABD 97 481 146 384) through the following unrelated entities . . . W&K Information Defense Research LLC [as two batches)." (Ex. 26 at 4; Ex. 27 at 4; & Ex. 28 at 4).

**Craig continues to assure Ira and reveals the nature of the intellectual property owned by, and misappropriated from, W&K and Dave**

144.    On April 22, 2014, Ira wrote to Craig that after he had time to review the documents sent by the ATO, he "felt like there [were] questionable discrepancies in the contracts between you and W&K such as Dave's signatures, his resignation, transfer of all accountable value . . . ." (Ex. 24 at 20).

145.    To keep Ira from going public, Craig promised Ira that he could be paid out of what was owed to Dave's estate "based on what Dave and I had been arranging." (*Id.* at 12). On April 23, 2014, Craig told Ira that he would receive the first $12 million payment in October 2014. (*Id.* at 8).

146.    On the same day, trying to further placate Ira, and further evidencing Dave and the estate's claim to W&K's transferred intellectual property, Craig wrote Ira stating:

> The software Dave updated and which I have transferred back in OUR company, and it is OURs as you are Dave's heir, was done at a zero tax level . . . Dave took the 2 million lines of code that had in 2010 and transformed these into a documented set of over 6 million lines of code. (*Id.* at 2).

147.    On April 25, 2014, still trying to reassure Ira, Craig sent Ira a chronology of his activities related to W&K and the development of its intellectual property. In this document, Craig wrote:

> There is a lot of IP and 'stuff' in the mix. All up, it's around a hundred million dollars' worth. This IP originates in work CSW

35

131

> has been doing for more than 10 years; it originates in things that came from W&K; it has to do with the software acquired. The values and distribution . . . amounts to a third each for Cloudcroft, Hotwire, and Coin exch. Cloudcroft gets the security related IP, Coin-Exch gets the banking and Hotwire gets all of the automation R&D based stuff. (Ex. 7).

148.    The nature of this intellectual property transferred from W&K to DeMorgan, Coin-Exch, Hotwire Preemptive Intelligence, and Cloudcroft was further explained by Craig in a letter he published on DeMorgan's website in 2015. This letter demonstrates that Coin-Exch, Hotwire Preemptive Intelligence, and Cloudcroft were involved in building out W&K's intellectual property with R&D efforts targeted at "the development of smart contract and Blockchain based technologies" and "commercialisation of our Blockchain and smart contract systems research."[22]

149.    Craig's promise of a multi-million dollar payment by October 2014, never came true. Craig blamed the delay on the ATO investigation and kept promising Ira he would see value when the investigation closed.

150.    On October 9, 2015, Craig essentially stopped responding to Ira.

151.    In November 2015, Dave's friend and business partner, Patrick Paige reached out to Craig when a reporter called him inquiring about Craig and Dave's involvement in Bitcoin. Craig responded:

> Thanks for the heads up. Reporters are always troubling. They ignored the stuff Dave and I did when he was alive. I don't know what has started to interest them now . . . as you know[, **Dave] did**

---

[22]http://www.businessinsider.com/craig-steven-wright-rumoured-bitcoin-creator-was-commercialising-blockchain-research-and-reviving-company-hotwire-2015-12; https://prwire.com.au/pr/51565/the-demorgan-ltd-group-of-companies-to-receive-up-to-54-million-from-ausindustry-r-amp-d-tax-rebate-scheme-1.

**a fair amount of research with me. Most yet to be completed and published**. (Ex. 8 at 13 (emphasis added)).

152.    After Craig yet again confirmed Dave's involvement in Bitcoin and the intellectual property they developed, Patrick wrote back:

> . . . I think we both know Dave was a genius when it came to computers and I sure would like Dave to get recognition for his part if any in the development of bitcoins.  I realize there is a lot of things to consider releasing this information but my question is when? (*Id.* at 12).

153.    Craig responded:  "When it all comes out, there is no way Dave will be left out. **We need at least a year more**." (*Id.* (emphasis added)).

### Craig claims that he and Dave are Satoshi Nakamoto

154.    On December 8, 2015, two popular tech publications, *Wired* and *Gizmodo*, outed Craig as Satoshi.[23]  Both articles also articulated Dave's integral role in the development of Bitcoin.  They described numerous details and leaked communications implicating Dave and Craig's roles in creating and developing Bitcoin; they also discussed Dave and Craig's accumulation of a vast hoard of bitcoin.

155.    On May 2, 2016, nearly five months after the *Wired* and *Gizmodo* publications, Craig published a blog post in which he claimed to be Satoshi.[24]

156.    Craig has readily admitted Dave was intimately involved in the creation of Bitcoin.  In numerous interviews with Andrew O'Hagan, documented in *The Satoshi Affair*,

---

[23] https://www.wired.com/2015/12/bitcoins-creator-satoshi-nakamoto-is-probably-this-unknown-australian-genius/;  https://gizmodo.com/this-australian-says-he-and-his-dead-friend-invented-bi-1746958692.

[24]  https://qz.com/674129/an-australian-nobody-claims-to-be-the-inventor-of-bitcoin-but-no-one-knows-for-sure/.

Craig told O'Hagan that "[Craig] did the coding and that Kleiman helped him to write the white paper." (Ex. 1 at 31).

157.    Further, in numerous emails to Ira, Craig admitted the same.

158.    Craig currently serves as Chief Scientist of a UK company called nChain in London, where, in 2016, he filed dozens of patents related to Bitcoin and blockchain technology through this entity.[25]  The public filing of these patents disclosed to the public intellectual property belonging to Dave and W&K without the permission of Dave's estate and/or W&K.

159.    To date, neither Dave's estate nor W&K have received the assets belonging to them as a result of their early involvement in Bitcoin and bitcoin mining.

## Fraud on this Court[26]

160.    In Ira's initial Complaint, as in this one, he alleged that (i) Craig and Dave held some form of interests in a Florida LLC called W&K, that (ii) through this LLC, and otherwise, they mined over 1.1 million bitcoins and developed extremely valuable intellectual property, that (iii) after Dave died, Craig took unlawful possession of all the bitcoins the Florida LLC mined and intellectual property it created (along with the bitcoin and intellectual property they mined/developed together personally), that (iv) Craig then tried to "launder" this stolen intellectual property by defrauding the Australian courts into

---

[25]  https://www.reuters.com/article/us-bitcoin-wright-fund-exclusive/exclusive-company-behind-bitcoin-creator-sold-to-private-investors-idUSKBN17F26V.

[26] The emphases appearing in this section have been added.

entering consent orders transferring clean title over W&K's intellectual property to Craig; and that (v) Craig needs to return the stolen property.

161.     In response to this Complaint, Craig filed a motion to dismiss alleging he has essentially **no** connection to Florida or W&K.  His motion stated Plaintiff's jurisdictional allegations were "frivolous" and "sanctionable."  (ECF D.E. 12 at 36).  Craig supported these assertions with a sworn declaration stating he was never a shareholder, member, agent, employee, or representative of W&K.  (Ex. 29 ¶¶ 11-12).  He swore, under penalty of perjury under the laws of the United States, that he's never exercised authority or control over W&K.  (*Id.* ¶ 13).

162.     He perjured himself.

163.     To procure his fraudulent Australian judgments, Craig submitted an affidavit to the Supreme Court of New South Wales where Craig affirmed that:

> "The **shareholding** of 'W&K Info Defense LLC' was:
>
> **1. Craig S Wright**          **50.0%**
> 2. David A Kleiman          50.0%"

(Ex. 4 at 5).

164.     Craig then doubled down on this ownership structure affirming further that "W&K Info Defense LLC was an incorporated partnership. **All shares are held jointly**." (*Id.*).  He then affirmed that **he called a "shareholders meeting"** on August 16, 2013 at which only he and Jamie Wilson were present.  (*Id.*).  Craig affirmed **he was the sole vote**

39

that nominated Jamie Wilson to act as a director "for purposes of consenting to orders and the company to be wound down." (*Id.* at 5).[27]

165.     These affidavit statements directly contradict his sworn statements to this Court that (i) "I have never been a **. . . shareholder . . .** of W&K," (ii) "I have never been a **member** of W&K," and (iii) "I have never **exercised authority or control** over W&K **. . .**" (Ex. 29 ¶¶ 11-13).

166.     But the perjury doesn't end there.

167.     Craig attached voluminous records to his Australian affidavit. These attachments evidence Craig signed as the "**authorized representative**" of W&K six (6) times (Ex. 4 at 56, 63, 70, 76, 83, 90), identified himself as W&K's "**lead researcher**" twice (*id.* at 45-46), its "**technical contact**" six (6) times (*id.* 50, 57, 64, 71, 77, 84), affiliates himself with **W&K's Florida address** as, *e.g.*, his "**mailing address**" twelve (12) times (*id.* at 49, 56-57, 63-64, 70-71, 76-77, 83-84, 90), includes detailed descriptions of the computer programs and research Craig was **attempting to get DHS to fund** (*id.* at 50-94), and includes four (4) emails from DHS confirming Craig had **uploaded various proposals on behalf of W&K attempting to secure funding** (*Id.* at 40-43). Collectively, these documents clearly evidence Craig's participation in operating W&K from Florida to solicit business from the United States DHS.

---

[27] Under Florida law, there is no such thing as an "incorporated partnership" and an LLC does not have "shares" or "directors" or hold shareholders' meetings. The "owners" of an LLC are called "members."

168.    Obviously, these affidavit attachments are in direct conflict with Craig's sworn statements to this Court that (i) "I have never been a . . . **employee, or** representative of W&K," (ii) "I have never been an **agent** of W&K," (iii) "I have never . . . **developed software for** any purpose relating to a Florida business, including **W&K**," (iv) "I have never **advertised services in Florida**," (v)  "I have never had an **office in Florida**," and (vi) "I have never **exercised authority or control over W&K** . . ."   (Ex. 29 ¶¶ 6, 8, 11-13, 15).

169.    As mentioned in ¶ 120, Craig also filed submitted two "Acknowledgment of Liquidated Claim" filings in Australia where he signed as the "**legal agent and representative**" of W&K and as its "**Director/ Australian Agent**." (Ex. 30). As set forth in ¶¶ 138-139 he also acted as the "**director**" of W&K when he had his agent put Coin-Exch, his company, as its director.  These also directly conflict with his sworn testimony above.

170.    Craig's boldfaced misrepresentations and perjury before this Court constitute a continuation of his grand fraud to unlawfully take Plaintiffs' assets.  Said differently, Craig's latest fraud on this Florida Court is simply one more action he's taken in Florida to defraud Dave's estate and W&K.

## CLAIMS FOR RELIEF

### COUNT I
### Conversion
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

171.    On or about April 2013 through the present day, Defendant converted to his own use, bitcoins, forked assets, and intellectual properties that was then the property of, and owned by, the estate and/or W&K.

172.    The property was worth between ~$201,728,340.04 and $27,332,125,781.68 during the time Defendant has had possession over it.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages in the amount of at least $11,427,755,048.02 and/or return of the wrongfully converted bitcoins with their forked assets. Plaintiffs demands the return of the IP, or its fair market value. Plaintiffs also demand punitive damages, together with court costs, interest, and any other relief this Court deems just and proper.

### COUNT II
### Unjust Enrichment
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

173.    Plaintiffs have conferred a benefit on the Defendant, who has knowledge thereof.

174.    Defendant voluntarily accepted and retained the benefit conferred.

175.    The circumstances render Defendant's retention of the benefit inequitable unless the Defendant pays to Plaintiffs the value of the benefit.

42

138

176.     Defendant has been unjustly enriched at Plaintiffs' expense.

177.     Plaintiffs are entitled to damages as a result of Defendant's unjust enrichment, including disgorgement of all monies and or properties unlawfully accepted and retained by Defendant from Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendant for the return of the wrongfully retained property or monetary damages equaling to the value thereof, together with court costs, interest, and any other relief this Court deems just and proper.

### COUNT III
### Misappropriation
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

178.     After Dave's death, Craig unlawfully, willfully, and maliciously misappropriated trade secrets belonging to Dave and/or W&K relating to blockchain based technologies and smart contracts by using them for himself and using a series of fraudulent contracts, misrepresentations, and fraudulently obtained court judgments to transfer/acquire the property rights in these trade secrets to/for himself.

179.     These trade secrets are generally described as programs, methods, techniques, and processes relating to blockchain based technologies and smart contracts. These trade secrets can be identified specifically as the software Dave developed personally and through W&K, i.e., those Craig attempted to have transferred through the fraudulent Australian judgments, which he then on-supplied to himself, the Wright Family Trust, DeMorgan and its subsidiaries.

43

180.     These trade secrets derived actual and potential independent economic value from not being generally known to the public or to other persons who could obtain economic value from their disclosure or use. As evidence of the substantial economic value relating to these trade secrets, Craig has used these trade secrets to develop new intellectual property and assets, some of which have resulted in the filing of new patents, through his work at nChain.

181.     Dave and W&K possessed secret information and made reasonable efforts to maintain the secrecy of these trade secrets.  Dave made no disclosures of these trade secrets to anyone but Craig.

182.     As a proximate result of Craig's unlawful misappropriation, Dave's estate and/or W&K have suffered actual losses consisting of the loss in economic value associated with the trade secrets.

183.     As a proximate result of Craig's unlawful misappropriation, Dave's estate and W&K are informed and believe that Craig has been unjustly enriched.

184.     As a proximate result of Craig's unlawful and willful misappropriation, Dave's estate is entitled to a recovery of damages pursuant to Fla. Stat. § 688.004.

WHEREFORE, Plaintiffs demand judgment against Defendant for all available damages caused by Craig's misappropriation, including exemplary damages, together with court costs, interest, attorney's fees pursuant to Fla. Stat. 688.005, and any other relief this Court deems just and proper.

**COUNT IV**
**Federal Defense of Trade Secrets Act**
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

185.    Craig's conduct described in this Amended Complaint constitutes misappropriation of trade secrets under the Defend Trade Secrets Act.  18 U.S.C. §§ 1832.

186.    These trade secrets are generally described as programs, methods, techniques, and processes relating to blockchain based technologies and smart contracts which is a product used and intended to be used in interstate and foreign commerce.  These trade secrets can be identified specifically as the software Dave developed personally and through W&K, i.e., those Craig attempted to have transferred through the fraudulent Australian judgments, which he then on-supplied to himself, the Wright Family Trust, DeMorgan and its subsidiaries.

187.    These trade secrets derived actual and potential independent economic value from not being generally known to the public or to other persons who could obtain economic value from its disclosure or use. As evidence of the substantial economic value relating to these trade secrets, Craig has used these trade secrets to develop new intellectual property and assets, some of which have resulted in the filing of new patents, through his work at nChain.

188.    Craig caused many of these patents to be filed *after* May 11, 2016.

189.    Dave and W&K possessed secret information and made reasonable efforts to maintain the secrecy of these trade secrets.  Dave made no disclosures of these trade secrets to anyone but Craig.

190.    As a proximate result of Craig's unlawful misappropriation, Dave's estate has suffered actual losses consisting of the loss in economic value associated with the trade secrets.

191.    As a proximate result of Craig's unlawful misappropriation, Dave's estate is informed and believes that Craig has been unjustly enriched.

WHEREFORE, Plaintiffs demand judgment against Defendant for the value of the wrongfully taken intellectual property, together with court costs, interest, attorney's fees, and any other relief this Court deems just and proper.

### COUNT V
### Breach of Fiduciary Duty
(*Asserted by the Estate and W&K*)

Plaintiff incorporates paragraphs 1 to 170, and 178-191.

192.    Although Craig did not have a direct ownership interest in W&K, he owed fiduciary duties to the LLC, as, *inter alia*, its agent, its purported "authorized representative," "lead researcher," "technical contact," "legal agent and representative" and "Director/Australian Agent." Although lacking any authority to do so, upon Dave's death Craig assumed *de facto* control and management of W&K and thereby incurred fiduciary duties to act in the LLC's, and its member's, best interests.

193.    In the alternative, just as the shareholders of a closely held corporation have partnership-like fiduciary duties to each other, Craig and Dave acted as partners in the management and operation of W&K, and thus Craig owed fiduciary duties of care, loyalty, and good faith to Dave, his estate, and W&K, by virtue of their joint venture.

46

194.    In the alternative, if Craig *was* an actual member in W&K Info Defense LLC, Craig owed fiduciary duties of care, loyalty, and good faith to W&K, Dave, and his estate pursuant to Fla. Stat. § 605.04091.

195.    Craig breached his fiduciary duty of loyalty and good faith, by, among other things, intentionally and wrongly transferring assets that belonged to Dave's estate and/or W&K to himself and/or companies controlled by him.

196.    Dave's estate and or W&K have been damaged by Craig's breach of his fiduciary duties.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages and/or return of the wrongfully taken bitcoins, forked assets, and intellectual property, together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT VI
### Breach of Partnership Duties of Loyalty and Care
(*Asserted by the Estate*)

Plaintiff incorporates paragraphs 1 to 170, and 178-191.

197.    From c. 2008 until at least the creation of W&K in 2011, Craig and Dave associated to carry on as co-owners of a business for profit to create Bitcoin, mine bitcoins, and create other block chain intellectual property. Pursuant to Fla. Stat. § 620.8202, and Craig's admission of same, this formed a partnership.

198.    Pursuant to Fla. Stat. § 620.8404(2), Craig owed Dave a duty of loyalty to, *inter alia*, "account to the partnership and hold as trustee for the partnership any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership

47

143

business or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity.

199.    Pursuant to Fla. Stat. § 620.8404(3), Craig owed Dave a duty of care to refrain from engaging in intentional misconduct, or a knowing violation of law.

200.    Craig breached these duties of loyalty and care by, *inter alia*, stealing Dave's bitcoins and any intellectual property Dave owned and or designed during the c. 2008-2011 timeframe (or any other time they partnered).

201.    Pursuant to Fla. Stat. §§ 620.8405, Dave's estate brings this action for breach of the duties of loyalty and care owed under Fla. Stat. § 620.8404, including but not limited to its rights pursuant to Fla. Stat. §§ 620.8401, 620.8403, 620.8807, its right to have its partnership interest purchased pursuant to § 620.8701, and to otherwise enforce the rights and protect the interests of Dave's estate.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, and purchase of his partnership interest together with court costs, interest, and any other relief this Court deems just and proper.

### COUNT VII
### Fraud
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

202.    As detailed above, Defendant made knowing false statements of fact, intentional omissions of material facts, and falsely promised future action with no intention of performing and/or specifically intending not to perform. These included, but are not limited to: that Dave and W&K's bitcoins and intellectual property rights were transferred,

sold, and/or returned to Craig pursuant to valid contracts; that Dave signed those contracts; that the estate would be able to sell its shares in Coin-Exch, that he would help the estate recover what Dave owned; that the estate could participate in Coin-Exch, that Craig did not have any of Dave's or W&K's bitcoins, and the fraudulent declaration submitted to this Court; and Craig's omissions that he was pursuing judgments and lawsuits against W&K in Australia and that he had assumed control over W&K, its assets, and the estate's assets as well.

203.    Defendant took these actions/omissions with the purpose of inducing Plaintiffs to rely on these fraudulent acts and omissions.

204.    Plaintiffs acted in reliance on Defendant's fraudulent representations and omissions. This reliance included, but was not limited to, not challenging Craig's legal claims in Australia, expending time and resources reviewing fraudulent documents, delaying uncovering Craig's fraud and bringing this lawsuit, and not securing the bitcoins and intellectual property they owned and/or controlled.

205.    As a direct and proximate result of their reliance, Plaintiffs were damaged and injured. This includes, but is not limited to, the continued conversion and misappropriation of their bitcoins, forked assets, trade secrets, and intellectual property; by the expenditure of resources interacting with the ATO and investigating Craig's fraud; by the entry of the Australian court judgements entered against W&K; by the inability to pursue business opportunities due to the lack of access to the aforementioned assets.

WHEREFORE, Plaintiffs demand judgment against Defendant for actual, nominal, consequential, special, and punitive damages in an amount to be determined at trial, together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT VIII
## Constructive Fraud
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170, and 192-205.

206.    As detailed above, a fiduciary relationship existed between Craig and W&K and Craig and Ira.

207.    Craig invited W&K and Ira's utmost trust and loyalty as their fiduciary.

208.    Plaintiffs reposed the utmost trust and loyalty in Craig.

209.    Craig intentionally violated Plaintiffs trust and confidence, took unconscionable advantage of Plaintiffs, abused and took improper advantage of their confidential and fiduciary relationship, and materially breached his fiduciary duties to them both by knowingly making false statements of fact, intentional omissions of material facts, remaining silent in light of a duty to speak, falsely promising future action with no intention of performing and/or specifically intending not to perform, and by engaging in unfair methods against them. These fraudulent representations/omissions included, but are not limited to: that Dave and W&K's bitcoins and intellectual property rights were transferred, sold, and/or returned to Craig pursuant to valid contracts; that Dave signed those contracts; that the estate would be able to sell its shares in Coin-Exch, that he would help the estate recover what Dave owned; that the estate could participate in Coin-Exch, that Craig did not have any of Dave's or W&K's bitcoins, and the fraudulent declaration submitted to this

Court; and Craig's omissions that he was pursuing judgments and lawsuits against W&K in Australia and that he had assumed control over W&K, its assets, and the estate's assets as well.

210.    As detailed above, at the time Craig made those false statements and material omissions, and concealed his misconduct, a fiduciary relationship existed between Craig and Ira, and Craig and W&K, as Craig owed fiduciary duties and duties of care and loyalty to the estate and W&K. Craig induced Ira's reliance and Craig took an improper/unconscionable/unfair advantage of, and abused, the fiduciary and confidential relationship at Ira and W&K's expense. Craig's misrepresentations and omissions were intentional, for the specific purpose of defrauding the estate and W&K of their property, but in any event, regardless of intent, Craig is liable for constructive fraud.

211.    Plaintiffs acted in reliance on Defendants fraudulent and unfair representations and omissions. This reliance included, but was not limited to, not challenging Craig's legal claims in Australia, expending time and resources reviewing fraudulent documents, delaying uncovering Craig's fraud and bringing this lawsuit, and not securing the bitcoins and intellectual property they owned and/or controlled.

212.    As a direct and proximate result of their reliance, Plaintiffs were damaged and injured. This includes, but is not limited to, the continued conversion and misappropriation of their bitcoins, forked assets, trade secrets, and intellectual property; by the expenditure of resources interacting with the ATO and investigating Craig's fraud; by the entry of the Australian court judgements entered against W&K; by the inability to pursue business opportunities due to the lack of access to the aforementioned assets.

WHEREFORE, Plaintiffs demand judgment against Defendant for actual, nominal, consequential, special, and punitive damages in an amount to be determined at trial, together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT IX
## Permanent Injunction
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

213.    Craig's unlawful taking of the bitcoins and intellectual property belonging to Plaintiffs has resulted in great and irreparable injury to them both as they have been deprived of unique, limited, and valuable digital assets.

214.    Neither Plaintiff can be fully compensated in damages and is without adequate remedy at law.

WHEREFORE, Plaintiffs request this Court enter an injunction ordering Defendant to return all bitcoins, forked assets, and intellectual property unlawfully taken from Plaintiffs.

**Plaintiffs demand a trial by jury for all issues triable by right.**

52

148

Dated:  May 14, 2018

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/Velvel Devin Freedman*
    Velvel (Devin) Freedman
    **BOIES SCHILLER FLEXNER LLP**
    100 SE Second Street
    Miami, FL 33131
    Tel.    (305)539-8400
    Fax.    (305)539-1307
    Email: vfreedman@bsfllp.com

    Kyle Roche
    **BOIES SCHILLER FLEXNER LLP**
    333 Main Street
    Armonk, NY 10504
    Tel.    (914)749-8200
    Fax.    (914)749-8300
    Email: kroche@bsfllp.com
    *Admitted pro hac vice*

    Attorneys for Plaintiffs
    IRA KLEIMAN in his capacity as Personal
    Representative of the Estate of David Kleiman
    and W&K Info Defense Research, LLC.

149

# TAB 33-3

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-80176**

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,

      Plaintiff,

v.

CRAIG WRIGHT.

_____/

## DECLARATION OF CRAIG WRIGHT

    I, Craig Wright, declare under penalty of perjury under the laws of the United States of

America that the following is true and correct:

    1.    I am over the age of 18, and I am competent to testify.

    2.    I give this declaration based on my personal knowledge.

    3.    I am a citizen of Australia and Antigua.

    4.    I reside in London, England.

    5.    I have never been a citizen of the United States or a resident of Florida.

    6.    I have been to Florida only once in my life. Specifically, in approximately March

2009, I attended a cyber-security conference in Orlando where I spoke about information

security. I was there for approximately seven days. My attendance at that conference was

unrelated to Bitcoin, W&K Info Defense Research LLC ("W&K"), or Dave Kleiman.

    7.    Dave Kleiman was my friend. We first became acquainted in an online forum on

cryptography.



151

8.   I only met Dave in person twice. The first time we met in person was at a cyber security conference in San Diego, California before 2009, which I attended as an invited speaker. My attendance at that conference was unrelated to Bitcoin, W&K, or Dave Kleiman. The second and last time I met Dave was when I was in Florida for the Orlando conference in 2009, where I was an invited speaker.

9.   I have never been to Dave's home or to any W&K office in Florida or elsewhere.

10.   I do not have any assets, property, funds, business interests, or bank accounts in the United States.

11.   I have never had an office in Florida.

12.   I have never had a license to do business in Florida.

13.   I have never advertised services in Florida or to Florida residents.

14.   I have never used or accessed hardware located in Florida or anywhere else in the United States to mine or obtain Bitcoin.

15.   I have never configured hardware or developed software in Florida or anywhere else in the United States.

16.   I have never transferred Bitcoin to or from a trust in Florida or anywhere else in the United States.

17.   Documents and information about any Australian Tax Office ("ATO") investigation relating to me are supposed to be located in Australia. I have never authorized the ATO or anyone else to release, leak, or otherwise make public any of the confidential or privileged information, documents, transcripts, or records from any ATO investigation related to me.



18.   I have no documents in my possession from any ATO investigation. To the extent that my attorneys have any documents from any ATO investigation related to me, those documents would be located in Australia.

19.   The transcripts attached to the amended complaint as exhibits 8 and 12 are not accurate.

20.   As far as I know, all potential witnesses relevant to this lawsuit are located outside of Florida, including:

a.   **Hoa Doa,** who is listed in the amended complaint as an ATO official present at an ATO interview held on February 26, 2014. To the best of my knowledge, she is located in Australia;

b.   **Marina Doleviski,** who is listed in the amended complaint as an ATO official present at an ATO interview held on February 18, 2014. As far as I know, she is located in Australia;

c.   **John Chesher,** who was an advisor to me and to a group of companies ultimately owned by Demorgan Ltd., a group of Australian businesses in which I was a founder and a shareholder. To the best of my knowledge, he is located in Sydney, New South Wales, Australia;

d.   **Des McMaster,** who is listed in the amended complaint as an ATO official present at an ATO interview held on February 26, 2014. To the best of my knowledge, he is located in Australia;

e.   **Andrew Miller,** who is listed the amended complaint as an ATO auditor present at an ATO interview held on February 25, 2014. To the best of my knowledge, he is located in Australia;

3



    f.  **Uyen Nguyen,** who is listed in the amended complaint as the person who reinstated W&K on March 28, 2018. To the best of my knowledge, she is located in California Vietnam;

    g.  **Andrew O'Hagan,** who plaintiff claims has information relating to this action. To the best of my knowledge, he is a Scottish novelist residing in the United Kingdom;

    h.  **Alan Pedersen,** who is a manager of Demorgan Ltd. living in Australia;

    i.  **Bob Radvanovky**, who plaintiff claims has information relating to this action. To the best of my knowledge, he is located in Illinois;

    j.  **Andrew Sommer,** who was my solicitor in Australia and is a partner at the law firm of Clayton Utz. By referring to him here, I do not mean to waive any privilege afforded me by law, including the attorney-client privilege;

    k.  **Janifer Trinh,** who is listed in the amended complaint as a bookkeeper present at an ATO interview held on February 25, 2014. To the best of my knowledge, she is located in Australia;

    l.  **Ramona Watts**, who is my wife, is located in London, England;

    m.  **Ann Wrightson,** who is listed in the amended complaint as a bookkeeper for Demorgan Ltd. To the best of my knowledge, she is located in Australia.

21.  As far as I know, businesses (active and inactive) relevant to this lawsuit are located outside of the United States, including:

    a.  **C01n Pty. Ltd.,** Australian company number 152 222 421, an Australia company registered in New South Wales. To the best of my knowledge, its books and records are in Australia;

4



b. **Cloudcroft Pty. Ltd.,** Australian company number 149 732 365, an Australia company registered in New South Wales. To the best of my knowledge, its books and records are in Australia;

c. **Coin-Exch Pty. Ltd.,** Australian company number 163 338 467, an Australia company registered in New South Wales. It is under external administration. To the best of my knowledge, its books and records are in Australia;

d. **Demorgan Ltd.,** Australian company number 601 560 525, an Australia company registered in Queensland, Australia. To the best of my knowledge, its books and records are in Australia;

e. **Hotwire Preemptive Intelligence Pty. Ltd.,** Australian company number 164 068 348, an Australia company registered in New South Wales and deregistered in 2017. To the best of my knowledge, its books and records are in Australia;

f. **Panopticrypt Pty. Ltd.,** Australian company number 151 567 118, is an Australian company registered in New South Wales. To the best of my knowledge, its books and records are in Australian; and

g. **Pholus Pty. Ltd.,** Australian company number 165 472 079, is an Australia company registered in New South Wales. To the best of my knowledge, its books and records are in Australia.

22. I do not store any digital or paper records, files, or documents in the United States.

23. As a citizen of New South Wales, Australia, I am amenable to service of process for litigation there.

5



I declare that the foregoing is true and correct under penalty of perjury and in accordance with the laws of the United States of America.

This sworn declaration was signed in ___*LL*___ on June *06*, 2018.

Craig Wright
Identification Number: *N 2511456.*

# TAB 80

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-80176

IRA KLEIMAN, as personal
representative of the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH, LLC,

      Plaintiffs,

v.

CRAIG WRIGHT,

      Defendant.

_____/

### ANSWER

Dr. Craig Wright answers the Amended Complaint as follows:

### ANSWER

Except to the extent expressly admitted here, Dr. Wright denies each and every allegation in the Amended Complaint. The numbered paragraphs in this answer correspond to the numbered paragraphs of the Amended Complaint, as do the headers.[1] Dr. Wright uses the terms as defined in the Amended Complaint. By answering the Amended Complaint, Dr. Wright does not admit the accuracy, validity, admissibility, or appropriateness of any of the Exhibits to the Amended Complaint and reserves all rights and objections with respect to those Exhibits.

### PARTIES

1.      Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, except that he believes that Ira Kleiman was the adopted brother of David Kleiman and has held himself out to be the personal representative of the estate.

---

[1] By referencing the headers, Dr. Wright does not in any way adopt them or acquiesce to their validity or accuracy. The use of the headers is simply for convenience of the Court and ease of review.

157

2.      Dr. Wright admits the allegations in the first sentence of paragraph 2 but lacks knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 2. Dr. Wright denies the allegations in the last sentence.

3.      Dr. Wright admits the allegations in the first sentence of paragraph 3, but denies The allegations in the second sentence.

## JURISDICTION AND VENUE

4.      The allegations in paragraph 4 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations and notes that Plaintiff's Defense of Trade Secrets Act claim has been dismissed with prejudice. Thus, there is no jurisdiction pursuant to 28 U.S.C. § 1331 or 18 U.S.C. § 1836(c).

5.      The allegations in paragraph 5 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

6.      The allegations in paragraph 6 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

## INTRODUCTION

7.      The allegations in paragraph 7 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

8.      The allegations in paragraph 8 of the Amended Complaint consist of legal conclusions and contain no factual allegation to which a response is required. To the extent that a

response is required, Dr. Wright denies those allegations.

9.      Dr. Wright admits the allegations in the first two sentences of paragraph 9 of the Amended Complaint except states that Bitcoin is a peer-to-peer digital currency. As for the last sentence of the paragraph, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding its market cap.

10.     Dr. Wright denies the allegations in paragraph 10 of the Amended Complaint.

11.     Dr. Wright admits that Dave died on April 26, 2013, but lacks sufficient knowledge or information to form a belief as to the cause of Dave's death.

12.     The allegations in paragraph 12 of the Amended Complaint consist of legal conclusions and contain no factual allegation to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

13.     The allegations in paragraph 13 of the Amended Complaint consist of legal conclusions and contain no factual allegation to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

14.     Dr. Wright denies the allegations in paragraph 14, but admits that he Communicated with Ira, after originally reaching out to Louis Kleiman, Dave's father, several months after Dave's death.

15.     Dr. Wright denies the allegations in paragraph 15 of the Amended Complaint.

16.     Dr. Wright denies the allegations in paragraph 16 of the Amended Complaint.

17.     Dr. Wright denies the allegations in paragraph 17 of the Amended Complaint, but admits that he is the Chief Science Officer of NChain, a UK company.

18.     The allegations in paragraph 18 of the Amended Complaint consist of legal conclusions and contain no factual allegation to which a response is required. To the extent that a

response is required, Dr. Wright denies those allegations.

19.     The allegations in paragraph 19 of the Amended Complaint consist of legal

conclusions and contain no factual allegation to which a response is required. To the extent that a

response is required, Dr. Wright denies those allegations.

## FACTUAL ALLEGATIONS

### Bitcoin

20.     Dr. Wright admits the allegations in paragraph 20, except states that Bitcoin is a

peer‑to‑peer digital currency. Dr. Wright lacks knowledge or information sufficient to form a

belief as to the truth of the allegation regarding its market cap.

21.     Dr. Wright denies the allegations in paragraph 21 of the Amended Complaint.

22.     Dr. Wright denies the first, third, and fifth sentences of paragraph 22 of the

Amended Complaint and admits the second and fourth sentences of the paragraph.

23.     Dr. Wright denies the allegations in paragraph 23 of the Amended Complaint.

24.     Dr. Wright denies the allegations in paragraph 24 of the Amended Complaint.

25.     Dr. Wright denies the allegations in paragraph 25 of the Amended Complaint.

26.     Dr. Wright admits the allegations in paragraph 26 of the Amended Complaint, but

denies the first sentence of the paragraph.

27.     Dr. Wright admits the allegations in paragraph 27 of the Amended Complaint.

28.     Dr. Wright admits the allegations in paragraph 28 of the Amended Complaint.

29.     Dr. Wright admits the allegations in paragraph 29 of the Amended Complaint.

### History of Bitcoin

30.     Dr. Wright admits the allegations in paragraph 30 of the Amended Complaint.

31.     Dr. Wright denies the allegations in paragraph 31 of the Amended Complaint.

32.     Dr. Wright denies the allegations in paragraph 32 of the Amended Complaint.

33.     Dr. Wright admits the allegations in paragraph 33 of the Amended Complaint.

34.     Dr. Wright admits the allegations in first two sentences of paragraph 34 of the Amended Complaint but lacks knowledge or information sufficient to form a belief as to the truth of the last sentence.

35.     Dr. Wright denies the allegations in paragraph 35 of the Amended Complaint.

36.     The allegations in paragraph 36 are based on a newspaper article that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it. Further, Dr. Wright does not adopt any statements in the article.

### Bitcoin "forks"

37.     Dr. Wright admits the allegations in the first sentence of paragraph 37 of the Amended Complaint but denies the allegations in the second sentence.

38.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint.

39.     Dr. Wright denies the allegations in paragraph 39 of the Amended Complaint.

40.     Dr. Wright denies the allegations in paragraph 40 of the Amended Complaint.

41.     The allegations in paragraph 41 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

### Background on parties and key individuals

42.     Dr. Wright admits the allegations in paragraph 42 of the Amended Complaint.

43.     Dr. Wright admits the allegations in paragraph 43 of the Amended Complaint.

44.     Dr. Wright admits the allegations in paragraph 44 of the Amended Complaint.

45.     Dr. Wright admits the allegations in paragraph 45 of the Amended Complaint.

46.     Dr. Wright lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint.

47.     Dr. Wright admits the allegations in paragraph 47 of the Amended Complaint.

48.     Dr. Wright lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint but admits that Dave was in and out of the hospital from 2010 until his death and that Dave died on April 26, 2013.

49.     Dr. Wright lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint but admits that Ira was Dave's adopted brother and that Ira has held himself out as the personal representative of Dave's estate.

50.     Dr. Wright denies the allegations in paragraph 50 of the Amended Complaint, but admits he is an Australian computer scientist and businessman, he began his career in information technology working for various entities in Australia, including the Australian Securities Exchange, and he has numerous degrees and technical certifications.

51.     Dr. Wright denies the allegations in paragraph 51 of the Amended Complaint.

**Dave and Craig's early relationship**

52.     Dr. Wright admits the allegations in paragraph 52 of the Amended Complaint.

53.     Dr. Wright admits the allegations in paragraph 53 of the Amended Complaint.

54.     Dr. Wright admits the allegations in paragraph 54 of the Amended Complaint, but denies discussions about difficult issues in cryptography.

55.     The allegations in paragraph 55 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context

characterization of it, and any inaccurate inferences or conclusions derived from it.

56.     Dr. Wright denies the allegations in the first sentence of paragraph 56 of the Amended Complaint but admits that in late 2008 Craig communicated with Dave regarding the paper. Dr. Wright denies the allegations in the second sentence of paragraph 56.

57.     Dr. Wright denies the allegations in paragraph 57 of the Amended Complaint.

58.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Amended Complaint.

59.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint.

60.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint.

61.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint.

62.     The allegations in paragraph 62 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

63.     The allegations in paragraph 63 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

64.     The allegations in paragraph 64 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations, but admits that Dave assisted in editing the Satoshi white paper.

65.     Dr. Wright denies the allegations in paragraph 65 of the Amended Complaint.

66.     The allegations in the first and last sentences of paragraph 66 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations. The allegations in the second sentence of paragraph 66 appear to be a quote from an email that has not been identified as an exhibit. As such, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence or the accuracy of the quote.

### Dave and Craig created W&K to mine bitcoin and develop blockchain related intellectual property

67.     The allegations in paragraph 67 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies the allegations in paragraph 67.

68.     Dr. Wright denies the allegations in paragraph 68 of the Amended Complaint.

69.     The allegations in paragraph 69 of the Amended Complaint are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

70.     Dr. Wright denies the allegations in the first sentence of paragraph 70, and states that he lacks knowledge or information sufficient to form a belief as to whether W&K has an operating agreement. The allegations in the second through fifth sentences of paragraph 70 are based on documents that speak for themselves, some of which were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright also denies faking any contract or committing perjury. Dr. Wright further notes that the inclusion of Exhibit 9 of the Amended Complaint violates Australian law. The allegations in the last sentence of paragraph 70

8

appear to be speculation on the part of Plaintiffs to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

71.    The allegations in paragraph 71 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies the allegations in paragraph 71.

72.    Dr. Wright denies the allegations in paragraph 72 of the Amended Complaint.

73.    Dr. Wright denies the allegations in paragraph 73 of the Amended Complaint.

74.    The allegations in paragraph 74 of the Amended Complaint are based on documents and emails that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

75.    The allegations in paragraph 75 of the Amended Complaint are based on admittedly leaked and unauthenticated documents that were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright further notes that the inclusion of Exhibit 9 of the Amended Complaint violates Australian law. To the extent that a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the documents referenced in paragraph 75, and any inaccurate inferences or conclusions derived therefrom.

76.    The allegations in paragraph 76 of the Amended Complaint are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

77.    The allegations in paragraph 77 of the Amended Complaint are based on

documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

78.     The allegations in paragraph 78 of the Amended Complaint are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

### Dave and/or W&K owned a substantial amount of bitcoin

79.     The allegation in the first sentence of paragraph 79 is a legal conclusion to which no response is required. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of that allegation. The allegations in the remainder of paragraph 79 are based on unidentified documents and conversations as well as admittedly leaked and unauthenticated documents, and as such, no response to such vague or scandalously obtained documents should be required. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79.

80.     To the extent discernable, the allegations in the first two sentences of paragraph 80 of the Amended Complaint are based on emails and documents (although not specifically identified) that speak for themselves, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of them, and any inaccurate inferences or conclusions derived therefrom. The allegations in the last sentence of paragraph 80 appear to be speculation by Plaintiffs to which no response is required. To the extent a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

81.     The allegations in paragraph 81 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

82.     The allegations in paragraph 82 of the Amended Complaint are based on admittedly leaked and unauthenticated documents that were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright further notes that the inclusion of Exhibit 12 of the Amended Complaint violates Australian law. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     The allegations in paragraph 83 of the Amended Complaint are based on admittedly leaked and unauthenticated documents that were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright further notes that the inclusion of Exhibit 9 of the Amended Complaint violates Australian law. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     The allegations in paragraph 84 of the Amended Complaint are based on admittedly leaked and unauthenticated documents, and as such, no response to such scandalously obtained documents should be required. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Dr. Wright admits that he was interviewed by Andrew O'Hagan. The allegations in paragraph 85 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of that document, and any inaccurate inferences

or conclusions derived therefrom.

86.     The allegations in paragraph 86 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom.

87.     The allegations in paragraph 87 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom.

88.     The allegations in paragraph 88 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom.

89.     The allegations in paragraph 89 of the Amended complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

90.     The allegations in paragraph 90 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

91.     The allegations in the first two sentences of paragraph 91 of the Amended Complaint are based on a document that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it. Dr. Wright denies the allegation in the last sentence of paragraph 91.

92.     The allegations in paragraph 92 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

93.     Dr. Wright denies the allegations in paragraph 93 of the Amended Complaint.

94.     The allegations in paragraph 94 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

**After Dave's death, Craig fraudulently converted the bitcoin and intellectual property that belonged to, and was possessed by, Dave and/or W&K**

95.     The allegations in paragraph 95 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies the allegations that he took sole ownership or control over anything that he was not entitled to.

96.     The allegations in paragraph 96 appear to be speculation on the part of Plaintiffs to which no response is required. In addition, the allegations in the last sentence of paragraph 96 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

97.     The allegations in paragraph 97 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies the allegations in paragraph 97.

98.     The allegations in paragraph 98 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies the allegations in paragraph 98.

99.     Dr. Wright denies the allegations in the first sentence of paragraph 99 of the Amended Complaint since electronic signatures including signature fonts can constitute an individual's signature. Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 99.

100.    Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 but admits that there are computer signature fonts.

101.    As Plaintiffs have failed to provide any time frame for the allegations in paragraph 101 of the Amended Complaint, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegation but admits that Dave Kleiman's signatures on certain documents were computer generated. To the extent that the allegations in this paragraph are based on documents that speak for themselves, Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

102.    The allegation in paragraph 102 is incomprehensible, and therefore, Dr. Wright denies it.

103.    The allegations in the first sentence of paragraph 103 of the Amended Complaint are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it. Dr. Wright denies the allegations in the second sentence of paragraph 103.

104.    The allegations in paragraph 104 of the Amended Complaint are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom. The allegations also appear to contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

105.    The allegations in paragraph 105 of the Amended Complaint are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of them, and any inaccurate inferences or conclusions derived

therefrom.

106.    The allegations in paragraph 106 of the Amended Complaint are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom.

107.    The allegations in the first sentence of paragraph 107 contain legal conclusions to which no response is required. To the extent that those allegations require a response, they appear to be based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom. The second sentence of paragraph 107 appears to be speculation on the part of Plaintiffs to which no response is required. To the extent a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth that sentence.

108.    The allegations in paragraph 108 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. Further, the last clause of the paragraph in parentheses is pure speculation on the part of Plaintiffs, which Dr. Wright denies.

109.    The allegations in paragraph 109 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom.

110.    Dr. Wright denies the allegations in the first sentence of paragraph 110 of the Amended Complaint. The allegations in the remainder of paragraph 110 are based on uncertified, incomplete, unverified, and unreliable documents that were not legally obtained. As such, no response to these allegations should be required. To the extent that a response is

15

171

required, Dr. Wright denies the allegations in the paragraph, and notes that the inclusion of Exhibits 12 and 18 of the Amended Complaint violates Australian law.

111.    The allegations in paragraph 111 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

112.    The allegations in paragraph 112 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

113.    The allegations in paragraph 113 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

114.    Dr. Wright lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 114.

115.    Dr. Wright denies the allegations in paragraph 115 of the Amended Complaint.

116.    The allegations in paragraph 116 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

### Craig attempts to launder the stolen title to W&K's intellectual property, by securing "consent judgments" against W&K, without serving W&K, falsely representing W&K's consent, and using fraudulent contracts

117.    The allegations in paragraph 117 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

118.    The allegations in paragraph 118 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

119.    Dr. Wright denies the allegation in the first sentence of paragraph 119 of the

Amended Complaint. Dr. Wright lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of paragraph 119.

120.    The allegations in paragraph 120 contain legal conclusions to which no response is required. To the extent a response is required, those allegations are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

121.    The allegations in paragraph 121 contain legal conclusions to which no response is required. To the extent a response is required, those allegations are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

122.    Dr. Wright denies the allegations in paragraph 122 of the Amended Complaint.

123.    Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 123. The remaining allegations in paragraph 123 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

124.    The allegations in paragraph 124 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

125.    The allegations in paragraph 125 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom.

126.    The allegations in paragraph 126 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any

inaccurate inferences or conclusions derived therefrom.

127.    The allegations in paragraph 127 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it and any inaccurate inferences or conclusions derived therefrom.

128.    The allegations in the first sentence of paragraph 128 contains legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations. The allegations in the second sentence of paragraph 128 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

129.    The allegations in the first sentence of paragraph 129 contain legal conclusions to which no response is required. To the extent a response is required, those allegations are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright admits that W&K, as defined in the Amended Complaint, did not exist until 2011, but notes that other companies in other countries that also contained W&K in their names were in existence prior to 2011.

130.    The allegations in the first sentence of paragraph 130 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. The second sentence of paragraph 130 contains legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies the allegations in that sentence, but does not dispute that the document referenced says what it says. He denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived

therefrom.

131.    The allegations in paragraph 131 contain legal conclusions to which no response is required. Further, the allegations are based on uncertified, incomplete, unverified, and unreliable documents that were not legally obtained. As such, no response to these allegations should be required. Dr. Wright further notes that the inclusion of Exhibit 12 of the Amended Complaint violates Australian law. To the extent a response is required, Dr. Wright denies the allegations in paragraph 131. To the extent that the paragraph relies on and references the allegations in paragraphs 142–143, Dr. Wright fully incorporates his responses to those paragraphs here as well.

### Craig reaches out to Ira to cover up his fraud, deceive Ira into believing him, secure an ally in his fight against the ATO

132.    The allegations in paragraph 132 appear to be speculation on the part of Plaintiffs to which no response is required. To the extent a response is required, Dr. Wright denies the allegations, but admits that he reached out to Louis Kleiman.

133.    The allegations in the first sentence of paragraph 130 are based on an email that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright lacks knowledge or information sufficient to form a belief as to the age of Louis Kleiman in February 2014.

134.    Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, but admits that after he corresponded with Louis Kleiman, he began corresponding with Ira Kleiman primarily.

135.    To the extent that the allegations in paragraph 135 are based on documents, they

19

175

speak for themselves, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom. In all other respects, Dr. Wright denies the allegation in paragraph 135.

136.    The allegations in paragraph 136 are based on an email that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom.

137.    The allegations in paragraph 137 are based on an email that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom.

138.    The allegations in paragraph 138 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

139.    The allegations in the first sentence of paragraph 139 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies the allegations in that sentence, but does not dispute that the document referenced therein says what it says. He denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. The allegations in the second and third sentences of paragraph 139 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. The allegations in the last sentence of paragraph 139 contain legal conclusions to which no response is required. Further, the allegations in that sentence are based on uncertified, incomplete, unverified, and unreliable documents that were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright notes that the inclusion of Exhibit 18 of the Amended Complaint violates Australian

20

law. As such, no response to these allegations should be required. To the extent a response is required, Dr. Wright denies the allegations in the last sentence of paragraph 139.

140.    Dr. Wright denies the allegations in paragraph 140.

**The ATO reached out to Ira to verify Craig's allegations over W&K, and provided Ira with documents that demonstrate Craig assumed control over intellectual property that belonged to W&K and/or Dave**

141.    Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Amended Complaint and denies that he had any expectation that the ATO would reach out to Ira.

142.    Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Amended Complaint.

143.    The allegations in paragraph 143 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

**Craig continues to assure Ira and reveals the nature of the intellectual property owned by, and misappropriate from, W&K and Dave[2]**

144.    The allegations in paragraph 144 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

145.    The allegations in paragraph 145 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

146.    The allegations in paragraph 146 are based on an email chain that speaks for

---

[2] Dr. Wright notes that all misappropriation claims have been dismissed with prejudice.

itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

147.    The allegations in paragraph 147 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom

148.    The allegations in paragraph 148 are based on articles that speak for themselves. Dr. Wright does not adopt any statements in those articles and denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright also denies the allegations in paragraph 148 of the Amended Complaint.

149.    Dr. Wright denies the allegations in paragraph 149 of the Amended Complaint.

150.    Dr. Wright denies the allegations in paragraph 150 of the Amended Complaint.

151.    The allegations in paragraph 151 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

152.    The allegations in paragraph 152 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

153.    The allegations in paragraph 153 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

**Craig claims that he and Dave are Satoshi Nakamoto**

154.    The allegations in paragraph 154 are based on articles that speak for themselves,

and notably, are admittedly based on leaked and unauthenticated documents. Dr. Wright does not adopt any statements in those articles and denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

155.    The allegations in paragraph 155 are based on an article that speak for itself. Dr. Wright does not adopt any statements in that articles and denies any erroneous, incomplete, or out-of-context characterizations of it and any inaccurate inferences or conclusions derived therefrom.

156.    Dr. Wright admits that he was interviewed by Andrew O'Hagan. The allegations in paragraph 156 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of that document, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright denies all remaining allegations in paragraph 156.

157.    The allegations in paragraph 157 appear to be based on various emails, presumably attached to the Amended Complaint. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

158.    Dr. Wright admits the allegations in the first sentence of paragraph 158 but denies the allegations in the second sentence.

159.    Dr. Wright denies the allegations in paragraph 159.

**Fraud on this Court**

160.    Dr. Wright admits that the allegations in paragraph 160 are the same allegations that Plaintiffs set forth in their initial complaint.

161.    The allegations in paragraph 161 are based on a document that speaks for itself.

23

179

Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

162.    The allegations in paragraph 162 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

163.    The allegations in paragraph 163 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the document, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright denies the remaining allegations in the paragraph.

164.    The allegations in paragraph 164 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the document, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright denies the remaining allegations in the paragraph.

165.    The allegations in paragraph 165 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them and any inaccurate inferences or conclusions derived therefrom.

166.    Dr. Wright denies the allegations in paragraph 166.

167.    The allegations in paragraph 167 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them and any inaccurate inferences or conclusions derived therefrom.

168.    The allegations in paragraph 168 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them and any inaccurate inferences or conclusions derived therefrom.

169.    The allegations in paragraph 169 are based on documents that speak for

themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them and any inaccurate inferences or conclusions derived therefrom. To the extent that the paragraph relies on and references the allegations in paragraph 120, Dr. Wright fully incorporates his responses to that paragraph here as well.

170.    Dr. Wright denies the allegations in paragraph 170.

## CLAIMS FOR RELIEF
### COUNT I
### Conversion
*(Asserted by the Estate and W&K)*

171.    The allegations in paragraph 171 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

172.    The allegations in paragraph 172 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

### COUNT II
### Unjust Enrichment
*(Asserted by Estate and W&K)*

173.    The allegations in paragraph 173 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

174.    The allegations in paragraph 174 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

175.    The allegations in paragraph 175 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright

denies those allegations.

176.    The allegations in paragraph 176 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

177.    The allegations in paragraph 177 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

### COUNT III
### Misappropriation
*(Asserted by the Estate and W&K)*

178.    This claim has been dismissed by the Court with prejudice. As such, no response to paragraphs 178 through 184 is required.

### COUNT IV
### Federal Defense of Trade Secrets Act
*(Asserted by the Estate and W&K)*

185.    This claim has been dismissed by the Court with prejudice. As such, no response to paragraphs 185 through 191 is required.

### COUNT V
### Breach of Fiduciary Duty
*(Asserted by the Estate and W&K)*

192.    The allegations in paragraph 192 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

193.    The allegations in paragraph 193 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

182

194.    The allegations in paragraph 194 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

195.    The allegations in paragraph 195 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

196.    The allegations in paragraph 196 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

**COUNT VI**
**Breach of Partnership Duties of Loyalty and Care**
*(Asserted by the Estate)*

197.    The allegations in paragraph 197 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

198.    The allegations in paragraph 198 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

199.    The allegations in paragraph 199 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

200.    The allegations in paragraph 200 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

201.    The allegations in paragraph 201 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

## COUNT VII
### Fraud
*(Asserted by the Estate and W&K)*

202.    The allegations in paragraph 202 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

203.    The allegations in paragraph 203 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

204.    The allegations in paragraph 204 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

205.    The allegations in paragraph 205 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

## COUNT VIII
### Constructive Fraud
*(Asserted by the Estate and W&K)*

206.    The allegations in paragraph 206 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

207.    The allegations in paragraph 207 of the Amended Complaint contain legal

conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

208.    The allegations in paragraph 208 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

209.    The allegations in paragraph 209 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

210.    The allegations in paragraph 210 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

211.    The allegations in paragraph 211 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

212.    The allegations in paragraph 212 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

**COUNT IX**
**Permanent Injunction**
*(Asserted by the Estate and W&K)*

213.    The allegations in paragraph 213 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

214.    The allegations in paragraph 214 of the Amended Complaint contain legal

29

185

conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

## AFFIRMATIVE DEFENSES

Dr. Wright asserts the following affirmative defenses without undertaking or assuming the burden of proof on any issue or matter for which such burden would not otherwise be his.

### FIRST AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### SECOND AFFIRMATIVE DEFENSE
#### (Laches)

Plaintiffs unreasonably delayed filing this action. Their unreasonable delay prejudiced Dr. Wright's assertion of rights and defenses. Plaintiffs' claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
#### (Good Faith)

To the extent Plaintiffs allege that the 2011 Intellectual Property License Funding Agreement, the 2012 Deed of Loan, and the 2013 Contract for the Sale of Shares of Company Owning Business ("the Contracts") are unenforceable, Dr. Wright acted in good faith to effectuate David Kleiman's intent after David Kleiman's death.

### FOURTH AFFIRMATIVE DEFENSE
#### (Accord and Satisfaction)

Plaintiffs' claims are barred by accord and satisfaction because, by agreement, Plaintiffs received shares in a corporation from Dr. Wright as compensation for rights of David Kleiman.

### FIFTH AFFIRMATIVE DEFENSE
#### (Release)

Plaintiffs, by accepting shares in a corporation from Dr. Wright as compensation for rights of David Kleiman, released Dr. Wright.

### SIXTH AFFIRMATIVE DEFENSE
#### (Payment)

Plaintiffs' claims are barred because they received payment in the form of shares in a corporation.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Set-off)

Plaintiffs' damages, if any, are set-off by their receipt of shares in a corporation from Dr. Wright as compensation for rights of David Kleiman.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate Damages)

Plaintiffs failed to mitigate their alleged damages because Plaintiffs failed to sell the shares in the corporation they received from Dr. Wright as compensation for rights of David Kleiman when offered money in exchange for those shares.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Waiver)

Plaintiffs' claims are barred by waiver because Plaintiffs accepted shares in a corporation as satisfaction of David Kleiman's rights and waited years to file this action.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Estoppel)

Plaintiffs are estopped from asserting their claims of fraud against Dr. Wright because they were aware of the Australian Taxation Office investigation, as well as the New South Wales lawsuit against W&K Info Defense Research, LLC, no later than April 2014, and took no action

in those proceedings that are in any way consistent with the allegations they now make about those proceedings in this action.

### NINETH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Plaintiffs' claims are barred by the doctrine of unclean hands because, *inter alia*, Ira Kleiman, as the representative of David Kleiman's estate, manipulated his dead brother's estate to avoid payment of taxes.

### TENTH AFFIRMATIVE DEFENSE
**(Statute of Frauds)**

Plaintiffs' alleged oral partnership agreement is barred by the statute of frauds because there was no written partnership agreement between Dr. Wright and David Kleiman and/or W&K Info Defense Research, LLC.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Lack of Personal Jurisdiction)**

This Court lacks personal jurisdiction over Dr. Wright under Fla. Stat. §48.193(1)(a). Dr. Wright never performed any relevant act while physically in the state of Florida nor any tortious act causing injury in the state of Florida and does not possess minimum contacts with the state of Florida from which Plaintiffs' claims arise or to which they relate.

### TWELFTH AFFIRMATIVE DEFENSE
**(Res Judicata and Collateral Estoppel)**

The res judicata and collateral estoppel effect of judgments rendered more than five years ago by the Supreme Court of New South Wales bar Plaintiffs' claims arising from Dr. Wright's alleged ownership and possession of W&K Info Defense Research, LLC's intellectual property.

DATED: January 10, 2019

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Craig Wright*
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ALAN H. ROLNICK
Florida Bar No. 715085
ZAHARAH R. MARKOE
Florida Bar No. 504734

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 10, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

<u>/s/ Andrés Rivero</u>
Andrés Rivero

190

# TAB 83

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC | **CASE NO.:  9:18-cv-80176-BB** |
| Plaintiffs, | **SECOND AMENDED COMPLAINT AND JURY DEMAND** |
| v. | |
| CRAIG WRIGHT | |
| Defendant. | |

Velvel (Devin) Freedman
**BOIES SCHILLER FLEXNER LLP**
100 SE Second Street
Miami, FL 33131
Tel.    (305)539-8400
Fax.    (305)539-1307
Email: vfreedman@bsfllp.com

Kyle Roche (*admitted pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel.    (914)749-8200
Fax.    (914)749-8300
Email: kroche@bsfllp.com

ATTORNEYS FOR PLAINTIFFS

## SECOND AMENDED COMPLAINT

Plaintiff Ira Kleiman, as personal representative of David Kleiman's estate ("Ira"), and Plaintiff W&K Info Defense Research, LLC ("W&K") hereby sue Defendant Craig Steven Wright ("Craig") and state as follows:

## PARTIES

1.      Plaintiff Ira Kleiman, as personal representative, is a resident of Palm Beach County, Florida.  He is David Kleiman's ("Dave") brother and the personal representative of his estate ("the estate").

2.      Plaintiff W&K Info Defense Research, LLC is a Florida limited liability company incorporated in 2011.  During the times relevant to this Second Amended Complaint, W&K operated in Florida.  This entity is one vehicle through which Defendant and Dave mined hundreds of thousands of bitcoins and created valuable blockchain intellectual property.

3.      Defendant Craig Steven Wright is a resident of London, United Kingdom.  He is Dave's former business partner in W&K and otherwise.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000; this Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c) because Plaintiffs' Defense of Trade Secrets Act claim arises under the laws of the United States.

5.      Venue lies within this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District.  These events include, but are not limited to: the wrongful taking of property belonging to a Florida estate and/or LLC within this District; the partnership of Dave and Craig within this District; the operation of W&K by Dave

2

192

and Craig within this District; the mining of a substantial amount of bitcoins through the use of

computer equipment located within this District and/or by equipment owned and/or operated by a

Florida resident (Dave) or Florida LLC (W&K); the development of certain blockchain related

intellectual property within this District; and the commission of a fraud against an estate in this

District.

6.        This Court has personal jurisdiction over Craig pursuant to Fla. Stat. § 48.193 as he

operated, conducted, engaged in, and carried on a business venture in this state; committed tortious

acts within this state; and caused injury to persons and property within this state at or about the

time he was engaged in solicitation and service activities within this state.

**INTRODUCTION**

7.        This matter concerns the rightful ownership of hundreds of thousands of bitcoins[1]

and the valuable intellectual property rights of various blockchain technologies. As of the date of

the Amended Complaint filing, the value of these assets far exceed $11,427,755,048.02 USD

(before punitive or treble damages); at their highest value they were worth over

$27,332,125,781.93.  Plaintiffs allege Defendant has stolen these bitcoins and intellectual property

assets from them.

8.        After Ira filed this claim, Craig committed a fraud on this Court in an attempt to

circumvent its jurisdiction. As detailed in paragraphs 160 to 170 Craig filed a sworn declaration

that is incontrovertibly false based on an affidavit (and supporting evidence) he previously

submitted to an Australian court. The boldfaced misrepresentations Craig has told this Court

demonstrate his desperation to avoid this suit.

---

[1] The term "bitcoin" can refer to both a computer protocol and a unit of exchange.  Accepted
practice is to use the term "Bitcoin" to label the protocol, software, and community, and the term
"bitcoin" to label the units of exchange.

3

9.      Bitcoin is the world's first decentralized cryptocurrency.  The concept and technology behind Bitcoin was first published in October 2008 when its pseudonymous creator, Satoshi Nakamoto, sent the now famous protocol to a mailing list of cryptography enthusiasts. That protocol has since spawned a system of value and exchange with a current market cap of ~$150 billion.

10.      Based on information Ira Kleiman received directly from Dave, it is undeniable that Craig and Dave were involved in Bitcoin from its inception and, together, had accumulated a vast wealth of bitcoins from 2009 through 2013.

11.      On April 26, 2013, mere months prior to Bitcoin's entry into the mainstream, Dave died after a battle with MRSA.

12.      Recognizing Dave's family and friends weren't aware of the extent of Dave's Bitcoin and blockchain related activities, Craig perpetrated a scheme against Plaintiffs to seize their bitcoins and their rights to certain blockchain related intellectual property.

13.      As part of this plan, Craig took control of Plaintiffs' bitcoins and forged a series of contracts that purported to transfer Plaintiffs' bitcoins and intellectual property assets to Craig and/or companies controlled by him.  Craig backdated these contracts and forged Dave's signature on them.

14.      About a year after Dave's death, and under pressure from an Australian Tax Office investigation, Craig reached out to Ira, Dave's brother.  Craig disclosed he had partnered with Dave to create Bitcoin, mine bitcoin, and create valuable intellectual property.  But, he claimed Dave signed all these property rights away in exchange for a non-controlling share of a non-operational Australian company worth "millions."

15.     Craig told Ira he'd be able to sell Dave's stake in the company in a few months. This was a lie in several respects.  First, Dave had not in fact traded his bitcoin and intellectual property rights for an interest in the Australian company.  Second, the company went bankrupt shortly after Craig misled the Australian Tax Office ("ATO").

16.     The ATO raided Craig's home in late 2015 and Craig fled Australia for London. Since fleeing to London, Craig has lived a life of fame and fortune. In May 2016, he publicly revealed himself and Dave as the alleged creators of Bitcoin.

17.     Craig currently serves as Chief Scientist of nChain, a UK company purporting to be the global leader in research and development of blockchain technologies.  He also regularly posts pictures to his social media accounts of his lavish lifestyle.

18.     To date, Craig has not returned any of the mined bitcoins or intellectual property rights belonging to Plaintiffs.  This action is brought to rectify that injustice.

19.     As described in detail below, Craig's pattern of lies, deception, and fraudulent conduct continues even against this Court.  His fraud on this Court is simply the latest step taken in Florida to defraud the estate and W&K.

## FACTUAL ALLEGATIONS

### Bitcoin

20.     Bitcoin is a decentralized digital currency with a current market cap of ~$150 billion as of March 14, 2018.[2]  At its core, Bitcoin is simply a giant ledger that tracks the ownership and transfer of every bitcoin in existence.  This ledger is called the bitcoin blockchain.

21.     In order to transact with bitcoins, you must have a bitcoin wallet.  Like a bank account number, each bitcoin wallet has a "public key" that is the "address" provided if one would

---

[2] https://coinmarketcap.com/.

like to receive bitcoin from others. Every wallet can be identified on the blockchain (by referring to its "public key") along with the number of bitcoins inside that particular wallet. Wallets are separate computer files dedicated to storing information about specific bitcoins.

22.     Each wallet is also assigned a "private key." Unlike public keys, private keys are only known by the individual who creates the bitcoin wallet. The private key is like the "password" to the wallet. To send bitcoin out of a wallet, an individual must have the private key associated with the bitcoin wallet. This is similar to the manner in which one must have a PIN to withdraw cash from an ATM.

23.     There are two methods of acquiring bitcoins. The first involves simply receiving bitcoins from someone. In fact, there are many businesses that operate "bitcoin exchanges," such as coinbase.com, which is a bitcoin marketplace where individuals can purchase bitcoins with their native currency from individuals looking to sell.

24.     The second way one can acquire bitcoins is by "mining" them.

25.     There is no centralized authority that curates the Bitcoin blockchain. Consequently, the protocol has to incentivize individuals to curate the blockchain, i.e., to update the "ledger" with new transactions as they take place. This process is called "bitcoin mining."

26.     Anyone with internet access can "mine bitcoins" by employing computer power to solve a complex mathematical problem. The first "miner" who solves the problem gets the right to add a block of recent transactions to the blockchain, i.e., the right to update the ledger. In return for this work, the protocol pays the successful miner in newly minted bitcoins (the number of which is fixed by a pre-existing algorithm). This process is repeated every 10 minutes or so, ensuring an accurate and up to date record of all bitcoin transactions.

196

27.    When the Bitcoin protocol was first launched in January 2009, the protocol paid the successful miner 50 bitcoins for each block of transactions added to the blockchain ledger.  The protocol cuts this mining reward in half every four years so that the maximum amount of bitcoin in existence will never exceed 21 million.  At the current mining rate and reward algorithm, this maximum circulation will be reached in circa 2140.

28.    Today, the mining reward is 12.5 bitcoins for each block added to the blockchain. That, together with rising competition in mining bitcoins means it was easier to amass significant amounts of bitcoins in 2009, than now.

29.    To date, just over 17 million of the total 21 million bitcoins have been mined.

**History of Bitcoin**

30.    On October 31, 2008, a white paper authored under the pseudonymous name Satoshi Nakamoto ("Satoshi") titled *Bitcoin: A Peer-to-Peer Electronic Cash System* was posted to a mailing list of cryptography enthusiasts.  This paper detailed novel methods of using a peer-to-peer network to generate what it described as "a system for electronic transactions without relying on trust."

31.    Less than three months later, the system outlined became a reality.  On January 3, 2009, Satoshi mined the first 50 bitcoins.  To place a timestamp on the occasion, Satoshi left a text message digitally encoded on these first 50 bitcoins that read, "The Times 3 January 2009 Chancellor on brink of second bailout for banks," referring to that day's headline in the British newspaper, *The Times*.

32.    Hal Finney, one of the first supporters and adopters of Bitcoin, downloaded the bitcoin software that same day, and received 10 bitcoins from Satoshi in the world's first bitcoin transaction.

33.      Satoshi also created a website under the domain name bitcoin.org and continued to collaborate with other developers on the Bitcoin protocol until mid-2010.  Around this time, he handed control of the Bitcoin source code repository to Gavin Andresen, another active member of the bitcoin development community, and disappeared.  The last confirmed email from Satoshi was sent on April 23, 2011.  It read, "I've moved on to other things. It's in good hands with Gavin and everyone."

34.      For most of its early history, bitcoins were of relatively little value.  Famously, the first documented commercial bitcoin transaction occurred when developer Laszlo Hanyecz used 10,000 bitcoins to purchase two Domino's pizzas on May 22, 2010.  At today's prices, those two pizzas would be worth approximately 1% of Domino's total market cap.

35.      During Bitcoin's early history, cryptocurrencies were a niche technology with a small development community. Consequently, there was little competition for maintaining the ledger or "mining bitcoins." Thus, individuals mining bitcoins through 2013 could expend relatively minor resources to accumulate large sums of bitcoins.

36.      It has been widely reported that Satoshi Nakamoto mined approximately 1 million bitcoins during this time.[3]

**Bitcoin "forks"**

37.      Since its inception in 2009, Bitcoin has inspired the creation of over one thousand other digital currencies. Many of these new cryptocurrencies use characteristics of the initial Bitcoin program, but have made significant changes to the original model in an attempt to create

---

[3]   *See    e.g.*    http://time.com/money/5002378/bitcoin-creator-nakamoto-billionaire/; http://www.businessinsider.com/satoshi-nakamoto-owns-one-million-bitcoin-700-price-2016-6; https://eklitzke.org/how-many-bitcoins-did-satoshi-nakamoto-mine.

8

an entirely new cryptocurrency with distinct functions or ones better suited to a specific market niche.

38.     In other cases, individuals have taken the actual Bitcoin protocol and modified it in a way they believed would improve Bitcoin itself, *e.g.*, by allowing more transactions into a single "block" of the blockchain.

39.     If the "improved" Bitcoin protocol garners significant support, but less than a majority of support, a new version of "Bitcoin" is created. In these situations, the supporters of the new Bitcoin, have created a "fork" through which the original Bitcoin blockchain/ledger is divided into two distinct, but identical, copies, (i) the original Bitcoin, and (ii) the new Bitcoin.  The result is that any individual who owned the original Bitcoin, now owns an identical amount of the new Bitcoin.  After the point of the "fork," the ledgers will diverge as owners "spend" the two assets differently.

40.     This has happened numerous times to Bitocin. To date, however, the original Bitcoin protocol remains the most valuable in terms of its correlation to the US dollar, with a market capitalization of ~$150 billion at the time of filing.  However, other noteworthy Bitcoin forks include Bitcoin Cash (market cap. of ~$25 billion), Bitcoin Gold (market cap. of ~$1.0 billion), Bitcoin Private (market cap of ~$510 million), and Bitcoin Diamond (market cap. of ~$650 million).

41.     As explained below, the bitcoins at the heart of this dispute were all mined prior to the creation of any of the aforementioned Bitcoin forks.  Consequentially, Plaintiffs' claims of

ownership over these original bitcoins necessarily implicates ownership over their "forked" counterparts ("forked assets").[4]

### Background on parties and key individuals

42.     Dave Kleiman was born in 1967.  Obsessed with computers and technology at an early age, he joined the U.S. Army in 1986 as a helicopter technician.

43.     A few years after being honorably discharged, Dave got into a serious motorcycle accident which left him physically handicapped and wheelchair-bound.  After this accident, Dave's interest in computers intensified, and he began to build a reputation in computer forensics and secure network infrastructures.

44.     Dave began working in the information technology security sector in 1990.  He was a frequent speaker at national security conferences and was a regular contributor for many security related newsletters, websites, and online forums.

45.     Dave was a member of several computer security organizations, including the International Association of Counter Terrorism and Security Professionals (IACSP), International Society of Forensic Computer Examiners (ISFCE), Information Systems Audit and Control Association (ISACA), High Technology Crime Investigation Association (HTCIA), Network and Systems Professionals Association (NaSPA), Association of Certified Fraud Examiners (ACFE), Anti-Terrorism Accreditation Board (ATAB), and ASIS International.

46.     Dave was also a Secure Member and Sector Chief for Information Technology at the FBI's InfraGard and a Member and Director of Education at the International Information Systems Forensics Association (IISFA).  When he attended conferences, he was known as "Dave

---

[4] Consequently, where appropriate, the word "bitcoins" should be construed to include claims over the "forked assets" as well.

Mississippi," a nickname referring to the long string of three letter certificates that followed his name; which could literally be used to spell Mississippi.

47.    Dave co-authored and was the technical editor of numerous publications, including *Perfect Passwords: Selection, Protection and Authentication*,[5] and Security Log Management: Identifying Patterns in the Chaos.[6]

48.    In 2010, Dave was hospitalized.  He was in and out of medical facilities due to MRSA infected sores.  On March 22, 2013, Dave signed out of the hospital against medical advice.  He was unstable and nearing death.[7]  On April 26, 2013, Dave passed away.

49.    Ira is Dave's brother and the personal representative of his estate.

50.    Craig is a 46-year-old Australian computer scientist and businessman.  Craig began his career in information technology working for various entities in Australia, including the Australian Securities Exchange.  Craig claims to have many degrees, including doctorates, masters, and technical certifications; these claims are disputed.[8]

51.    In May 2016, Craig claimed that he and Dave were Satoshi Nakamoto—the venerated creator of Bitcoin.

---

[5]https://www.amazon.com/Perfect-Passwords-Selection-Protection-Authentication/dp/1597490415.

[6] https://www.amazon.com/Security-Log-Management-Identifying-Patterns/dp/1597490423.

[7] https://gizmodo.com/the-strange-life-and-death-of-dave-kleiman-a-computer-1747092460.

[8]  https://www.forbes.com/sites/thomasbrewster/2015/12/11/bitcoin-creator-satoshi-craig-wright-lies-hoax/#12e524116794.

201

**Dave and Craig's early relationship**

52.    Dave and Craig met in or around 2003. Both men had a longtime interest in cyber security and digital forensics, and the future of money. (Ex. 1 at 26).[9]

53.    For years, they communicated on various topics related to the internet and file sharing. For example, in 2008 they co-authored a paper on the mechanics of overwriting hard drive data.[10]

54.    Around that time, they began to speak about ways to use peer-to-peer file sharing, infamously used by the Napster music sharing service, to solve some of the most difficult issues in cryptography. (Ex. 1 at 27).

55.    In March 2008, just a few months before Satoshi's paper on the Bitcoin protocol was published, Craig emailed Dave saying: "I need your help editing a paper I am going to release later this year. I have been working on a new form of electronic money. Bit cash, Bitcoin . . . [y]ou are always there for me Dave. I want you to be part of it all." (Ex. 32).[11]

56.    After leaving his job in late 2008, Craig wrote to Dave: "I need your help. You edited my paper and now I need to have you aid me build this idea." (Ex. 1 at 31). For the next few months, Craig and Dave worked to get Bitcoin operational.

57.    On January 12, 2009, Craig, Dave, and two others sent each other bitcoin transactions recorded on the blockchain. (Ex. 1 at 32).

58.    On November 26, 2009 (Thanksgiving Day), Ira Kleiman and Dave met at their father's home for an early dinner. He and Dave discussed Facebook's recent success and Ira asked

---

[9] All Exhibit citations refer to the as filed ECF pagination.

[10] https://www.vidarholen.net/~vidar/overwriting_hard_drive_data.pdf.

[11] Craig sent a "copy" of this communication to Ira on March 6, 2014.

Dave if he was working on anything interesting.  Dave responded by telling Ira he was working on "something bigger" than Facebook, that he was "creating his own money."

59.    Ira asked Dave to clarify and jokingly asked if Dave was making counterfeit money.

60.    Dave responded by saying he was making "digital money."  He then opened his wallet, took out a business card, flipped it over, drew a "B" with a line or two through it, and commented on how "we" were working on a logo.

61.    Dave told Ira he was working with a relatively wealthy foreign man who owned some properties. Ira asked Dave why he didn't partner with this wealthy individual.  Dave was silent, which Ira understood to be Dave's concession they were already partners.

62.    On May 20, 2014, Ira shared this story with Craig via email.  (Ex. 2).

63.    Craig responded that same day stating "we did partner ;)".  (*Id.*). Craig then commented on the "properties" stating, *inter alia*, that he owned 550 acres.  (*Id.*).  He then said, "I will have to see what I can dig up.  The old Bitcoin logo we did is no longer used. I have a copy." (*Id.*).  Craig later provided Ira with a copy of this Bitcoin logo. (*Id.*).

64.    This independent verification that Dave was creating "digital money" with Craig in 2009, Craig's admissions that he and Dave were "partners" in this venture, part of the Satoshi team, and that they were mining bitcoin through W&K, all lead to the inescapable conclusion that their collaboration in "creating" or "mining" bitcoin and intellectual property was continuous from 2009 until Dave's passing in 2013.

65.    From their collaboration in 2008 until Dave's death in 2013, Craig and Dave mined over a million of the initial bitcoins together (personally and through W&K).  These bitcoins were, as all bitcoin are, stored in specifically identifiable bitcoin wallets that Craig has now asserted ownership over.

66.     Further, Dave, in partnership with Craig, created intellectual property both in his individual capacity and through W&K. As Craig email to Ira on March 7, 2014, "I had an idea, but it would never have executed without Dave." The estate and/or W&K owns all this intellectual property.[12]

### Dave and Craig created W&K to mine bitcoin and develop blockchain related intellectual property

67.     The exact structure of their joint mining activities, intellectual property development, and "partnership" from c. 2008 until February 2011 requires discovery to fully reveal.

68.     From February 2011, Craig and Dave conducted their bitcoin mining activities and intellectual property research and development through W&K.

69.     On February 14, 2011, Dave formed W&K Info Defense Research LLC ("W&K") in Florida. The Articles of Incorporation for W&K list Dave as the managing member and registered agent. (Ex. 3).

70.     W&K has no operating agreement and its exact ownership structure is unclear due to Craig's contradictory statements.  In an affidavit Craig filed in Australian court proceedings, Craig stated he and Dave each owned 50% of W&K.  (Ex. 4 at 5).  But in a fake "contract" produced by Craig, he states Dave owned legal title to 100% of W&K, while holding 50% in trust for Craig.  (Ex. 5 at 3).  He doubled down on some form of this equal split in a 2014 email to Ira,

---

[12] The exact division of intellectual property ownership between Dave's estate and/or W&K will be determined at trial. Accordingly, some counts contain a request for relief from both Plaintiffs, and it will be for the final finder of fact to determine what each Plaintiff is entitled to recover.

14

204

where he represented that "Dave owned 50% of" W&K. (Ex. 6 at 2),[13] and when both he and his

counsel referred to it as a "joint venture." (Ex. 4 at 50, 57, 64, 71, 77, 84; Ex. 9 at 6). In contrast,

Craig has testified to this Court that he does not have, and never has had, any interest in W&K.[14]

(Ex. 29 ¶ 10).  But it makes sense Craig would have some form of indirect interest as the entity

appeared to be named after them both: **W**right & **K**leiman.

71.     As best as can presently be discerned, Dave was the sole "member" of W&K, but

Craig maintained some kind of beneficial ownership interest in W&K, which he subsequently

disclaimed.

72.     Regardless of its exact ownership structure, the purpose of W&K was clear:  Craig

and Dave created it to mine bitcoin and develop intellectual property.

73.     *First*, on telephone conversations with Ira, Craig admitted this was W&K's

purpose.

74.     *Second*, Craig has admitted this in writing multiple times.  For example, in a

"chronology" Craig sent to Ira, he wrote that that W&K "was set up to further statistical and risk

mitigating algorithms, to develop some ideas around CBT learning methodologies, and to mine

Bitcoin."  (Ex. 7).  Craig also put this admission into legal documents he claims are valid stating

that W&K "is the owner of and conducts the business known as Bitcoin mining and Software

development / Research."  (Ex. 5 at 3).  Finally, Craig has admitted this to third parties where, e.g.,

---

[13] This Second Amended Complaint attaches certain emails with timestamps from Australian time zones.  For consistency, the Second Amended Complaint has converted various timestamps to Eastern Standard Time.

[14] When confronted with the claims in this lawsuit, Craig didn't hesitate to continue his fraud against W&K and Dave's estate by perjuring himself in a sworn declaration filed with this Court, wherein he now swears, in absolute conflict with his Australian affidavit, that he never had any interest in W&K. See *Infra*, 160-170.  It seems that whatever interest he once held in W&K, he has disclaimed it.

15

205

on February 12, 2014, he emailed Dave's former business partners stating "Dave and I had a project in the US. He ran it there . . . The company he ran there mined Bitcoin." (Ex. 8 at 5).

75.     *Third*, in leaked ATO transcripts, Craig's bookkeeper states that "W&K was an entity created for the purpose of mining Bitcoins." (Ex. 9 at 3).

76.     Dave and Craig collaborated within W&K to create intellectual property. Craig then used W&K and this intellectual property to personally solicit business from the United States Department of Homeland Security ("DHS"). (Ex. 4 at 40-43).

77.     Craig acted as W&K's "authorized representative," its "lead researcher," and its "technical contact." (*Id.* at 45-46, 50, 56-57, 63-64, 70-71, 76-77, 83-84, 90). Further, Craig repeatedly used W&K's Florida address as his own, *e.g.*, identifying it as his "mailing address." (*Id.* at 50, 57, 64, 71, 77, 84). Craig has also held himself out as W&K's "legal agent and representative" and its "Director/Australian Agent." (Ex. 30).

78.     Craig also claimed to have (i) delivered servers and other computer hardware to Florida for W&K's use (Ex. 10 at 3 (Recital L)); (ii) provided "contract labour services" to W&K (Ex. 11 at 2); (iii) licensed software for W&K's use (Ex. 10 at 3 (Recital M)); and (iv) loaned money to W&K for use in its Florida mining operation (Ex. 10 at 3 (Recital L); Ex. 11 at 3).

**Dave and/or W&K owned a substantial amount of bitcoin**

79.     The exact number of bitcoins belonging to Dave's estate and/or W&K will be determined at trial.[15] That said, various documents including emails, "contracts," spoken admissions, and transcripts from 2014 ATO meetings with Craig, his counsel, and his accountant

---

[15] Accordingly, some counts contain a request for relief for both Plaintiffs, and it will be for the final finder of fact to determine how much each Plaintiff is entitled to recover.

evidence Dave and Craig owned and controlled approximately 1,100,111 bitcoins (either together personally or through their shared interest in W&K).

80.     As discussed above, Craig admitted that he "did partner" with Dave in 2009 to create/mine "digital money," i.e., bitcoins.  And Craig has also admitted in multiple documents that W&K (beneficially owned, at the time, and in some form, by Dave and Craig) mined bitcoin. Due to the historically larger mining reward and low competition existing during that time, Craig and Dave's continuous joint bitcoin mining activity since 2009 would have resulted in an unparalleled fortune of bitcoins.

81.     Furthermore, in February 2014, Craig emailed two of Dave's other business partners stating Dave had mined an enormous amount of bitcoins, an amount *"far too large to email."*  (Ex. 8 at 5).

82.     In addition, a transcript of a February 18, 2014 meeting between the ATO and Craig demonstrates that Craig has led others to believe he took ownership of Dave's bitcoin.  The ATO investigator states:

> We thought yes, ***you've picked up some bitcoin ownership from the deceased director*** so we were trying to, you know, get the picture and connect all the dots.  (Ex. 12 at 20) (emphasis added).

83.     Minutes from a February 26, 2014 meeting between the ATO and Craig's bookkeeper (John Chester), document Craig's bookkeeper stating that Dave had an incredible amount of bitcoin, and implying that Craig assumed ownership of them when he died:

> Craig Wright had mined a lot of [b]itcoins . . . Craig had gotten approximately 1.1 million [b]itcoins. There was a point in time, when he had . . . around 10% of all the [b]itcoins out there.  Mr Kleiman ***would have had*** a similar amount. ***However***, Mr Kleiman ***passed away*** during that time.  (Ex. 9 at 3) (emphasis added).

84.     At the February 18, 2014 meeting, Craig's counsel states that W&K's bitcoins were transferred to Seychelles, Singapore, and UK trusts.  As Dave owned between 50% to 100% of

W&K, *at least* half of the bitcoins allegedly transferred to the trusts belong to Dave (and/or they all belong to W&K):

> In 2009 the mining of bitcoin commences *** 2011, bitcoin was transferred overseas. R and D then conducted in the US under – by a joint venture company formed as . . . effectively info defence research LOC. Bitcoin mining continues throughout 2011. The bitcoins are derived by companies in Singapore and the Seychelles or entities in Singapore and the Seychelles, and they're actually trusts. Trustee companies and trusts established - or trustee companies in the United Kingdom and other trusts established in the Seychelles. Further work was planned. In early April 2013 unfortunately Dave . . . dies in the US towards the end of April 2013. (*Id.* at 6).

85.     Years later, Craig admitted to Andrew O'Hagan that "his and Kleiman's mining activity ha[d] led to a complicated trust."  (Ex. 1 at 36).

86.     In a 2012 email Craig forwarded to Ira, Craig wrote to Dave reaffirming the joint nature of the bitcoin allegedly held in trust (emphasis added):

> From: Craig Wright [mailto:craig@rcjbr.org]
> Sent: Wednesday, 10 October 2012 4:55 PM
> To: Dave Kleiman [mailto:dave@davekleiman.com]
> Subject: FW: IFIP-WG11.9 CFP
>
> We need to discuss the trsut [sic] and work out what the [expletive] *we* are doing with it all. So, a good tax deductible way to have a visit and also write a paper. (Ex. 31)

87.     In fact, Craig consistently referred to the "trust" as both Craig and Dave's, for example in another email Craig forwarded to Ira (emphasis added):

> From: Craig S Wright
> To: dave@davekleiman.com
> Subject: This week
> Date: Tue, 22 May 2012 09:45:31 +1000
>
> Dave,
> A recycled rant . . . the ATO are simply BS'ing again. It costs me money and in a way I guess they want to get a result through attrition rather than honesty. They will drain all I have if they can. **We do not touch the trusts**. Not yet. Not even for this. ONE DAY, they will change the world. Not millions, not billions. If I am right, they will be trillions and let them try

18

[expletive] **on us** then. . . (Ex. 13) (bold emphasis added; profanity redacted).

88.    In a 2014 email exchange with Ira, Craig *admitted* that at least 300,000 of the 1,000,000+ bitcoins allegedly held in trust belong to Dave:

> From: Ira K <REDACTED@REDACTED>
> To: Craig S Wright <craig.wright@hotwirepe.com>
> Subject: Bond villains
> Date: Sat, Mar 1, 2014 at 2:42 PM
>
> Just to clarify on thoughts from previous email... In one of the email exchanges between Dave and you, he mentioned that you had 1 million Bitcoins in the trust and since you said he has 300,000 as his part. I was figuring the other 700,000 is yours.  Is that correct?
> Ira
>  ---
> From: Craig S Wright <craig.wright@hotwirepe.com>
> To: Ira K <REDACTED@REDACTED>
> Subject: Re: Bond villains
> Date: Sat, Mar 1, 2014 at 3:00 PM
>
> Around that. Minus what was needed for the company's use
> Sent from my HTC. (Ex. 14).

89.    As discussed below in more detail, Craig provided fraudulent contracts to the ATO in an attempt to substantiate his ownership of bitcoins and intellectual property assets that belonged to Dave and/or W&K.  Their authenticity aside, however, these "contracts" produced by Craig constitute his admission that Dave, Craig, and W&K collectively owned hundreds of thousands of bitcoins.

90.    For example, a 2011 contract produced by Craig includes a provision stating W&K expected to mine new bitcoin at a rate of 12,000 bitcoins per month for a period of over two years (312,000 bitcoin).  (Ex.10).

19

209

91.      Further, a 2012 contract provided to Ira by the ATO lists Bitcoin wallets containing over 650,000 bitcoins (the "2012 Deed of Loan").  Next to the list of wallets and total bitcoin held, there is a handwritten annotation stating: "*as agreed, all wallets to be held in UK in trust until all regulatory issues solved and Group Company formed with Dave K and CSW*."  (Ex. 15 at 9).  This annotation is in Craig's handwriting.

92.      As can be seen, Dave, in partnership with Craig, lawfully mined and possessed hundreds of thousands of bitcoins both in his individual capacity and through W&K.

93.      The mined bitcoins were stored in wallets in the possession of Dave, Craig, W&K, and/or certain trusts.  These wallets were not used for any purpose but to store the bitcoins for sale at some future date.

94.      As "partners" from c. 2008-2011, and then in some form of "co-owners/members" of W&K from 2011-2013, Dave and Craig shared the private keys to the bitcoins they mined.  As demonstrated from emails produced by Craig, his ability to control the bitcoins continued once they were, allegedly, placed in trust.

**After Dave's death, Craig fraudulently converted the bitcoin and intellectual property that belonged to, and was possessed by, Dave and/or W&K**

95.      After Dave's death, Craig took sole ownership/control of all bitcoins and intellectual property owned by Dave and/or W&K and those that were held in trust for Dave and/or W&K and refuses to return any bitcoins or intellectual property to the estate or W&K.

96.      It appears that Craig needed to use W&K and Dave's assets to try and justify certain tax positions he claimed in Australia.  To that end, he instituted an elaborate scheme to assert dominion over Dave's and W&K's bitcoin and intellectual property.

97.      To accomplish this scheme, Craig drafted and backdated at least three contracts, and forged Dave's signature on at least two, to create a fraudulent "paper trail" purporting to show

that Dave transferred bitcoins and intellectual property rights that belonged to Dave and W&K, to Craig. These fraudulent contracts include:

    a.    2011 contract titled "Intellectual Property License Funding Agreement" (the "2011 IP Agreement") (Ex. 10);

    b.    2012 contract titled "Deed of Loan" (the "2012 Deed of Loan") (Ex. 15); and

    c.    2013 contract titled "Contract for the Sale of Shares of a Company Owning Business" (the "2013 W&K Sale Agreement") (Ex. 5).

98.      On their face, these contracts are demonstrably fraudulent in a number of manners.

99.      *First*, the electronic signatures on these documents are not Dave's. They are substantially different than known examples of Dave's electronic and written signatures:

| Authentic Signatures 2/1/2013[16] & 7/30/2003[17] & 2/22/2012 | Signature on Fraudulent Contracts 4/22/2011 & 04/2/2013 |
| --- | --- |
|  |  |

---

[16] See Ex. 16 (signature on Computer Forensics LLC Operating Agreement).

[17] See Ex. 17 (signature on Dave's last will and testament).

100.    In fact, this signature is a near identical copy of a computer-generated font called Otto, available here: https://www.wfonts.com/font/otto. When computer generated, this Otto font produces the signature:

Otto.ttf



101.    When confronted with this information by Ira, Craig admitted the signatures were computer generated, but claimed there were other ways to prove their veracity.

102.    Craig has never provided additional evidence of their legitimacy.

103.    *Second*, the "Purchaser" listed in the 2013 W&K Sale Agreement is "Craig Wright R&D" and is further identified by its Australian Business Number (ABN) 97 481 146 384. However, the entity associated with this ABN was not identified as "Craig Wright R&D" until September 2, 2013 – over three months after Dave died.[18]

104.    *Third,* the terms of the 2011 IP Agreement are nonsensical. While it purports to "finance" W&K through the transfer of around 215,000 bitcoin, and requires W&K to "fund the software development using bitcoin," there was essentially nothing that could be purchased with bitcoins at that time. Thus, no one could "finance" or "fund" anything with bitcoins then. This calls the 2013 W&K Sale Agreement's purported "release" of this nonsensical "financing arrangement" into question.

105.    *Fourth,* the 2011 IP Agreement, the 2012 Deed of Loan, and the 2013 W&K Sale Agreement conflict with each other. The 2011 IP Agreement provides that Bitcoin wallet 1933***XY8a would be held by Craig in escrow and revert to Craig only if W&K defaulted, but

---

[18] https://abr.business.gov.au/SearchByAbnHistory.aspx?abn=97481146384

the 2013 W&K Sale Agreement provides that it will be "released to" Craig *despite* satisfaction of the liability, and the 2012 Deed of Loan shows that same wallet being placed into a trust by Craig with a notation that it be held there until Dave and Craig can set up a joint-company later.

106.     *Fifth*, the 2013 W&K Sale Agreement references 250,000 bitcoin and then 250,500 bitcoin as the amount of bitcoin Dave was to transfer to Craig.

107.     *Sixth*, the fraudulent signatures aren't witnessed or notarized.  Even the most un-sophisticated parties would understand that a contract purporting to release and transfer property valued at eight figures should be substantiated in some way with witnesses and/or notaries.

108.     *Lastly*, many of the contractual terms are extremely convenient for Craig.  For example, the 2011 IP Agreement provides for confidentiality even from family members, stipulates the value of 215,000 bitcoin at 40,000,000 AUD (when it was really worth around ~$250,000), and includes a "typo" showing the date as 2013, and amending it by hand to 2011 (likely because it was written in 2013).

109.     These red flags are rendered even more suspicious by the fact that the 2013 W&K Sale Agreement was purportedly signed a mere 10 days after Dave left the VA hospital, and no more than three weeks before he died.

110.     Craig has a documented history and habit of backdating contracts and documents to suit his needs.  During the February 18, 2014 interview with Craig by the ATO, Craig admitted that he backdated certain tax invoices.  (Ex. 12).  Further, Wired has written that Craig likely backdated numerous blog posts to further his claim of being Satoshi.[19]  Finally, in its 2015 audit

---

[19]    https://www.wired.com/2015/12/new-clues-suggest-satoshi-suspect-craig-wright-may-be-a-hoaxer/.

of Coin-Exch, the ATO assessed tax liability and penalties against Craig for providing recklessly misleading tax information by, *inter alia*, backdating numerous documents.  (Ex. 18).

111.    As described herein, after Dave died, Craig unlawfully and without permission took control of the bitcoins from Dave's estate and from W&K by exercising exclusive possession over the private keys necessary to own, move, or sell the bitcoins belonging to Dave and/or W&K; actually using those private keys to move these bitcoins out of their wallets; claiming to own bitcoins really owned by W&K and/or Dave by virtue of fraudulent contracts Craig created; refusing to return bitcoins that belonged to the estate and W&K; moving them to, or holding these bitcoins in, "trusts" known only to him and controlled by him and preventing these assets from being returned to the estate and/or W&K; and using those bitcoins (or the "rights" to them) to make large trades for his Australian businesses.

112.    While the exact number of bitcoins stolen remains to be determined, by Craig's admission, Dave's estate is entitled to the possession of *at least* 300,000 bitcoins that Craig controls in a trust (along with their forked assets).  But the estate may be entitled to even more bitcoins based on Dave and Craig's partnership from 2009 until 2011.

113.    Further, as Craig's admitted that the mining continued within W&K from 2011, W&K is entitled to the possession of all bitcoins mined through its operations since 2011 (along with their forked assets).

114.    To Plaintiffs' best knowledge, information, and belief, these bitcoins could number around ~1,100,111.[20]   Together, these bitcoins and their forked assets are worth approximately

---

[20] Should discovery reveal additional bitcoin were mined, either by Dave individually, or by W&K after Dave died, Plaintiffs may amend their Complaint to assert a claim over those bitcoins and their forked assets as well.

$11,427,755,048.02, though at their peak in December 2017 they were worth ~$27,332,125,781.68.

115.    Ira has requested Craig return these bitcoins, but Craig has not done so. In light of this refusal, demanding the return of the forked assets would be futile.

116.    Thus, Craig has wrongfully asserted dominion over Dave and W&K's bitcoins forked assets, and intellectual property in a way that is inconsistent with Dave and W&K's ownership of those bitcoins, forked assets, and intellectual property which has damaged them both.

**Craig attempts to launder the stolen title to W&K's intellectual property, by securing "consent judgments" against W&K, without serving W&K, falsely representing W&K's consent, and using fraudulent contracts**

117.    In July and August 2013, Craig filed two claims in New South Wales Supreme Court against W&K for ~$28 million each.  (Ex. 11).

118.    In both claims, Craig alleged that W&K agreed to pay Craig for property and consulting services necessary to "complete research" and that this contract was "bonded against the intellectual property of [W&K]."  (Ex. 11 at 3, 9).  The pleadings alleged that "the contract stated that a breach would lead to liquidated damages [and if] the liquidated amount is not paid all IP systems returns to the sole ownership of [Craig]."  (*Id.* at 4, 10).  The statements of claim allege that the intellectual property at issue was the "software and code used in the creation of a Bitcoin system" and "used by the US Military, DHS and other associated parties."  (*Id.*).

119.    W&K was never served, validly or otherwise, with these proceedings; Dave's estate was not even aware of them until long after the judgments had been entered.

120.    Craig prevented W&K from participating in these proceedings as, *inter alia*, he filed, in both lawsuits, a false "Acknowledgment of Liquidated Claim" on behalf of W&K where he represented that W&K accepted and agreed to his claims.  (Ex. 30).  In these filings, Craig falsely identified himself as the "legal agent and representative for the defendant" and its

25

215

"Director/Australian Agent" and falsely stated that "I acknowledge the whole of the amount being claimed by the plaintiff." (*Id.*). Further, he falsely identified his Australian address and email as the "Address for service" for W&K. (*Id.*).

121. Craig further prevented W&K from participating in the proceedings, by filing, on August 28, 2013, Consent Orders in both cases. (Ex. 19). These filings represent to the Australian courts that W&K consented to judgment being entered against it through the signature of its "authorised officer," a "J Wilson." (*Id.* at 2). But J Wilson – Craig's employee – was not authorized. Instead, Craig "elected" him a director at a "shareholder meeting" where only Craig was present and only Craig voted. (Ex. 4 at 5-6).

122. Craig did this even though (i) Craig did not have any direct or voting interest in this Florida LLC (only an indirect or beneficial interest), (ii) Dave's estate (which held at least 50% of the interest in the LLC) was not notified of the meeting, and (iii) even if Craig had a 50% voting interest in W&K, the election of Wilson was void because the "meeting" lacked a quorum.

123. In April 2014, Ira first learned of these court proceedings, when the ATO sent him some of the court documents. Ira confronted Craig for taking Dave and W&K's assets and concealing the court proceedings from Dave's estate. Craig admitted his subterfuge, but defended himself by claiming the ends justified the means:

> Ira: ". . . From [the] documents [I have] it appears clear to see a systematic transfer of assets out of W&K back to you . . . But you never mentioned any of the actions you were taking against W&K prior to contacting us."

> Craig: "Dave died. I did the actions to make sure that the court signed off on what Dave and I planned." (Ex. 20 at 18).

124. Importantly, these Australian claims, like the sworn testimony he submitted to this Court, are based on demonstrably false factual allegations. Specifically:

26

216

125.    The July 2013 claim alleges the existence of an October 27, 2008 contract between Craig and W&K, claiming that "[W&K] agreed to pay [Craig] for property and consulting services." (*Id.* at 2). However, W&K did not exist in 2008.

126.    Also, the July 2013 claim alleges:

"[Craig] conducted four projects associated with the DHS (Dept. of Homeland Security USA) with [W&K] under contract:

    a.  BAA 11-02-TTA 01-0127-WP  TTA 01 - Software Assurance:  Software Assurance through Economic Measures

    b.  BAS 11-02-TTA 05-0155-WP TTA 05 - Secure Resilient Systems and Networks

    c.  BAA 11-02-TTA 09-0049-WP TTA 09 - Cyber Economics

    d.  BAA 11-02-TTA 14-0025-WP TTA 14 - Software Assurance MarketPlace (SWAMP)." (*Id.* at 9-10).

127.    The July 2013 claim goes on to state that "these funds were rated as:

    a.  TTA 01          US$ 650,000

    b.  TTA 05          US$ 1,8000,000 (*sic*)

    c.  TTA 09          US$ 2,200,000

    d.  TTA 14          US$ 1,200,000." (*Id.* at 10).

128.    However, these statements were false.  The results of Freedom of Information Act requests by Ira to the DHS reveals that W&K's applications for TTA 01, TTA 05, TTA 09, and TTA 14 were all denied by the DHS. (Ex. 21).

129.    The August 2013 claim also contains a demonstrably false allegation, alleging the existence of a January 8, 2009 contract between Craig and W&K, claiming that "[W&K] agreed

27

to pay [Craig] for property and consulting services." (Ex. 11 at 2). But again, W&K did not exist until 2011.

130.     On November 6, 2013, judgments appear to have been entered for both Australian claims. (Ex. 22). Craig's fraud to keep W&K and Dave's estate out of the litigation was successful as, in the judgment, the Court "**note[d] the agreement of the parties** that [Craig] will accept the transfer of the intellectual property held by the plaintiff in full and final satisfaction of the judgment." (*Id.*) (emphasis added).

131.     To this day, Craig has used these fraudulently obtained judgments to assert ownership over the intellectual property assets developed by W&K and Dave. For example, in the February 18, 2014 meeting with the ATO, Craig's attorney represented to the ATO that "intellectual property that had been acquired by Dr Wright from WK Info Defence is on-supplied to the Wright Family Trust and then broken up and transferred to other group entities, Hotwire, Coin Exchange . . . and so on." (Ex. 12 at 7). And later again stating: "Remember there's the IP coming out of WK Info Defence in the US came to Craig through Craig to the Wright Family Trust and then from the Wright Family Trust into Hotwire . . ." (*Id*. at 18). Further, as discussed in para 142-143, the ATO has provided Ira with "deeds" drafted and executed by Craig which show that his companies have taken ownership over the intellectual property created by W&K and "transferred" by virtue of these fraudulently obtained "judgments."

**Craig reaches out to Ira to cover up his fraud, deceive Ira into believing him, and secure an ally in his fight against the ATO**

132.     With the ATO closely auditing Craig's activities, Craig knew he had to reveal some of his and Dave's bitcoin mining and blockchain work to justify various tax positions he took in Australia. Realizing this would lead the ATO to contact the Kleimans, Craig reached out first.

133.    Nearly ten months after Dave's death, on February 11, 2014, Craig reached out to

Dave and Ira's 94 year old father Louis, and wrote:

> Date: Feb. 11, 2014
> From: Craig Wright <Craig.Wright@hotwirepe.com>
> To: Louis <REDACTED@REDACTED>
>
> Hello Louis,
>
> Your son Dave and I are two of the three key people behind Bitcoin . . .
>
> If you have any of Dave's computer systems, you need to save a file named "wallet.dat". I will explain what this is later. Please understand, I do not seek anything other than to give you information about your son.
>
> Know also that Dave was a key part of an invention that will revolutionise the world . . .
>
> I will talk to you again soon.
>
> When I can, I will let you know much more of Dave. I will also help you recover what Dave owned.
>
> I will let you know when I am in the USA.  (Ex. 23).

134.    As Louis Kleiman was elderly, Ira took over the correspondence with Craig.

135.    Craig told Ira he was partners with Dave and that no one knew about their

collaboration or W&K. He explained to Ira that W&K was involved in Bitcoin mining and that it

was quite successful.

136.    Shortly after informing Ira about W&K, Craig told Ira that Craig and Dave were

planning on starting a new company together called "Coin-Exch."  He explained to Ira that Dave's

estate would receive shares in it worth millions.

137.    On April 23, 2014, Craig wrote to Ira:

> Date: April 23, 2014 8:56pm
> From: Craig <craig@rcjbr.org>
> To: Ira <REDACTED@REDACTED.com>

> The software Dave updated, and which I have transferred back in OUR company, and it is OURs as you are Dave's heir, was done at a zero tax level.   This is all good under the law.   Basically the GST (like a Vat) cancels as it is an international transfer
>
> What company owns right now is:
>
> - Software – incl source code and perpetual licenses valued at over $50 million.
> - Intellectual Property, design, codes etc
> - Research claims.  (Ex. 24).

138.     At the same time Craig was defrauding the Kleimans, Craig also reached into Florida though an agent, Uyen Nguyen, to revive W&K after it had been administratively dissolved – to ensure he had control over it if necessary.

139.     Consequently, on March 28, 2014, nearly a year after Dave died, W&K was reinstated by Craig's agent, Uyen Nguyen ("Uyen").  (Ex. 25).  Uyen removed Dave as the registered agent for W&K and listed herself.  (*Id.*).  She then added herself as manager and secretary and an entity named Coin-Exch Pty Ltd as director.  (*Id.*; ECF 12 at 11 n3).  But Coin-Exch Pty Ltd was merely Craig seizing control of W&K from the shadows, as it's well established "Craig Wright" was the "director and controlling mind" of Coin-Exch Pty Ltd.  (Ex. 18 at 5).[21]

140.     Of course, despite Ira and Craig being in regular email contact at the time, Craig concealed this action from Ira.

**The ATO reached out to Ira to verify Craig's allegations over W&K, and provided Ira with documents that demonstrate Craig assumed control over intellectual property that belonged to W&K and/or Dave**

141.     As Craig expected, on April 15, 2014, an auditor from the ATO, reached out to Ira to inquire about his knowledge concerning the legal action Craig took against W&K.  The auditor provided Ira copies of the 2011 IP Agreement and the 2013 W&K Sale Agreement.

---

[21] https://www.arnnet.com.au/article/621503/australian-bitcoin-figure-supercomputing-company-enters-liquidation/.

142.     The ATO also provided Ira with three deeds, each titled "IP Deed of Assignment" and each executed on September 15, 2013 – nearly four months after Dave's death.  (Ex. 26; Ex. 27; & Ex. 28).  Each of these IP Deeds of Assignments assigned various intellectual property rights from DeMorgan Ltd to three entities: Coin-Exch Pty Ltd (Ex. 26), Hotwire Preemptive Intelligence Pty Ltd (Ex. 27), and Cloudcroft Pty Ltd (Ex. 28).

143.     The deeds also described the source and nature of this IP: "The IP held in total by DeMorgan consists of source code, algorithms and patentable materials that have been obtained by Craig Wright R&D (ABD 97 481 146 384) through the following unrelated entities . . . W&K Information Defense Research LLC [as two batches]." (Ex. 26 at 4; Ex. 27 at 4; & Ex. 28 at 4).

**Craig continues to assure Ira and reveals the nature of the intellectual property owned by, and misappropriated from, W&K and Dave**

144.     On April 22, 2014, Ira wrote to Craig that after he had time to review the documents sent by the ATO, he "felt like there [were] questionable discrepancies in the contracts between you and W&K such as Dave's signatures, his resignation, transfer of all accountable value . . . ." (Ex. 24 at 20).

145.     To keep Ira from going public, Craig promised Ira that he could be paid out of what was owed to Dave's estate "based on what Dave and I had been arranging." (*Id.* at 12).  On April 23, 2014, Craig told Ira that he would receive the first $12 million payment in October 2014.  (*Id.* at 8).

146.     On the same day, trying to further placate Ira, and further evidencing Dave and the estate's claim to W&K's transferred intellectual property, Craig wrote Ira stating:

> The software Dave updated and which I have transferred back in OUR company, and it is OURs as you are Dave's heir, was done at a zero tax level . . . Dave took the 2 million lines of code that had in 2010 and transformed these into a documented set of over 6 million lines of code. (*Id.* at 2).

147.    On April 25, 2014, still trying to reassure Ira, Craig sent Ira a chronology of his activities related to W&K and the development of its intellectual property.  In this document, Craig wrote:

> There is a lot of IP and 'stuff' in the mix.  All up, it's around a hundred million dollars' worth.  This IP originates in work CSW has been doing for more than 10 years; it originates in things that came from W&K; it has to do with the software acquired.  The values and distribution . . . amounts to a third each for Cloudcroft, Hotwire, and Coin exch. Cloudcroft gets the security related IP, Coin-Exch gets the banking and Hotwire gets all of the automation R&D based stuff.  (Ex. 7).

148.    The nature of this intellectual property transferred from W&K to DeMorgan, Coin-Exch, Hotwire Preemptive Intelligence, and Cloudcroft was further explained by Craig in a letter he published on DeMorgan's website in 2015.  This letter demonstrates that Coin-Exch, Hotwire Preemptive Intelligence, and Cloudcroft were involved in building out W&K's intellectual property with R&D efforts targeted at "the development of smart contract and Blockchain based technologies" and "commercialisation of our Blockchain and smart contract systems research."[22]

149.    Craig's promise of a multi-million dollar payment by October 2014, never came true. Craig blamed the delay on the ATO investigation and kept promising Ira he would see value when the investigation closed.

150.    On October 9, 2015, Craig essentially stopped responding to Ira.

151.    In November 2015, Dave's friend and business partner, Patrick Paige reached out to Craig when a reporter called him inquiring about Craig and Dave's involvement in Bitcoin. Craig responded:

---

[22]http://www.businessinsider.com/craig-steven-wright-rumoured-bitcoin-creator-was-commercialising-blockchain-research-and-reviving-company-hotwire-2015-12; https://prwire.com.au/pr/51565/the-demorgan-ltd-group-of-companies-to-receive-up-to-54-million-from-ausindustry-r-amp-d-tax-rebate-scheme-1.

> Thanks for the heads up.  Reporters are always troubling.  They ignored the stuff Dave and I did when he was alive.  I don't know what has started to interest them now . . . as you know[, **Dave] did a fair amount of research with me.  Most yet to be completed and published**.  (Ex. 8 at 13 (emphasis added)).

152.    After Craig yet again confirmed Dave's involvement in Bitcoin and the intellectual property they developed, Patrick wrote back:

> . . . I think we both know Dave was a genius when it came to computers and I sure would like Dave to get recognition for his part if any in the development of bitcoins.  I realize there is a lot of things to consider releasing this information but my question is when?  (*Id.* at 12).

153.    Craig responded:  "When it all comes out, there is no way Dave will be left out.  **We need at least a year more**."  (*Id.* (emphasis added)).

### Craig claims that he and Dave are Satoshi Nakamoto

154.    On December 8, 2015, two popular tech publications, *Wired* and *Gizmodo*, outed Craig as Satoshi.[23]  Both articles also articulated Dave's integral role in the development of Bitcoin.  They described numerous details and leaked communications implicating Dave and Craig's roles in creating and developing Bitcoin; they also discussed Dave and Craig's accumulation of a vast hoard of bitcoin.

155.    On May 2, 2016, nearly five months after the *Wired* and *Gizmodo* publications, Craig published a blog post in which he claimed to be Satoshi.[24]

156.    Craig has readily admitted Dave was intimately involved in the creation of Bitcoin.  In numerous interviews with Andrew O'Hagan, documented in *The Satoshi Affair*, Craig told

---

[23] https://www.wired.com/2015/12/bitcoins-creator-satoshi-nakamoto-is-probably-this-unknown-australian-genius/;  https://gizmodo.com/this-australian-says-he-and-his-dead-friend-invented-bi-1746958692.

[24] https://qz.com/674129/an-australian-nobody-claims-to-be-the-inventor-of-bitcoin-but-no-one-knows-for-sure/.

O'Hagan that "[Craig] did the coding and that Kleiman helped him to write the white paper." (Ex. 1 at 31).

157.     Further, in numerous emails to Ira, Craig admitted the same.

158.     Craig currently serves as Chief Scientist of a UK company called nChain in London, where, in 2016, he filed dozens of patents related to Bitcoin and blockchain technology through this entity.[25] The public filing of these patents disclosed to the public intellectual property belonging to Dave and W&K without the permission of Dave's estate and/or W&K.

159.     To date, neither Dave's estate nor W&K have received the assets belonging to them as a result of their early involvement in Bitcoin and bitcoin mining.

### Fraud on this Court[26]

160.     In Ira's initial Complaint, as in this one, he alleged that (i) Craig and Dave held some form of interests in a Florida LLC called W&K, that (ii) through this LLC, and otherwise, they mined over 1.1 million bitcoins and developed extremely valuable intellectual property, that (iii) after Dave died, Craig took unlawful possession of all the bitcoins the Florida LLC mined and intellectual property it created (along with the bitcoin and intellectual property they mined/developed together personally), that (iv) Craig then tried to "launder" this stolen intellectual property by defrauding the Australian courts into entering consent orders transferring clean title over W&K's intellectual property to Craig; and that (v) Craig needs to return the stolen property.

161.     In response to this Complaint, Craig filed a motion to dismiss alleging he has essentially **no** connection to Florida or W&K.   His motion stated Plaintiff's jurisdictional

---

[25]   https://www.reuters.com/article/us-bitcoin-wright-fund-exclusive/exclusive-company-behind-bitcoin-creator-sold-to-private-investors-idUSKBN17F26V.

[26] The emphases appearing in this section have been added.

allegations were "frivolous" and "sanctionable." (ECF D.E. 12 at 36). Craig supported these assertions with a sworn declaration stating he was never a shareholder, member, agent, employee, or representative of W&K. (Ex. 29 ¶¶ 11-12). He swore, under penalty of perjury under the laws of the United States, that he's never exercised authority or control over W&K. (*Id.* ¶ 13).

162.     He perjured himself.

163.     To procure his fraudulent Australian judgments, Craig submitted an affidavit to the Supreme Court of New South Wales where Craig affirmed that:

> "The **shareholding** of 'W&K Info Defense LLC' was:
>
> 1. **Craig S Wright**          **50.0%**
> 2. David A Kleiman          50.0%"

(Ex. 4 at 5).

164.     Craig then doubled down on this ownership structure affirming further that "W&K Info Defense LLC was an incorporated partnership. **All shares are held jointly**." (*Id.*). He then affirmed that **he called a "shareholders meeting"** on August 16, 2013 at which only he and Jamie Wilson were present. (*Id.*). Craig affirmed **he was the sole vote** that nominated Jamie Wilson to act as a director "for purposes of consenting to orders and the company to be wound down." (*Id.* at 5).[27]

165.     These affidavit statements directly contradict his sworn statements to this Court that (i) "I have never been a **. . . shareholder . . .** of W&K," (ii) "I have never been a **member** of W&K," and (iii) "I have never **exercised authority or control** over W&K **. . .**" (Ex. 29 ¶¶ 11-13).

166.     But the perjury doesn't end there.

---

[27] Under Florida law, there is no such thing as an "incorporated partnership" and an LLC does not have "shares" or "directors" or hold shareholders' meetings. The "owners" of an LLC are called "members."

167.    Craig attached voluminous records to his Australian affidavit. These attachments evidence Craig signed as the "**authorized representative**" of W&K six (6) times (Ex. 4 at 56, 63, 70, 76, 83, 90), identified himself as W&K's "**lead researcher**" twice (*id.* at 45-46), its "**technical contact**" six (6) times (*id.* 50, 57, 64, 71, 77, 84), affiliates himself with **W&K's Florida address** as, *e.g.*, his "**mailing address**" twelve (12) times (*id.* at 49, 56-57, 63-64, 70-71, 76-77, 83-84, 90), includes detailed descriptions of the computer programs and research Craig was **attempting to get DHS to fund** (*id.* at 50-94), and includes four (4) emails from DHS confirming Craig had **uploaded various proposals on behalf of W&K attempting to secure funding** (*Id.* at 40-43). Collectively, these documents clearly evidence Craig's participation in operating W&K from Florida to solicit business from the United States DHS.

168.    Obviously, these affidavit attachments are in direct conflict with Craig's sworn statements to this Court that (i) "I have never been a . . . **employee, or representative** of W&K," (ii) "I have never been an **agent** of W&K," (iii) "I have never . . . **developed software for** any purpose relating to a Florida business, including **W&K**," (iv) "I have never **advertised services in Florida**," (v)  "I have never had an **office in Florida**," and (vi) "I have never **exercised authority or control over W&K** . . ."  (Ex. 29 ¶¶ 6, 8, 11-13, 15).

169.    As mentioned in ¶ 120, Craig also submitted two "Acknowledgment of Liquidated Claim" filings in Australia where he signed as the "**legal agent and representative**" of W&K and as its "**Director/ Australian Agent**." (Ex. 30). As set forth in ¶¶ 138-139 he also acted as the "**director**" of W&K when he had his agent put Coin-Exch, his company, as its director.  These also directly conflict with his sworn testimony above.

170.    Craig's boldfaced misrepresentations and perjury before this Court constitute a continuation of his grand fraud to unlawfully take Plaintiffs' assets.  Said differently, Craig's latest

36

226

fraud on this Florida Court is simply one more action he's taken in Florida to defraud Dave's estate and W&K.

### CLAIMS FOR RELIEF

### COUNT I
### Conversion
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

171.    On or about April 2013 through the present day, Defendant converted to his own use, bitcoins, forked assets, and intellectual properties that was then the property of, and owned by, the estate and/or W&K.

172.    The property was worth between ~$201,728,340.04 and $27,332,125,781.68 during the time Defendant has had possession over it.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages in the amount of at least $11,427,755,048.02 and/or return of the wrongfully converted bitcoins with their forked assets. Plaintiffs demands the return of the IP, or its fair market value. Plaintiffs also demand punitive damages, together with court costs, interest, and any other relief this Court deems just and proper.

### COUNT II
### Unjust Enrichment
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

173.    Plaintiffs have conferred a benefit on the Defendant, who has knowledge thereof.

174.    Defendant voluntarily accepted and retained the benefit conferred.

175.    The circumstances render Defendant's retention of the benefit inequitable unless the Defendant pays to Plaintiffs the value of the benefit.

176.    Defendant has been unjustly enriched at Plaintiffs' expense.

177.    Plaintiffs are entitled to damages as a result of Defendant's unjust enrichment, including disgorgement of all monies and or properties unlawfully accepted and retained by Defendant from Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendant for the return of the wrongfully retained property or monetary damages equaling to the value thereof, together with court costs, interest, and any other relief this Court deems just and proper.

### COUNT III
### Misappropriation
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

178.    After Dave's death, Craig unlawfully, willfully, and maliciously misappropriated trade secrets belonging to Dave and/or W&K relating to blockchain based technologies and smart contracts by using them for himself and using a series of fraudulent contracts, misrepresentations, and fraudulently obtained court judgments to transfer/acquire the property rights in these trade secrets to/for himself.

179.    These trade secrets are generally described as programs, methods, techniques, and processes relating to blockchain based technologies and smart contracts.  These trade secrets can be identified specifically as the software Dave developed personally and through W&K, i.e., those Craig attempted to have transferred through the fraudulent Australian judgments, which he then on-supplied to himself, the Wright Family Trust, DeMorgan and its subsidiaries.

180.    These trade secrets derived actual and potential independent economic value from not being generally known to the public or to other persons who could obtain economic value from their disclosure or use. As evidence of the substantial economic value relating to these trade

secrets, Craig has used these trade secrets to develop new intellectual property and assets, some of which have resulted in the filing of new patents, through his work at nChain.

181.    Dave and W&K possessed secret information and made reasonable efforts to maintain the secrecy of these trade secrets.  Dave made no disclosures of these trade secrets to anyone but Craig.

182.    As a proximate result of Craig's unlawful misappropriation, Dave's estate and/or W&K have suffered actual losses consisting of the loss in economic value associated with the trade secrets.

183.    As a proximate result of Craig's unlawful misappropriation, Dave's estate and W&K are informed and believe that Craig has been unjustly enriched.

184.    As a proximate result of Craig's unlawful and willful misappropriation, Dave's estate is entitled to a recovery of damages pursuant to Fla. Stat. § 688.004.

WHEREFORE, Plaintiffs demand judgment against Defendant for all available damages caused by Craig's misappropriation, including exemplary damages, together with court costs, interest, attorney's fees pursuant to Fla. Stat. 688.005, and any other relief this Court deems just and proper.

## COUNT IV
## Federal Defense of Trade Secrets Act
### (*Asserted by the Estate and W&K*)

Plaintiffs incorporate paragraphs 1 to 170.

185.    Craig's conduct described in this Second Amended Complaint constitutes misappropriation of trade secrets under the Defend Trade Secrets Act.  18 U.S.C. §§ 1832.

186.    These trade secrets are generally described as programs, methods, techniques, and processes relating to blockchain based technologies and smart contracts which is a product used

39

229

and intended to be used in interstate and foreign commerce.  These trade secrets can be identified specifically as the software Dave developed personally and through W&K, i.e., those Craig attempted to have transferred through the fraudulent Australian judgments, which he then on-supplied to himself, the Wright Family Trust, DeMorgan and its subsidiaries.

187.    These trade secrets derived actual and potential independent economic value from not being generally known to the public or to other persons who could obtain economic value from its disclosure or use. As evidence of the substantial economic value relating to these trade secrets, Craig has used these trade secrets to develop new intellectual property and assets, some of which have resulted in the filing of new patents, through his work at nChain.

188.    Craig caused many of these patents to be filed *after* May 11, 2016.

189.    Dave and W&K possessed secret information and made reasonable efforts to maintain the secrecy of these trade secrets.  Dave made no disclosures of these trade secrets to anyone but Craig.

190.    As a proximate result of Craig's unlawful misappropriation, Dave's estate has suffered actual losses consisting of the loss in economic value associated with the trade secrets.

191.    As a proximate result of Craig's unlawful misappropriation, Dave's estate is informed and believes that Craig has been unjustly enriched.

WHEREFORE, Plaintiffs demand judgment against Defendant for the value of the wrongfully taken intellectual property, together with court costs, interest, attorney's fees, and any other relief this Court deems just and proper.

40

230

## COUNT V
### Breach of Fiduciary Duty
#### (*Asserted by the Estate and W&K*)

Plaintiff incorporates paragraphs 1 to 170, and 178-191.

192.    Although Craig did not have a direct ownership interest in W&K, he owed fiduciary duties to the LLC, as, *inter alia*, its agent, its purported "authorized representative," "lead researcher," "technical contact," "legal agent and representative" and "Director/Australian Agent." Although lacking any authority to do so, upon Dave's death Craig assumed *de facto* control and management of W&K and thereby incurred fiduciary duties to act in the LLC's, and its member's, best interests.

193.    In the alternative, just as the shareholders of a closely held corporation have partnership-like fiduciary duties to each other, Craig and Dave acted as partners in the management and operation of W&K, and thus Craig owed fiduciary duties of care, loyalty, and good faith to Dave, his estate, and W&K, by virtue of their joint venture.

194.    In the alternative, if Craig *was* an actual member in W&K Info Defense LLC, Craig owed fiduciary duties of care, loyalty, and good faith to W&K, Dave, and his estate pursuant to Fla. Stat. § 605.04091.

195.    Craig breached his fiduciary duty of loyalty and good faith, by, among other things, intentionally and wrongly transferring assets that belonged to Dave's estate and/or W&K to himself and/or companies controlled by him.

196.    Dave's estate and or W&K have been damaged by Craig's breach of his fiduciary duties.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages and/or return of the wrongfully taken bitcoins, forked assets, and intellectual property, together with court costs, interest, and any other relief this Court deems just and proper.

41

231

**COUNT VI**
**Breach of Partnership Duties of Loyalty and Care**
(*Asserted by the Estate*)

Plaintiff incorporates paragraphs 1 to 170, and 178-191.

197.     From c. 2008 until at least the creation of W&K in 2011, Craig and Dave associated to carry on as co-owners of a business for profit to create Bitcoin, mine bitcoins, and create other block chain intellectual property. Pursuant to Fla. Stat. § 620.8202, and Craig's admission of same, this formed a partnership.

198.     Pursuant to Fla. Stat. § 620.8404(2), Craig owed Dave a duty of loyalty to, *inter alia*, "account to the partnership and hold as trustee for the partnership any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity.

199.     Pursuant to Fla. Stat. § 620.8404(3), Craig owed Dave a duty of care to refrain from engaging in intentional misconduct, or a knowing violation of law.

200.     Craig breached these duties of loyalty and care by, *inter alia*, stealing Dave's bitcoins and any intellectual property Dave owned and or designed during the c. 2008-2011 timeframe (or any other time they partnered).

201.     Pursuant to Fla. Stat. §§ 620.8405, Dave's estate brings this action for breach of the duties of loyalty and care owed under Fla. Stat. § 620.8404, including but not limited to its rights pursuant to Fla. Stat. §§ 620.8401, 620.8403, 620.8807, its right to have its partnership interest purchased pursuant to § 620.8701, and to otherwise enforce the rights and protect the interests of Dave's estate.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, and purchase of his partnership interest together with court costs, interest, and any other relief this Court deems just and proper.

**COUNT VII**
**Fraud**
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

202.    As detailed above, Defendant made knowing false statements of fact, intentional omissions of material facts, and falsely promised future action with no intention of performing and/or specifically intending not to perform. These included, but are not limited to: that Dave and W&K's bitcoins and intellectual property rights were transferred, sold, and/or returned to Craig pursuant to valid contracts; that Dave signed those contracts; that the estate would be able to sell its shares in Coin-Exch, that he would help the estate recover what Dave owned; that the estate could participate in Coin-Exch, that Craig did not have any of Dave's or W&K's bitcoins, and the fraudulent declaration submitted to this Court; and Craig's omissions that he was pursuing judgments and lawsuits against W&K in Australia and that he had assumed control over W&K, its assets, and the estate's assets as well.

203.    Defendant took these actions/omissions with the purpose of inducing Plaintiffs to rely on these fraudulent acts and omissions.

204.    Plaintiffs acted in reliance on Defendant's fraudulent representations and omissions. This reliance included, but was not limited to, not challenging Craig's legal claims in Australia, expending time and resources reviewing fraudulent documents, delaying uncovering Craig's fraud and bringing this lawsuit, and not securing the bitcoins and intellectual property they owned and/or controlled.

205.    As a direct and proximate result of their reliance, Plaintiffs were damaged and injured. This includes, but is not limited to, the continued conversion and misappropriation of their bitcoins, forked assets, trade secrets, and intellectual property; by the expenditure of resources interacting with the ATO and investigating Craig's fraud; by the entry of the Australian court judgements entered against W&K; by the inability to pursue business opportunities due to the lack of access to the aforementioned assets.

WHEREFORE, Plaintiffs demand judgment against Defendant for actual, nominal, consequential, special, and punitive damages in an amount to be determined at trial, together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT VIII
## Constructive Fraud
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170, and 192-205.

206.    As detailed above, a fiduciary relationship existed between Craig and W&K and Craig and Ira.

207.    Craig invited W&K and Ira's utmost trust and loyalty as their fiduciary.

208.    Plaintiffs reposed the utmost trust and loyalty in Craig.

209.    Craig intentionally violated Plaintiffs trust and confidence, took unconscionable advantage of Plaintiffs, abused and took improper advantage of their confidential and fiduciary relationship, and materially breached his fiduciary duties to them both by knowingly making false statements of fact, intentional omissions of material facts, remaining silent in light of a duty to speak, falsely promising future action with no intention of performing and/or specifically intending not to perform, and by engaging in unfair methods against them. These fraudulent representations/omissions included, but are not limited to: that Dave and W&K's bitcoins and intellectual property rights were transferred, sold, and/or returned to Craig pursuant to valid

44

contracts; that Dave signed those contracts; that the estate would be able to sell its shares in Coin-Exch, that he would help the estate recover what Dave owned; that the estate could participate in Coin-Exch, that Craig did not have any of Dave's or W&K's bitcoins, and the fraudulent declaration submitted to this Court; and Craig's omissions that he was pursuing judgments and lawsuits against W&K in Australia and that he had assumed control over W&K, its assets, and the estate's assets as well.

210. As detailed above, at the time Craig made those false statements and material omissions, and concealed his misconduct, a fiduciary relationship existed between Craig and Ira, and Craig and W&K, as Craig owed fiduciary duties and duties of care and loyalty to the estate and W&K. Craig induced Ira's reliance and Craig took an improper/unconscionable/unfair advantage of, and abused, the fiduciary and confidential relationship at Ira and W&K's expense. Craig's misrepresentations and omissions were intentional, for the specific purpose of defrauding the estate and W&K of their property, but in any event, regardless of intent, Craig is liable for constructive fraud.

211. Plaintiffs acted in reliance on Defendants fraudulent and unfair representations and omissions. This reliance included, but was not limited to, not challenging Craig's legal claims in Australia, expending time and resources reviewing fraudulent documents, delaying uncovering Craig's fraud and bringing this lawsuit, and not securing the bitcoins and intellectual property they owned and/or controlled.

212. As a direct and proximate result of their reliance, Plaintiffs were damaged and injured. This includes, but is not limited to, the continued conversion and misappropriation of their bitcoins, forked assets, trade secrets, and intellectual property; by the expenditure of resources interacting with the ATO and investigating Craig's fraud; by the entry of the Australian court

judgements entered against W&K; by the inability to pursue business opportunities due to the lack of access to the aforementioned assets.

WHEREFORE, Plaintiffs demand judgment against Defendant for actual, nominal, consequential, special, and punitive damages in an amount to be determined at trial, together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT IX
### Permanent Injunction
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

213.  Craig's unlawful taking of the bitcoins and intellectual property belonging to Plaintiffs has resulted in great and irreparable injury to them both as they have been deprived of unique, limited, and valuable digital assets.

214.  Neither Plaintiff can be fully compensated in damages and is without adequate remedy at law.

WHEREFORE, Plaintiffs request this Court enter an injunction ordering Defendant to return all bitcoins, forked assets, and intellectual property unlawfully taken from Plaintiffs.

## COUNT X
### Civil Theft - § 772.11 Fla. Stat.,
*(Asserted by the Estate and W&K)*

Plaintiffs incorporate paragraphs 1 to 170.

215.  On or about April 2013 through the present day, Defendant knowingly and wrongfully took, with felonious criminal intent, bitcoins, forked assets, and intellectual properties that were then the property of, and owned by, the estate and/or W&K.

46

236

216.    Defendant took these with the intent to deprive Plaintiffs of the right to these properties and to appropriate the properties to his own use and the use of others not entitled to use the properties.

217.    Defendant also trafficked in, and endeavored to traffic in, properties that he knew were stolen and properties that he initiated, organized, planned, financed, directed, managed, and supervised, the theft of.

218.    The properties were worth between ~$201,728,340.04 and $27,332,125,781.68 during the time Defendant has had possession over them.

219.    The actions taken by Defendant were done intentionally and maliciously as part of a scheme designed to defraud Plaintiffs of their assets.

220.    On June 19, 2018, pursuant to § 772.11 Fla. Stat., counsel for Plaintiffs sent the demand required by Florida Law required to initiate a claim for civil theft.  (Ex. 33.)

221.    Defendant has not complied with that demand.

222.    Plaintiffs have been damaged as a result of Defendants actions.

223.    Plaintiffs have retained the undersigned to represent them in this action and in so doing have incurred an obligation for the payment of attorney's fees and costs.

WHEREFORE, Plaintiffs demand judgment against Defendant awarding damages, including treble damages and attorney's fees pursuant to § 772.11 Fla. Stat. as well as ordering Defendant to divest himself of relevant enterprise(s), as well as granting such other relief as the Court deems just, equitable and proper.

**Plaintiffs demand a trial by jury for all issues triable by right.**

Dated:  January 14, 2019

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: _/s/Velvel Devin Freedman_
Velvel (Devin) Freedman
**BOIES SCHILLER FLEXNER LLP**
100 SE Second Street
Miami, FL 33131
Tel.    (305)539-8400
Fax.    (305)539-1307
Email: vfreedman@bsfllp.com

Kyle Roche
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel.    (914)749-8200
Fax.    (914)749-8300
Email: kroche@bsfllp.com
_Admitted pro hac vice_

Attorneys for Plaintiffs
IRA KLEIMAN in his capacity as Personal
Representative of the Estate of David Kleiman and
W&K Info Defense Research, LLC.

48

238

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2019, a true and correct copy of the foregoing

was filed with CM/ECF, which caused a copy to be served on all counsel of record.

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman

239